IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVIS MEYER, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. _____ |

## COMPLAINT

COMES NOW Plaintiff Saint Louis University ("Plaintiff" or "SLU"), by and through its undersigned attorneys, and for its Complaint against Defendant Avis Meyer, states as follows:

### PARTIES

1. Plaintiff Saint Louis University is a Missouri benevolent corporation duly organized and existing under the laws of the State of Missouri with its principal place of business located at 221 North Grand Blvd., St. Louis, Missouri 63103.

2. Defendant Avis Meyer is a citizen of the United States with a residence in St. Louis, Missouri at 10828 Woodforest, St. Louis, Missouri 63128. He is a faculty member employed by SLU.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this case under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) in that it includes an action for trademark infringement, false

Saint Louis University v. Meyer

Dockets.Justia.com

designation of origin, and unfair competition arising under Section 43(c) of the Lanham Act (15 U.S.C. § 1125) and an action for infringement of a registered mark arising under Section 32 of the Lanham Act (15 U.S.C. § 1114).

4. This Court has jurisdiction over the state law and common law claims under 28 U.S.C. § 1367 in that the state law and common law claims are so related to the other claims in the action that they form part of the same cause or controversy.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claims occurred in this judicial district and Defendant are subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

6. SLU is an institution of higher education of longstanding duration in St. Louis, Missouri. It is highly regarded by persons and businesses throughout St. Louis, has thousands of alumni, and it enjoys an exceptional reputation both locally and nationally.

7. Since in or about 1921, SLU has published a campus newspaper. Since at least 1931 the newspaper has been titled "The University News." The caption on the publication reads "A Student Voice of Saint Louis University Since 1921."

8. The caption incorporates SLU's federally registered "SAINT LOUIS UNIVERSITY" mark, U.S. Trademark Registration No. 1,729,449.

9. SLU considers the name of the publication and the related caption to be valuable intellectual property that is distinctive and has acquired secondary meaning.

10. SLU has continuously used the name The University News since at least 1931.

11. For over three decades, Defendant Avis Meyer has been employed by Saint Louis University and for some of those years served as Faculty Advisor for SLU's campus newspaper, The University News.

12. On March 16, 2007, Defendant Meyer submitted to the Missouri Secretary of State Articles of Incorporation for an entity using the name "The University News, a Student Voice Serving Saint Louis University Since 1921." A copy of the Articles of Incorporation is attached hereto as Exhibit A.

13. The March 16, 2007 submission was made personally by Defendant Meyer, without SLU's knowledge or permission. Defendant Meyer, as the incorporator, listed his home address for that of the Registered Agent and as the Registered Office for the entity. *See* Exhibit A.

14. In the Articles of Incorporation, Defendant Meyer states the entity's purpose is the "publication of a weekly newspaper." *See* Exhibit A.

15. A Certificate of Incorporation was issued to the non-profit organization by the Missouri Secretary of State using the name "The University News, a Student Voice Serving Saint Louis University Since 1921." A copy of the Certificate of Incorporation is attached hereto as Exhibit B.

16. Upon information and belief, at the time Defendant Meyer submitted the Articles of Incorporation to the Missouri Secretary of State, Defendant intended, and upon information and belief, continues to have the intent, to publish a newspaper using the name "The University News, a Student Voice Serving Saint Louis University Since 1921," which is identical to the name and related caption which has been and is used by SLU on its own publication.

17. The registration of the non-profit corporation and the publication of a newspaper by Defendant under a name and caption identical to those used by SLU in connection with its own campus newspaper is willful and deliberate, designed especially to trade upon the enormous goodwill associated with SLU.

18. Upon information and belief, on August 21, 2007, Defendant filed with the Missouri Secretary of State Articles of Termination and Articles of Dissolution by Voluntary Action for a Nonprofit Corporation. Although Defendant listed his home address for the registration, he listed SLU's business address on the dissolution paperwork. He included a cover letter with the request for termination and dissolution of the nonprofit corporation that was printed on letterhead displaying the name of SLU's campus newspaper, The University News, the related caption, A Student Voice of Saint Louis University Since 1921, and the contact information (including address, phone number and facsimile number) of SLU's publication office. These acts were to give the false impression that SLU was somehow involved in or approved of the registration of the nonprofit corporation, when that is not the case. Copies of the cover letter, the Articles of Termination and Articles of Dissolution by Voluntary Action for a Nonprofit Corporation are attached hereto as Exhibit C.

19. The unauthorized use of SLU's letterhead in connection with the termination and dissolution of the non-profit corporation is willful and deliberate, designed especially to create confusion among the public as to SLU's involvement with or approval of the nonprofit corporation.

20. Defendant Meyer has admitted that, in connection with The University News, "there's a plan, vaguely in the works" to start an independent, competing newspaper. *See*

Matthew Halverson, *Avis Meyer Will Not Be Silenced*, St. Louis Magazine, August 2007, attached hereto as Exhibit D.

