## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) | |
| a Missouri benevolent corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No. 4:07-cv-01733 | |
| ) | |
| ) | |
| AVIS MEYER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE

COMES NOW Defendant Avis Meyer ("Defendant"), by and through his undersigned attorneys, and for his Answer and Affirmative Defense to the Complaint states as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 1, and on that basis denies the same.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Admitted.

## FACTS COMMON TO ALL COUNTS

6. Defendant admits that Plaintiff has thousands of alumni and is an institution of higher learning. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 6, and on that basis denies the same.

1

7. Defendant admits that Plaintiff's newspaper currently contains the caption "A Student Voice of Saint Louis University since 1921" and is currently titled "The University News." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 7, and on that basis denies the same.

8. Defendant admits that the caption "A Student Voice of Saint Louis University since 1921" includes the words "Saint Louis University." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8, and on that basis denies the same.

9. Defendant denies that Plaintiff has acquired secondary meaning in the terms "The University News" or "A Student Voice of Saint Louis University since 1921" or that those terms constitute distinctive marks. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 9, and on that basis denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 10, and on that basis denies the same.

11. Admitted.

12. Admitted.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that the submission was made without Plaintiff's knowledge. Defendant admits the remaining allegations of paragraph 13.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied.

18. Defendant admits he filed with the Missouri Secretary of State Articles of Termination and Articles of Dissolution by Voluntary Action for a Nonprofit Corporation. Defendant admits that he listed his home address in the original registration. Defendant admits that he listed his St. Louis University office address as the address on the dissolution paperwork. Defendant admits that he included a cover letter with the request for termination and dissolution of the nonprofit corporation that was printed on letterhead displaying the name of SLU's campus newspaper. Defendant denies the remaining allegations of paragraph 18.

19. Denied.

20. Defendant denies that the quotation of paragraph 20 refers to a plan by him to start a competing newspaper and, therefore, denies that such quotation constitutes an admission of such fact.

21. Denied.

22. Denied.

## COUNT I

**(Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1114)**

23. Defendant incorporates by reference his aforesaid responses to paragraphs 1-22 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 24, and on that basis denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 25, and on that basis denies the same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 26, and on that basis denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 27, and on that basis denies the same.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT II

**(Trademark Infringement and False Designation of Origin of the "University News" Mark and Related Caption "A Student Voice Serving Saint Louis University Since 1921" in Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125 (a))**

39. Defendant incorporates by reference his aforesaid responses to paragraphs 1-38 of the Complaint.

40. Denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 41, and on that basis denies the same.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT III

### (Missouri Common Law Trademark Infringement)

52. Defendant incorporates by reference his aforesaid responses to paragraphs 1-51 of the Complaint.

53. Defendant denies that he has claimed trademark rights in the "The University News" mark and the caption "A Student Voice Serving Saint Louis University Since 1921." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 53, and on that basis denies the same.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT IV

### (Unfair Competition in Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a))

61. Defendant incorporates by reference his aforesaid responses to paragraphs 1-60 of the Complaint.

62. Denied

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT V

### (Missouri Common Law Unfair Competition)

72. Defendant incorporates by reference his aforesaid responses to paragraphs 1-71 of the Complaint.

73. Defendant denies that he has claimed trademark rights in the "The University News" mark and the caption "A Student Voice Serving Saint Louis University Since 1921." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 73, and on that basis denies the same.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT VI

**(Dilution of Violation of Missouri Revised Statute § 417.061, *et seq*.)**

84. Defendant incorporates by reference his aforesaid responses to paragraphs 1-83 of the Complaint.

85. Defendant denies that he has claimed trademark rights in the "The University News" mark and the caption "A Student Voice Serving Saint Louis University Since 1921." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 85, and on that basis denies the same.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT VII

### (Misuse of a Benevolent Society's Name in Violation of Missouri Revised Statute §§ 417.150 *et seq*.)

93. Defendant incorporates by reference his aforesaid responses to paragraphs 1-92 of the Complaint.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 94, and on that basis denies the same.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 95, and on that basis denies the same.

96. Denied.

97. Denied.

98. Denied.

99. Defendant denies that he has claimed trademark rights in "Saint Louis University." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 99, and on that basis denies the same.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

**WHEREFORE,** Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by reason of its Complaint, and that the Court award Dr. Avis Meyer his attorney fees and such other relief as the Court deems appropriate.

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

Dated: December 10, 2007      By: *s/ Nelson Nolte/*
Nelson D. Nolte, #53,470
Scott A. Smith, #55,870
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: ssmith@patpro.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056

ATTORNEYS FOR PLAINTIFF

*s/ Nelson Nolte/*