IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 4:07CV1733 CEJ |
| v. | ) ) | |
| AVIS MEYER, | ) ) | |
| Defendant. | ) ) ) | |

## MOTION FOR ENTRY OF PROTECTIVE ORDER
## WITH MEMORANDUM IN SUPPORT

COMES NOW Plaintiff Saint Louis University, through its undersigned counsel, and moves this Court for entry of the attached protective order, and for its Motion and Memorandum states as follows:

1. This is an intellectual property case involving Defendant Avis Meyer's wrongful use of Plaintiff Saint Louis University's trademarks and intellectual property.

2. Discovery is underway in this case, and the parties anticipate a need for protection of confidential information.

3. The parties have agreed that a protective order should be entered to preserve confidential information before further discovery takes place, including the noticed deposition of Defendant Avis Meyer, which was scheduled for March 26, 2008 and has been postponed pending entry of an appropriate protective order.

Saint Louis University v. Meyer    Doc. 14

1448999 02

Dockets.Justia.com

4. Plaintiff has proposed entry of a protective order in the form attached hereto as Exhibit A. Defendant has agreed to the form and substance of the attached protective order except in one respect, as set forth below.

5. In accordance with common practice in intellectual property matters before this Court and to protect confidential information, Plaintiff has proposed a two-tiered protective order. This protective order allows for designation of material as either "Confidential" or "Highly Confidential" (i.e., "attorneys' eyes only") such that party representatives (to include the named Defendant) would be granted access to information or documents designated "Confidential", but only attorneys, court personnel, expert witnesses, outside vendors (for the purposes of copying services), and court reporters would be granted access to the most highly confidential information or documents that would reveal internal operations or other highly sensitive information of the opposing party. See Exhibit A, at ¶ 3.

6. As stated above, Defendant Meyer has agreed to all provisions of the attached protective order with one exception: He insists that he individually be granted access to all information and documents produced through discovery in this case, even if the information or documents reveal "Highly Confidential" information related to Saint Louis University, its intellectual property, or its internal operations. In short, he demands that he be granted access to materials which may typically be designated as "attorneys' eyes only" by Plaintiff Saint Louis University.

7. Defendant Meyer's proposal would make the "Highly Confidential" provision of the protective order superfluous and would allow no mechanism for protection of Saint Louis University's most sensitive information to the extent that information would be discoverable in this case.

8. Rather than rendering the "Highly Confidential" provision superfluous, any concerns of Defendant Meyer regarding designation of material as "Highly Confidential" would more appropriately be addressed by the procedure found in nearly all protective orders for intellectual property cases, and set forth at ¶ 4 of the proposed protective order, which allows a receiving party to challenge any particular designation that it believes is inappropriately made.

9. Plaintiff Saint Louis University, as a private institution, requires a procedure to effectively limit dissemination of its sensitive financial, commercial, business, operational and administrative information to only those persons who would need access for purposes of this litigation. Defendant Meyer, a Saint Louis University faculty member, is not entitled to review all information related to Saint Louis University's intellectual property, including perhaps information related to internal operations or financial data.

10. The only justification – albeit inadequate – that has been articulated for Defendant's insistence on access to "Highly Confidential" information is that limiting access to attorneys only for the most sensitive information may somehow hinder Defendant's defense of this case. Defendant is represented by competent counsel, however, who is experienced in intellectual property cases and likely familiar with two-tiered protective orders. Defendant Meyer's counsel would have access to any information marked "Highly Confidential" and would be able to challenge any "Highly Confidential" designation if counsel felt it were made inappropriately.

11. Entering a protective order that provides no procedure for limiting dissemination of Saint Louis University's most sensitive information to attorneys only would be inefficient in that the parties will necessarily need the court's assistance and entry of a new protective order if such information should become discoverable. Rather, the efficient, prudent and ordinary course

would be entry of the two-tiered protective order in the form attached hereto so that the production of "Highly Confidential" information can take place, should it become necessary, without further court intervention.

12. Plaintiff therefore respectfully requests that the Court enter the protective order as attached hereto, which is common for an intellectual property case such as this, and would preserve the confidentiality of Saint Louis University's highly sensitive information should that information be subject to discovery in this matter.

13. Counsel for the parties conferred in good faith on March 25, 2008, via telephone and email, in an attempt to resolve the above outlined dispute and were not able to reach a resolution.

WHEREFORE, Plaintiff Saint Louis University respectfully requests that the Court enter the protective order attached hereto as Exhibit A and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ Frank B. Janoski
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record

                                        /s/ Frank B. Janoski
                                        Frank B. Janoski, #3480
                                        Lewis, Rice & Fingersh, L.C.
                                        500 N. Broadway, Suite 2000
                                        St. Louis, MO  63102
                                        Telephone:  (314) 444-7600
                                        Facsimile:  (314) 612-1307
                                        E-mail:  fjanoski@lewisrice.com