IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) | |
| a Missouri benevolent corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:07-cv-01733 |
| v. ) | |
| ) | |
| AVIS MEYER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF ENTRY OF A**
**PROTECTIVE ORDER**

COMES NOW Defendant Avis Meyer (hereinafter "Defendant"), and for his response to Plaintiff's Motion and Memorandum in Support of Entry of a Protective Order states as follows:

1. This suit arises from an investigation by Defendant into moving the operations of the St. Louis University student newspaper off campus prior to the University imposing a new charter on the newspaper. In fact, the charter was accepted by the newspaper and no acts were taken to move the newspaper off campus. The only action taken by Defendant was to create a Missouri corporation in the name of the newspaper for potential use by the newspaper. Defendant later terminated and dissolved the corporation. Plaintiff alleges that the mere act of forming the corporation which included the name of the University constitutes trademark infringement despite no

1

commercialization or sale of any product or service under the Plaintiff's mark. The black letter law of trademark infringement clearly requires use of the mark in commerce.[1]

2. Moreover, even if Plaintiff's legal arguments had merit, Plaintiff has suffered no quantifiable damages by the mere registration and dissolution of a Missouri corporation.

3. Defendant has made an offer of judgment for $1000 and entry of an injunction against infringement of Plaintiff's marks-in-suit, which has been rejected.

4. Defendant presently is employed by Plaintiff as a tenured professor.

5. It is clear that this suit is motivated by a desire to punish Defendant, as liability is not likely and an offer of judgment has been made and rejected. Plaintiff clearly has more wherewithal to prosecute this suit than Defendant has to defend.

6. Against this backdrop, Plaintiff proposes a two-tiered Protective Order which allows for designation of material as either "Confidential" or "Highly Confidential" (i.e., "attorney's eyes only") such that party representatives (to include the Defendant) would be granted access to information or documents designated "Confidential", but only attorneys, court personnel, expert witnesses, outside vendors (for the purposes of copying services), and court reporters would be granted access to the most highly confidential information or documents that would reveal internal operations or other highly sensitive information of the opposing party.

---

[1] It is black letter law that for infringement of a registered trademark, the Lanham Act requires that the accused use be "in connection with the sale, offering for sale, distribution or advertising of any goods or services" in a context that is likely to cause confusion, mistake or deception. *See* 15 U.S.C.A. § 1114(1). Similarly, for unregistered marks, the Lanham Act requires that the accused use be "on or in connection with any goods or services" and be likely to cause confusion, mistake or deception as to the affiliation, connection or association of the accused person with the plaintiff or as to the origin of the "goods, services or commercial activities" of the accused person.

7. In its Motion and proposed Protective Order, Plaintiff repeatedly reiterates that the Highly Confidential designation would relate to Plaintiff's financial or commercial data.

8. As this dispute relates to the isolated incident of filing Articles of Incorporation and the dissolution thereof, Defendant does not plan to request Plaintiff's financial or commercial data.

9. In the past it has been common for litigants to over-designate materials as "Highly Confidential," which places the burden and expense on the opponent to move the Court to downgrade the designation if the client is to assist his attorney in the defense of the litigation. Given the Defendant's justifiable fear that this suit's purpose is to punish him, Defendant believes that he will be forced to spend money to seek to downgrade improperly designated discovery responses.

10. Since Defendant represents that he will not seek Plaintiff's financial data or commercial data, Defendant submits that a single-tier Protective Order would be a more equitable course of action. Such a single-tier protective order is attached hereto as <u>Exhibit A</u>.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's motion and instead enter the single-tier Protective Order attached hereto as <u>Exhibit A</u> and for such other and further relief as the Court deems just and proper.

    Respectfully Submitted,

    By: <u>*s/ Brian J. Gill*</u>
       Nelson D. Nolte, #53,470
       Scott A. Smith, #55,870
       Brian J. Gill, #57,324
       Polster, Lieder, Woodruff & Lucchesi, L.C.

>12412 Powerscourt Drive, Suite 200
>St. Louis, Missouri 63131-3615
>(314) 238-2400
>(314) 238-2401 (fax)
>
>E-mail: nnolte@patpro.com
>E-mail: ssmith@patpro.com
>E-mail: bgill@patpro.com
>
>ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

>Frank B. Janoski, #3480
>Bridget Hoy, #109375
>Lewis, Rice & Fingersh, L.C.
>500 North Broadway, Suite 2000
>St. Louis, Missouri 63102
>T (314) 444-7600
>F (314) 241-6056
>E-Mail: fjanoski@lewisrice.com
>bhoy@lewisrice.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*s/Brian J. Gill*