Saint Louis University v. Meyer　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Doc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, <br> a Missouri benevolent corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVIS MEYER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 4:07CV1733 CEJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant Avis Meyer's Response to Plaintiff's Motion for Protective Order makes clear that Meyer's refusal to agree to a two-tiered protective order, which is customary in trademark infringement cases such as this, is based upon the same underlying attitude on the part of Defendant Meyer that forced Saint Louis University to file this lawsuit in the first place: *Defendant Meyer believes he is entitled to use Saint Louis University's intellectual property and confidential information in any way he sees fit*. Nothing in Defendant Meyer's response changes the fact that entry of a two-tiered protective order is the efficient and necessary course for this trademark infringement matter.

First, Defendant Meyer's representation in his Response (at ¶ 10) that he will not seek to obtain Saint Louis University's financial or commercial data does not eviscerate the need for the "highly confidential" designation in any protective order entered by this Court. That tier of the protective order is necessary to protect information related to Saint Louis University's financial, commercial, and *other* data related to its internal operations and intellectual property. For

1451571.01

Dockets.Justia.co

example, Plaintiff may have to establish its use of the marks at issue, its funding related to those marks, its licensing of those marks to student groups, or other information to which a tenured professor in one department of the University – like Defendant Meyer – is not ordinarily granted access. Defendant Meyer should not be given *carte blanche* access to all University information that might become discoverable in this case related to Plaintiff's trademark rights and the harm Defendant's conduct has caused. It makes sense to include the "highly confidential" tier in the protective order now, so that discovery is not stalemated mid-deposition or mid-production of documents later in the case when its becomes necessary for Saint Louis University to reveal highly confidential information.

Second, Defendant Meyer misguidedly addresses the merits of this case and additionally inappropriately informs the Court of settlement discussions that have taken place. While Meyer so much as concedes unlawful use of Saint Louis University's trademark rights through registration of a non-profit corporation "which included the name of the University" for "potential use" by an independent newspaper (see Defendant's Response at ¶ 1), this case is about much more. It is unclear at this point the extent of Meyer's use of Saint Louis University's trademarks and who else might have been involved. Indeed, nothing in Defendant Meyer's offer of judgment provided any assurances to Saint Louis University that the use was restricted to registration of the non-profit organization, nor has Defendant Meyer ever represented that such use has ceased and will not reoccur. Saint Louis University is entitled to conduct its investigation to learn the extent of the unlawful use and is similarly entitled to a mechanism for protection of its highly confidential information in the course of that investigation.

Last but not least, Defendant Meyer's accusation that "[i]n the past it has been common for litigants to over-designate materials as 'Highly Confidential'" is completely unsupported as

2

to the undersigned and Plaintiff. In many matters before this Court, the undersigned counsel for Saint Louis University have employed judicious use of the "confidential" and "highly confidential" designations. Accusations to the contrary are offensive and should be disregarded by the Court. Moreover, despite Defendant Meyer's suppositions, this litigation is not about punishing Defendant but is rather about protecting Saint Louis University's intellectual property and resources from such bold unlawful use as was demonstrated when Defendant used the Saint Louis University name to register his own non-profit organization for his own personal use, and then flippantly dissolved the organization using University letterhead after he faced litigation for his conduct. Entry of a two-tiered protective order is a customary practice in an intellectual property case, is appropriate in this matter, and will be used as intended by the undersigned to protect highly confidential information.

For the reasons stated herein and in Plaintiff's opening Motion and Memorandum, Plaintiff Saint Louis University requests that the Court enter the two-tiered protective order attached to Plaintiff's Motion and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: <u>      /s/ Frank B. Janoski      </u>
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record

       /s/ Frank B. Janoski
Frank B. Janoski, #3480
Lewis, Rice & Fingersh, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com