```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


SAINT LOUIS UNIVERSITY,       )
                              )
          Plaintiff,          )
                              )
     vs.                      )     No. 4:07-CV-1733 (CEJ)
                              )
AVIS MEYER,                   )
                              )
          Defendant.          )
```

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for entry of a protective order. Defendant agrees that a protective order is appropriate but objects to plaintiff's request for a two-tiered order that provides for a "Highly Confidential -- Attorneys' Eyes Only" designation. Defendant submits a proposed single-tier protective order for the Court's consideration.

### I. Background

Defendant Avis Meyer is a member of the faculty at plaintiff Saint Louis University. For many years, defendant served as the faculty advisor to the campus newspaper,"The University News." The caption of the paper reads "A Student Voice of Saint Louis University Since 1921" and incorporates the university's trademark. Saint Louis University considers the name of the publication and the caption to be valuable intellectual property.

On March 16, 2007, defendant Meyer obtained from the Missouri Secretary of State articles of incorporation for a non-profit entity named "The University News, a Student Voice Serving Saint Louis University Since 1921." On August 21, 2007, defendant filed

articles of termination with the Missouri Secretary of State. On October 11, 2007, plaintiff filed suit against defendant, bringing claims for trademark infringement and unfair competition under state and federal law.

Plaintiff proposes a two-level protective order with designations for materials as either "confidential" or "highly confidential." Under the proposed order, a document may be designated as "highly confidential" when it contains "sensitive financial, commercial, business or administrative information, such as information relating to development plans, marketing plans, pricing plans, or other information which would reveal the internal operations of the party." Material designated as "highly confidential" cannot be "disclosed, described, or otherwise directly or indirectly made available" to the parties. Defendant opposes the inclusion of the "highly confidential" designation as unnecessary.

**II. <u>Discussion</u>**

Rule 26(b), Fed.R.Civ.P., provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(c)(1)(g) authorizes a court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The party seeking a protective order has the burden of demonstrating that good cause

exists for issuance of the order. Infosint SA v. H. Lundbeck A.S., 2007 WL 1467784 (S.D.N.Y. May 16, 2007); Uniroyal Chem. Co. v. Syngenta Crop. Prot., 224 F.R.D. 53, 56 (D. Conn. 2004). Broad allegations of harm do not satisfy the good cause requirement. Id. Rather, "the moving party must demonstrate that 'disclosure will work a clearly defined and very serious injury.'" Id. citing Cuno, Inc. v. Pall Corp., 117 F.R.D. 506, 508 (E.D.N.Y. 1987); Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd., 529 F. Supp. 866, 891 (E.D. Pa. 1981); United States v. International Business Machines Corp., 67 F.R.D. 40, 46 (S.D.N.Y. 1975). The movant must show that there "will indeed be harm by disclosure." Id.

Plaintiff argues that it may have to establish its use of its marks, its funding related to those marks, its licensing of those marks to student groups, or other information "to which a tenured professor in one department of the University . . . is not ordinarily granted access." Missing from this argument is an explanation of how harm would result from such access in the context of this lawsuit. Plaintiff's suggestion that defendant might misuse his access to confidential material does not establish good cause. A single-tiered protective order is sufficient to protect the parties' interests in this matter. The Court will enter the protective order as proposed by defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for protective order [Doc. #14] is **granted in part and denied in part**. An order

governing the parties' handling of confidential material will be entered separately.

                                                                                                 _____
                                          CAROL E. JACKSON
                                          UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2008.