# THE UNITED STATES DISTRICT COURT
# THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, )<br>a Missouri benevolent corporation, )<br>       )<br>           Plaintiff, )<br>       )<br>       v.       )<br>       )<br>AVIS MEYER, )<br>       )<br>           Defendant. ) | Case No. 4:07CV1733 CEJ |

## PROTECTIVE ORDER

In accordance with the Memorandum and Order entered on April 10, 2008,

It is hereby ORDERED that:

### 1. Scope of Protective Order

(a) This Protective Order applies to all Material that counsel for the parties believe in good faith contains trade secrets or sensitive commercial, financial, operational, administrative or business information, the disclosure of which would adversely affect the producing party if disclosed other than as provided herein. All material to which this Order applies is referred to herein as "Confidential Discovery Material."

(b) "Confidential Discovery Material" may include any one or more of the following: answers to interrogatories, responses to requests for admission, documents (whether in written or electronic form) or tangible things produced in response to requests for production, deposition transcripts and exhibits, and pleadings or other documents filed with the Court containing information within the scope of this Protective Order. The term "document" includes all copies of an original.

## 2. **Designation of Information**

(a) The Producing Party shall identify Confidential Discovery Material by placing on the discovery material (in such manner as will not interfere with the legibility thereof) a notice identifying the material as "Confidential." The Producing Party shall identify "Confidential Discovery Material" at the time of its production.

(b) A document should be designated "Confidential" when it contains information that may be reviewed by certain named persons of the receiving party but must be protected against disclosure to unauthorized third parties because it contains proprietary business information or other information that the producing party deems to be confidential in nature, including but not limited to information about the producing party's practices, procedures, operations, administration or policies that are not commonly known to the public.

## 3. **Disclosure, Use and Handling of Documents**

(a) This Protective Order applies to "Confidential Discovery Material" used during depositions in this action. A witness that has been deposed, or counsel for either party, shall have the right, within 20 days of receiving a transcript of a deposition, to designate the transcript or any portion thereof in accordance with this Protective Order. During said 20 day period, counsel for the parties shall treat the entire transcript as if it had been designated "Confidential." All designated testimony and all "Confidential Discovery Material" attached as an exhibit to a deposition in this action shall be protected from disclosure by this Protective Order.

(b) The Receiving Party shall not disclose, describe, or otherwise directly or indirectly make available "Confidential Discovery Material" designated as "Confidential" to any person other than:

 i. the Court and its employees;

 ii. the Parties, and those employees who are assisting in defense or prosecution of this action;

 iii. counsel of record and in-house counsel, including legal and non-legal personnel employed by those offices who assist in the preparation of this action;

 iv. a non-party individual retained by a Party for the purpose of giving expert advice in this action;

 v. an insurer for a party;

 vi. outside vendors for the purpose of scanning, copying, or similar functions, but only for the limited time during which such functions are being performed; and

 vii. court reporters.

Prior to any direct or indirect disclosure to any individual described in iv or v above, that individual must agree to maintain the confidentiality of the "Confidential Discovery Material" by executing the attached Non-Disclosure Agreement, which prohibits further dissemination of the Confidential Discovery Material.

**4.** **Challenge to Designations**

The Receiving Party may object to the designation of Discovery Material as "Confidential Discovery Material" by stating the objection in a letter to counsel for the Producing Party. If the objection cannot be resolved within ten (10) days following receipt of the objection, the Receiving Party may move the Court to determine whether the Discovery Material at issue qualifies for treatment as "Confidential Discovery

Material". If the Receiving Party files such a motion, the Discovery Material at issue will continue to be entitled to the protections accorded by this Protective Order until and unless the court rules otherwise. If the Receiving Party files such a motion, the Producing Party shall bear the burden of establishing that the Discovery Material at issue qualifies for treatment as "Confidential Discovery Material".

## 5. Filing Documents with the Court

Any Party who seeks to file with the Court a pleading or other paper that contains or refers to "Confidential Discovery Material" shall notify in advance the party who designated the Discovery Material as "Confidential" and shall file such pleading or paper under seal in accordance with the procedures and requirement of the Court.

## 6. Conclusion of Litigation

(a) The provisions of this Protective Order regarding the use and disclosure of "Confidential Discovery Material" shall survive the conclusion of this action.

(b) Promptly upon the conclusion of this proceeding, all "Confidential Discovery Materials" and, with the exceptions noted below, all copies thereof shall be returned to the Producing Party. Parties and counsel may retain copies of papers filed in this action which contain "Confidential Discovery Material", provided such papers are maintained in accordance with the restrictions contained in this Protective Order. Parties and counsel may retain notes and correspondence which contain "Confidential Discovery Material", provided such notes and correspondence are maintained in accordance with the restrictions contained in this Protective Order. If the Receiving Party believes that it would incur extraordinary expense in complying with the Producing Party's request to

destroy or return "Confidential Discovery Material", the Receiving Party may ask the Court to order that such expense be paid, in whole or in part, by the Producing Party.

**7.     No Waiver**

(a)     This Protective Order does not preclude, upon an appropriate showing, either (i) the Producing Party from seeking and obtaining additional protection for specific material, or (ii) any Party from seeking and obtaining relief from some or all of the restrictions contained in this Stipulated Protective Order.

(b)     This Protective Order does not limit the Producing Party's use of its own Discovery Materials.

**8.     Compliance with other protective orders.**

In the event the Parties consent to, or otherwise become bound by, another protective order, the Parties shall continue to abide by the terms of this Stipulated Protective Order to the extent the terms of this Order provide greater protection for "Confidential Discovery Material" than the other/additional protective order.

**SO ORDERED:**

Dated: April 11, 2008             _____
                                  District Judge

# **NON-DISCLOSURE AGREEMENT**

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as CONFIDENTIAL within the terms of the Protective Order entered in the action entitled <u>Saint Louis University v. Avis Meyer</u>, pending in the United States District Court for the Eastern District of Missouri, 4:07CV1733 CEJ.

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I hereby agree to submit to the jurisdiction of the United States District Court, Eastern District of Missouri, for enforcement of the undertakings I have made.

4. I declare the foregoing is true under penalty of perjury.

Dated: _____

                                                  _____
                                                                     Signature

                                                  _____
                                                                        Name

                                                  _____
                                                                         Title

                                                  _____
                                                                      Address

                                                  _____
                                                       Phone Number