IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) | |
| a Missouri benevolent corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:07CV01733 CEJ |
| v. ) | |
| ) | |
| AVIS MEYER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT AVIS MEYER BASED UPON WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Defendant Avis Meyer ("Defendant" or "Meyer") has been litigating this dispute in the press for over a year now. He has granted interviews to St. Louis Magazine, The St. Louis Journalism Review, and The St. Louis Post-Dispatch. See Representative Articles attached to Plaintiff's Motion as Composite Exhibit 4. During these interviews, Meyer has blasted Plaintiff Saint Louis University ("SLU") and its Administration for multiple things (in one instance likening SLU's President to a "toilet seat"), including doing what any prudent employer would do: take action against an employee who arrogantly uses the employer's intellectual property for his personal benefit.[1]

One of the interviews Meyer granted was to a student journalist working for *The University News*. The interview culminated in an article published in the November 30, 2007 edition of *The University News*. See Exhibit 1 to Plaintiff's Motion, Sidak Article (also attached

---

[1] Defendant Meyer did not list any of these interviews in response to SLU's interrogatory request asking that Meyer identify any interviews he granted related to this lawsuit. In his response, he simply (and surprisingly) stated: "None." Meyer's flippant and incomplete interrogatory answers are the subject of SLU's separate Motion to Compel Full and Complete Interrogatory Answers, filed contemporaneously herewith.

1468376.04

to Exhibit 3 to Plaintiff's Motion, Deposition of A. Meyer at Depo. Ex. 13). Shockingly, throughout the interview Meyer completely disregarded the attorney-client privilege. Over and over again, Meyer took liberties to reveal communications with his attorneys that might otherwise have been protected by the attorney-client privilege, in an apparent attempt to forward his agenda of bolstering his image in the public eye while disparaging the University.

In that interview, Meyer gave a free-wheeling explanation of his attorney's impressions of this case. Of the disclosures, "Meyer said that <u>his attorney thinks</u> the fact that he is a tenured professor may have played a part in this lawsuit." <u>Id.</u> Additionally, "Meyer said that <u>his lawyer, Brian Gill, speculated</u> that the University may be using the lawsuit as a way to revoke Meyer's tenure." <u>Id.</u> Finally, "Meyer <u>said that Gill</u>, who did not return repeated calls from *The University News*, <u>told Meyer</u> that he believed the lawsuit appeared to be a personal vendetta against Meyer by University President Lawrence Biondi, S.J." <u>Id.</u>

Meyer has made other disclosures to third parties regarding his counsel's advice as well. For example, a former student of Meyer's recounted Meyer's disclosure of privileged communications in an Internet Post on http://slu.facebook.com. Quoting from an email that Meyer apparently sent to the student,[2] the post states: "<u>My lawyer says</u> that we are done talking; and we are now poised to go to court in December." Exhibit 2 to Plaintiff's Motion, Facebook.com Posting, at p. 2 (also attached to Exhibit 3, Meyer Dep. at Depo. Ex. 14.)

Meyer's willingness to reveal to the press, and others, details from the conversations he has had with his attorneys (including his legal strategy related to this case and his position on settlement) "is inconsistent with the confidential attorney-client relationship and waives the

---

[2] Meyer has destroyed this email. During his deposition he admitted that he sent a chronology of events to the student by email, but that "it's gone." Ex. 3, Meyer Dep., at p. 187, ln. 17 – p. 188, ln. 24. Meyer's systematic destruction of evidence is the subject of Plaintiff's Motion for Sanctions against Defendant Avis Meyer for Spoliation of Evidence, which is filed contemporaneously herewith.

2

privilege.'" Lutheran Medical Center of Omaha v. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan, 25 F.3d 616, 622 (8th Cir. 1994) (internal quotations omitted). Meyer voluntarily, for his benefit, disclosed what may have otherwise been privileged communications.

When asked during his deposition about the communications that he willingly revealed to the press, Meyer was instructed not to answer, and indeed refused to answer, on the basis of a claimed attorney-client privilege. See, e.g., Meyer Depo. at pp. 177-81. "The attorney/client privilege is waived by the voluntary disclosure of privileged communications," however. PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership, 187 F.3d 988, 992 (8th Cir. 1999). A litigant may not selectively disclose some privileged communications to third parties while preventing its opponent from learning the "rest of the story", so to speak. In re Grand Jury Proceedings, 841 F.2d 230, 234 (8th Cir. 1988) ("A claim that a need for confidentiality must be respected in order to facilitate the seeking and rendering of informed legal advice is not consistent with selective disclosure when the claimant decides that the confidential materials can be put to other beneficial purposes.") (quoting In re John Doe Corp., 675 F.2d 482, 489 (2d Cir. 1982) (emphasis added). Thus, when the attorney-client privilege is waived through disclosure to third-parties, "[c]ourts typically apply such a waiver to all communications on the same subject matter." PaineWebber, 187 F.3d at 992.

Meyer waived the attorney-client privilege with regard to the conversations he had with his attorney concerning his attorney's impressions of this case, his strategy in responding to the case, and his stance on settlement. Because Meyer waived the privilege, Plaintiff is entitled to discover those communications, and matters related thereto. Plaintiff should not be disadvantaged by Meyer's attempts to garnish sympathy and support from the general public

3

through selective disclosure of his communications with counsel. In fairness and the interests of justice, Plaintiff should be allowed to determine the veracity of the statements Meyer made to the press and to place those self-serving statements in the proper light.

Plaintiff is aware that waiver of the attorney-client privilege is not a common occurrence; however, in this case the waiver is abundantly apparent. Based upon the foregoing, Plaintiff requests an order from the Court requiring that Meyer produce all documents related to his communications with counsel and appear for deposition to answer all questions regarding the partially revealed subject matter.[3] The deposition should be held at the sole expense of Defendant, because it is his inappropriate refusal to answer questions in the face of a clear case of waiver that necessitates another deposition. Plaintiff would also ask that at any trial in this case, Plaintiff be allowed to inform the jury as to Defendant's disclosures to the public of privileged communications. Finally, Plaintiff requests an award of attorneys' fees and costs related to the bringing of this Motion pursuant to Fed. R. Civ. P. 37(a)(5), and for such other relief as this Court deems just and proper.

---

[3] To the extent that Meyer may not completely recall discussions with his attorneys, then counsel should be made available for deposition. Additionally, as noted above, Meyer apparently deletes his emails without regard to his discovery obligations, and it is unclear whether he retains any paper file related to this case. To the extent his communications with his counsel are not in his possession but are in his counsel's possession (including counsel's email), counsel should be ordered to produce them to Plaintiff.

4

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:   /s/ Frank B. Janoski
      Frank B. Janoski, #3480
      Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2008, the foregoing was hand-delivered to:

Brian J. Gill
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615

I further certify that on the 8th day of July, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    /s/ Frank B. Janoski
Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com