IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY,<br>a Missouri benevolent corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | Case No. 4:07CV01733 CEJ |
| AVIS MEYER, | )<br>) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
FULL AND COMPLETE INTERROGATORY ANSWERS**

I.  INTRODUCTION

This lawsuit was necessitated when Defendant Avis Meyer:

(1)  created a non-profit Missouri corporation using Plaintiff Saint Louis University's ("Plaintiff" or "SLU") intellectual property;

(2)  informed the press that plans were in the works to independently publish a campus paper (presumably using Plaintiff's intellectual property);

(3)  misleadingly dissolved the corporation using SLU letterhead and an official SLU address (leaving the impression that SLU was somehow involved in or approved of the creation/dissolution of the corporation, and perhaps abandoned any rights it had in the name); and

(4)  failed to provide any assurances that SLU's intellectual property had not been used in any other way or would be used in the future.

Plaintiff served Interrogatories upon Meyer on February 7, 2008 seeking information related to the above. Meyer submitted his sworn answers on March 19, 2008. See Exhibit 1 to Plaintiff's Motion, Defendant's Answers to Plaintiff's First Set of Interrogatories. While at first glance, it appeared that Meyer had provided adequate responses to the Interrogatories, it became abundantly clear during Meyer's June 4, 2008 deposition that his answers to several of the

Saint Louis University v. Meyer　　　Doc. 35

Dockets.Justia.com

Interrogatories were sorely misleading, incomplete, and at least in one instance false. Even so, Defendant has not supplemented his answers, as required by Rule 33 of the Federal Rules of Civil Procedure, to date. Plaintiff therefore requests an order compelling full and complete Interrogatory answers from Defendant Meyer, and an award of attorneys' fees for the expenses incurred by Plaintiff in bringing the instant Motion and otherwise attempting to obtain information that should have been routinely forthcoming pursuant to the Federal Rules of Civil Procedure.

## II. DEFENDANT MEYER SHOULD BE COMPELLED TO PROVIDE FULL AND COMPLETE INTERROGATORY ANSWERS.

### A. Defendant Meyer's answers to Interrogatory Nos. 2 and 4 are evasive and misleading and full answers should be compelled.

In Interrogatory Nos. 2 and 4, SLU sought identification of all persons with "knowledge" of the non-profit corporation and all persons "with whom you have communicated" regarding the non-profit corporation. The Interrogatories asked for identification of "all" persons. For clarification sake, however, the Interrogatories further specifically delineated the following four specific categories of information: (a) formation; (b) incorporation; (c) existence; and (d) dissolution or termination of the non-profit corporation. These requests go to the very heart of SLU's claims against Meyer that his creation and misleading dissolution of the non-profit corporation infringed and diluted SLU's intellectual property, and were otherwise wrongful.

In response to Interrogatory No. 2, Meyer stated as follows:

> **ANSWER:** Defendant objects to the interrogatory as constituting four separate interrogatories on four different subjects. Defendant objects to the interrogatory as vague particularly as to the meaning of "all persons with knowledge of the Non-Profit Organization." Subject to Defendant's general and specific objections, Defendant answers:

2

    a. Avis Meyer; Diana Benanti[1]
    b. Avis Meyer; Diana Benanti
    c. Avis Meyer; Diana Benanti
    d. Avis Meyer; Diana Benanti

In response to Interrogatory No. 4, Meyer stated as follows:

> **ANSWER:** Defendant objects to the interrogatory as constituting four separate interrogatories on four different subjects. Defendant objects to the interrogatory as vague particularly as to the meaning of "communicated regarding the Non-Profit Organization." Subject to Defendant's general and specific objections, Defendant answers:
>
>     a. Diana Benanti
>     b. Diana Benanti
>     c. Diana Benanti
>     d. Diana Benanti

See Exhibit 1, Defendant's Answers to Plaintiff's First Set of Interrogatories, at pp. 2-4.

