# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:07CV01733 CEJ |
| AVIS MEYER, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF SAINT LOUIS UNIVERSITY'S MOTION FOR SANCTIONS AGAINST DEFENDANT AVIS MEYER FOR SPOLIATION OF EVIDENCE

COMES NOW Plaintiff Saint Louis University ("Plaintiff" or "SLU"), by and through its undersigned attorneys, and for its Motion for Sanctions against Defendant Avis Meyer for Spoliation of Evidence, states as follows:

1. Upon instituting this lawsuit for unlawful trademark infringement and other violations of state and federal law, Plaintiff sent a notice to Defendant Avis Meyer reminding Meyer of his obligation against destruction or spoliation of written or electronic documents, including emails and letters, that related to SLU, *The University News* campus paper, Meyer's attempts to create a competing newspaper, or any other document relevant to the allegations set forth in the Complaint. See Letter from F. Janoski to counsel for Meyer, dated October 11, 2007, attached hereto as Exhibit 1.

2. After this case was underway, SLU requested through the normal written discovery channels all documents and communications related to the circumstances underlying the dispute. The requests asked for, among other things, documents and communications related

Saint Louis University v. Meyer

1468211.05

Dockets.Justia.com

to the formation, existence and dissolution of the non-profit corporation using the name and caption of SLU's campus paper, *The University News*.

3.  In response, Defendant Meyer produced a total of 6 pages of documents. <u>See</u> Defendant's Response to First Set of Requests for Production of Documents, attached hereto as Exhibit 3. He did not produce a single email, and only produced one piece of correspondence (a letter from him to the Missouri Secretary of State).

4.  The reason for Defendant's failure to produce emails and other communications became known during his deposition, which was taken on June 4, 2008: <u>Defendant Meyer has been systematically destroying documents without any regard whatsoever to his obligation to preserve evidence</u>.

5.  When asked during his deposition whether he had been "preserving documents with regard to the circumstances of the underlying case," he cavalierly stated: "Some I do, some I don't." <u>See</u> Deposition of A. Meyer at p. 14, ln. 5-13, attached hereto as Exhibit 2.

6.  When asked how many emails he had "deleted with regard to communications relating to the circumstances underlying this case," he flippantly stated: "I'm not sure I can give you an estimate. This has been going on for, what six or seven months." <u>Id.</u> at p. 22, ln. 17-21.

7.  With regard to a specific email Meyer sent to a former student detailing his version of the chronology of events leading up to this lawsuit, <u>see</u> Facebook.com Postings, attached hereto as Exhibit 4, at p. 2, his arrogant response was: "[I]t's gone." Ex. 2, Meyer Dep. at p. 188, ln. 22.

8.  Meyer also testified to destroying a letter (apparently both the electronic and any hard copy version) that he claims he drafted on his home computer addressed to counsel for SLU prior to the filing of this lawsuit. The letter supposedly communicated the extent of Meyer's use

of SLU's trademarks. Id. at p. 84, ln. 13 – p. 85, ln. 3; p. 94, ln. 1 – p. 95, ln. 4. The letter was never received by counsel and has not been produced by Meyer in response to SLU's discovery requests. The absence of the letter leads to the conclusion that Meyer either did not create the letter (contrary to his self-serving testimony that he did), or he created and subsequently destroyed the letter, preventing its discovery. Had such a letter been created and sent, this litigation may not have been necessary.

9.    Counsel for plaintiff has never witnessed such a clear case of spoliation of evidence.

10.    Meyer's articulated excuse for destruction of correspondence "relating to ... circumstances underlying the case," in the face of the Notice sent to him when the litigation was first filed, highlights his attitude with regard to the sanctity of the judicial process: "It didn't seem that serious at the time, it just didn't." Id. at p. 199, ln. 4-21. He further testified: "It just didn't seem that important then. It does now." Id. at p. 200, ln. 1-3.

11.    Meyer's destruction of evidence was in bad faith and appears to be an attempt to suppress the truth.

12.    As a result of Meyer's conduct, Plaintiff Saint Louis University is severely prejudiced in its ability to investigate the improper use of its intellectual property and otherwise fully develop its case.

13.    Defendant Meyer's blatant spoliation of evidence displays a disrespectful indifference with regard to his obligations as a litigant before this Court.

14.    "Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably

3

calculated to lead to the discovery of admissible evidence, and destroys such documents and information." Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993).

15.    A district court's inherent powers under these circumstances include the discretion to enter default against a defendant, grant an adverse inference that the destroyed evidence would have been harmful to the defendant, instruct the jury as to the defendant's destruction of evidence, and enter an award of attorneys' fees. Id.; see also Ameriwood Indus., Inc. v. Liberman, 2007 U.S. Dist. LEXIS 74886, *12-13 (E.D. Mo. July 3, 2007).

16.    Due to the egregious conduct of Defendant Meyer, and the severe prejudice caused to Plaintiff, the full extent of sanctions should be imposed.

17.    Despite good faith attempts to resolve this dispute, including in-person conferences attended by Frank B. Janoski, Bridget Hoy, and Brian Gill on June 4, 2008 and June 11, 2008 (also attended by Scott A. Smith) and a telephone conference between Bridget Hoy and Brian Gill at 9:30 a.m. on July 8, 2008, the parties are unable to reach a resolution.

18.    A Memorandum in Support of this Motion is filed contemporaneously herewith and incorporated herein by reference.

WHEREFORE, Plaintiff Saint Louis University requests that this Court grant Plaintiff's Motion for Sanctions against Defendant Avis Meyer for Spoliation of Evidence, and accordingly strike Defendant's Answer, enter a default judgment against Defendant on all counts of Plaintiff's Complaint, and award attorneys' fees and costs against Defendant for his bad faith, intentional destruction of evidence. To the extent this matter should proceed to the dispositive motion stage or trial on any issue, Plaintiff requests that the Court grant an adverse inference that the destroyed information would have been harmful to Defendant Meyer with regard to Defendant Meyer's improper use of Plaintiff's intellectual property rights and other wrongful

conduct, and damage to SLU related thereto; instruct the jury at any trial of this matter that Defendant Meyer failed to comply with his obligation to preserve and produce discoverable evidence; and grant such other and further relief to Plaintiff as the Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ Frank B. Janoski
          Frank B. Janoski, #3480
          Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2008, the foregoing was hand-delivered to:

Brian J. Gill
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615

I further certify that on the 8th day of July, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    /s/ Frank B. Janoski
Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com