IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 4:07CV1733 CEJ |
| AVIS MEYER, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT AVIS MEYER FOR SPOLIATION OF EVIDENCE

**I.    INTRODUCTION**

During Defendant Avis Meyer's June 4, 2008 deposition, it became abundantly clear that rather than preserve evidence related to this case, Meyer has been systematically destroying it. Meyer admitted during his June 4, 2008 deposition that he deleted numerous emails, including one in which he had detailed his version of the circumstances leading up to the filing of this lawsuit. Amazingly, Meyer testified: "If it's three months old, it's gone." See Exhibit 2 to Plaintiff's Motion, Deposition of Avis Meyer, at p. 188, ln. 22. Meyer apparently destroyed every email in his possession, as not a single email has been produced by him in this case.

Almost more shocking than the mere destruction of evidence is the fact that Meyer deleted the emails and other evidence in the face of a Notice sent by counsel for Plaintiff Saint Louis University ("Plaintiff" or "SLU") at the very beginning of this case informing Meyer of his duty against spoliation of emails and other documents. See Exhibit 1 to Plaintiff's Motion, Letter from F. Janoski, dated Oct. 11, 2007. The duty also was expressly recognized by both

1468409.11

parties in the Joint Proposed Scheduling Plan filed in this case, which provides that "each party shall comply with its respective obligations under the Federal Rules regarding preservation of evidence, including electronically stored information." See Joint Proposed Scheduling Plan [docket No. 9].

Meyer's destruction of evidence was intentional and in bad faith, and is indicative of a desire to suppress the truth. Meyer has completely frustrated the discovery process as SLU attempts to protect its intellectual property rights through this litigation. The free flow of exchange of information contemplated by the Federal Rules is totally forestalled by Meyer's spoliation of evidence.

Meyer's conduct is egregious. The full extent of the sanctions should be imposed upon Meyer for his actions. Namely, Defendant Meyer's Answer should be stricken and default entered. However, in the event any issue is dealt with at the dispositive motion stage or any trial, the evidentiary balance should be restored (to the extent possible) by an adverse inference instruction as to Meyer's improper use of SLU's intellectual property and damages caused thereby. The jury also should be instructed as to Meyer's failure to comply with his discovery obligations. Additionally, SLU has been forced to expend otherwise unnecessary resources due to Meyer's conduct, and SLU therefore requests that the Court enter an award of attorneys' fees related thereto.

## II. BACKGROUND

This lawsuit was filed on October 11, 2007. On that same day, counsel for SLU sent correspondence notifying Meyer of his obligation to preserve evidence:

> Because litigation has been anticipated for some time and is now pending, we would like to take this opportunity to ask you to remind your client of his obligation against destruction or spoliation of any letter, contract, form, note, e-mail, computer file, metadata, voice recording, dvd, or other written or electronic

> document related to either Saint Louis University, The University News campus paper, Mr. Meyer's attempts to create a competing newspaper, or any other document relevant to the allegations set forth in the enclosed Complaint. Please also advise him that any destruction of documents will be considered and argued to be spoliation for the purposeful reason of avoiding detrimental information in those documents.

Ex. 1; see also Ex. 2, Meyer Dep. at pp. 13-14 and Depo. Ex. 2. A few months later in January of 2008, that duty was highlighted in the Joint Proposed Scheduling Plan agreed to by both sides and submitted to this Court regarding "preservation of evidence, including electronically stored information." See Joint Proposed Scheduling Plan, at p. 2 [docket No. 9].

In February of 2008, SLU sent requests for documents to Defendant Meyer, seeking among other things, all documents and communications regarding the formation, existence or dissolution of the non-profit corporation that underlies the claims brought in this case, and all documents and communications regarding this lawsuit, the disputes raised in this case, or any attempts to resolve the matter. In response, Meyer produced a total of six pages of documents, the entirety of which is attached to Plaintiff's Motion at Exhibit 3. Not a single e-mail was produced. With the exception of the cover letter to the Missouri Secretary of State, not a single written communication was produced either.

### Meyer Admits to Destroying Evidence

Meyer's deposition was taken on June 4, 2008. During that deposition, it became abundantly clear that Meyer had not produced any e-mails or other written communications in response to SLU's documents requests – not because he had not had any such communications – but because he had <u>destroyed</u> the communications. In his deposition, Meyer testified as follows:

> Q: Can you tell me whether you have been preserving documents with regard to the circumstances of the underlying case?
>
> A: By "documents," do you mean anything pertaining to this in any way, shape or form, including e-mails from people I know?

3

Q: Correct.

A: That's a "yes" and "no" question. Some I do, some I don't.

