# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, )<br>a Missouri benevolent corporation, )<br>   )<br>   Plaintiff, )<br>   ) Case No. 4:07-cv-01733<br>v.   )<br>   )<br>AVIS MEYER,  )<br>   )<br>   Defendant. )<br>   ) | |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT AVIS MEYER BASED UPON WAIVER OF ATTORNEY-CLIENT PRIVILEGE (d/e 32)

COMES NOW, Defendant, Avis Meyer ("Meyer"), by and through his attorneys of record, and opposes Plaintiff's Motion (d/e 32) to Compel Discovery From Defendant Avis Meyer Based Upon Waiver of Attorney-Client Privilege.

Despite Plaintiff's failure to conduct a meaningful meet and confer, Plaintiff seeks an order of this Court compelling Meyer to answer three extremely broad deposition questions that Meyer's counsel instructed him not to answer, the costs of a second deposition of Meyer and possibly his counsel and for attorney's fees for preparing the instant motion.

Plaintiff admits that the information sought by the questions is protected by the attorney-client privilege but argues that the privilege has been waived by Meyer. Plaintiff's motion should be denied regardless of any privilege or waiver thereof, because the questions seek information that is not relevant to any claim or defense pending in this suit, in violation of the discovery rules. Even if this Court finds, which it should not, that the information sought is relevant and Meyer's statements to the press constitute a waiver of privilege, Plaintiff's motion

should still be denied because the information sought far exceeds the scope of any alleged waiver. In the event Plaintiff's motion is granted, the Plaintiff is not entitled to an award of attorney's fees since the Plaintiff failed to conduct a meet and confer as required by the Rules, and Meyer had a justifiable reason for opposing the motion.

Contrary to Plaintiff's assertions, the questions Meyer refused to answer were not merely directed to communications allegedly revealed to the press by Meyer. Rather, the questions were improperly directed to seek out and learn the contents of other privileged communications, attorney work product, attorney mental impressions, conclusions and litigation strategy discussed by Meyer and his counsel during the conversations from which Meyer's alleged disclosures came.

Plaintiff alleges that the following disclosures constituted a waiver of the attorney-client privilege:

> "Meyer said that his attorney thinks the fact that he is a tenured Professor may have played a part in this lawsuit."
>
> "Meyer said that his lawyer, Brian Gill, speculated that the University may be using the lawsuit as a way to revoke Meyer's tenure."
>
> "Meyer said that Gill, who did not return the repeated calls from The University News, told Meyer that he believed the lawsuit appeared to be a personal vendetta against Meyer by University President Lawrence Biondi, SJ."

*See* Plaintiff's Memo, (d/e 33, p. 2). Each of the disclosures was from an article of *The University News,* published on November 30, 2007. *Id.*

As discussed below, the three questions objected to by Meyer ("the disputed questions") are:

"Now, can you tell me what else your attorney thought about with regard to this lawsuit?"

*See* Exhibit A attached hereto, Meyer Dep. at 177:23-24.

2

"Now, can you tell me what other conversations, what else during that conversation you and your lawyer discussed?"

See Exh. A, Meyer Dep. at 179:4-6.

"Can you tell me what other, what other issues were discussed between you and Mr. Gill during that conversation that you all had?"

See Exh. A, Meyer Dep. at 180:22-24.

The disputed questions seek information covered by the attorney-client privilege, work-product doctrine and are irrelevant to any claim or defense pending in this proceeding.[1] Accordingly, Plaintiff's Motion to Compel should be denied in its entirety.

## I. THE DISPUTED QUESTIONS ARE IMPROPER BECAUSE THEY ARE NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE AS REQUIRED BY THE DISCOVERY RULES.

Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery regarding non-privileged matter relevant to any party's claim or defense. Objections to relevance are not waived if not raised during deposition questioning. Fed. R. Civ. P. 32(d)(3)(A); *Sayre v. Musicland*, 850 F.2d 350, 355 (8th Cir. 1988). The party seeking discovery must make a threshold showing of relevance, and then the burden shifts to the party resisting discovery to show the party opposing a motion to compel to show its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Masters v. UHS of Delaware, Inc.*, 2005 WL 3120015, *1 (E.D. Mo. 2007) (*citing Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1933)).

