## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, )<br>a Missouri benevolent corporation, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, 　　　　　　　)<br>　　　　　　　　　　　　　　　　　) Case No. 4:07-cv-01733<br>　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>AVIS MEYER, 　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant. 　　　　　　)<br>　　　　　　　　　　　　　　　　　) | |

## OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT AVIS MEYER FOR SPOILATION OF EVIDENCE (d/e 37)

### I.   INTRODUCTION

COMES, NOW, Defendant, Avis Meyer ("Meyer"), by and through his attorneys of record, and opposes Plaintiff's Motion (d/e 37) for Sanctions Against Defendant Avis Meyer For Spoliation of Evidence.

With discovery ending in less than a month, Saint Louis University ("Plaintiff" or "SLU") has failed to substantiate the Counts I - VII of its Complaint (d/e 1). Most notably, SLU has been unable to show any evidence of trademark use by Meyer of the marks "Saint Louis University", "The University News" and related caption "A Student Voice Serving Saint Louis University Since 1921". Rather than acknowledge that any such use has never occurred, SLU now attempts to sidestep its burden of proof by asking the Court to issue drastic sanctions against Prof. Meyer ("Meyer" or "Defendant") based on overstated accusations of "the most egregious acts of spoliation one can imagine." *See* Plaintiff's Motion (d/e 37, p. 8).

The allegedly destroyed communications are *not relevant* to the claims or defenses in this case. Even if relevant communications were destroyed, SLU has not shown that Meyer acted

with the requisite fraudulent intent to impose the requested sanctions. Furthermore, even if the alleged emails were destroyed, SLU was not prejudiced.

**II.     SLU MISCHARATERIZES THE STANDARD FOR IMPOSING SANCTIONS**

To impose sanctions for spoliation of evidence a court must find: 1) intentional destruction with fraudulent intent and a desire to suppress the truth; and 2) prejudice to the opposing party. *See Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006).

SLU mischaracterizes the holding in *Stevenson*[1] as not requiring a showing of bad faith, but merely requiring a "knew or should have known" negligence standard to impose sanctions *See* Plaintiff's Motion (d/e 37, p. 7). While *Stevenson* broadly states, "a finding of bad faith is not always necessary to the court's exercise of its inherent power to impose sanctions," the court more specifically held that, "the adverse inference from the destruction of evidence arises <u>only</u> where the destruction was intentional 'and indicates a fraud and a desire to suppress the truth, and it does <u>not</u> arise where the destruction was a matter of routine with no fraudulent intent'" (emphasis added).[2] Moreover, *Stevenson* squarely rejected the "knew or should have known" standard by stating, "while in *dicta* we articulated a 'knew or should have known" negligence standard, such a standard, standing alone, would be inconsistent with the bad faith consideration and the intentional destruction required to impose an adverse inference". *Stevenson* at 746.

A finding of bad faith is also necessary before granting dismissal or default. *See Menz* at 1006. Not surprisingly, Eighth Circuit rulings are consistent with the Supreme Court's holdings that dismissal may be ordered as a sanction *only* upon a finding of bad faith, willfulness, or fault.

---

[1] *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 745 (8th cir. 2004).
[2] *Id*.(citing *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983).

2

*See Dilon v. Nissan Motor Co., Ltd.*, 986 F.2d 263 (8th Cir. 1993), *citing National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976).

The Supreme Court has also held that in narrowly defined circumstances federal courts have the inherent power to assess attorney's fees. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). These circumstances fall into three separate categories, the most relevant here being that a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id*. "Without a finding of fraud or bad faith whereby the 'very temple of justice has been defiled,' a court enjoys no discretion to employ inherent powers to impose sanctions." *Amsted Industries, Inc. v. Buckeye Steel Castings Company*, 23 F.3d 374, 378 (Fed. Cir. 1994)(citing *Chambers* at 50-51).

### III. THE ALLEGEDLY DESTROYED COMMUNICATIONS ARE NOT RELEVANT TO THE CLAIMS OR DEFENSES OF THIS CASE

Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery regarding non-privileged matter relevant to any party's claim or defense. A district court's control over discovery was enhanced by the changes in the Federal Rules of Civil Procedure in 2000, which were amended "to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26, advisory committee's note 2000; *See Sallis v. Univ. of Minn.*, 408 F.3d 470 (8th Cir. 2005). In particular, the new rules limit the breadth of discovery that can occur absent court approval. *Id*. According to the committee's notes, "[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Id*. Rather, "The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action." *Id*.

