IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAINT LOUIS UNIVERSITY,                )
a Missouri benevolent corporation,     )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        Case No. 4:07CV01733 CEJ
                                       )
AVIS MEYER,                            )
                                       )
            Defendant.                 )

**PLAINTIFF SAINT LOUIS UNIVERSITY'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM DEFENDANT
BASED ON WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

Defendant Avis Meyer ("Defendant" or "Meyer") voluntarily waived the attorney-client

privilege with respect to certain conversations with his attorney by disclosing portions of those

conversations to the press and other third parties. Meyer's conduct is not consistent with the

privileged nature of attorney-client communications and waives the privilege as to all related

matters. Plaintiff Saint Louis University ("Plaintiff" or "SLU") is entitled to discovery of those

communications. Nothing in Meyer's Response to the instant Motion changes that fact.

**ANY PRIVILEGES HAVE BEEN WAIVED.**

Meyer has not, because he cannot, controvert the simple black letter law regarding the

waiver of privilege set forth in his Response to Plaintiff's Motion. Simply put, voluntary

disclosure of privileged information to third parties effects a waiver of the attorney-client

privilege. PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership, 187 F.3d 988, 992 (8th

Cir. 1999). Such waiver extends to "**all communications on the same subject matter.**" Id.

(emphasis added). A litigant is not entitled to selectively disclose privileged communications to

Saint Louis University v. Meyer

Dockets.Justia.com

third parties while preventing his opponent from learning the "rest of the story." In re Grand Jury Proceedings, 841 F.2d 230, 234 (8th Cir. 1988). A waiver includes both the attorney-client privilege and work product, and both can be waived by the client. See, e.g. Id.; Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 732 (8th Cir. 2002) ("The work product privilege is not absolute and may be waived.").

In this case, there is no dispute that Meyer disclosed what otherwise may have been privileged information to third parties. He has not denied that fact.[1] He also cannot avoid the waiver by claiming the communications include work product information that has not been waived by his attorney. Meyer owns the privileges and waived them. Because Meyer has chosen to litigate this case in the press through the voluntary disclosure of communications with his attorney, he has also chosen to subject those communications, and the subject matter related to those communications, to discovery by Plaintiff.

## SLU IS ENTITLED TO DISCOVER THE SUBJECT MATTER RELATED TO THE DISCLOSED COMMUNICATIONS.

The gist of Meyer's opposition to the instant Motion is not that he did not waive the privilege, but rather that his disclosures regarding strategy and other matters have no relevance to Plaintiff's claims. To the contrary, Meyer's statements to the press and others related to Meyer's attorney's impressions of his case, his strategy in responding to the case, and his stance on settlement are highly relevant to this case, because they are likely to reveal the facts and circumstances regarding Meyer's creation and dissolution of, and other activities regarding, the non-profit corporation. It would be incredible to assume that in coming to the conclusions

---

[1] Meyer argues on page 5 of his Response that SLU has not established as fact that Meyer made the statements to the reporters and that the waiver of the attorney-client privilege is based on hearsay. If he did not make the statements, he surely would have submitted an affidavit to that effect in opposition to Plaintiff's Motion. He did not. He also had the opportunity to deny the statements during his deposition and he did not do so then, either. Meyer's half-hearted argument regarding hearsay on page 5 of his Response Memorandum is nothing more than a red-herring.

2

regarding the status of the case, factual matters such as the steps Meyer took to create and dissolve the corporation and who he worked with to do those things were not discussed. Conveniently, Meyer cannot recall most of this information (see pp. 166-67, 174-75 of Meyer Dep., attached to Plaintiff's Motion as Exhibit 3). Plaintiff's burden to show relevance has been met and Meyer should be ordered to reveal the substance of the communications through a deposition of himself or his attorney, and through the production of all communications related to that subject matter, even if the communications are only in the possession of his attorney.

