IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, Plaintiff, v. AVIS MEYER, Defendant. | ) ) ) ) ) ) Case No. 4:07CV01733 CEJ ) ) ) ) ) |

## PLAINTIFF SAINT LOUIS UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL FULL AND COMPLETE INTERROGATORY ANSWERS

Defendant Avis Meyer's response to Plaintiff's Motion seeking full and complete interrogatory answers only highlights the cavalier and highly inappropriate attitude Meyer has displayed toward his discovery obligations in this case. The essence of his response is that despite the incomplete, and at least in one instance completely false, answers to Plaintiff's interrogatory requests, he should be given a "pass" because Plaintiff has obtained some of the information from other sources. That is not how discovery is intended to work and that approach leaves Plaintiff without key information to prosecute its claims.

First, Meyer's assertions that all of the desired information was revealed during Meyer's deposition are self-serving and wrong. Meyer stated over and over again during his deposition that he could not on the spot recall the requested information. For instance, when asked who he had communicated with regarding his registration and dissolution of the non-profit corporation and related matters, he was evasive, claiming it was too difficult to recall. Had Meyer taken seriously his obligations to respond to Plaintiff's written discovery requests months earlier, he

may have been able to provide the information in a more complete and accurate fashion. See, e.g., Meyer Dep., attached to Plaintiff's Motion as Exhibit 2, at p. 140, ln. 3 – 15) ("Q: Okay, Who else have you shared this type of information with that would have knowledge of these particular facts? ….[objection omitted] A: This is almost impossible to answer considering how long ago all this happened. It's hard to be accurate, and I'd rather be accurate. Q: And that's why we give you 30 days to answer these things. A: I understand. Q: So that you can be accurate, which you haven't been.").

Second, with the exception of one letter he sent to the Secretary of State, Meyer has not produced a single email or other written communication in response to Plaintiff's discovery requests. Those are communications that might have revealed some of the information sought in the written discovery; however, Meyer testified that he destroyed all of those written communications. As for communications since his deposition, although Plaintiff has learned through other means that they exist, Meyer has not produced a single one.[1] Thus, Plaintiff is unable to recreate the communications to fill in the gaps to the bare-bones information Meyer has selected to provide. Because Meyer has failed to make any effort to provide full and complete information, and has destroyed all written communications that might reveal that information, SLU is severely prejudiced in its ability to try and ascertain all of Meyer's actions. Meyer should not be given the pass he asks for to the severe prejudice of Plaintiff in protecting its intellectual property.

---

[1] Diana Benanti, the Editor in Chief of *The University News* at the time Meyer created the non-profit corporation, testified during her June 16, 2008 deposition that she was aware of recent communications by Meyer and an interview Meyer had given to the Post Dispatch the day prior, June 15. Meyer has not revealed any of this information to SLU through supplemental responses, even though the information is directly responsive to SLU's discovery requests. SLU should not be required to continue to try and track down evidence that is in Meyer's possession while he sits back and does nothing.

2

Plaintiff Saint Louis University therefore prays that this Court grant the instant Motion to Compel Full and Complete Interrogatory Answers, enter an award of attorneys' fees incurred herein, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By:   /s/ Frank B. Janoski
      Frank B. Janoski, #3480
      Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I further certify that on the 28th day of July, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    /s/ Frank B. Janoski
Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com