IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:07CV01733 CEJ |
| AVIS MEYER, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST
DEFENDANT AVIS MEYER FOR SPOLIATION OF EVIDENCE**

**I.     INTRODUCTION**

Defendant Avis Meyer ("Defendant" or "Meyer") does not deny that he continuously and systematically destroyed discoverable evidence after he had been put on notice that he had a duty to preserve documents related to this case. He also has not to this day produced a single email communication, even though his testimony was clear that he exchanged emails regarding this case with numerous people from both his personal and SLU email accounts. Rather than deny the destruction of evidence or produce the documents, Meyer tries in his response memorandum to minimize the significance of his actions by arguing that the documents that were destroyed are not relevant to this case. Of course, only Meyer would know the full substance of those communications since he has destroyed them. Meyer's additional assertion that Plaintiff does not have sufficient evidence to prove "trademark use" to support its Lanham Act claims begs the question because Meyer has systematically destroyed the very evidence that would have further demonstrated Meyer's public use of Plaintiff's intellectual property. The simple fact is that

1474742.04

Saint Louis University v. Meyer

Dockets.Justia.com

Meyer destroyed the evidence, and the evidentiary pool has been irreversibly polluted. Arguing relevancy and the merits of the case after destroying evidence is pointless.

Additionally, Meyer takes issue in his response memorandum with the standard for imposing sanctions under these circumstances, but interestingly applies the same standard as Plaintiff applied in its opening papers of bad faith, intentional conduct to suppress the truth. Meyer's actions of destroying each and every communication he had after having received a litigation hold letter was not a "matter of routine" as is the case with a corporate retention policy. Meyer apparently wiped his personal computer clean of emails and other documents in the midst of this litigation, demonstrating nothing other than the intentional bad faith conduct required for entry of default, an adverse inference and attorneys' fees.

For these reasons, and those stated in Plaintiff's opening papers, Plaintiff requests that Court grant its Motion for Sanctions Against Defendant Avis Meyer for Spoliation of Evidence.

## II. MEYER HAD A DUTY TO PRESERVE EVIDENCE BUT ACTED COMPLETELY CONTRARY TO THAT DUTY BY DESTROYING EMAILS AND OTHER DOCUMENTS.

First and foremost, the wholesale destruction of evidence is not disputed in this case. Meyer admitted in his deposition that he destroyed emails and other communications. Nowhere in Meyer's response memorandum does he even attempt to deny that he had a duty to preserve the evidence or that he destroyed the documents at issue. Indeed, to date he still has not produced a single email. Thus, the documents underlying the instant Motion are not "*allegedly* destroyed documents" (as Meyer likes to call them in his response memorandum); they are indeed destroyed documents based upon Meyer's own sworn testimony and further supported by Meyer's failure to produce a single piece of correspondence, be it an email, letter or other

2

communication (other than what is of public record in the Missouri Secretary of State's office) in this case.

Rather than deny he destroyed the documents or somehow attempt to produce them himself at this stage, Meyer tries to put the onus on Plaintiff to search its own computer system for his destroyed emails. The attempt to side step his own duty fails on many fronts. Initially, it must be noted that Meyer testified to destroying emails on both his personal and his SLU email accounts. Even if Plaintiff were able to capture the emails on Meyer's SLU account after he has deleted them, the other emails are apparently forever lost. Meyer also testified to destroying at least one word processing document, if it ever existed, on his home computer. Thus, Meyer's argument that Plaintiff should simply look at its own electronically stored data falls far short of remedying the problem he has created.

Moreover, as a tenured employee for thirty years, Meyer is well aware of Saint Louis University's Information Technology Appropriate Use Policy. That Policy prevents Plaintiff from accessing its employees' email accounts except under special circumstances. Those circumstances have not been met in this case, and in any event, Plaintiff has been forced to act cautiously in this case in light of Meyer's obsession with leaking information to the press and his former students (which often shows up on blogs and other internet postings).[1] Meyer was under a duty to preserve the evidence and was warned of that duty at the inception of the case through Plaintiff's October 11, 2007 letter. Meyer cannot now turn the tables to assert that Plaintiff should somehow attempt to create the evidence that Meyer so arrogantly destroyed.

---

[1] For example, in preparation for Meyer's deposition, the University collected some of Meyer's past syllabi. Even that innocuous task was leaked to former students and misconstrued in blog postings as an attempt by the University to delve into Meyer's private affairs. One can only imagine the field day Meyer would have had if the University had accessed his email account, even if under the letter and spirit of the Appropriate Use Policy.

## III. MEYER CANNOT SIMPLY LABEL THE DESTROYED EVIDENCE "IRRELEVANT" TO AVOID THE SANCTIONS THAT ARE NECESSARY TO RESTORE THE EVIDENTIARY BALANCE.

Meyer's deposition testimony is clear that Meyer destroyed, among other things, numerous emails that "relate to the circumstances of the underlying case." See, e.g., Meyer Dep., at pp. 14, 22-26. The relevance of the destroyed documents is established by that testimony alone because if the documents "relate to the circumstances of the underlying case", they must in turn relate to the claims and defenses of the parties (the standard articulated by Meyer in his response memorandum). Thus, Meyer's arguments in his response memorandum that the documents are "irrelevant" contradict his own deposition testimony.

