IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 4:07CV1733 CEJ |
| AVIS MEYER, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM TO THE COURT REGARDING SUPPLEMENTAL AUTHORITY APPLICABLE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
[dkt #36]

Plaintiff's Motion for Sanctions Against Defendant Avis Meyer for Spoliation of Evidence [dkt # 36] was taken under advisement by the Court after the hearing held on August 20, 2008. In light of comments made by the Court during the hearing with regard to the appropriate sanction for the admitted destruction of electronic documents, and to assist the Court in framing its order related thereto, Plaintiff would like to refer the Court to the case found at Conner v. Sun Trust Bank, 546 F. Supp. 2d 1360 (N.D. Ga. 2008). The case might be instructive to the Court due to the factual similarities and the analysis employed by that Court. In Conner, a single email appeared to have been destroyed, but the Court noted the prejudice and bad faith nonetheless, and entered an adverse inference against the defendant.

In Conner, the defendant was put on notice by counsel for the Plaintiff at the beginning of the litigation of its duty to preserve evidence. Id. at 1366. There, the defendant produced some emails in response to written discovery requests; however, the defendant in Conner failed to produce an email dated February 12th that contained damaging statements. Id. at 1367. In this

Saint Louis University v. Meyer   Doc. 51

1481626.01

Dockets.Justia.com

case, as in Conner, Defendant Meyer was put on notice of the duty to preserve documents through the litigation hold letter sent when the Complaint was filed. Nonetheless, Defendant Meyer has not produced a single email to date, although he has admitted sending and receiving many emails that relate to the circumstances underlying this case.

The plaintiff in Conner learned of the February 12th email through other means, and it became evident that the defendant had somehow allowed the email to be destroyed, perhaps through its automatic deletion policy which cleaned the server every thirty days. Id. at 1367-68. In this case, SLU learned of the existence of numerous emails by investigating Internet postings and statements to the press, and then confirmed through Defendant Meyers' deposition that he had sent and received numerous emails related to this case, but had destroyed them over the course of this litigation under his "routine" of cleaning out his computer every ninety days. Thus, in both the Conner case and here, there is no question that spoliation of evidence occurred, although the spoliation before this Court appears to be much more extensive.

In analyzing the spoliation issue, the Conner court identified five factors. Id. at 1376. The first fact considered was the prejudice to the plaintiff. The Court specifically noted that there was prejudice to the plaintiff because the destruction of a single email "raises the question of whether there were other relevant emails in existence at that time but which were also not produced." Id. It is indisputable in this case that since Defendant Meyer has not produced a single email, there is a question as what relevant emails existed but have been destroyed. Prejudice has occurred in this case for the same reasons as articulated by the Conner court: it will never be known for certain what evidence has been destroyed.

The second and third factors considered by the Conner court were (2) whether the prejudice could be cured and (3) the practical importance of the evidence. Id. There, the

prejudice could be cured because the email that was at issue had been found through other means. Because it went to the heart of the plaintiff's case, the destroyed email was of significant practical importance. In this case, the prejudice cannot be cured because **all** of Meyer's emails have been destroyed. Because the emails admittedly relate to the "circumstances underlying the case," they must be presumed to have practical importance to this case.

The fourth factor considered was whether the defendant in Conner acted in bad faith. Id. at 1376-77. The Conner court specifically stated that a finding of "malice" was not required. Id. at 1376. Rather, the court weighed the culpability of the defendant with the prejudice to the plaintiff. There, the defendant "was at least minimally culpable" because it did not put in place sufficient steps to ensure every email was preserved. Id. at 1377. In this case, Defendant Meyer is much more than "minimally culpable" because he personally deleted the emails and wiped his hard drive clean numerous times during this litigation, resulting in the deletion of virtually every document that he would have otherwise been obligated to produce. Weighed against the prejudice to SLU, it must be concluded that Meyer acted in bad faith, as did the defendant in Conner. Id. at 1377.

Finally, the Conner court considered "whether the non-spoliating party, despite its ability to present evidence in support of its claims, has had a full opportunity to discover the most relevant and most reliable evidence." Id. In this case, as was the case in Conner, the answer is undeniably "no." In Conner, the defendant's failure to produce a single email "raise[d] doubts about its assertions that there were never any others in existence." Id. The same doubts exist here. As the Court noted at the August 20th hearing, all we have now is Defendant Meyer's word.

In Conner, because the subject email had been found, the Court declined to enter judgment against the defendant as a sanction. In this case, Meyer has yet to produce a single email (or the phantom letter which was deleted from Meyer's personal computer), making dismissal an entirely appropriate sanction. To the extent the Court continues to believe that dismissal is too harsh of a penalty, the Conner court's entry of an adverse inference may be instructive.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: __/s/ Bridget Hoy__
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I further certify that on the 27th day of August, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    __/s/ Bridget Hoy__
    Bridget Hoy
    LEWIS, RICE & FINGERSH, L.C.
    500 N. Broadway, Suite 2000
    St. Louis, MO 63102
    Telephone: (314) 444-7600
    Facsimile: (314) 612-7837
    E-mail: bhoy@lewisrice.com