IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:07CV1733 CEJ |
| AVIS MEYER, | ) ) ) |
| Defendant. | ) ) |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Defendant's additional motion practice at this stage is unwarranted. The supplemental authority that Defendant seeks to strike was submitted based solely on the comments of the Court during the August 20, 2008 hearing that the Court was troubled by the admitted deliberate destruction of evidence but was having difficulty determining the appropriate sanction. The Conner v. Sun Trust Bank case was merely cited as being potentially *instructive* because the facts are similar and many of the factors considered overlap with factors to be considered by this Court. Plaintiff never stated or suggested that it was binding authority or that the case applied Missouri or Eighth Circuit law. That is plainly evident from the citation and a simple review of the case.

Plaintiff's Memorandum to the Court does not insert any new facts or evidence either, but only makes a comparison of the facts already established in this case with the facts presented to the Conner court. Defendant Meyer now inappropriately submits a new affidavit that denies use of a "program" to wipe his computer clean of the phantom letter he claims he created but never sent. Use of a "program" is neither here nor there. Plaintiff never stated he used a "program."

Saint Louis University v. Meyer

1483214 01

Dockets.Justia.com

Rather, Meyer admitted during his deposition that with regard to letters on his home computer, "[u]sually I clear them off after 90 days" and indeed, the letter he claims he created on his home computer has never been produced. Meyer Dep., at p. 94. That fact was already established in Plaintiff's prior briefing. Meyer deleted email messages and apparently cleaned his hard drive (the C: drive where the phantom letter would have been stored) every 90 days over the now 11 months that this case has been pending. Thus, it was already been established that he "wiped his hard drive clean numerous times." Nothing in the Memorandum to Court was false or new and Meyer's carefully crafted Affidavit has no bearing.

Finally, it is silly to now argue that Meyer did not *intend* to destroy emails or documents. He has admitted to destroying them in the face of a litigation hold letter, and even his newly presented Affidavit does not deny that fact.

As in the Conner case, if default is not entered, at the very least an adverse inference is appropriate in this case because of the deliberate destruction and prejudice to Plaintiff that cannot be cured. The content of the emails and word processing documents destroyed by Meyer may have included additional evidence of public use in commerce or other evidence of willfulness. Thus, the "secret" newspaper concept Meyer describes misses the point that once the emails are gone, we can only take the word of the Defendant as to the substance of the destroyed documents.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By: ___/s/ Bridget Hoy_____
     Frank B. Janoski, #3480
     Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I further certify that on the 3rd day of September, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

          ___/s/ Bridget Hoy_____
          Bridget Hoy
          LEWIS, RICE & FINGERSH, L.C.
          500 N. Broadway, Suite 2000
          St. Louis, MO 63102
          Telephone: (314) 444-7600
          Facsimile: (314) 612-7837
          E-mail: bhoy@lewisrice.com