# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

SAINT LOUIS UNIVERSITY,                    )
a Missouri benevolent corporation,         )
                                           )
       Plaintiff,                          )
                                           )    Case No. <u>4:07-cv-01733</u>
       v.                                  )
                                           )
AVIS MEYER,                                )
                                           )
       Defendant.                          )
                                           )

## DEFENDANT'S MOTION FOR
## SUMMARY JUDGMENT AS TO COUNTS I-VI OF THE COMPLAINT

COME NOW Defendant Avis Meyer (hereafter "Defendant" or "Avis Meyer" or "Dr. Meyer"), by and through their undersigned attorneys, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and move this Honorable Court to for summary judgment in favor of Meyer and against all of the counts of Plaintiff Saint Louis University (hereafter "Plaintiff" or "SLU"). As explained in detail in the accompanying Memorandum of Law filed herewith, there exist no genuine issues of material fact that entitle Plaintiff to judgment on any of claims, and Meyer is therefore entitled to judgment as a matter of law.

1.      On or about October 11, 2007, Plaintiff filed its Complaint in this cause of action alleging: under Count I trademark infringement under 15 U.S.C. § 1114 of the registered mark SAINT LOUIS UNIVERSITY; under Counts II and III trademark infringement and false designation of origin under 15 U.S.C. § 1125(a) and Missouri common law of the unregistered terms "The University News" and "A Student Voice Servicess St. Louis University Since 1921"; under Count IV unfair competition based upon unspecified marks under 15 U.S.C. § 1125(a); under Count V unfair competition based upon the terms "The University News" and "A Student

Voice Servicess St. Louis University Since 1921" under Missouri Common Law; under Count VI dilution of the terms "Saint Louis University," "The University News," and the related caption "A Student Voice Serving Saint Louis University Since 1921" under Missouri Revised Statute § 417.061, *et seq.*; and under Count VII misuse of a benevolent society's name for the name "St. Louis University" under Missouri Revised Statute § 417.150, *et seq.* (d/e 1, Complaint, Counts I-VII).

2.     This Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In a summary judgment motion, the burden is on the moving party to demonstrate "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of *material fact*, not the mere existence of some alleged factual dispute. Fed. R. Civ. P. 56(e); of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Thus, once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of *material fact*, not the mere existence of some alleged factual dispute. Fed. R.Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

3.     The federal law, common law and Missouri statutory law under Counts I-VI require a trademark use of the at-issue marks by the Defendant. (Citations omitted).

4.     Meyer states through testimony and affidavit that he has not used the phrase "The University News, A Student Voice Serving Saint Louis University Since 1921" in any manner

and only used certain terms asserted by SLU in the registration and dissolution of a non-profit corporation. (See Exhibit 1, Exhibit 2, and Exhibit 4 of Defendant's Memorandum in Support of instant motion).

5.     None of Plaintiff's interrogatory answers and none of the documents produced by Plaintiff provide sufficient evidence to establish a genuine issue of material fact to support Plaintiff's allegations.   Of the documents produced by Plaintiff, the documents contain no evidence of:

> trademark infringement under 15 U.S.C. § 1114 of the registered mark SAINT LOUIS UNIVERSITY;
>
> trademark infringement and false designation of origin under 15 U.S.C. § 1125(a) and Missouri common law of the unregistered terms "The University News" and "A Student Voice Services St. Louis University Since 1921";
>
> unfair competition based upon unspecified marks under 15 U.S.C. § 1125(a);
>
> unfair competition based upon the terms "The University News" and "A Student Voice Services St. Louis University Since 1921" under Missouri Common Law;
>
> dilution of the terms "Saint Louis University," "The University News," and the related caption "A Student Voice Serving Saint Louis University Since 1921" under Missouri Revised Statute § 417.061, *et seq*.; and
>
> misuse of a benevolent society's name for the name "St. Louis University" under Missouri Revised Statute § 417.150, *et seq*.

6.     None of Plaintiff's interrogatory answers and none of the documents produced by Plaintiff provide sufficient evidence to establish a genuine issue of material fact to support Plaintiff's allegations.  In particular, of the documents produced by Plaintiff, the documents contain no evidence of that:

"Meyer improperly registered a non-profit corporation which incorporates SLU's valuable intellectual property with the intent to trade off the good will of Saint Louis University and its student newspaper;

Meyer used SLU's valuable intellectual property for purposes of raising funds and leasing space to publish a newspaper to be distributed to the Saint Louis University community;

Meyer advertised the non-profit corporation's operations as publishing a student newspaper that would be distributed to and among the Saint Louis University community in competition with any campus paper published by Saint Louis University;

Meyer placed in the public record documents which give the impression that Saint Louis University was affiliated with, approved of, or sponsored the dissolution of the non-profit corporation, giving the false and confusing impression that SLU had abandoned its rights; and

Other acts not yet revealed by Avis Meyer or for which evidence has been destroyed."

(See Exhibit 3 pp. 7-8 of Defendant's Memorandum in Support of instant motion).

7.      Accordingly, Plaintiff's have failed to establish, as a matter of law, a genuine issue of material fact concerning the allegations.

8.      A Memorandum of Law in support of this motion is filed herewith. Defendant's STATEMENT OF UNCONTROVERTED FACTS FOR DEFENDANT'S MOTION is attached hereto as Exhibit 1.

WHEREFORE, Defendant Avis Meyer respectfully urges this Honorable Court to enter summary judgment in favor of Avis Meyer and against the Plaintiff as to all of the allegations in Counts I-VI and for such other and further relief as this Honorable Court deems just under the circumstances.

*****************

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.


By: *s/ Brian J. Gill*
Nelson D. Nolte, #53,470
Brian J. Gill, #57,324
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: bgill@patpro.com

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICES

I hereby certify that on September 12, 2008, the foregoing was filed electronically with

the Clerk of Court to be served by operation of the Court's electronic filing system upon the

following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail:  fjanoski@lewisrice.com
   bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF


*s/Brian J. Gill*