## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVIS MEYER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 4:07-cv-01733<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO NO MONETARY DAMAGES DUE IN FAVOR OF PLAINTIFF

COME NOW Defendant Avis Meyer (hereafter "Defendant" or "Meyer"), by and through his undersigned attorneys, pursuant to Rules 56 of the Federal Rules of Civil Procedure, and move this Honorable Court for summary judgment that Meyer is not liable for monetary damages. As explained in detail in the accompanying Memorandum of Law filed herewith, there exist no genuine issues of material fact that Plaintiff St. Louis University (hereafter "Plaintiff" or "SLU") is entitled to no monetary damages and Meyer is therefore entitled to judgment on this issue as a matter of law.

1. On or about October 11, 2007, Plaintiff filed its Complaint in this cause of action alleging: under Count I trademark infringement under 15 U.S.C. § 1114 of the registered mark SAINT LOUIS UNIVERSITY; under Counts II and III trademark infringement and false designation of origin under 15 U.S.C. § 1125(a) and Missouri common law of the unregistered terms "The University News" and "A Student Voice Serving St. Louis University Since 1921"; under Count IV unfair competition based upon unspecified marks under 15 U.S.C. § 1125(a); under Count V unfair competition based upon the terms "The University News" and "A Student

Voice Serving St. Louis University Since 1921" under Missouri Common Law; under Count VI dilution of the terms "Saint Louis University," "The University News," and the related caption "A Student Voice Serving Saint Louis University Since 1921" under Missouri Revised Statute § 417.061, *et seq.*; and under Count VII misuse of a benevolent society's name for the name "St. Louis University" under Missouri Revised Statute § 417.150, *et seq.*  (d/e 1, Complaint, Counts I-VII).

2. This Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  In a summary judgment motion, the burden is on the moving party to demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex*, 477 U.S. at 325.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of *material fact*, not the mere existence of some alleged factual dispute.  Fed. R. Civ. P. 56(e); of evidence to support the non-moving party's case."  *Celotex*, 477 U.S. at 325.  Thus, once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of *material fact*, not the mere existence of some alleged factual dispute. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

3. Plaintiff has no evidence of actual confusion such that it is not entitled to an award of damages under state or federal law.

4. Plaintiff has no evidence that this case is an exceptional case such that it is entitled to its attorney fees or punitive damages.

2

5. This Court should decline to award costs of the action.

6. A Memorandum of Law in support of this motion is filed herewith. Defendant's STATEMENT OF UNCONTROVERTED FACTS FOR DEFENDANT'S MOTION is attached hereto as Exhibit A.

WHEREFORE, Defendant Avis Meyer respectfully urges this Honorable Court to enter summary judgment in favor of Avis Meyer and against the Plaintiff that Plaintiff is entitled to no monetary damages. Meyer requests that this Court enter summary judgment on his behalf on all or any of the requested forms of monetary relief and grant any other relief which it deems appropriate under the circumstances.

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/ Nelson D. Nolte*
Nelson D. Nolte, #53,470
Brian J. Gill, #57,324
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: bgill@patpro.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICES**

I hereby certify that on September 12, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

        Frank B. Janoski, #3480
        Bridget Hoy, #109375
        Lewis, Rice & Fingersh, L.C.
        500 North Broadway, Suite 2000
        St. Louis, Missouri 63102
        T (314) 444-7600
        F (314) 241-6056
        E-Mail: fjanoski@lewisrice.com
                  bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

*s/ Nelson D. Nolte*