**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, )<br>a Missouri benevolent corporation, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　)　Case No. 4:07-cv-01733<br>　　v. )<br>　　　　　　　　　　　　　　　　　　)<br>AVIS MEYER, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AVIS MEYER'S
MOTION FOR SUMMARY JUDGMENT OF NO MONETARY DAMAGES DUE IN
FAVOR OF PLAINTIFF**

I.　　　INTRODUCTION

　　　　On October 11, 2007, Plaintiff Saint Louis University (hereafter "Plaintiff" or "SLU") filed its Complaint (d/e 1) in the U.S. District Court for the Eastern District of Missouri against Defendant Avis Meyer ("Defendant" "Avis" or "Dr. Meyer") seeking: under Count I trademark infringement under 15 U.S.C. § 1114 of the registered mark SAINT LOUIS UNIVERSITY; under Counts II and III trademark infringement and false designation of origin under 15 U.S.C. § 1125(a) and Missouri common law of the unregistered terms "The University News" and "A Student Voice Serving St. Louis University Since 1921"; under Count IV unfair competition based upon unspecified marks under 15 U.S.C. § 1125(a); under Count V unfair competition based upon the terms "The University News" and "A Student Voice Serving St. Louis University Since 1921" under Missouri Common Law; under Count VI dilution of the terms "Saint Louis University," "The University News," and the related caption "A Student Voice Serving Saint Louis University Since 1921" under Missouri Revised Statute § 417.061, *et seq.*; and under

1

Count VII misuse of a benevolent society's name for the name "St. Louis University" under Missouri Revised Statute § 417.150, *et seq*.

Plaintiff's allegations that damages should be awarded are baseless and asserted without any genuine factual support. Accordingly, Dr. Meyer now seeks summary judgment in his favor as to damages for Counts I-VII. The only act which Dr. Meyer undertook with respect to the marks in question is that he registered a nonprofit corporation in the name of "The University News, A Student Voice Serving St. Louis University Since 1921." It is indisputable that Dr. Meyer dissolved that nonprofit corporation only months later and never established a newspaper or even took any concrete steps toward the establishment of a newspaper. Because Plaintiff can show no damages or harm, Dr. Meyer is entitled to summary judgment on damages.

## II. BACKGROUND

For the purpose of brevity, Dr. Meyer incorporates by reference the Background of his concurrently filed Memorandum Of Law In Support Of Defendant Avis Meyer's Motion For Summary Judgment As To Counts I-VI Of The Complaint.

## III. DISCUSSION OF APPLICABLE LAW

### A. The Standard For Summary Judgment

In 1986, the Supreme Court handed down a trilogy of cases that has made summary judgment a more useful tool to weed out factually baseless claims, particularly where, as here, the non-moving party has the burden of proof. *Matsushita Electrical Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); and *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). This Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." *Celotex Corp.477 U.S. at* 322 . The substantive law determines which facts are critical and which are non-relevant, wherein "[o]nly disputes over facts that might affect the outcome will properly preclude summary judgment." *Anderson,* 477 U.S. at 248. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Under Rule 56(c), "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleadings…" When affidavits or other evidence of record pierce the allegations, the burden shifts to the non-moving party to respond with affidavits or other evidence of record to show genuine issues of facts for trials. *Anderson*, 477 U.S. at 248. Thus, in a summary judgment motion, the burden is on the moving party to demonstrate "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325.

Thus, once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of *material fact*, not the mere existence of some alleged factual dispute. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 247. For a summary judgment decision, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255. The Court's function, however, is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.*

  B. <u>The Law of Monetary Damages For Trademark Infringement, Unfair Competition and Dilution</u>

The damages available to a Plaintiff in a trademark infringement, unfair competition and dilution case are recovery of an infringer's profits and recovery of damages sustained by the Plaintiff. *Tonka Corp. v. Tonk-A-Phone, Inc.*, 805 F.2d 793, 794 (8th Cir.1986); 15 U.S.C. §

1117(a)("Under the Lanham Act [Plaintiff] may recover as damages for trademark infringement (1) [Defendant's] profits, (2) any damages sustained by [Plaintiff], and (3) the costs of the action.")

Recovery of damages requires proof that some consumers were actually confused or deceived. See *Brunswick Corp. v. Spinit Reel Co.,* 832 F.2d 513 (10th Cir. 1987); *Resource Developers v. Statue of Liberty-Ellis Island Foundation,* 926 F.2d 134 (2d Cir. 1991). The Seventh Circuit has summed up the law by stating: "A plaintiff wishing to recover damages for a violation of the Lanham Act must prove the defendant's Lanham Act violation, that the violation caused *actual confusion* among consumers of the plaintiff's product, and, as a result, that the plaintiff suffered actual injury, i.e., a loss of sales, profits, or present value (goodwill)." *Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204-1205 (7th Cir. 1990)(emphasis applied). Moreover, treble damages (15 U.S.C. § 1117(b)) may be awarded only if actual damages are provable. *Caesar's World Inc. v. Venus Lounge Inc*, 520 F.2d 269 (3rd Cir. 1975)("Three times zero is zero."); *Donsco Inc. v. Casper Corp.*, 587 F.2d 602 (3rd Cir. 1978).

