IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) | |
| a Missouri benevolent corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:07-cv-01733 |
| v. ) | |
| ) | |
| AVIS MEYER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN REPLY TO PLAINTIFF'S MEMORANDUM
REGARDING SUPPLEMENTAL AUTHORITY (d/e 51)**

### I.   INTRODUCTION

COMES NOW, Defendant, Avis Meyer ("Meyer" or "Defendant"), by and through his attorneys of record, and replies to the Memorandum to the Court Regarding Supplemental Authority ("SLU'S Memo)(d/e 51) of Plaintiff, Saint Louis University ("SLU" or "Plaintiff"). Although Meyer appreciates this Court's admonishment to both parties at the conclusion of the hearing of August 20, 2008, Meyer must respond to the SLU's Memo (d/e 51) because it contains misstatements of law and patently false statements of fact that are untimely, improper, and unfairly prejudicial.

SLU's Memo dedicates four-pages to a non-precedential case that was decided over four months before SLU filed its original Motion for Sanctions (d/e 36). Even worse than the tardiness of SLU's citation to *Conner v. Sun Trust Bank*, 546 Supp.2d 1360 (N.D. Ga. 2008), is its misrepresentation of the holding, which relies on non-precedential Eleventh Circuit and Georgia State law. *Id*. at 1375-76. SLU declares that, "The Conner court specifically stated that

a finding of 'malice' was not required" to impose sanctions. However, SLU fails to mention that the holding in *Conner* relies on Eleventh Circuit and Georgia state law and cites as its authority *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 946 (11th Cir. 2005), which states, "With regard to the fourth factor, **Georgia law** does not require a showing of malice in order to find bad faith." (emphasis added). *Flury* further explains that, "Applicability of federal law notwithstanding, our opinion is also informed by Georgia law. Federal law in this circuit does not set forth specific guidelines, therefore, we will examine the factors enumerated in Georgia law....Georgia law provides some guidance and was relied upon by the district court and the parties." *Id.* at 944.

The holding in *Conner* does not bind this Court and is also contrary to current Eighth Circuit law. As previously discussed in Defendant's Opposition (d/e 42), to impose sanctions for spoliation of evidence Eighth Circuit rulings require a court to find: 1) intentional destruction with fraudulent intent and a desire to suppress the truth; and 2) prejudice to the opposing party. *See Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006). Clearly, the holding in *Conner* does not supplant Eighth Circuit law as suggested by SLU. Nevertheless, whether or not Meyer acted with "malice" as defined by Eleventh Circuit and Georgia state law, SLU still has failed to provide any evidence that Meyer destroyed evidence with a culpable state of mind as required by the Eighth Circuit. If Meyer had intended to destroy relevant emails, he certainly would not have testified to deleting emails in his deposition. As shown in Meyer's deposition, Meyer clearly did not believe that any deleted emails were relevant to the issues in this case. *See* <u>Exhibit A</u>, Meyer Depo. at p. 199, ll. 4-24, attached hereto and incorporated by reference herein. All things considered, SLU's sudden reliance on *Conner* in contradiction to its previous arguments is disingenuous.

Moreover, SLU has failed to present any evidence that even suggests that SLU has been harmed by any alleged destruction of evidence. The allegedly destroyed private communications would not prove or disprove "use in commerce" of SLU's trademarks, because by definition *private* communications do not constitute *public* use in commerce of a trademark. Simply put, Meyer's email communications are not evidence that Meyer used SLU's trademarks in commerce as the name of a newspaper. Even if the email communications had discussed an offering of newspapers in commerce under SLU's trademarks, there would be independent evidence of such an offering because there is no such thing as a "secret" newspaper. Therefore, any alleged destruction of email communications would cause no harm to SLU because there would be independent evidence of an alleged "use in commerce" of SLU's trademarks."

Separate from SLU's misstatements of law, SLU's Memo (d/e 51) also makes patently false statements of fact, including that Meyer "wiped his hard drive clean numerous times" without any basis whatsoever. In fact, SLU alleges in its Reply (d/e 45) that it has never even accessed Meyer's computer to verify the existence of email communications because of its own "University's Information Technology Appropriate Use Policy."[1] *See* SLU's Memo (d/e 51) at p. 3. Indeed, Meyer has never used or testified to using any program to "wipe" his computer hard drive or otherwise render the electronic communications unrecoverable. *See* Exhibit B, Affidavit of Avis Meyer, ¶¶ 3-4, attached hereto and incorporated by reference herein. Meyer has only deleted emails he believed to have no bearing or relevance to the substance of the present litigation in a conventional manner through his email program. *See* Exhibit B, ¶5

---

[1] *Id*. at 3. "[The University's Information Technology Appropriate Use] Policy prevents Plaintiff from accessing its employees' email accounts except under special circumstances. Those circumstances have not been met in this case…"

WHEREFORE, Defendant respectfully moves this Honorable Court to grant its motion and strike SLU'S Memo (d/e 51) and grant Meyer all such other and further relief as this Court deems just under the circumstances.

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/ Brian J. Gill*
Brian J. Gill, #57,324
Nelson D. Nolte, #53,470
Scott A. Smith, #55,870
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: ssmith@patpro.com
E-mail: bgill@patpro.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2008 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail: fjanoski@lewisrice.com
bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

*s/Brian J. Gill*