IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, </br></br> Plaintiff, </br></br> v. </br></br> AVIS MEYER, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:07CV1733 CEJ |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO MONETARY DAMAGES**

**I.     INTRODUCTION.**

This case is about deliberate actions taken by Defendant Avis Meyer against Plaintiff Saint Louis University's ("SLU") intellectual property rights. Pursuant to this litigation, SLU is seeking an injunction as to the wrongful nature of Meyer's conduct (so that it is able to maintain and enforce its rights going forward in light of the permanent but deceptive record Meyer has created with the Secretary of State) and prohibiting Meyer from additional infringement, unfair competition and dilution of SLU's trademarks (since Meyer refused or neglected to make those assurances on his own in avoidance of this lawsuit). In addition, however, the applicable law provides that the owner of a trademark is entitled to certain forms of monetary relief for trademark infringement, unfair competition and dilution. SLU seeks through this lawsuit what it is entitled to under the Lanham Act and Missouri law: actual or statutory damages, profits to the defendant, costs, and attorneys' fees.

Faced with an upcoming trial and the possibility of a monetary judgment and/or award of costs or fees to SLU, Meyer is apparently desperate to avoid any financial consequences to his

action.[1] To that end, he is asking this Court to enter a sweeping judgment as a matter of law as to any and all monetary amounts that might be imposed. Meyer, a Ph.D., tenured professor who has drawn a salary and benefits from Saint Louis University for 30 years, must face the financial consequences of his actions, as would any other defendant, in order to further the just purposes of the Lanham Act and Missouri law. As detailed below, the law allows the various types of monetary relief sought by SLU under the circumstances of this case and genuine disputes of material fact prevent summary judgment as sought by Meyer. For the many reasons stated below, the issue of SLU's ability to recover monetary damages, costs, and fees is not appropriate for summary judgment, and Meyer's Motion should be denied.

## II.   SUMMARY JUDGMENT STANDARD.

Under Federal Rule of Civil Procedure 56(c), a court may only grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Roberts v. U.S., 225 F. Supp. 2d 1138, 1147 (E.D. Mo. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Roark v. South Iron R-1 School Dist., 540 F. Supp. 2d 1047, 1053 (E.D. Mo. 2008); see also Lankford v. Webco, Inc., 545 F. Supp. 2d 961, 966 (W.D. Mo. 2008) (same).

In analyzing whether there is a genuine issue of material fact, a trial court is "required to view the facts in a light most favorable to the non-moving party, and must give the non-moving party the benefit of any inferences that can logically be drawn from those facts." Roberts, 225 F. Supp. 2d at 1147; see also Adbar Co., L.C. v. PCAA Missouri, LLC, 4:06-CV-1689, 2008 WL

---

[1] It is likely that Meyer is trying to gain some leverage with regard to his Offer of Judgment, which he has mentioned to this Court repeatedly, including on page 5 of his Memorandum in Support of the instant Motion. The Offer of Judgment, which was rejected by SLU, was inadequate in both its equitable and monetary respects.

2

68858, *3 (E.D. Mo. Jan. 4, 2008) ("In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor."). All conflicts must be resolved in favor of the non-moving party at the summary judgment stage. Roberts, 225 F. Supp. 2d at 1147.

III. **UPON A FINDING OF LIABILITY FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION OR DILUTION, IN ADDITION TO DECLARATORY OR INJUNCTIVE RELIEF, SLU WILL BE ENTITLED TO ACTUAL OR STATUTORY DAMAGES, REIMBURSABLE LITIGATION COSTS, AND ATTORNEYS' FEES.**

The Lanham Act provides for numerous avenues by which a trademark owner can be compensated for infringement and wrongful use of its intellectual property, not all of which are contingent upon a finding of actual confusion, as Meyer claims. For violations of the Lanham Act, § 1114 and § 1125 of Title 15, a plaintiff is entitled to recover monetary damages to compensate it for direct harm. 15 U.S.C. § 1117(a). Alternatively, without regard to actual confusion, when the infringement involves a substantially identical use of a registered mark, a plaintiff may elect, at any time prior to final judgment, to recover statutory damages. 15 U.S.C. §§ 1117(c), 1127. In addition to actual or statutory damages, a plaintiff may recover, again without regard to actual confusion, profits that the defendant received, litigation costs, and attorneys' fees. 15 U.S.C. § 1117(a)-(b). All of these avenues of recovery are available to forward the purposes of the Lanham Act by compensating the owners of intellectual property for wrongful use and additionally to deter infringers like Meyer from engaging in additional bad acts. McKenney & Long, Federal Unfair Competition-Lanham Act § 43(a), § 10:7 (Thompson/West 2008).

