IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY,<br>a Missouri benevolent corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVIS MEYER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:07CV1733 CEJ<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO MONETARY DAMAGES [dkt # 57]

COMES NOW Plaintiff Saint Louis University, by and through its undersigned counsel, and pursuant to Local Rule 7-4.01(E), submits its Response to Defendant's Statement of Uncontroverted Facts. Plaintiff also includes herewith its listing of additional disputed facts that preclude summary judgment in Defendant's favor on Defendant's Motion for Summary Judgment as to Monetary Damages.

The following correspond to the numbered paragraphs in the statement attached to Defendant's Motion:

1. Undisputed/immaterial.

2. Immaterial. To the extent this fact is deemed material, Plaintiff disputes the assertion that Defendant has been an advisor for *The University News* for over three decades. Defendant cites the Complaint [docket No. 1] in support of this assertion although the reference cited by Meyer (paragraph 11 of the Complaint) does not support that assertion.

3. Undisputed/immaterial.

4. Undisputed/immaterial.

Saint Louis University v. Meyer　　　Doc. 65

1493138.02

Dockets.Justia.com

5. Undisputed/immaterial.

6. Undisputed/Immaterial. Plaintiff notes however that Meyer's description of the Articles of Dissolution by Voluntary Action of a Nonprofit Corporation and the Articles of Termination which he filed with the Missouri Secretary of State is incomplete. Plaintiff adds that these dissolution filings by Defendant bear SLU's name and contact information in the form of a facsimile transmission header and are now a permanent part of the public record accessible by anyone via the Internet or through contact with the Missouri Secretary of State's office. See Ex. 2, Hoy Aff., at ¶ 5 and Tab C.

7. Disputed. Upon a routine search for corporate filings by SLU, Louis Galli, Jr. (Assistant General Counsel for SLU) discovered Meyer's entity listed among the entities related to SLU. See, Ex. 4, Affidavit of L. Galli, Jr., at ¶ 8-10. Absent his knowledge of SLU's policies and his awareness that SLU had not granted Meyer the authority to use SLU's marks in that way, the listing was confusing in nature. Ex. 4, Affidavit of L. Galli, Jr., at ¶ 8-10. Additionally, Meyer intentionally copied, as close as he could possibly recall, SLU's marks, which raises a presumption of a likelihood of confusion. Ex. 5, Meyer Dep. pp. 143-44. Moreover, Meyer's creation of a permanent, deceptive public record when he dissolved the non-profit corporation using SLU's letterhead, contact information, and fax line creates confusion for the public. Ex. 5, Meyer Dep. pp. 72-74; 90-91; 166-75; Ex. 2, Hoy Aff., at ¶ 5 and Tab C. Whether these disputed facts entitle Plaintiff to an award of damages is a legal question. Additionally, any other facts related to evidence of actual confusion have been wrongfully and intentionally destroyed by Defendant. See Plaintiff's response in Opposition to Defendant's Motion for Summary Judgment as to Monetary Damages, Footnote No. 4.

8. Disputed. Defendant testified that he knowingly registered the nonprofit corporation and dissolved the same using SLU's marks. Ex. 5, Meyer Dep. pp. 117–19. He has admitted that he knew at the time that SLU was using the virtually identical marks for its campus newspaper for decades and that he did not seek or obtain any permission or approval to use SLU's intellectual property. Ex. 5, Meyer Dep. pp. 117–22; 132-44; Ex. 6, Defendants Responses to Plaintiff's First Request for Admission. He even made an off-handed comment to SLU's administration trying to get tacit approval for what he planned to do, without giving sufficient indication of his intent. Id. at pp. 78. When he submitted the registration, he used his home address and paid in cash to keep the fact of his registration from SLU because he knew that SLU would not approve. Ex. 2, Hoy Aff., at Tab C. When he dissolved the non-profit corporation, he did so using SLU's letterhead with SLU's contact information and a fax header indicating the filing came from SLU. Id. All of these facts, and others, indicate that Meyer acted willfully, making this an "exceptional case" under the Lanham and authorizing attorneys' fees and/or punitive damages.

### Additional Disputed Facts Precluding Summary Judgment

9. Meyer intentionally copied SLU's marks. See Ex. 5, Meyer Dep., at pp. 143-44; compare SLU's campus paper, attached at Tab B of Ex. 2, Hoy Aff., with Meyer's Articles of Incorporation, attached at Tab C of Ex. 2, Hoy Aff.

10. Meyer acted deliberately and willfully to violate SLU's rights. See Ex. 5, Meyer Dep., at p. 72-74, 78, 90-91, 116, 143-44, 166-75; Ex. 6, Defendants Responses to Plaintiff's First Request for Admission; Ex. 7, Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories, at No. 11.

11. SLU has been monetarily harmed by Meyer's actions. <u>See</u>, Ex. 3, Affidavit of J. Weixlmann, at ¶ 8; Ex. 2, Affidavit of B. Hoy, at ¶ 3 and Tab A (attaching true and accurate copies of documents produced by Meyer); Ex. 1, Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories, at No. 7.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ Bridget Hoy
Frank B. Janoski, #3480
Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I further certify that on the 21st day of October, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

/s/ Bridget Hoy
Bridget Hoy
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-7837
E-mail: bhoy@lewisrice.com