IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 4:07CV1733 CEJ |
| AVIS MEYER, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF UNCONTROVERTED FACTS REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I – VI [dkt # 55]**

COMES NOW Plaintiff Saint Louis University, by and through its undersigned counsel, and pursuant to Local Rule 7-4.01(E), submits its Response to Defendant's Statement of Uncontroverted Facts. The following correspond to the numbered paragraphs in the Statement attached to Defendant's Motion:

1. Undisputed.

2. Plaintiff does not dispute that it has asserted infringement of its trademarks as set forth in the Complaint but disputes Defendant Meyer's characterization of the marks as "alleged." See Complaint. In any event, Defendant Meyer has not argued in support of summary judgment that Plaintiff does not have trademark rights in the marks referenced in the Complaint, and the fact set forth in paragraph 2 of Defendant's Statement is therefore immaterial for purposes of the instant Motion.

3. Immaterial. To the extent this fact is deemed material, Plaintiff disputes the assertion that Defendant Meyer has been an advisor for *The University News* for over three

1493215.03

decades. Defendant cites the Complaint [docket No. 1] in support of this assertion although the reference cited by Meyer (paragraph 11 of the Complaint) does not support that assertion.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed. Plaintiff notes however that Defendant Meyer's description of the Articles of Dissolution by Voluntary Action of a Nonprofit Corporation and the Articles of Termination which he filed with the Missouri Secretary of State is incomplete. Plaintiff adds that these dissolution filings by Defendant bear SLU's name and contact information in the form of a facsimile transmission header and are now a permanent part of the public record accessible by anyone via the Internet or through contact with the Missouri Secretary of State's office. Ex. 2, Hoy Aff., at ¶ 5, Tab C.

8. Undisputed that on October 11, 2007, Plaintiff filed its Complaint against Avis Meyer. Plaintiff takes issue, however, with Defendant's characterizations of the claims and states that the Complaint speaks for itself.

9.-37. Plaintiff does not dispute that to the extent Defendant has accurately quoted certain discovery requests and responses,[1] and subject to the objections asserted therein, paragraphs 9 – 37 of Defendant's Statement set forth some of the discovery exchanged in this case. Defendant does not cite to any of these discovery requests or responses in his Motion and Memorandum, and the inclusion of these paragraphs in its Statement appears to be unnecessary. To the extent Defendant intends to use this discovery as limiting to Plaintiff in some way, Plaintiff objects to this as improper and that the discovery responses speak for themselves.

---

[1] Plaintiff notes that in at least paragraphs 26, 28, 30, 32, 24 and 26, Defendant transposed the names of the parties.

2

38. Disputed. Initially, Plaintiff notes that the assertions in paragraph 38 of Defendant Meyer's Statement suppose that proof of Defendant Meyer's use of Plaintiff's marks would necessarily come from documents within Plaintiff's possession or control. Obviously, the more likely scenario is that Defendant Meyer had documents that evidenced his use of SLU's marks, but those documents were destroyed when Meyer failed to heed the litigation hold letter sent to him at the beginning of this lawsuit and routinely destroyed and deleted emails and documents supposedly on his hard drive. Additionally, Defendant Meyer's paragraph 38 of his Statement is disputed because there is sufficient evidence in the record to create a genuine dispute of material fact regarding his "use" of SLU's marks. That evidence is cited extensively in Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment as to Counts I-VI of the Complaint, and the Exhibits attached thereto, which are incorporated herein by reference. Finally, Plaintiff incorporates its responses to paragraphs 9 – 37 above herein.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: ___/s/ Bridget Hoy___
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I further certify that on the 21st day of October, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

          /s/ Bridget Hoy
Bridget Hoy
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-7837
E-mail: bhoy@lewisrice.com