21. The goodwill of SLU in the Saint Louis University name and in this newspaper name and caption is of significant value, and SLU has suffered and will continue to suffer irreparable harm if infringement, false designation of origin, dilution, unfair competition and/or other violations of SLU's rights are permitted to the detriment of its reputation and goodwill.

22. Defendant's unlawful conduct will occur, or continue if it has already occurred, unless enjoined by this Court.

## COUNT I
**(Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1114)**

23. Plaintiff realleges paragraphs 1-22 above, inclusive, which are incorporated by reference, as if fully set forth herein.

24. SLU owns U.S. Trademark Registration No. 1,729,449 (issued November 3, 1992) for the mark "SAINT LOUIS UNIVERSITY."

25. SLU's "SAINT LOUIS UNIVERSITY" mark was first used in commerce in 1832.

26. SLU enjoys considerable goodwill in its "SAINT LOUIS UNIVERSITY" mark.

27. Pursuant to 15 U.S.C. § 1115(b), SLU's "SAINT LOUIS UNIVERSITY" mark has become incontestable and is conclusive evidence of SLU's exclusive right to use the "SAINT LOUIS UNIVERSITY" mark in connection with the goods and services listed in the registration and with other related goods and services, as well.

28. Defendant formed a Missouri non-profit corporation using SLU's "SAINT LOUIS UNIVERSITY" mark.

5

29. Upon information and belief, Defendant is publishing or is likely to soon publish a newspaper under a name which incorporates SLU's "SAINT LOUIS UNIVERSITY" mark.

30. Upon information and belief, Defendant's use or intended use of the "SAINT LOUIS UNIVERSITY" mark is part of an intentional effort by Defendant to trade off of the extremely valuable goodwill associated with SLU and its mark and to confuse the public with regard to SLU's involvement in and approval of Defendant's publication.

31. Defendant's willful and unauthorized use of SLU's federally registered and incontestable mark is likely to cause instances of actual confusion, to cause mistake, and/or to deceive the public into believing that the newspaper distributed by Defendant is in some way sponsored by, connected to, or affiliated with SLU.

32. Any publication by Defendant is without the authorization of SLU and thus Plaintiff has no control over the nature and quality of the newspaper that will be published and distributed by Defendant under a name associated with SLU. The quality and content of any such publication by Defendant will reflect adversely on Plaintiff and damage the considerable goodwill of Plaintiff's mark.

33. Defendant's acts do, or will, constitute trademark infringement and false designation of origin in violation of the Lanham Act.

34. The acts of Defendant have been committed with the intent to cause confusion and mistake, and with knowledge of their wrongful nature.

35. The trademark infringement by Defendant is intentional and willful.

36. Plaintiff has been and will be severely injured by these intended actions.

37. The injury will be, is, and/or continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

38. Plaintiff lacks an adequate remedy at law.

## COUNT II
(Trademark Infringement and False Designation of Origin of the "The University News" Mark and Related Caption "A Student Voice Serving Saint Louis University Since 1921" in Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a))

39. Plaintiff realleges paragraphs 1-38 above, inclusive, which are incorporated by reference, as if fully set forth herein.

40. Plaintiff's exclusive and extensive use and promotion of the "The University News" mark and the related caption "A Student Voice Serving Saint Louis University Since 1921" has caused them to acquire considerable value and to become extremely well known as identifying and distinguishing SLU exclusively and uniquely to the publication of a weekly campus newspaper about issues and life relating to SLU and its campus.

41. Plaintiff has expended resources in connection with the publication under the name "The University News" and the related caption "A Student Voice Serving Saint Louis University Since 1921."

42. Without authorization by Plaintiff, Defendant Meyer has formed a Missouri non-profit corporation using the name "The University News, a Student Voice Serving Saint Louis University Since 1921" for the purpose of "publication of a weekly newspaper." *See* Exhibit A.

43. Defendant's imitation, copying, palming off, and unauthorized use or intended use of Plaintiff's "The University News" name and the related caption "A Student Voice Serving Saint Louis University Since 1921" constitutes trademark infringement and a false designation of origin which is likely to deceive the public into believing that a newspaper published by Defendant is that of SLU or sponsored by SLU.

44. Defendant's imitation, copying, palming off and unauthorized use of Plaintiff's "The University News" mark and the related caption "A Student Voice Serving Saint Louis

7

University Since 1921" is likely to cause and/or has caused confusion, deception, and mistake among the public by creating an erroneous impression that a publication sold, offered for sale, distributed, or advertised by Defendant has been printed by, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with, SLU.

45. Any publication by Defendant is without the authorization of SLU and thus Plaintiff has no control over the nature and quality of the product that will be produced and distributed by Defendant. The quality and content of any such publication by Defendant will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation, all to the irreparable harm of Plaintiff.