During Meyer's deposition on June 4, 2008, it became very clear that Meyer had provided only minimal information in response to these interrogatories and in no way was forthcoming regarding who knew about the non-profit corporation and with whom he had communicated. For example, Meyer admitted in his deposition that the entire staff of *The University News* likely had knowledge about the non-profit corporation at some point, but none of those people were listed in response to the Interrogatory request. See Exhibit 2 to Plaintiff's Motion, Meyer Dep., at pp. 137-40. Furthermore, when asked during his deposition "Do you recall who you talked to with regard to this decision that [the non-profit corporation] was not necessary would not be utilized for any purpose," Meyer stated: "Probably Katie Lewis, the new

---

[1] Diana Benanti was identified in Meyer's initial disclosures. Meyer did not provide an address or telephone number as required by Rule 26, even though he had her cell phone number "written on a piece of paper in my office." During his deposition, he tried to split hairs regarding his knowledge of her contact information, claiming he might not have "had it handy" at the time. Ex. 2 to the Motion, Meyer Dep., at pp. 126-27. This is only one example the arrogant, flippant, and far from cooperative attitude Meyer has displayed during discovery in this case. This attitude has caused SLU to incur additional attorneys' fees and litigation expenses, supporting the request below for an award of attorneys' fees.

editor then." Id. at p. 145, ln. 17-20. Katie Lewis was not listed in response to Interrogatory No. 4, asking for those very communications.

In an apparent attempt to explain away his failure to provide full answers to these interrogatories, Meyer claimed he understood the requests to be asking only for those persons who had knowledge as to all four of the sub-categories listed. See id. at pp. 137-39. Defendant Meyer is a Ph.D. in English, id. at p. 6, ln. 12. This excuse for not providing full information is impossible to believe. Moreover, in his own answers he took the position that the interrogatories constitute "four separate interrogatories on four different subjects." See Exhibit 1. Meyer's claim that he thought the interrogatories were only asking for identification of persons who satisfied all four sub-categories is not credible. Meyer should be ordered to provide full responses.

B. **Defendant Meyer's answer to Interrogatory No. 9 is incomplete and a full answer should be compelled.**

In Interrogatory No. 9, SLU asked Meyer to "identify all facts concerning the dissolution or termination of the Non-Profit Organization on or about August 21, 2007, including but not limited to the reason the Non-Profit Organization was dissolved and/or terminated." Meyer responded as follows:

> ANSWER: Defendant objects to the interrogatory as vague particularly as to the meaning of "facts concerning the dissolution or termination of the Non-Profit Organization." Subject to Defendant's general and specific objections, Defendant answers: A decision was made that the Non-Profit Corporation was not necessary and would not be utilized for any purpose."

See Ex. 1, Defendant's Answers to Plaintiff's First Set of Interrogatories, at pp. 5-6.

While Meyer's answer attempts to explain the "why" of the dissolution[2], missing from his answer is the who, what, when and where of his dissolution of the non-profit corporation. Specifically, Meyer did not explain what paperwork was submitted to the Missouri Secretary of State. This is important because Meyer provided SLU with a different set of papers than were actually submitted to the Secretary of State, raising questions as to his willingness to provide SLU with accurate information.[3]

Details regarding the dissolution of the non-profit corporation are highly relevant to SLU's claims that its intellectual property was infringed and diluted by Meyer's acts, especially in light of the fact that Meyer for some reason used SLU letterhead for his correspondence with the Secretary of State (forever leaving the impression in the public records that SLU abandoned its rights)[4]. SLU is entitled to a full explanation of the dissolution of the non-profit corporation. Meyer should be ordered to provide a full response.

C. **Defendant Meyer's answer to Interrogatory No. 12 is false.**

Meyer's answer to Interrogatory No. 12 is utterly false. In that Interrogatory, SLU requested that Meyer "identify all facts concerning any interviews you granted or participated in, including but not limited to any interview with KWMU or St. Louis Magazine, during which the Non-Profit Organization or Saint Louis University's campus paper, *The University News*, was

---

[2] Meyer's explanation is not credible. He testified that he dissolved the organization because the Editor in Chief of *The University News* told him that the students had decided to give the new charter a chance rather than go independent. Ex. 2, Meyer Dep., at p. 146, ln. 15-21. That happened in June 2007; however, the dissolution did not take place until much later in August 2007, after SLU had sent more than one cease and desist letter.