***

Q: Dr. Meyer, can you tell me about how many e-mails you have deleted with regard to communications relating to the circumstances underlying this case?

A: I'm not sure I can give you an estimate. This has been going on for, what six or seven months.

***

Q: Have you – have the e-mails been deleted on both the Saint Louis University e-mail system and also on your personal e-mail system?

*Objection: Compound*

Q: I can break it down. Have the e-mails been deleted on the -- have you deleted e-mails on the Saint Louis University e-mail system?

A: Except –

*Objection: Vague*

Q: You can answer.

A: Except again, for the ones I saved because they were the U. News Alumni, yes.

Q: And have you also deleted e-mails on your personal e-mail account?

A: With the same general caveat, yes, generally.

Q: So, it has been your habit to generally delete these e-mails as opposed to saving these e-mails?

A: Unless they are University News Alumni, those I keep.

Q: And have you printed off any of these e-mails?

A: Not that I remember, no.

***

Q: Have you received e-mails relating to this case from individuals other than former students of yours at Saint Louis University?

A: Very few.

Q: Okay. And have you deleted those?

A: It depends on the time. After three months, I probably do.

Q: And did you respond to those e-mails?

A: Sometimes.

Q: And did you delete the responses to those e-mails, also?

A: Probably.

Ex. 2, Meyer Dep. at pp. 14, 22-26.

Among the deleted evidence is highly relevant correspondence between Meyer and two former students in about November of 2007 (a month *after* this lawsuit was filed and the spoliation notice was sent). Id. at pp. 183-84. SLU learned of the correspondence through Internet postings at http://slu.facebook.com. See Exhibit 4 to Plaintiff's Motion, Facebook Postings.

In the postings, one student explained what she claimed to have learned "straight from the horse's mouth" (i.e., Meyer) with regard to this lawsuit. Id. at p. 1. Meyer admitted during his deposition that he either talked with or exchanged emails with that student, but to the extent it was email correspondence, gave the following cavalier explanation:

Q: Okay. And would you have a copy of that e-mail?

A: If it was an e-mail, I might, but if it's three months old, I might not.

Q: Okay. It [*sic*] probably corresponded with her back in November 2007.

A: Then it would be gone then.

Q: Okay. You would have deleted it, correct?

A: Yes.

Id. at p. 183, ln. 17-25.

5

The postings also included a "chronology of the past year's situation that I [another former student] recently asked Dr. Meyer to send me." See Ex. 4, at p. 2. With regard to the chronology, Meyer admitted during his deposition that he sent her an email to that effect (Ex. 2, Meyer Dep. at pp. 187-88), but also arrogantly stated that it has been destroyed:

> Q: Okay. But you sent her something like this?
>
> A: I did send her something like that.
>
> Q: And you would have sent it to her by email?
>
> A: Yes.
>
> Q: Okay. And I take it that now that we're talking November, that this was probably sometime in November of 2007, that this probably has been deleted from your computer, is that right?
>
> A: If it's three months old, it's gone. . . .

Id. at p. 188, ln. 14-22.

Other evidence that is known to have been destroyed is a letter Meyer claims he composed, likely on his home computer, that supposedly notified counsel for SLU that he had not used SLU's intellectual property for personal purposes during the time its was registered with the Missouri Secretary of State under his name.[1] Ex. 2, Meyer Dep. at p. 179, ln. 15-22. However, the letter was never received by SLU's counsel, and apparently any draft or final form of the letter, if it ever existed, has been destroyed:

> Q: Now, let me just make sure, a copy of the letter that you would have drafted, that you thought you sent to me –

---

[1] SLU first learned of this supposed letter through an article published in *The University News* in which it was reported that Meyer "submitted a statement to the lawyer representing the University, which said that he had never used the name for personal reasons during the time it was registered under his name." Ex. 2, Meyer Dep. at Depo. Exhibit 13. Because no such letter had ever been received by counsel for SLU, the existence of the letter was explored during Meyer's deposition. See Ex. 2, Meyer Dep. at pp. 84-85, 94-95, 180-81. As in other instances, Meyer's response was less than candid, indicating that he "thought" he had sent it. Id. This is typical of Meyer's willingness to create "a story" that places him in a positive light while eagerly attaching evil motive to Saint Louis University and its Administration.

A: That I thought I sent.

Q: -- would still be on your computer, or has it been deleted?

A: After three months, it would have been deleted.

Meyer also testified that he corresponded by email with various news agencies (e.g., the Chronicle of Higher Education, the Student Press Law Center, the Post Dispatch, and the St. Louis Journalism Review) about this lawsuit and the facts underlying it. Ex. 2, Meyer Dep. at p. 26, ln. 21 – p. 28, ln. 7. Although Meyer has been litigating this case in the press for some time, not a single email or letter with any of these news agencies has been produced.