A district court's control over discovery has been enhanced since the changes in the Federal Rules of Civil Procedure in 2000, which were amended "to involve the court more

---

[1] Plaintiff's motion characterizes Meyer as "blasting" the Plaintiff to bring up an isolated quote by Meyer. The representative articles attached to Plaintiff's motion report on Meyer's views on the newspaper charter issue. As reported in the St. Louis Magazine article and in Meyer's deposition (*See* Exh. A. Meyer Dep. at 109:18-20), Meyer has also stated that Reverend Biondi has "Accomplished a lot for the school" and that he has "done great things with the appearance of the campus."

3

actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26, advisory committee's note 2000; *See Sallis v. Univ. of Minn.*, 408 F.3d 470 (8th Cir. 2005). In particular, the new rules limit the breadth of discovery that can occur absent court approval. *Id*. According to the committee's notes, "[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Id*. Rather, "The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action." *Id*.

> **A.** **The information sought by the disputed questions is not relevant since it pertains to litigation strategy and position on settlement rather than information that tends to prove or disprove a claim or defense asserted.**

Plaintiff's complaint includes counts for trademark infringement, false designation of origin, dilution and misuse of a benevolent society's name. *See* Complaint (d/e 1). Meyer has denied each and every count and has asserted failure to state a claim upon which relief can be granted as an affirmative defense. *See* Answer (d/e 7). As held by this Court, trademark infringement requires the finding of "use in commerce" of the offending term. *Carey Licensing, Inc. v. Erlich*, 2007 WL 3146559, *6 (E.D. Mo. 2007). Along with Meyer's answer of non-use (*See* Answer (d/e 7)), Meyer has testified in his deposition that the mark at issue was not, and has not, been used by him at all, let alone "in commerce." *See* Exh. A, Meyer Dep. at 197. Plaintiff admits it is seeking Meyer's attorney's impressions of this case, strategy in responding to the case and stance on settlement. *See* Plaintiff's Memo (d/e 33, p. 3). Plaintiff does not, and cannot, make the required showing as to why such information is required or how such information relates to any claim or defense asserted in this suit.

On the contrary, Plaintiff merely asserts it has been disadvantaged by Meyer's alleged disclosures and that fairness and the interests of justice entitles Plaintiff "to determine the veracity of the statements Meyer made to the press and to place those self-serving statements in the proper light." *See* Plaintiff's Memo (d/e 33, p. 4). However, since none of the claims or defenses at issue in this suit depend upon Plaintiff's assertions, those assertions do not constitute grounds for relevance of the requested discovery. Rather than focus on the claims it brought in its complaint, Plaintiff is simply trying to impermissibly expand its discovery into matters beyond the scope of its Pleadings. Plaintiff is not entitled to such discovery under the Rules. Thus, Plaintiff fails to make the required threshold showing of relevance, and Plaintiff's Motion to Compel should be denied.

## II. **THE QUESTIONS ASKED ARE IMPROPER BECAUSE THEY SEEK INFORMATION PROTECTED BY THE ATTORNEY-CLIENT PRIVLEGE AND THEY EXCEED THE SCOPE OF ANY WAIVER THAT ALLEGEDLY OCCURRED.**

Plaintiff contends that Meyer's disclosures to the press constitute a waiver of attorney-client privilege. *See* Plaintiff's Memo (d/e 33, p. 2). As first point, Meyer points out that the newspaper articles are hearsay. *In re Acceptance Ins. Companies, Inc. Securities Litigation,* 352 F.Supp.2d 940, 950 (D.Neb. 2004). Plaintiff made no attempt during Meyer's deposition to determine if Meyer did in fact make the alleged statements.

While a waiver of the attorney–client privilege applies to "all communications on the same subject matter", the waiver does not apply to other documents or subjects that are insufficiently linked to documents or subjects on which a waiver occurred. *Engineered Products Co., v. Donaldson Company, Inc.*, 313 F.Supp.2d 951, 1020 (N.D. Iowa 2004) (*citing PaineWebber Group, Inc.,* 187 F.3d 988, 991 (8th Cir. 1990); *John Morrell & Co. v. Local*

5

*Union 304A of the United Food and Commercial Workers, AFL-CIO*, 913 F.2d 544, 556 (8th Cir. 1990)).