Here, SLU's complaint includes counts for trademark infringement, false designation of origin, dilution and misuse of a benevolent society's name. *See* Complaint *(*d/e 1). Meyer has denied each and every count and has asserted failure to state a claim upon which relief can be granted as affirmative defense. *See* Answer (d/e 7). As held by this Court, trademark infringement requires the finding of "use in commerce" of the offending term. *Carey Licensing, Inc. v. Erlich*, 2007 WL 3146559, *6 (E.D. Mo. 2007). Along with Meyer's answer of non-use (*See* Answer d/e 7), Meyer has testified in his deposition that the mark at issue was not, and has not, been used by him. *See* Exhibit A attached hereto, Meyer Dep. at 197.

Despite this testimony and apparently having no evidence to the contrary, SLU contends that the allegedly destroyed communications are "critical" evidence regarding its claims in this case. *See* Plaintiff's Memo, (d/e 37, p. 9). On the contrary, none of the allegedly destroyed emails are even relevant to the claims and defenses in this case. As testified by Meyer during his deposition, the content of the emails included, "Letters of support from the students who are aware of this [litigation] are questioning me about why it's happening, what's going on, that sort of thing." *See* Ex. A Meyer Dep. at 199. These types of private communications are simply not relevant to the claims or defenses in this case. For instance, private emails would not aid in proving or disproving any "use in commerce" of SLU's trademarks.

Furthermore, SLU expressly states that it seeks the allegedly destroyed emails to determine "what other wrongful acts were taken by Meyer." (d/e 37, p. 9). Clearly under Fed. R. Civ. P. 26(b)(1), SLU has "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Thus, Plaintiff fails to make the required threshold showing of relevance and Plaintiff's motion for sanctions should be denied.

## IV. SLU HAS NOT SHOWN THAT MEYER INTENTIONALLY DESTROYED EVIDENCE WITH FRAUDULANT INTENT OR A DESIRE TO SUPPRESS THE TRUTH

SLU fails to provide any evidence that Meyer destroyed evidence with a culpable state of mind, as required by *MeNz*. As shown in the excerpts below from Meyer's deposition, Meyer clearly did not believe that the allegedly destroyed emails were relevant to the issues in this case.

> Q: Previously you testified with respect to e-mails correspondence to alumni, to and from alumni to your work computer and possibly your home computer relating to which was characterized during this testimony as circumstances underlying the case, correct?
> A: Correct.
> Q: Did you – what was the content of those e-mails?
> A: Almost without exception they were wondering how the school paper was doing and how I'm doing. It never occurred to me that this had anything to do with the registration of the name except to save it for the students' paper. That's what they asked about.
> Q: Did you consider these e-mails relevant to the lawsuit at issue?
> A: No. It didn't seem that serious at the time, it just didn't.
> Q: If you would have considered them as relevant, would you have saved those e-mails and --
> A. Of course, of course.

*See* Ex. A, Meyer Dep. at p. 199, ll. 4-24

Undoubtedly, Meyer believed the content of the email communications were merely private communications with students or alumni that had no relevance to the claims and defenses of this case. As discussed above, Meyer had compelling reasons to believe such communications were not relevant under Fed. R. Civ. P. 26(b)(1). In accordance with this belief, Meyer merely deleted what he understood to be non-relevant emails on a routine basis, as shown in the following Meyer deposition excerpt:

> Q: Okay. And have you deleted those?
> A: It depends on the time. After three months, I probably do.
> Q: And did you respond to those e-mails?
> A: Sometimes.
> Q: And did you delete the responses to those e-mails, also?
> A: Probably.

> Q: Did you --
> A: After three months.

*See* <u>Ex. A</u>, Meyer Dep. at 25:22 – 26:6.

SLU has presented no basis for its conclusory allegations of bad faith other than its wholesale disbelief of Meyer's testimony because he "displayed a completely inappropriate attitude during his deposition." *See* Plaintiff's Memo (d/e 37 p. 11). Rather, SLU's allegations are entirely inconsistent with Meyer's testimony during his deposition.

In addition, SLU's comparison of the present case to *Ameriwood* is misplaced. *See* Plaintiff's Memo (d/e 37, p. 8). In *Ameriwood*, the defendant installed a program called "Window Washer" on multiple computers and permanently deleted or scrubbed files from the computers' hard drive ***after*** plaintiff filed a motion to compel. *Ameriwood* at *3. In addition, the spoliated evidence directly related to all of the claims and defenses before the Court. *Ameriwood* at *8.  Meyer's common routine of deleting of personal emails simply does not equate to the installation of specialized software to render electronic information unrecoverable as in *Ameriwood*.