Additionally, Meyer's attempts to avoid the waiver of privilege by arguing the merits of Plaintiff's claims on page 4 of his Response Memorandum are completely misplaced. In essence, Meyer's one and only articulated defense to the claims against him is that he believes he did not "use" Plaintiff's intellectual property publicly *enough* to constitute trademark infringement under the Lanham Act. The cases cited by Meyer in support of that defense are completely inapposite because they deal with the registration of a domain name with no public availability (a blank home page), which is not the case here. Indeed, from what SLU has been able to discover thus far, despite Defendant's stonewalling, Meyer used SLU's fax, contact information, and letterhead in his correspondence with the Secretary of State (which is now publicly available to the world) to dissolve the non-profit corporation. It also appears that he may have looked into leasing space on behalf of that corporation, and may have used SLU's letterhead for that purpose as well, although SLU has no way to know because Meyer: (a) has been less than forthcoming in his discovery responses, his testimony, and his production of documents and (b) has intentionally destroyed all communications and documents relating thereto. Arguing that he has not sufficiently "used" Plaintiff's intellectual property under these circumstances is incredibly self-serving and should be disregarded by the Court at this stage.

Furthermore, Plaintiff's claims against Meyer are broader than mere Lanham Act trademark infringement claims, and include Missouri common law claims that do not have such a requirement. Thus, the Court can effectively ignore Meyer's arguments on page 4 of his Response memorandum regarding his claimed "non-use" of Plaintiff's intellectual property.

## THE MEET AND CONFER SATISFIED BOTH
## THE LETTER AND SPIRIT OF THE RULES.

Meyer's argument on page 7 of his Response that there was no meaningful meet and confer is no more than a distraction to the merits of the Motion. From the deposition transcript and Meyer's Response Memorandum alone, it is clear that Meyer is refusing to answer any questions regarding his statements to the press that are the subject of the Motion. Counsel for SLU inquired whether Meyer was going to change his position during the June 4, 2008, in person meeting at the courthouse, and it was made clear that Meyer was going to defend against SLU's anticipated motion to the full extent. The meet and confer requirement was fully satisfied at that point.

Even though no further meet and confer was required at that point, counsel for SLU made an additional attempt to learn if Meyer would change his position by calling Meyer's attorney on the very date the instant Motion was filed. It was explained during that conversation that SLU was filing three motions – one of which would relate to Meyer's waiver of the privilege. No potential resolution was offered by Meyer's counsel, and it was clear once again that motion practice was necessary. Arguing now that there was no meaningful meet and confer is disingenuous, and perhaps desperate. Counsel for Plaintiff was not required to go to futile lengths to get Meyer to change his position when his attorney had already made clear that Meyer was going to standing his ground at all costs.

4

## CONCLUSION

Meyer's statements were clearly acts inconsistent with the confidential nature of the attorney-client privilege and created a waiver thereof. Meyer contends that the rest of the conversations he referenced in his statements to third parties remain privileged; however, Meyer is attempting to both try his case in the press and simultaneously prevent his opponent from obtaining information related to his voluntary and self-serving disclosures. Plaintiff's inability to obtain any information as to the truth of the statements Meyer has made to the press puts Plaintiff at a distinct disadvantage in the preparation of its case.[2] Meyer's deliberate and brazen disregard for the attorney-client privilege is a blatant attempt to improve his own image with the press and the public while vilifying the University. Therefore, Plaintiff should be allowed to inquire as to the veracity of the statements Meyer made to third parties and to determine the context in which those self-serving statements were made.

Plaintiff Saint Louis University therefore prays that this Court grant the instant Motion to Compel Discovery from Defendant Avis Meyer Based upon Waiver of Privilege, enter an award of attorneys' fees incurred herein, and grant such other and further relief as this Court deems just and proper.

---

[2] Defendant Meyer has destroyed evidence which could be used to verify his public disclosures. Defendant's destruction of relevant evidence, including emails in which he described the status of his case to a student, is the subject of Plaintiff's Motion for Sanctions against Defendant Avis Meyer for Spoilation of Evidence, which was filed contemporaneously with the motion at issue.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By: \_\_\_/s/ Frank B. Janoski_____
        Frank B. Janoski, #3480
        Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I further certify that on the 28th day of July, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    \_\_\_/s/ Frank B. Janoski_____
Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com