Additionally, Meyer's attempt, after destroying all the documents, to now label the destroyed documents as irrelevant, is very convenient considering that the only source to determine the relevance has been destroyed by Meyer himself. Meyer has not even attempted to controvert the clear case law cited in Plaintiff's opening papers that provides that "the relevance of ... [destroyed] documents cannot be clearly ascertained because the documents no longer exist." Alexander v. Nat'l Farmers Org., 687 F.2d 1173, 1205 (8th Cir. 1982). A party therefore "can hardly assert any presumption of irrelevance as to the destroyed documents." Id. Meyer's relevance arguments should be summarily ignored by the Court.

Meyer's arguments regarding Plaintiff's ability to prove "trademark use" are also meritless. It begs the question to argue that Plaintiff's evidence falls short of meeting its burden of proof when Meyer destroyed the evidence that may have been necessary. In any event, Plaintiff is confident in both its Lanham Act and Missouri common law claims. To the extent Meyer has polluted the evidentiary pool by destroying evidence, however, default or an adverse inference are warranted.

## IV. MEYER ACTED IN BAD FAITH AND INTENTIONALLY DESTROYED DOCUMENTS INDICATING A DESIRE TO SUPPRESS THE TRUTH.

Meyer's final, last ditch argument is that Plaintiff somehow misstated the standard for imposing sanctions. As already explained in Plaintiff's opening papers, Meyer's conduct can be construed no way other than intentional acts taken in bad faith in an attempt to suppress the truth. See, e.g. Plaintiff's Motion, at p. 3, Plaintiff's Memorandum in Support of Plaintiff's Motion for Sanctions [dkt # 37], at pp. 3, 11. Meyer never denied in his deposition or in an affidavit in support of his response memorandum that he knew he was destroying communications that related to this case when he deleted emails and cleaned his hard drive before any documents were produced to Plaintiff. The fact is, Meyer did so even after being specifically put on notice as to his duty to preserve that very evidence. Meyer is not likely to admit his actions were an attempt to suppress the truth, but it cannot logically be construed any other way. This is exactly consistent with the standards articulated in Menz v. New Holland North America, Inc., 440 F.3d 1002, 1006 (8th Cir. 2006); Stevenson v. Union Pacific R.R., 354 F.3d 739, 746 (8th Cir. 2004), as set forth in Plaintiff's opening papers.

Moreover, Meyer's attempts to paint his conduct as a "matter of routine with no fraudulent intent" to avoid the "bad faith" finding is laughable. Meyer's destruction was not the case of the natural operation of a corporate document retention policy that was not halted early enough in the litigation. Rather, Meyer knew exactly what he was doing and did it himself. His testimony was that he deleted emails and cleared his hard drive systematically with knowledge that communications related to this litigation were being destroyed. He simply did not think he needed to preserve them (which is an incredible stance in light of the spoliation letter sent to his counsel when this case was filed). Concluding that Meyer's conduct was in bad faith under these circumstances is completely in accord with Eighth Circuit precedent under these circumstances.

Meyer's arguments in his response that Plaintiff mischaracterizes the holding of Stevenson are not well taken. Nothing in Plaintiff's opening papers shows an attempt by SLU to apply a lesser standard to Meyer's conduct, as Meyer implied. To the extent the Court requires a showing of bad faith and intentional acts to support any particular sanction, that standard has been met.

V. **CONCLUSION**

In spite of his duty and the express notice to Meyer to preserve evidence, Meyer deliberately destroyed pertinent documents that would have otherwise been discoverable. Among the deleted documents were emails between Meyer and his students which chronicled the case, and explained his reasoning for incorporating Saint Louis University's ("SLU") trademark. He also destroyed emails exchanged between himself and the media in which pertinent aspects of the case were discussed, including how Meyer intended to, and likely did, use the name. Finally, Meyer cannot produce the letter that he claims to have sent in which he assures SLU that he has no intention of using the name for personal reasons. This document, if it was actually real or if it had actually been sent, could have prevented this entire litigation. Presumably, such an important document would have been saved, especially after Meyer was informed that he had a duty to preserve documents. Curiously, Meyer claims to have deleted the letter and the only explanation he gives is that after three months he deletes everything he has, especially if he considers it to be unimportant. Who knows what other evidence Meyer systematically destroyed? This problem is *exactly* the reason why courts impose a duty on litigants to preserve documents. Individual litigants are not given the authority to decide which documents are and are not important. Meyer destroyed evidence, leaving Plaintiff at a particular disadvantage. The full extent of sanctions for spoliation of evidence is in order.

Plaintiff Saint Louis University therefore prays that this Court grant the instant Motion for Sanctions, enter an award of attorneys' fees incurred herein, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: \_\_\_/s/ Frank B. Janoski_____
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I further certify that on the 28th day of July, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    \_\_/s/ Frank B. Janoski_____
Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com