Missouri state law of trademark infringement, unfair competition and dilution similarly requires proof of actual confusion to recover damages. *Words & Data, Inc. v. GTE Communications Services, Inc.*, 765 F.Supp. 570, 577 (W.D. Mo. 1991)("Missouri common law regarding unfair competition is coextensive with federal law.") *citing WSM, Inc. v. Hilton*, 724 F.2d 1320, 1321 n.6 (8th Cir. 1984).

Under federal law, a court may award attorney fees only in exceptional cases. 15 U.S.C. § 1117(a). Exceptional cases are cases where infringement can be characterized as "malicious, deliberate, fraudulent or willful." See Senate Rep. No. 93-1400, 93rd Cong. 2d Sess. 2 (Dec. 17, 1974).

IV.  **SLU CAN PROVIDE NO EVIDENCE OF ENTITLEMENT TO MONETARY DAMAGES**

It is undisputed that Meyer made no profits from the registration and dissolution of the nonprofit corporation. Therefore, recovery of Meyer's profits is not a valid measure of monetary damages in this case.

As to Defendant's damages suffered, SLU can point to no actual confusion in this case that would support an award of damages. Moreover, SLU's answer to Meyer's Interrogatory No. 7 details no actual damage suffered by SLU. Therefore, SLU cannot provide any evidence on which to base award of damages.

As to attorney fees and costs, this court should deny SLU's request for attorney fees and costs. As to attorney fees, SLU has presented no evidence that this is an exceptional case. Merely registering and dissolving a nonprofit corporation with the secretary of state cannot, as a matter of law, elevate a case to an exceptional case. As to both attorney's fees and costs, SLU filed this lawsuit against Meyer for an act from which it suffered no monetary damage or harm and had ceased at the time of filing. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (no costs awarded because damages awarded were significantly less than requested). The sole purpose of this suit was to exact a pound of flesh, and in that respect has been successful, but this suit has been entirely unnecessary and a waste of judicial resources and client funds. In a case such as this, the Court should decline to award costs. Moreover, Meyer has made an offer of judgment under Rule 68 that included a monetary offer. If this Court denies damages to SLU, SLU should be denied post-offer of judgment costs.

Under state law, a court may also award punitive damages. However, as discussed above, state trademark law is guided by federal trademark law. Therefore, punitive damages

5

should not, as a matter of law, be awarded in a case that does not rise to the level of an exceptional case under federal law.

V.     MISSOURI STATUTE DOES NOT PROVIDE MONETARY RELIEF FOR MISUSE OF BENEVOLENT SOCIETY'S NAME

Count VII of Plaintiff's Complaint (d/e 1) alleges misuse of a benevolent society's name in violation of Mo. Rev. Stat. § 417.150, et seq. There is a dearth of case law interpreting this statute.

Missouri law does not provide a private right of action for violation of § 417.150, much less a monetary award as a remedy. The only penalty for violation of § 417.150 provided by statute is codified at Mo. Rev. Stat. 417.180 which provides: "417.180. Any person violating any of the provisions of sections 417.150 to 417.180 shall be deemed guilty of a misdemeanor."

Because Missouri law does not provide for monetary damages for misuse of a benevolent society's name, SLU is not entitled to monetary damages under Count VII of its Complaint (d/e 1) for this alternative reason.

VI.     <u>CONCLUSION</u>

SLU can provide no evidence of profits made by Meyer or damages suffered by it. Therefore, this court should rule that SLU is not entitled to recovery of lost profits or monetary damages for trademark infringement, unfair competition, trademark dilution or use of a benevolent society's name. Moreover, as a matter of law, Meyer's actions do not elevate this case to an "exceptional" case subject to an award of attorney fees or punitive damages. Finally, this court should also decline to award either party its costs.

Meyer requests that this Court enter summary judgment on his behalf on all or any of SLU's requested forms of monetary relief and grant any other relief which it deems appropriate under the circumstances.

Respectfully Submitted,

By: *s/ Nelson D. Nolte*
Nelson D. Nolte, #53,470
Brian J. Gill, #57,324
Scott A. Smith, #55,870
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)

E-mail: nnolte@patpro.com
E-mail: bgill@patpro.com
E-mail: ssmith@patpro.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail:  fjanoski@lewisrice.com
         bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

*s/ Brian J. Gill*