3

In this case, Counts I - VI are based upon the various rights set forth in the Lanham Act and Missouri law regarding trademark infringement, unfair competition and dilution,[2] and Plaintiff has requested in its prayer for relief the full range of remedies for violation of those rights. In his Motion for Summary Judgment, Meyer ignores the various avenues of recovery and significant evidence in the record regarding his intentional wrongful acts and the harm to SLU, all of which preclude summary judgment as to the various requests for monetary relief. Rather, Meyer simply argues that there is no evidence of actual damage or actual confusion. Those elements (even if they could not be proved by SLU, which is incorrect as set forth below) have no application to many of the avenues of relief available to a trademark owner. Because there are genuine disputes of fact with regard to SLU's actual damages and any actual confusion, and because there are many other monetary remedies available to SLU for Meyer's actions not reliant on those elements, the broad summary judgment ruling as to all monetary relief that Meyer requests is not appropriate.

A. **Actual or statutory damages.**

Meyer argues in only the broadest terms (on page 5 of his Memorandum) that SLU will not be able to establish that it is entitled to actual damages – i.e., compensation for direct monetary harm to the plaintiff. Indeed, SLU has indicated in its discovery responses that it "believes it may have suffered damage to its reputation and ability to obtain and retain students and faculty due to Meyer's wrongful use of SLU's benevolent name and intellectual property and

---

[2] Defendant makes broad-based statements that Missouri law follows precisely federal law with regard to damages for trademark infringement, unfair competition and dilution. The single case he cites does not even mention actual confusion and the quoted language deals with the substantive proof for an unfair competition claim, not damages. Additionally, because Defendant's analysis is flawed with regard to even the Lanham Act, his leap to graft an "actual confusion" requirement on all Missouri law claims is not well taken. In addition to the damages available under the Lanham Act discussed herein, SLU is entitled to damages under its common law claims as provided by Missouri law.

4

unfair competition."[3] See Exhibit 1, Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories, served Aug. 18, 2008, at No. 7. Moreover, Meyer's own document production (made only after the Court granted Plaintiff's Motion to Compel supplemental responses) is filled with indications that students and/or former students are withholding monetary contributions and donations to SLU based upon the controversy that Meyer instigated and failed to avoid by his refusal or neglect to provide the assurances necessary for SLU to maintain its valuable intellectual property. See Ex. 2, Affidavit of B. Hoy at ¶ 3 and Tab A, enclosing true and accurate copies documents produced by Defendant Meyer on or about Sept. 4, 2008; see also Ex. 3, Affidavit of J. Weixlmann at ¶ 8 (indicating other monetary harm). Thus, at the very least, genuine disputes of material fact exist as to damage to SLU caused by Meyer's wrongful acts.

In addition, to the extent actual confusion is required to recover the actual damages suffered by the Plaintiff, as argued by Meyer, Meyer destroyed documents that might have indicated actual confusion known to him.[4] Plaintiff has requested an adverse inference, which would satisfy this element. In addition, the manner in which SLU learned of Meyer's registration of the non-profit corporation using SLU's marks indicates that actual confusion was evident. See Ex. 4, Affidavit of L. Galli, Jr. at ¶¶ 8-10 (indicating that Meyer's non-profit corporation was among the listing of SLU entities that he located during a routine search of the Missouri Secretary of State records, creating public confusion).