46. Defendant's acts do, or will, constitute trademark infringement and false designation of origin in violation of the Lanham Act.

47. The acts of Defendant have been committed with intent to cause confusion and mistake, and with knowledge of their wrongful nature.

48. The trademark infringement and false designation of origin by Defendant are intentional and willful.

49. Plaintiff has been and will be severely injured by these intended actions.

50. The injury will be, is, and/or continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

51. Plaintiff lacks an adequate remedy at law.

## COUNT III
### (Missouri Common Law Trademark Infringement)

52. Plaintiff realleges paragraphs 1-51 above, inclusive, which are incorporated by reference, as if fully set forth herein.

53. Plaintiff owns and enjoys common law rights in Missouri in and to "The University News" mark and the related caption "A Student Voice Serving Saint Louis University Since 1921" which are superior to any rights which Defendant may claim in any form or style with respect to the publication of a newspaper.

54. The use, or intended use, of Plaintiff's trademarks in connection with publication of Defendant's newspaper in the State of Missouri is likely to cause and/or has caused confusion as to the source of Defendant's products in that the public will likely associate and/or have associated such products as originating or affiliated with SLU, all to the detriment of SLU.

55. Defendant's acts do, or will, constitute common law trademark infringement.

56. The acts of Defendant have been committed with intent to cause confusion and mistake, and with knowledge of their wrongful nature.

57. The trademark infringement by Defendant is intentional and willful.

58. Plaintiff has been and will be severely injured by these intended actions.

59. The injury is, will be, and/or continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

60. Plaintiff lacks an adequate remedy at law.

### COUNT IV
**(Unfair Competition in Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a))**

61. Plaintiff realleges paragraphs 1-60 above, inclusive, which are incorporated by reference, as if fully set forth herein.

62. Upon information and belief, Defendant has and/or intends to falsely advertise in interstate commerce that it is distributing a newspaper published, authorized, or sponsored by or affiliated with SLU, when it is not.

63. The acts, or intended acts, of Defendant in advertising and distributing products under Plaintiff's trademarks unfairly use, or will unfairly use, the reputation and goodwill associated with Plaintiff's trademarks.

64. Upon information and belief, the acts set forth above have caused and/or will cause actual confusion, and are likely to continue to cause confusion and mistake among the public as to the affiliation, connection, or association of Defendant and Plaintiff concerning such a publication.

65. In addition, such acts as set forth above have caused and/or will cause actual confusion and are likely to continue to cause confusion and mistake among the public as to the origin, sponsorship, or approval of Defendant's newspaper by Plaintiff.

66. These acts are, or will be, false and misleading and are, or will be, acts of unfair competition in violation of Section 43(a) of the Lanham Act.

67. The acts of Defendant have been committed with intent to cause confusion and mistake, and with knowledge of their wrongful nature.

68. The unfair trade practices by Defendant are intentional and willful.

69. Plaintiff has been and will be severely injured by these intended acts.

70. The injury is, will be, and/or continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

71. Plaintiff lacks an adequate remedy at law.

## COUNT V
### (Missouri Common Law Unfair Competition)

72. Plaintiff realleges paragraphs 1-71 above, inclusive, which are incorporated by reference, as if fully set forth herein.

73. Plaintiff owns and enjoys common law rights in Missouri to the mark "The University News" and the related caption "A Student Voice Serving Saint Louis University Since 1921" which are superior to any rights which Defendant may claim in any form or style with respect to the publication of a newspaper.

74. Upon information and belief, Defendant has and/or intends to falsely advertise in interstate commerce that it is distributing or intends to distribute a newspaper published, sponsored, or authorized by or affiliated with SLU, when it is not.

75. The acts, or intended acts, of Defendant in advertising and offering for sale products under Plaintiff's trademarks unfairly uses and/or will unfairly use the reputation and goodwill associated with Plaintiff's trademarks.

76. The acts set forth above have and/or will cause actual confusion, and are likely to continue to cause confusion and mistake among the public as to the affiliation, connection, or association of Defendant and SLU concerning such a publication.

77. In addition, such acts as set forth above have and/or will cause actual confusion and are likely to continue to cause confusion and mistake among the public as to the origin, sponsorship, or approval of Defendant's newspaper by SLU.

78. These acts are false and misleading and are, or will be, acts of unfair competition in violation of Missouri common law.

79. The acts of Defendant have been committed with intent to cause confusion and mistake, and with knowledge of their wrongful nature.

80. The unfair trade practices by Defendant are intentional and willful.

81. Plaintiff has been and will be severely injured by these intended acts.

82. The injury is, will be, and/or continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

83. Plaintiff lacks an adequate remedy at law.

## COUNT VI
**(Dilution in Violation of Missouri Revised Statute § 417.061, *et seq.*)**

84. Plaintiff realleges paragraphs 1-83 above, inclusive, which are incorporated by reference, as if fully set forth herein.