[3] On the papers Meyer sent to SLU's counsel, the number of persons voting for the dissolution was left blank. On the papers he submitted to the Secretary of State, Meyer listed "two" persons as having voted for the dissolution. When asked during his deposition about who the two persons were, Meyer gave the incredible response that he counted himself twice. See Ex. 2, Meyer Dep., at pp. 169-70.

[4] It is of particular interest that when Meyer formed the non-profit corporation he used his home address and made no association to Saint Louis University. See Ex. 2, Meyer Dep., at p. 90, ln. 13-16. This obviously was an attempt to prevent SLU from learning of his actions.

discussed or mentioned." Subject only to his general objections, Meyer responded: "None." Ex. 1, at p. 7.

Meyer's answer is blatantly false. Meyer has had a heyday litigating this case in the press. See Representative Articles, attached as Exhibit 3. The interviews given by Meyer have been aired on "St. Louis on the Air" and have been published in the St. Louis Magazine, among other publications. When these various interviews were raised during Meyer's deposition, he easily recalled them. See, e.g., Ex. 2, Meyer Dep., at pp. 149-52. Regarding the St. Louis Magazine article, Meyer was able to testify regarding many details, right down to the number of glasses of tea consumed during the interview. Id. at p. 110. Yet, Meyer had not so much as disclosed the occurrence of the interview in his Interrogatory answer.

The information requested in Interrogatory No. 12 is very basic and fundamental. To the extent Meyer has made public admissions to the press regarding his use of SLU's intellectual property (or otherwise disparaged SLU and its administration, revealing Meyer's bias and credibility[5]), SLU is entitled to discover that information. Meyer has not been the least bit forthcoming regarding his litigation of this dispute in the press, and should be ordered to provide a full and complete response to Interrogatory No. 12.

### III. DEFENDANT MEYER SHOULD PAY THE ATTORNEYS' FEES AND COSTS ASSOCIATED WITH THIS MOTION.

Federal Rule of Civil Procedure 37 provides that if a motion is granted, or if disclosure is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the

---

[5] In the article attached to the Complaint at Exhibit D, Meyer stated that SLU's President has "the class of a toilet seat." He knew that the scandalous quote would be put front and center in the article. See Ex. 2, Meyer Dep., at pp. 102-03 ("I knew he'd make it the lead sentence, which he did, it's what I would have done if I were writing it because it's a pretty outrageous thing to say . . . .").

6

motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5) (emphasis added). SLU has been forced to incur otherwise unnecessary attorneys' fees and expenses because of Meyer's failure to be forthcoming throughout discovery in this case. His deficient, and in some instances false, interrogatory answers, were completely unjustified and highlight his arrogance with regard to SLU's intellectual property and the judicial process. An award of attorneys' fees should be entered against Defendant Meyer (Plaintiff will submit its itemization of fees upon request by the Court).

To the extent Meyer argues that an award of attorneys' fees should not be entered because the award would be unjust in light of his financial situation (a position he has taken throughout this litigation), SLU would direct the Court's attention to page 105 of Meyer's deposition, where Meyer admits that he paid nearly $1,000 of his personal funds to take out an ad encouraging people to complain about SLU's administration. Ex. 2, Meyer Dep. at p. 105. Apparently, Meyer has adequate funds to forward his own agenda when it suits him. An award of attorneys' fees is not only just under these circumstances, an award is necessary to place the financial burden of this litigation where it belongs – on the party frustrating the discovery process through misleading and deceptive interrogatory responses.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff Saint Louis University requests that this Court grant the instant Motion to Compel Full and Complete Interrogatory Answers from Defendant Avis Meyer, enter an award of attorneys' fees, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:   /s/ Frank B. Janoski
      Frank B. Janoski, #3480
      Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2008, the foregoing was hand-delivered to:

Brian J. Gill
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615

I further certify that on the 8th day of July, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

      /s/ Frank B. Janoski
Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com