The emailed chronology of events, the purported letter to SLU's counsel, and the correspondence with news agencies are only some examples of the documents that should have been preserved by Meyer pursuant to his obligations as a litigant before this Court. The deposition transcript of Defendant Meyer, which is attached in its entirety, is replete with indications that documents that should have been preserved were destroyed by Defendant Meyer.

### III. DEFENDANT MEYER'S CONDUCT WARRANTS THE FULL EXTENT OF SANCTIONS FOR HIS INTENTIONAL, KNOWING, AND BAD FAITH SPOLIATION OF EVIDENCE.

Sanctions are appropriately imposed upon a party for failing to preserve evidence. Moyers v. Ford Motor Co., 941 F. Supp. 883, 884 (E.D. Mo. 1996). If the party knew or should have known the evidence was material to the litigation and the destruction of the evidence prejudices the opposing party, the Court has the inherent power to impose sanctions. Id.

"Among many different sanctions, the Court may give a jury instruction on the 'spoliation inference,' an inference which permits the jury to assume that the destroyed evidence would have been unfavorable to the position of the offending party; exclude certain evidence of the offending party; enter judgment of default in favor of the prejudiced party; and/or impose the prejudiced party's attorney's fees on the offending party." Ameriwood Indus., Inc. v. Liberman,

2007 U.S. Dist. LEXIS 74886, *13 (E.D. Mo. July 3, 2007) (entering default due to destruction of evidence). The determination of the appropriate sanction in any given case is "peculiarly committed" to the discretion of the district court. Moyers, 941 F. Supp. at 885. A finding of bad faith is not always required, so long as there is a showing of prejudice to the opposing party. See Stevenson v. Union Pac. R.R., 354 F.3d 739, 745 (8th cir. 2004) (entering sanctions due to failure to preserve evidence).

A.  **Default is appropriate because of Meyer's egregious conduct.**

Meyer's wholesale destruction of emails and other documents related specifically to the facts underlying this case is among the most egregious acts of spoliation one can imagine. In light of the Notice to Meyer that he was to be preserving documents, his conduct clearly "crosses the line between negligence and bad faith," warranting an entry of default against Meyer. Ameriwood Indus., 2007 U.S. Dist. LEXIS 74886, at *20, n. 7.

This case is not unlike Ameriwood Indus., Inc., where the Eastern District of Missouri struck the defendant's Answer and entered default against the defendant because the defendant scrubbed its computer hard drives after being put on notice of its duty to preserve documents. There, the Court noted that "[t]he discovery process cannot and will not function when a party exhibits such blatant disregard for basic tenets of the system." Id. at *18. The Court summarily rejected attempts to pass off the scrubbing as a routine procedure by stating that the defendants "had an affirmative duty to suspend that practice after he was on notice that the files on the device were discoverable." Id. at *20. Due to the "taint" of the destruction of evidence, the Court concluded that "no sanction short of default is available to return the parties to the position in which they would have been but for the deliberate destruction by [defendants] of evidence potentially favorable to the plaintiff. Defendants' conduct 'has precluded this action being

8

decided on the merits; the jury can no longer weigh conflicting evidence because [defendants have] ensured whatever evidence on certain of defendants computers that may have been favorable to plaintiff will never see the light of day." Id. at *22.

The same situation faces SLU in this case. Defendant Meyer has so tainted the evidentiary pool by destroying evidence that the discovery process has been rendered completely dysfunctional. Meyer's conduct has greatly and irreparably prejudiced SLU by depriving it of critical evidence regarding its claims in this case and is hampering SLU's ability to protect its valuable intellectual property. SLU had expected to glean information regarding the timing and extent of Meyer's use of SLU's intellectual property from the destroyed e-mails and other relevant documents. For instance, SLU may have learned what steps were taken to put any independent newspaper in place, who was involved in that process, what was the substance of Meyer's conversations with students and others regarding the potential or actual use of the name, and what other wrongful acts were taken by Meyer. Meyer self-servingly claims his use was limited to the registration of the entity, and that he formed the corporation without any other person's knowledge with an "innocent" intent; however, to the extent the destroyed documents may have shown otherwise, SLU has little way to know.

It is no secret that "the often informal nature of email messages and the false sense of confidentially associated with them can have devastating evidentiary effects in a given case . . ." Moore's Federal Practice, § 37A.04[1]-[2]. By deleting emails, Meyer has ensured that no evidence will be gleaned from those communications. Neither Meyer nor SLU can simply recreate the destroyed evidence at this point.