Here, Plaintiff attempts to impermissibly broaden the scope of the alleged waiver beyond "all communications on the same subject matter" to "all subjects discussed during communications in which a waiver on some subject matter occurred." Other subjects discussed during such communications, unless otherwise linked to the subjects disclosed, are not covered by any alleged waiver, and are therefore not discoverable. This Court need look no further than the words of the Plaintiff's deposition questions themselves to see Plaintiff's confusion between the subjects covered by the alleged waiver and other unquestionably privileged, subjects discussed during the same communications. First, Plaintiff asked "Now, can you tell me ***what else*** your attorney thought about with regard to this lawsuit?" *See* Exh. A, Meyer Dep. at 177:23-24 (emphasis supplied). Next, Plaintiff asked "Now, can you tell me what other conversations, **what else during that conversation** you and your lawyer discussed?" *See* Exh. A, Meyer Dep. at 179:4-6 (emphasis supplied). Finally, Plaintiff asked "Can you tell me what other, **what other issues were discussed** between you and Mr. Gill **during that conversation** that you all had?" *See* Exh. A, Meyer Dep. at 180:22-24 (emphasis supplied).

It is clear from the wording of these questions that Plaintiff is attempting to elicit Meyer's disclosure of privileged communications with his attorney that pertain to subjects outside of those mentioned by Meyer in news articles. Each of the three disputed questions is extremely broad and impermissibly seeks information on subject matter well beyond any disclosure that was allegedly made by Meyer. The questions are therefore improper. Plaintiff's motion to compel answers to these clearly improper questions should be denied in its entirety.

## III. PLAINTIFF DID NOT CONDUCT A MEANINGFUL MEET AND CONFER AS REQUIRED BY THE RULES.

Fed. R. Civ. P. Rule 37(a)(1) states: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 3.04 provides: "A court will not consider any motion concerning discovery unless such a motion contains a statement that the party has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after *sincere efforts* to resolve their dispute, counsel are unable to reach an accord." (emphasis supplied). Merely making a statement in a brief that the parties have conferred in good faith is insufficient. *Delaney v. Ashcraft*, 2006 WL 2080023, *2 (W.D.Ark. 2006). "A reasonable effort to confer means more than mailing a letter to opposing counsel. It requires that counsel converse, confer, compare views, consult and deliberate." *See Williams v. Board of County Com'rs of Unified Gov. of Wyandotte County and Kansas City*, 192 F.R.D. 698, 700 (D. Kan. 2000).

Here, Plaintiff alleges three good faith attempts to resolve this dispute. *See* Plaintiff's Motion (d/e 32, ¶ 8). The first, during Meyer's June 4, 2008 deposition, consisted entirely of the parties stating adverse positions regarding privilege and no substantive discussions concerning resolution of the dispute. *See* <u>Exh. A</u>, Meyer Dep. at 177:25-178:16. Next, Plaintiff alleges a conference on June 11, 2008 attended by Meyer's counsel Brian Gill and Scott Smith and Plaintiff's counsel, Frank Janoski and Bridget Hoy. That purported conference took place in the public cafeteria of the court house after the parties appeared before Judge Jackson regarding appointment of a neutral, wherein the discussions related to settlement and historical relations of the parties. Finally, Plaintiff cites a July 8, 2008 teleconference between attorneys Bridget Hoy and Brian Gill. That conference consisted of Ms. Hoy notifying Mr. Gill that a Motion to

Compel based on waiver of attorney-client privilege would be filed rather than any sincere discussion concerning resolution of the dispute. None of these discussions rise to the level of a good faith attempt and sincere effort required by the Rules. Plaintiff's motion should be denied on this basis alone.