Therefore, SLU has failed to show the requisite intent by Meyer to intentionally destroy evidence to impose sanctions.

## V. SLU HAS NOT SHOWN ANY PREJUDICE DUE TO THE ALLEGEDLY DESTROYED EVIDENCE

"Before a sanction for destruction of the evidence is appropriate, however, there must also be a finding that the destruction prejudiced the opposing party." *Dilon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 267 (8th Cir. 1993). SLU would have this court believe that within the allegedly destroyed emails existed a smoking gun that would contradict all the other existing evidence and show Meyer's use in commerce of SLU's trademarks. Even further, SLU implies

that Meyer's alleged destruction of email was part of a deliberate cover-up to ensure, "no evidence will be gleaned from those communications." *See* Plaintiff's Memo (d/e 37, p. 9). Based on the present evidence, including Meyer's deposition and Defendant's Answers to Plaintiffs First Set of Interrogatories, there is no evidence to suggest that SLU has been harmed by any alleged destruction of communications.

As mentioned above, the allegedly destroyed private communications would not prove or disprove "use in commerce" of SLU's trademarks. Use in commerce of a trademark cannot be hidden in a private email communication. For example, SLU cites to supposed correspondence between Meyer and two former students based on "Facebook Postings". *See* Plaintiff's Memo (d/e 37, p. 5). If taken as true, the "Facebook Posting" contains the contents of an allegedly destroyed communication, including a chronology of the past year's situation that was sent by Meyer. Again, a review of the chronology does not show any "use in commerce" of SLU's trademarks by Meyer. Therefore, any alleged destruction of such communications would cause no harm to SLU.

Most peculiarly, SLU claims to be harmed by the alleged destruction of a draft letter created on Meyer's home computer that was never sent by Meyer or received by SLU's counsel. The *University News* reported that the draft letter was a "statement to the lawyer representing the University, which said [Meyer] had never used the name for personal reasons during the time it was registered under his name." *See* Plaintiff's Memo (d/e 37, p.6). If taken as true, the alleged draft letter would further support Meyer's contention that there was no "use in commerce" of SLU's trademarks. Therefore, any alleged destruction of such an unsent letter would cause no harm to SLU.

SLU mischaracterizes Meyer's testimony regarding email correspondence with various news agencies as correspondence of "facts underlying the case." (d/e 37, p.7) Meyer's testimony states that he received emails from news organizations relating to the case and sometimes responded. *See* Exh. A, Meyer Dep. at pp. 25-26. Again, the allegedly destroyed communications would not prove or disprove "use in commerce" of SLU's trademarks.

SLU's allegations of spoliation of evidence is also disingenuous in light of the fact that any electronically stored data on Meyer's university computer has been in SLU's control even before the start of this litigation. "It is inappropriate for a party to use civil discovery rules to obtain information already in its possession." *Brent v. City of Detroit*, 2006 WL 3060092, *1 (E.D. Mich. Oct. 26, 2006) citing *Korman v. Shull*, 184 F.Supp. 928, 935 (E.D. Mich. 1960). In Defendant's Answers to Plaintiff's First Set of Interrogatories, Meyer objected to "these interrogatories insofar as the interrogatories seek information that is already in the possession of SLU or is readily accessible to SLU…" *See* Exhibit B attached hereto, Answers to Interrogatories. Although SLU contends that "neither Meyer nor SLU can simply recreate the destroyed evidence at this point", SLU fails to show that it has even attempted to recover the emails from Meyer's university computer or its central email system. Even now, SLU can search Meyer's university computer or its servers for recoverable electronically stored data. Logically, if the allegedly deleted emails can be recovered from Meyer's University computer, they have not been destroyed.

Therefore, to the extent the allegedly destroyed evidence has been in the possession of SLU all along, it cannot now claimed to be harmed.

## VI. CONCLUSION

For the reasons set forth above, Meyer respectfully requests the Court to deny Plaintiff's Motion For Sanctions Against Defendant Avis Meyer For Spoliation of Evidence in its entirety.

Respectfully Submitted,

By: *s/ Brian J. Gill*
Brian J. Gill, #57,324
McPherson D. Moore, #26,056
Nelson D. Nolte, #53,470
Scott A. Smith, #55,870
David L. Howard, #41,671
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: mmoore@patpro.com
E-mail: nnolte@patpro.com
E-mail: ssmith@patpro.com
E-mail: bgill@patpro.com
E-mail: dhowardl@patpro.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail: fjanoski@lewisrice.com
bhoy@lewisrice.com

*s/ Brian J. Gill*                ATTORNEYS FOR PLAINTIFF