Additionally, without regard to actual damage or actual confusion, SLU may elect to recover statutory damages for Meyer's use of a "spurious mark which is identical with or

---

[3] Meyer has chosen not to depose any SLU personnel on this point.
[4] Indeed, his document production on Sept. 4, 2008 (after the Court's hearing on spoliation) consisted of 148 pages. Among those documents, only a handful of emails were produced, further highlighting that important evidence had been destroyed by Meyer's failure to heed the Oct. 11, 2007 litigation hold letter. Thus, the harm discussed in Plaintiff's Motion regarding spoliation has not been remedied.

substantially indistinguishable from a registered mark."[5] 15 U.S.C. § 1117(c). The statutory damages, which may be elected in lieu of actual damages, may range from not less than $500 to not more than $100,000 per registered mark. The amount is in the discretion of the Court, and if the Court finds the use was willful, the amount may be increased up to $1,000,000. Id. Statutory damages may be particularly appropriate in this case because they "are designed to compensate the trademark owner and punish the counterfeiter . . . even in cases where the plaintiff is unable to prove actual damages because for example, the defendant engages in deceptive record keeping." Games Workshop Ltd. v. Beal, 4-0013-CV-W-FJG, 2006 U.S. Dist. LEXIS 22525, *6 (W.D. Mo. Apr. 21, 2006).

Based upon these facts and principles of law, which Meyer wholly ignores in his motion for summary judgment, SLU may indeed be entitled to actual or statutory damages. Summary judgment in Meyer's favor on SLU's monetary damages requests is not appropriate.

**B.    In addition to actual or statutory damages, SLU is entitled to recover its litigation costs and any profits to Meyer.**

Even if there were no possibility of recovery of direct compensatory damages to SLU (which is not the case as explained above), § 1117(a) expressly provides that upon a finding of wrongful use of a trademark in violation of § 1114 or 1125, a plaintiff is entitled to recover (1) any profits made by the defendant and/or (2) the plaintiff's costs of the action.[6] The very cases relied upon by Meyer make clear that there is no requirement of a showing of actual confusion for these "other avenues of relief." Web Printing Controls Co., Inc. v. Oxy-Dry Corp., 906 F.2d 1202, 1204–05 (7th Cir. 1990). Rather, a plaintiff need only establish a *likelihood* of confusion. Id. at 1204. The "actual" and "likelihood of" confusion inquiries "should be kept separate

---

[5] See 15 U.S.C §§ 1117(c), 1127 (defining "counterfeit mark").
[6] Of course, Plaintiff has been unable to discover any profits to Meyer because of his destruction of evidence and other discovery abuses. Nevertheless, Plaintiff has incurred costs during this litigation, including costs related to depositions, which are recoverable upon any finding of wrongdoing. See Ex. 2, Hoy Aff., at ¶ 4.

6

because a violation of the Lanham Act can be remedied in more ways than one." Id. The alternate remedies, such as the defendant's profits and costs, "flow not from the plaintiff's proof of its injury or damage, but from its proof of the defendant's unjust enrichment <u>or the need for deterrence</u>, for example, or, in the case of costs, merely from its proof of the defendant's Lanham Act violation." Id. at 1205 (emphasis added). Additionally, unlike attorneys' fees, which are available only in exceptional cases, the Lanham Act provides for the award of costs in all cases. <u>Tri-Star Pictures, Inc. v. Unger</u>, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999); <u>New York Racing Association, Inc. v. Stroup News Agency Corp.</u>, 920 F. Supp. 295, 303 (N.D.N.Y. 1996)("Having established that [defendant] infringed its mark in violation of the Lanham Act, [plaintiff] is entitled to recover from [defendant] the costs it has incurred in connection with this action.").

Summary judgment as to the remedies that might flow from a likelihood of confusion finding is particularly inappropriate because there are genuine disputes of material facts as to the likelihood of confusion created by Meyer's acts. Specifically, the evidentiary record demonstrates that Meyer intended to copy SLU's marks by adopting a name for his paper as near identical to SLU's paper as he could recall at the time. <u>See</u> Ex. 5, Meyer Dep., pp. 143–44. In his deposition Meyer testified that when selecting a name for the non-profit corporation he tried to the best of his abilities to copy, verbatim, the name of SLU's publication, *The University News*. In fact, he was almost apologetic that he misremembered a single word in the name:

> Q: [By Frank Janoski] . . . Could you please explain why [the non-profit corporation] was registered as "the University News, a student voice serving St. Louis University since 1921"? There is a change there?
>
> A: [By Avis Meyer] There is. I could not remember exactly what the subhead said, so, I just took a guess, that's why. There is no ulterior motive. I had to memorize this. I didn't have a paper in hand, and it had never been registered

7

before, so, I thought "is that what it says?" I wasn't sure what it said. I got pretty close. I just took a guess.