85. Plaintiff owns and enjoys common law rights in Missouri to the trademarks "Saint Louis University," "The University News," and the related caption "A Student Voice Serving Saint Louis University Since 1921" which are superior to any rights which Defendant may claim in any form or style with respect to the publication of a newspaper.

86. Upon information and belief, Defendant uses, or intends to use, in commerce, Plaintiff's trademarks in connection with the distribution and advertising of a weekly newspaper. Defendant is not a licensee of the marks "Saint Louis University," "The University News," or the related caption "A Student Voice Serving Saint Louis University Since 1921." Defendant's unauthorized and deceptive use, or intended use, of Plaintiff's trademarks has caused, or will cause, dilution of the distinctive quality of the mark and will continue to do so if Defendant does not stop such activity.

87. The acts of Defendant have caused and/or will cause injury, and are likely to cause dilution of Plaintiff's trademark in violation of Mo. Rev. Stat. § 417.061, *et seq.*

88. Defendant willfully intended and/or does intend to trade on Plaintiff's reputation.

89. The dilution by Defendant is intentional and willful.

90. Plaintiff has been and will be severely injured by these intended acts.

91. The injury is, will be, and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

92. Plaintiff lacks an adequate remedy at law.

## COUNT VII
### (Misuse of a Benevolent Society's Name in Violation of Missouri Revised Statute §§ 417.150, *et seq.*)

93. Plaintiff realleges paragraphs 1-92 above, inclusive, which are incorporated by reference, as if fully set forth herein.

94. Plaintiff was formed as a Missouri benevolent corporation on December 28, 1832. Plaintiff is duly organized and existing under the laws of the State of Missouri.

95. Plaintiff has continuously used the name Saint Louis University since it formation in 1932.

96. On March 16, 2007, Defendant Meyer formed a corporation, referred to as The University News, a Student Voice Serving Saint Louis University Since 1921. *See* Exhibit A.

97. Defendant's use of "Saint Louis University" as part of a corporate name is calculated to deceive the public with respect to the association of Defendant and Plaintiff.

98. Defendant's misuse of Plaintiff's name constitutes a violation of Missouri Revised Statute §§ 417.150, *et seq.*

99. Plaintiff has a right to use the name "Saint Louis University" which is superior to any of Defendant's rights.

100. Defendant's misuse of Plaintiff's name has been intentional and willful.

101. Plaintiff has been or will be severely injured by Defendant's acts.

102. The injury is, will be, and/or continues to be immediate and irreparable.

103. Plaintiff is entitled to injunctive relief.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Saint Louis University respectfully demands judgment in its favor and against Defendant and prays for:

A. That Defendant, his agents, employees, assigns, and all those in concert and privity with him be temporarily, preliminarily, and permanently enjoined from using the name "Saint Louis University," "The University News," the related caption "A Student Voice Serving Saint Louis University Since 1921," or any variations thereof confusingly similar to Plaintiff's names and trademarks;

B. That Defendant, its agents, employees, assigns, and all those in concert and privity with him be ordered to immediately cease any unauthorized publication sale or offer to sell of any newspaper or other products under or referencing the name and trademark "Saint Louis University," "The University News," the related caption "A Student Voice Serving Saint Louis University Since 1921," or any variation thereof;

D. That Plaintiff be awarded damages for Defendant's infringement and dilution of Plaintiff's trademarks and Defendant's unfair trade practices as they relate to Plaintiff's names and trademarks to compensate Plaintiff for loss of revenue, donations, loss of goodwill, and damage to its goodwill and reputation as a result of Defendant's acts;

E. That Plaintiff be awarded treble damages as permitted by 15 U.S.C. § 1117;

F. That Plaintiff be awarded its attorneys' fees as permitted by 15 U.S.C. § 1117 or other applicable law;

G. That the cost of this action be assessed against Defendant as permitted by 15 U.S.C. § 1117 and other applicable law;

H. That Plaintiff be awarded punitive damages due to Defendant's reckless indifference to Plaintiff's rights;

I. That Defendant, pursuant to Missouri Revised Statute § 417.150.2, be enjoined from using the name "Saint Louis University" or any substantially similar name; and

J. That Plaintiff be awarded such other and further relief as provided in the Lanham Act, other applicable law, and as the Court may deem appropriate, along with prejudgment interest.

Dated: October 11, 2007	Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.

By: _____
     Frank B. Janoski, #3480

By: _____
     Bridget Hoy, #109375

500 North Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: (314) 444-7600
Facsimile: (314) 241-6056
E-mail: fjanoski@lewisrice.com
        bhoy@lewisrice.com

*Attorneys for Plaintiff Saint Louis University*