Although Meyer was not entirely forthcoming, it appears that he destroyed other forms of evidence, including letters to and from his students. Ex. 2, Meyer Dep. at p. 16, ln. 2-5. SLU is

9

now left with the scraps of Meyer's memory because Meyer made the unilateral decision that documents discussing the very heart of this lawsuit "didn't have much bearing on it." Id. at p. 16. This problem is *exactly* the reason why courts impose a duty on litigants to preserve documents in the first place. This problem is *exactly* the reason why SLU sent the preservation letter on October 11, 2007. SLU is now left to try to prepare its case with only the evidence that Meyer, the defendant here, thought was pertinent. He provides no justifiable reason for destroying the evidence other than: "It didn't occur to me." Ex. 2, Meyer Dep. at p. 203, ln. 6.

The destruction of evidence renders full prosecution of Plaintiff's claims impossible. See Moyers v. Ford Motor Co., 941 F. Supp. 883 (E.D. Mo. 1996) (entering summary judgment based upon the inability for the case to be determined on the merits after destruction of evidence). Because of the irreparable taint on this case, Defendant's Answer should be struck and default should be entered.

B. Adverse inference and spoliation instructions are justified.

To the extent this case is not concluded in its entirety due to the striking of Defendant's Answer and entry of default, an adverse inference instruction informing the jury that it may presume that the contents of the destroyed emails and other documents would have been adverse to Defendant Meyer regarding his use of SLU's intellectual property is warranted in an attempt to restore the evidentiary balance that was titled by Defendant's wrongful conduct. See Stevenson, 354 F.3d at 746. "The inference is adverse to the destroyer not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 108 (2nd Cir. 2002); see also Stevenson, 354 F. 3d at 750 (affirming adverse inference instruction).

In this case, due to the blatant destruction of evidence, other than entry of default, the only way to restore the evidentiary balance which SLU has been deprived of is to grant the sanction of an adverse inference. Because SLU's ability to investigate the extent of Meyer's use and his intent related thereto has been severely hampered, if not completely amputated, the jury should be allowed to infer that the destroyed documents would have been harmful to Meyer regarding Meyer's use of SLU's intellectual property and damage caused thereby. The Court should additionally instruct the jury as to Meyer's failure to comply with his discovery obligations. Moreover, SLU requests an award of attorneys' fees related to the instant Motion.

Meyer may not simply argue that the destroyed documents were not relevant to avoid the adverse inference regarding his unlawful use of SLU's intellectual property. It is axiomatic that "the relevance of . . . [destroyed] documents cannot be clearly ascertained because the documents no longer exist." Alexander v. Nat'l Farmers Org., 687 F.2d 1173, 1205 (8th Cir. 1982). A party therefore "can hardly assert any presumption of irrelevance as to the destroyed documents." Id. Any self-serving assertions of irrelevancy by Meyer after the fact cannot negate the clear case of spoliation of evidence and the need for the adverse inference.

C.   An Award of Attorneys' Fees Serves the Interests of Justice.

Finally, among the sanctions available to the Court and necessary to forward the interests of justice is an award of attorneys' fees. "Federal courts also have inherent power to award attorneys' fees as a sanction" for conduct that "defiled 'the temple of justice.'" Stevenson, 354 F. 3d at 750. Defendant Meyer acted intentionally and in bad faith when he deleted emails and otherwise did not preserve evidence, especially in light of the notice sent by SLU. He displayed a completely inappropriate attitude during his deposition, trying to minimize the significance of his actions by claiming "it just didn't seem that important then." Ex. 2, Meyer Dep. at

pp. 199-200. The destruction of evidence is important, as is SLU's ability to protect its intellectual property rights. SLU should not be required to bear the financial burden of filing this Motion and otherwise dealing with the consequences of Meyer's wrongful destruction of evidence; that burden should be on Meyer's shoulders at this point. SLU therefore requests an award of attorneys' fees related to this Motion.

## V. CONCLUSION

Defendant Meyer has intentionally and cavalierly destroyed documents which he had a duty to preserve. The only remedy for this conduct is sanctions. Plaintiff requests that this Court strike Defendant's Answer and enter default. To the extent this case is not concluded in its entirety due to the striking of Defendant's Answer and the entry of default, Plaintiff requests that the Court grant an adverse inference and instruct any jury of Meyer's improper conduct. Furthermore, Plaintiff requests and award attorneys' fees and costs, and asks that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ Frank B. Janoski
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2008, the foregoing was hand-delivered to:

Brian J. Gill
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615

I further certify that on the 8th day of July, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

/s/ Frank B. Janoski
Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com