IV. **EVEN IF PLAINTIFF'S MOTION TO COMPEL IS GRANTED, THE PLAINTIFF IS NOT ENTITLED TO THE RELIEF PLAINTIFF SEEKS.**

    A. **Plaintiff is not entitled to a jury instruction informing the jury of Meyer's waiver of privilege and refusal to answer questions during deposition.**

Plaintiff's motion seeks a jury instruction informing the jury of Meyer's waiver of privilege and refusal to answer questions during deposition. However, the Case Management Order (d/e 12) entered by the Court on February 7, 2008 set this matter for a "NON-JURY" trial. Therefore, Plaintiff's request is moot in light of the fact that Plaintiff has not requested, or received, a jury trial in this case.

    B. **Plaintiff is not entitled to an award of attorney's fees incurred preparing the Motion to Compel.**

Plaintiff's motion (d/e 32, ¶¶ 6, 7) seeks an award of attorneys' fees incurred by Plaintiff in preparing its Motion to Compel. This Court must, after an opportunity to be heard, award expenses against a party whose conduct necessitated a motion to compel discovery. Fed. R. Civ. P 37(a)(5)(A). However, a court should not award expenses if the court finds there was a justifiable reason for opposing the motion. *Doe v. Elwood Public School Dist.*, 2006 WL 3751315, *1 (D.Neb. 2006) (refusing to award fees where attorney-client and work-product issues confronted during a deposition). A court should also not award attorney's fees for preparation of a motion to compel discovery, if the motion is filed before the movant makes a good faith attempt to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(5)(A)(i).

Here, Plaintiff is not entitled to a fee award on both of these grounds. Meyer has several justifiable reasons for opposing the motion. As discussed in greater detail above, Meyer's allegations that the information sought by plaintiff is not relevant and exceeds the scope of any waiver of the attorney-client privilege that allegedly occurred are justifiable reasons for opposing the motion. Also discussed above, Meyer was deprived of any chance to meaningful meet and confer prior to filing the instant motion as described above to present arguments or reach a compromise position.

### C. Plaintiff is not entitled to depose Meyer's counsel since the questions seek information covered by the work-product doctrine and Meyer's counsel has not waived the privilege.

Plaintiff requests that Meyer be ordered to undergo a second deposition at his own expense and that his counsel be deposed in the event that his communications with counsel are in counsel's possession. The work-product privilege may be invoked by either the client or the attorney. *Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006). An attorney has an independent interest in privacy, even when the client has waived its own claim, as long as invoking the privilege would not harm the client's interests. *Id.* The work product doctrine protects "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P 26(b)(3). The work product doctrine is distinct from and broader than the attorney-client privilege (*In re Murphy*, 560 F.2d 326, 337 (8th Cir.1977)), and was designed to prevent "unwarranted inquiries into the files and mental impressions of an attorney." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 400 (8th Cir. 1987). Opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances. *In re Murphy,* 560 F.2d at 336. Disclosure to an adversary

9

waives work product protection as to items actually disclosed.  *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997).

Any deposition of Meyer's counsel would be an unwarranted intrusion on both the attorney-client privilege and the work product doctrine.  Even if Meyer had waived the attorney-client privilege or work product protection, which he has not, allowing the deposition of his attorney goes far beyond what would be required to obtain the subject matter waived and would represent an attempt to learn information that was not communicated to Meyer and expand the inquiry beyond what was alleged waived.

Meyer submits that even if he has waived protection under the work-product doctrine, his counsel has not.  Therefore, any deposition of Meyer's attorneys would only be an improper attempt to learn more protected and privileged information than Meyer could ever have waived and this request should be denied.

## V.  **CONCLUSION**

For the reasons set forth above, Meyer respectfully urges the Court to deny Plaintiff's Motion to Compel Discovery From Defendant Avis Meyer Based Upon Waiver of Attorney-Client Privilege in its entirety.

Respectfully Submitted,

By: *s/ Brian J. Gill*
    Brian J. Gill, #57,324
    Nelson D. Nolte, #53,470
    Scott A. Smith, #55,870
    Polster, Lieder, Woodruff & Lucchesi, L.C.
    12412 Powerscourt Drive, Suite 200
    St. Louis, Missouri 63131-3615
    (314) 238-2400
    (314) 238-2401 (fax)

    E-mail: bgill@patpro.com

E-mail: nnolte@patpro.com
E-mail: ssmith@patpro.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056

ATTORNEYS FOR PLAINTIFF

*s/ Brian J. Gill*