Q: Okay. and you'd been with the paper since the mid-1970's?

A: Correct.

Q: Over 30 years, correct?

A: And that one word got away from me.

Q: And --

A: If I had had the paper in my hand, I probably would have remembered.

Id.

Intentional copying of a known mark raises a presumption of a likelihood of confusion. See, e.g., Daddy's Junky Music v. Big Daddy's Family Music, 109 F.3d 275, 286 (6th Cir. 1997) (summary judgment for defendant precluded because genuine issue of fact existed as to likelihood of confusion where the defendant copied plaintiff's mark intentionally); Emerson Elec. Co. v. Emerson Quiet Kool Corp., 577 F. Supp. 668, 678 (E.D. Mo. 1983) (enjoining defendant). Meyer, by his own foregoing testimony, has shown there exists at least a genuine issue of fact whether his actions create a likelihood of confusion, thus precluding summary judgment in his favor on that point. Even without the presumption, consideration of the six likelihood of confusion factors identified by the Eighth Circuit in Anheuser-Busch, Inc. v. Balducci Publications, 28 F.3d 769, 774 (8th Cir. 1994), lead to the same conclusion. It would therefore be inappropriate to grant summary judgment as to the remedies that are intended to flow from such conduct.

Despite Meyer's claim on page 5 of his Memorandum that this suit was unnecessary and no costs should be awarded, the law provides that at the point a trademark owner knows of a claim, it has a duty to defend its marks, or risk laches. Kellogg Co. v. Exxon Corp., 209 F.3d

8

562, 574 (6th Cir. 2000). This lawsuit was a necessity because of Meyer's refusal to provide assurances regarding his conduct.

Because there is a genuine dispute as to SLU's ability to recover its costs and any profits to the infringer that become known, Meyer's Motion seeking summary judgment as to all monetary relief should be denied.

    **C.    SLU may also be entitled to attorneys' fees if after trial, the Court finds that this is an exceptional case.**

Meyer is not entitled to summary judgment on the issue of attorneys' fees either because whether SLU is entitled to that remedy requires a finding of an "exceptional case," which can only be accomplished after the trial as to liability. 15 U.S.C. § 1117. There are genuine issues of material fact regarding the wrongfulness of Meyer's acts that led to this litigation (see above and SLU's separate response to Meyer's Motion for Summary Judgment as to Counts I – VI). To the extent the Court declares that Meyer acted wrongly in registering and making the confusing dissolution of the non-profit corporation and/or issues an injunction against Meyer based upon those acts, the Court will need to further determine whether that conduct was willful and intentional, which is a notable determination in light of his discovery abuses thus far in this litigation.

Meyer's own deposition testimony reveals genuine disputes as to the willful nature of Meyer's acts. For instance, the above cited excerpt from Meyer's deposition regarding his attempt to copy <u>exactly</u> the name he knew SLU was using for its own paper displays the willful and intentional nature of Meyer's conduct. See Ex. 5, Meyer Dep., pp. 143–44; see also Ex. 2, Hoy Aff., at Tab B (attaching copies of SLU's *The University News* publication). Meyer, a tenured professor and Ph.D., who has worked for SLU for over thirty years, has been intimately involved with SLU's campus newspaper for many of those years, and who has also worked for

9

numerous years as an editor for both the *St. Louis Post-Dispatch* and the *St. Louis Journalism Review* clearly cannot credibly claim he had no idea what he was doing was wrong. See id. at pp. 35-39, 76, 78-79, 85-86, 92-93. He has owned a company in the past, and surely understands the value of a trademark. Id., at p. 29. He even admitted he was aware that the name of SLU's campus paper—*The University News*—has value to SLU. Id. at 116. Moreover and significantly, Meyer's own testimony shows he knew he might violate SLU's rights before he took any acts underlying this litigation:

> A: [By Avis Meyer] I asked one of the big shots at St. Louis U. a question one day and he didn't have an answer. I said "if Humphries [sic] puts a big sign in their window that says—it's a bar near St. Louis U, it's very popular— "serving St. Louis University students for more than 20 years", would that be violating intellectual property?

Id. at p. 78.

Meyer additionally admits that he incorporated the non-profit corporation for the purpose of publishing a weekly newspaper to be edited by the same students editing SLU's campus paper, with the same types of stories included in SLU's paper, and distributed in the exact same geographic area as SLU's campus paper.[7] See Ex. 5, Meyer Dep., pp. 76, 85-86, 92-93, 106-08; Ex. 7, Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories, at No. 11. Defendant also acknowledges that the use by him of SLU's marks was without SLU's permission or prior knowledge. Ex. 6, Defendant's Response to Plaintiff's First Request for Admission, at Nos. 6-7; Ex. 5, Meyer Dep., pp. 117-22; 132-34. Finally, as discussed more fully in Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment as to

---

[7] When incorporating the non-profit corporation, Meyer listed himself as registered agent and used his home address as the location of the non-profit corporation's registered office. Ex. 2 at Tab C, Articles of Incorporation, para. 4. Likewise, under the heading of "The name(s) and address(es) of each incorporator" Meyer indicated he was the sole incorporator and gave his home address. Id. at para. 5. Finally, to be absolutely certain any correspondence from the State would go to him and not to Plaintiff, Meyer gave his own name and home address as the return address for the filing. See id. This conduct, which Meyer cannot deny, clearly shows his willfulness and bad intent to confuse and deceive and to attempt to obtain rights in Plaintiff's intellectual property without Plaintiff's knowledge.

Counts I – VI of the Complaint, there is at least an issue of material fact as to whether Meyer intentionally acted to mislead, deceive, and confuse the public when he dissolved the non-profit corporation. Briefly, Meyer admits to using SLU's "University News" letterhead and other marks to submit dissolution papers for the non-profit corporation to the Secretary of State and to allowing Plaintiff's fax number, name, and address to be affixed to those filings which are now a permanent part of the public record. Ex. 2, Hoy Aff. at Tab C (attaching documents available on the Missouri Secretary of State website); Ex. 5, Meyer Dep., pp. 72–74; 90–91; 166–75. As a result, the public is likely to be confused as to whether SLU intended to give up its rights to its intellectual property. These admittedly intentional and willful actions demonstrate there exists a genuine issue of fact precluding summary judgment on the issue of whether this is an exceptional case under 15 U.S.C. § 1117(a), and in turn, whether SLU can recover attorneys' fees.

### IV. Defendant's Request for Summary Judgment as to Monetary Damages Based Upon Count VII for Misuse of a Benevolent Society's Name Should be Denied.

In Count VII of the Complaint, SLU alleges that Meyer violated Mo. Rev. Stat. § 417.150, *et seq.*, which prohibits misuse of a benevolent society's name. Meyer seeks a ruling from this Court that SLU is not entitled to any monetary recovery under that statute because, according to Meyer (without citation), Missouri law does not recognize a private right of action for a violation of § 417.150, *et seq.* Meyer ignores, however, case law that clearly establishes a private right to injunctive relief under the statute and additionally sets a policy of liberal construction of the statute.

Namely, the Missouri Court of Appeals has spoken directly on the issue of whether a prior codification of § 417.150 provided a private right of action when a defendant misuses a benevolent society's name. In Supreme Lodge of the World, Loyal Order Of Moose v. Paramount Progressive Order of Moose, plaintiff Loyal Order of Moose, a Missouri benevolent

corporation, brought a private action to enjoin defendant Paramount Progressive Order of Moose, also a Missouri corporation, from, among other things, using any name similar to plaintiff's in violation of a prior codification of § 417.150. 26 S.W.2d 826, 827 (Mo. Ct. App. 1930). The plaintiff lodge had incorporated as "St. Louis Lodge No. 1661, Loyal Order of Moose." Id. Three years later, the defendant incorporated under the name "Paramount Progressive Order of Moose." Id. at 828. The Court of Appeals held, "[the court] entertain[s] no doubt that plaintiffs are entitled to have the defendants enjoined as prayed." Id. at 828 (citing Mo. Rev. Stat. § 13272 (1919)); see also Missouri Federation of The Blind v. National Federation of The Blind, Inc., 505 S.W.2d 1, 5 (Mo. Ct. App. 1973) ("a benevolent or other not-for-profit corporation or association has the right to adopt a name by which it shall be known and to have the benefit of the good reputation that name imports, and a court of equity will enjoin another organization from using the same or another name so similar as to be misleading") (discussing principles of unfair competition) (citing, inter alia, Supreme Lodge of the World, 26 S.W.2d at 828). Furthermore, the court held that for a plaintiff to prevail in its claim for misuse of a corporate name "[i]t is not essential to show actual confusion or deception or intention to confuse or deceive. It is sufficient to show a probability that deception or confusion may result." Supreme Lodge of the World, 26 S.W.2d at 828 (citations omitted) (granting plaintiff's request for injunctive relief under the statute and discussing principles of unfair competition); see also General Finance Loan Co. v. General Loan Co., 163 F.2d 709, 712 (8th Cir. 1947) ("The question of confusion is one of fact, but it is not incumbent upon the plaintiff to allege and prove actual confusion or deception, but only such similarity of names with other facts and circumstances as to show that confusion may result.") (citing Supreme Lodge of the World, 26 S.W.2d 826 (Mo. Ct. App. 1930); Mary Muffet, Inc. v. Smelansky, 158 S.W.2d 168 (Mo. Ct.

App. 1942)); Missouri Federation of The Blind, 505 S.W.2d at 5 ("Although the basis for liability in such cases is unfair competition, actual competition is not of the gist of the action, and the use of deceptively similar tradename will be enjoined although the parties are not engaged in competitive activities.") (citations omitted); Missouri Federation of The Blind, 505 S.W.2d at 6 (Nor, as defendant . . . contends, is it prerequisite to injunctive relief in an action of this nature that there be proof of actual deception or that plaintiff has suffered actual damage or injury to good will. It is enough to show a probability that deception or confusion may result; such threatened future injury is sufficient basis for relief.") (citations omitted) (discussing principles of unfair competition).

Although not extensive, the case law that exists is abundantly clear: Plaintiff may pursue a private right of action under Mo. Rev. Stat. § 417.150, *et seq.*, for misuse of a benevolent society's name. Furthermore, the undisputed facts show that Defendant incorporated a nonprofit corporation using a name which included, in whole, Plaintiff's name. Ex. 2, Hoy Aff. at Tab C; see also Defendant's Statement of Uncontroverted Facts, par. 3 [docket No. 57-2]. SLU, as a benevolent corporation "has a right to adopt a name by which it shall be known, and . . . the use by another corporation . . . of such name or a similar or colorable imitation thereof, such as is calculated to confuse or deceive the public, will be enjoined by the courts." Supreme Lodge of the World, 26 S.W.2d at 828 (granting plaintiff's request for injunctive relief under the statute and discussing principles of unfair competition). SLU, and the public, are entitled to protection from Defendant's misuse of SLU's name. See id. This Court cannot guarantee such protection, however, by allowing Meyer's confusing and deceptive filings to stand without being countered by an appropriate injunction and/or declaratory judgment barring Defendant from future use of SLU's name and setting forth the wrongful nature of Meyer's conduct. Under the liberal

standard for relief announced in the above-cited cases, SLU need not show any evidence of actual confusion or actual damage to pursue a claim for injunctive relief. SLU seeks the authorized injunctive relief under the statute, and Defendant's insinuation that no cause of action exists under the statute is misguided. Thus, Defendant is not entitled to summary judgment on SLU's claim for equitable relief under Count VII of the Complaint.[8]

## V. CONCLUSION.

For the aforementioned reasons, Plaintiff Saint Louis University requests that the Court deny Defendant's Motion for Summary Judgment as to Monetary Damages.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: ___/s/ Bridget Hoy_____
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

---

[8] It is unclear why Meyer argues against injunctive relief under § 417.150 in a Motion that by its title addresses only monetary relief.

## CERTIFICATE OF SERVICE

   I further certify that on the 21st day of October, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

                /s/ Bridget Hoy
                Frank B. Janoski
                LEWIS, RICE & FINGERSH, L.C.
                500 N. Broadway, Suite 2000
                St. Louis, MO 63102
                Telephone: (314) 444-7600
                Facsimile: (314) 612-1307
                E-mail: fjanoski@lewisrice.com