IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, )<br>a Missouri benevolent corporation, )<br> )<br>Plaintiff, )<br> ) Case No. 4:07-cv-01733<br>v. )<br> )<br>AVIS MEYER, )<br> )<br>Defendant. ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT AVIS MEYER'S MOTION FOR SUMMARY JUDGMENT OF NO MONEY DAMAGES DUE IN FAVOR OF PLAINTIFF**

COMES NOW Defendant Avis Meyer (hereafter "Defendant" or "Meyer"), by and through his undersigned attorneys, and replies to Plaintiff Saint Louis University's ("SLU") Response (d/e 64) in Opposition to Defendant's Motion for Summary Judgment (d/e 57) as to Monetary Damages. Meyer's Motion for Summary Judgment should be granted because SLU has failed to show any genuine issue of material fact that SLU is entitled to any monetary relief.

## I. INTRODUCTION

Meyer has moved this Court for summary judgment that SLU cannot prove monetary damages even if this Court does not rule in favor of Meyer's Motion for Summary Judgment as to Counts I-VI of the Complaint. In response to Meyer's motion, it is incumbent upon SLU to come forward with ***specific facts and evidence*** showing that it is entitled to monetary damages or other remedies SLU seeks. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

1

SLU has failed to come forward with a single specific fact showing that: 1) SLU has suffered actual damages; 2) SLU is entitled to treble damages; 3) Meyer has made a profit to which SLU would be entitled; 4) SLU is entitled to statutory damages; 5) SLU is entitled to an injunction; 6) SLU is entitled to recovery of its post-offer of judgment costs and 7) SLU is entitled to recovery of its attorneys' fees. As set forth below, the evidence that has been submitted by SLU does not establish entitlement to the remedies it seeks, and Meyer's Motion (d/e 57) should be granted.

II.  **SLU IS NOT ENTITLED TO ACTUAL OR STATUTORY DAMAGES, MEYER'S PROFITS, POST-OFFER OF JUDGMENT LITIGATION COSTS AND ATTORNEYS' FEES BECAUSE SLU HAS NOT PRESENTED ANY EVIDENCE IN SUPPORT OF THE EXISTENCE OF SUCH DAMAGES.**

The Lanham Act provides that the successful plaintiff is entitled "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs of the action." *Co-Rect Products, Inc. v. Marvy! Advertising Photography, Inc.*, 780 F.2d 1324, 1329-30 (8th Cir. 1985)(citing 15 U.S.C. § 1117(a)). This Court may award reasonable attorney fees to the prevailing party in exceptional cases. *Id*. In assessing damages, the Court "has discretion to enter judgment for any amount up to three times the actual damage." *Lacey v. Big Impressions, Inc.*, 2005 WL 1773679 (E.D. Ark. 2005)(citing 15 U.S.C. § 1117(a)).

   A.  **SLU Is Not Entitled To Damages For Actual Harm Because SLU Has Failed To Show Evidence Of Actual Confusion And A Causal Link Between Meyer's Activities And Any Damages Sustained By SLU.**

To recover plaintiff's damages under the Lanham Act, the "[P]laintiff must prove both actual damages and a causal link between defendant's violation and those damages." *Rhone-Poulenc Rorer Pharms., Inc. v. Marion Merrell Dow, Inc.*, 93 F.3d 511, 515 (8th Cir. 1996). A plaintiff is required to provide an evidentiary basis on which to rest any award of damages. *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1336 (8th Cir. 1997); *St. Croix Printing*

*Equipment, Inc. v. Debbie Sexton*, ---F.Supp.2d---, 2008 WL 4287189, *4 (D.Minn. May 30, 2008)(plaintiff did not offer any evidence that the at-issue website confused any customers). Further, "proof of actual confusion is necessary for an award of damages." *Co-Rect Products*, 780 F.2d at 1329-30.

SLU submits its own response to Meyer's Interrogatory No. 7 as Exhibit 1 to its brief (d/e 64) and in support of SLU's Additional Disputed Fact #11 (ADF #11). (*See* d/e 65). ADF #11 states: "SLU has been monetarily harmed by Meyer's actions." *Id.* Interrogatory No. 7 requests, in part, that SLU "[s]et forth all categories ***and amounts*** of damages ***specifying the documents or other evidentiary materials upon which such damages are based…***". *See* SLU Brief, d/e 64, Exhibit 1 (emphasis added).

SLU's response to Interrogatory No. 7 does not state any dollar amount of damages to which it is entitled. SLU has never provided a document or other evidentiary material which provides a basis for recovery of damages. SLU has never amended or supplemented Interrogatory No. 7. SLU's interrogatory answer only includes a general allegation that it has suffered actual damages without identifying a single fact in support thereof and references attorney fees and costs.

It is SLU's burden to come forward with specific evidence to show that it is entitled to an award of monetary damages. *Anderson*, 477 U.S. at 247. While SLU's own interrogatory responses cannot prove SLU's entitlement to monetary damages, what SLU's Interrogatory Response No. 7 does show is that SLU has never provided any evidentiary basis upon which monetary damages could be awarded.

    1.    <u>The Evidence Of In-House Counsel's Affidavit Is Insufficient To Withstand A Motion For Summary Judgment.</u>

Contrary to SLU's assertions, SLU's evidence actually demonstrates a distinct lack of actual confusion and no causal link between Meyer's alleged infringement and SLU's alleged harm. SLU argues that it has shown actual confusion through the affidavit of its in-house attorney, Louis Galli. (*See* d/e 64, Exh. 4). Mr. Galli states that he believes Meyer's creation and dissolution of a nonprofit corporation creates confusion. (*See* d/e 64, Exh. 4). For confusion, the "desires or intentions" of the trademark owner "are irrelevant"; instead, "it is the attitude of the consumer that is important." *Co-Rect Products,* 780 F.2d at 1332. Thus, SLU must show confusion among the relevant consumers and not merely the belief of one of its own employees. Mr. Galli's notification of the at-issue corporation paperwork and this resulting litigation shows a lack of confusion by Mr. Galli.

Mr. Galli does not state that he is aware of the identity of ***any person*** that was ***actually confused*** by Meyer's filings as recorded with the Secretary of State. *See St. Croix Printing,* 2008 WL 4287189 at *4 (plaintiff did not offer any evidence that at-issue website confused any customers). He does not even state that he is aware of the existence of a third party who has seen Meyer's filings on the Secretary of State website. Therefore, contrary to SLU's argument, Mr. Galli's affidavit does not constitute evidence of actual confusion. The assertion of un-presented evidence cannot avoid summary judgment. *Morgan v. A.G. Edwards & Sons, Inc.,* 486 F.3d 1034, 1039 (8th Cir. 2007)("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."). Proof of actual confusion requires proof that someone somewhere was ***actually*** confused. *Co-Rect Products*, 780 F.2d at 1329-30**.** A party cannot prove actual confusion by merely stating its own belief that someone was might have been confused. *Id*. at 1332. SLU has

4

not and cannot produce anyone who was *actually* confused. *Id*. at 1329-30. Therefore, it cannot prove its entitlement to actual damages. *Id.*

    2.    <u>The Evidence Of Provost Weixlmann's Affidavit Is Insufficient To Withstand A Motion For Summary Judgment.</u>

In a thin attempt to create a factual dispute, SLU submits as Exhibit 3 to its Opposition brief (d/e 64) the affidavit of its Provost, Joe Weixlmann. Initially, Meyer notes that SLU did not disclose Mr. Weixlmann, nor anyone other than the Defendant, as a witness in its Rule 26(a) disclosures. (*See* Plaintiff's Rule 26 Disclosure <u>Exhibit 1</u> attached hereto and incorporated by reference herein). SLU has never supplemented its Rule 26(a) disclosures. This omission has prevented Meyer from the opportunity to depose Mr. Weixlmann. Thus, SLU should be barred from using Mr. Weixlmann's testimony and the statements in his affidavit should be given no consideration.

Additionally, Mr. Weixlmann's affidavit makes the conclusory statement in paragraph 8 that "It is my understanding that Meyer's activities related to the non-profit corporation and the related lawsuit have created an unwarranted swell of negative press against SLU and its Administration, and I believe Meyer's activities have harmed the University both monetarily and in ways that cannot be remedied though monetary relief alone." (*See* d/e 64, Exh. 3). Mr. Weixlmann's affidavit is nothing more than a conclusory statement and does not constitute evidence or facts that can avoid summary judgment on any of the available remedies. *Rose-Maston v. NME Hospitals, Inc.,* 133 F.3d 1104, 1109 (8th Cir.1998) (conclusory affidavits, standing alone, cannot create genuine issue of material fact precluding summary judgment); *Co-Rect Products*, 780 F.2d at 1332 (the consumer's attitude, and not the plaintiff's belief, is relevant).

Moreover, Mr. Weixlmann's affidavit does not state that Meyer's ***alleged infringement*** caused SLU monetary damage, but rather alleges that Meyer's activities related to the nonprofit corporation ***and the related lawsuit*** have created negative press for SLU. *Rhone-Poulenc Rorer Pharms.*, 93 F.3d at 515 ("Plaintiff must prove both actual damages and a causal link between defendant's violation and those damages."). Negative public reaction to SLU's own act of suing one of its own professors is not damage caused by Meyer that is compensable to SLU under trademark law. Moreover, negative press is not evidence of ***actual confusion*** that shows entitlement to actual damages. *Co-Rect Products,* 780 F.2d at 1329.

Moreover, neither Mr. Weixlmann nor SLU present to this Court the negative press to which he refers. (*See* generally d/e 64). SLU cannot rely on Mr. Weixlmann's unsupported assertion to "negative press" to establish its entitlement to damages without submitting the negative press and explaining how such press is the result of Meyer's alleged infringement. *Rhone-Poulenc Rorer*, 93 F.3d at 515. The assertion of un-presented evidence cannot avoid summary judgment. *Morgan v. A.G. Edwards & Sons, Inc.,* 486 F.3d 1034, 1039 (8th Cir. 2007)("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment.").

Finally, in response to Meyer's Interrogatory No. 7, SLU did not identify "negative press" as a basis for monetary recovery despite being requested to identify every basis for the award of monetary damages, and therefore should be barred from presenting that basis now. See Exhibit 2, SLU's Response to Meyer's Interrogatories, attached hereto and incorporated by reference herein.

   3. <u>The Evidence Of The Web Pages From www.ipetitions.com And SLU's Affidavit Of Counsel Hoy Are Insufficient To Withstand A Motion For Summary Judgment.</u>

In support of ADF #11 that SLU was monetarily harmed by Meyer's actions, SLU submits pages from the website *ipetitions.com*. (*See* Hoy Affidavit, d/e 64, Ex. 2, Tab A). The *ipetitions.com* website contains a petition posted by an unknown party concerning the present lawsuit. The signature portion of the petition partially cited by SLU in Exh. 3, Tab A, is signed by 315 people[1], some of whom make a statement with their signature. *Id.*

Even if considered, the petition and responses thereto show a distinct lack of confusion rather than actual confusion or even a likelihood of confusion. Neither the affidavit nor petition text indicate that any party was actually confused as to the source of any product or service offered by Meyer (believing it to be that of SLU) that would support a finding of trademark infringement or unfair competition. *Co-Rect Products*, 780 F.2d at 1329-30 (proof of actual confusion is necessary for an award of damages).

In Tab A to the Hoy affidavit, several comments have been underlined and presumably these are the statements upon which SLU is relying for proof of actual confusion. These statements generally relate to comments that the signer will not be providing donations to SLU. The first underlined comment criticizes SLU for its shift in focus, the second for SLU's alleged attack on the newspaper and sale of SLU's hospital, and the third and fourth (cut off in Tab A) criticizes Rev. Biondi and SLU generally and for Biondi's actions in pursuing the present lawsuit against Avis Meyer. (See <u>Exhibit 3</u> Message for SLU Petition Bates MEYA 07-26 attached hereto and incorporated by reference herein).

These comments do not show that Meyer's creation and dissolution of a nonprofit corporation caused SLU's harm, but rather show disapproval by individuals with SLU's policies with respect to the operation of the University and with its filing suit against Meyer. These

---

[1] Purportedly, these are different people. However, the identities are not confirmed and several are signed as "anonymous" or what appear to be pseudonyms.

7

comments do not exhibit actual confusion of any kind to prove entitlement of damages for trademark infringement or unfair competition.

Meyer is not financially responsible for the negative repercussions SLU may be experiencing for dissent among its own students or alumni as a result of its policies in general or its prosecution of this suit in specific. Put simply, trademark law does not contemplate damages for a plaintiff due to backlash from an organization's own supporters for prosecution of an unpopular infringement lawsuit. These people are unhappy with SLU and Rev. Biondi; none of these signatories indicate that they were confused by Meyer's registration and dissolution of a nonprofit corporation. As a result, any indication of a potential withholding of support for the University (assuming any support would have been given) by these individuals is not attributable to actions taken by Meyer, but rather their discontent with the actions taken by SLU.

Finally, SLU argues that the Court should infer actual confusion based upon Meyer's mistaken deletion of personal emails from his computer, a matter with which the Court has already dealt previously. Meyer submits that such an inference is not warranted by the facts. For example, instead of deposing SLU's own student staff identified by Dr. Meyer from whom and to whom these deleted emails were sent and seeking costs of any deposition, SLU simply relies on seeking an adverse inference from this Court. This is surely because it knows that no relevant evidence will result.

Meyer's deletion of personal email received from friends and colleagues would not have shown those people were actually confused that any good or service of Meyer marked with the trademarks in question was that of SLU.[2] First, there is no reason or indication that Meyer's friends and colleagues were searching the records of the Secretary of State such that they would have even known of the existence of the nonprofit corporation as a source of a newspaper.

---

[2] Meyer never actually used SLU's marks for a newspaper, or otherwise.

Second, many of Meyer's friends and colleagues were fully aware of the University's pending charter revision for the student newspaper that prompted Meyer to register and subsequently dissolve the nonprofit corporation with the Secretary of State. Knowing this fact, no one would be confused between Meyer's short-lived nonprofit corporation and SLU (assuming such registration and dissolution qualifies as a trademark use). Third, such an inference is unwarranted because Meyer acted innocently when he deleted the emails. Meyer did not hatch a plan to delete personal emails and then hide that fact from SLU believing them to contain relevant evidence of actual confusion. SLU learned of the deleted emails from Meyer himself in his deposition.

    **B.    SLU Is Not Entitled To Defendant's Profits Because SLU Has Not Identified Meyer's Profits As A Basis For Relief And SLU Has Produced No Evidence Of Meyer's Sales**

As a first point, SLU's response to Interrogatory No. 7 does not state Meyer's profits as a category of damages to which SLU claims to be entitled. *See* Exh. 2. SLU has never provided evidence which provides a basis for recovery of Meyer's profits. SLU's does not provide any evidence of Meyer's profits that it will present at trial.

The fact that SLU did not identify Meyer's profits in its interrogatory response by itself should preclude SLU from obtaining Meyer's profits at trial or using this missing monetary basis to defeat a motion for summary judgment. See Exh. 2. SLU also did not identify the infringer's profits in its prayer for relief in its complaint. *See* Complaint (d/e 1). Therefore, SLU should be barred from this basis of monetary relief for this reason as well. Additionally, SLU admits that it has not been able to discover any evidence of Meyer's profits, but blames Meyer's alleged destruction of evidence. (d/e 64, p. 6, n.6). More significantly, Meyer filed paperwork for a <u>nonprofit</u> corporation, which would preclude Meyer obtaining any profits to which Plaintiff

9

would be entitled.  Meyer's Motion for summary judgment with respect to defendant's profits and costs should be granted.

Moreover, it is Plaintiff's duty to produce evidence of Meyer's sales and Meyer's duty to produce evidence of his deductible costs for the Court to arrive at a measure of profits to award. *Co-Rect Products*, 780 F.2d at 1331.  SLU has come forward with no evidence of sales by Meyer to support an award of Meyer's profits, as it is required to on summary judgment.  SLU's complete lack of proof of Meyer's sales in response to Meyer summary judgment motion precludes an award of Meyer's profits.  Therefore, this Court should grant summary judgment in Meyer's favor with respect to profits.

**C.     SLU Is Not Entitled to Enhanced Damages Under § 1117(a)**

Treble damages under 15 U.S.C. § 1117(b) may be awarded only if actual loss, i.e. actual damages, are provable.  *Caesar's World Inc. v. Venus Lounge Inc*, 520 F.2d 269, 274 (3rd Cir. 1975); *Donsco Inc. v. Casper Corp.*, 587 F.2d 602 (3rd Cir. 1978).  Because, as discussed above, actual damages are not awardable because SLU has not presented any evidence of actual loss, treble damages are not awardable.  *See Caesar's World* at 274 ("Three times zero is zero.").

**D.     SLU Is Not Entitled To Statutory Damages Or Enhanced Damages Under § 1117(b) Because SLU Has Not Pled, And Cannot Establish, A Claim of Trademark Counterfeiting.**

In its Opposition, SLU for the first time makes a claim for an award of enhanced damages under 15 U.S.C. § 1117(b) and seeks statutory damages under 15 U.S.C. § 1117(c). (d/e 64, pp. 3, 6).  Enhanced damages under § 1117(b) and statutory damages under § 1117(c) are only recoverable for trademark counterfeiting under 15 U.S.C. § 1116(d).  Foremost, SLU has not alleged a cause of action in its complaint for trademark counterfeiting nor identified trademark counterfeiting as a basis for damages in response to interrogatories.  (*See* d/e 1; and

Exh. 2 herein). Even if SLU had alleged trademark counterfeiting, the at-issue corporation paperwork is clearly not use of asserted U.S. Registration No. 1,729,449 in connection with the goods and services for which this mark is registered, for example socks, providing college level instruction courses, providing golf instruction, etc.[3] *Council of Better Business Bureau, Inc. v. Bailey & Associates, Inc.*, 197 F.Supp.2d 1197, 1219 (E.D.Mo. 2002).

For purposes of assessing treble or statutory damages for counterfeiting under 15 U.S.C. § 1117(b) & (c), a counterfeit mark is defined as "a counterfeit of a mark that is registered on the principal register of the United States Patent and Trademark office *for such goods or services sold, offered for sale, or distributed* and that is in use…" *Playboy Enterprises, Inc. v. Universal Tel-A-Talk, Inc.*, 1998 WL 288423, *4 (E.D.Pa. June 3, 1998)(emph. in original).

Further, in order to obtain a statutory damages, a plaintiff must prove that the "defendant (1) infringed a registered trademark in violation of 15 U.S.C. 1114(1), and (2) intentionally used the registered trademark knowing that it was counterfeit." *Council of Better Business Bureaus*, 197 F.Supp.2d at 1219 (*citing* 15 U.S.C. §§ 1116(d), 1117 and *referring to* Senate-House Joint Explanatory Statement on Trademark Counterfeiting Legislation, 130 Cong.Rec.H12076, at 12078-79 (1984)("counterfeiting statute is intended for cases where the defendant uses a registered mark 'in connection with goods or services for which the mark is … registered.'")(Emphasis added))(*see also Pennzoil-Quaker State Co. v. Smith*, 2008 WL 4107159, *22 (W.D.Pa. Sept. 2, 2008) (counterfeit mark needs to be attached to the non-authorized goods.) Thus, a claim for treble damages or statutory damages under counterfeiting

---

[3] Goods and Services for asserted U.S. Registration No. 1,729,449: "clothing; namely T-shirts, sweat shirts, sweat pants, sweat tops, gym shirts, casual shorts, socks, sweaters, headwear and jackets"; "educational services; namely, providing courses of instruction at the college level, and instruction in athletic clinics for the sports of basketball, soccer, baseball, field hockey, tennis, swimming, volleyball, golf, and softball; entertainment services; namely, conducting intercollegiate games and tournaments in the sport of basketball, soccer, baseball, field hockey, tennis, swimming, volleyball, golf and softball."

11

only applies to counterfeit uses on the mark for the goods or services as recited by the registration of that mark.

The Lanham Act trademark counterfeiting statutes require, as a matter of law, the use of identically copied trademarks on the goods specified in the registrations for those marks. *Pennzoil,* 2008 WL4107159 at *21-22 ("Genuine PENNZOIL marks were used on signs to attract customers to an oil change business but were not 'attached to' to the non-PENZOIL products actually used in the business.).

SLU has produced no evidence that Meyer has sold, or offered to sell *any* goods, much less a good using SLU's identical marks for SLU's registered goods. (*See generally* d/e 64). Since SLU has failed to produce any evidence create a genuine issue of material fact on its claim for trademark counterfeiting under § 1117(b)-(c) and Meyer is entitled to judgment as a matter of law on those claims, Meyer's Motion with respect to enhanced damages under § 1117(b) and statutory damages under § 1117(c) should be granted.

### III. SLU IS NOT ENTITLED TO ATTORNEYS' FEES BECAUSE MEYER'S CONDUCT WAS NOT WILLFUL AND IN BAD FAITH.

Attorney's fees may be awarded to a prevailing party under § 1117(a) in an exceptional case. 15 U.S.C. §1117(a). A case is exceptional under § 1117(a) where the defendant has acted willfully and in bad faith. *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1341 (8th Cir.1997). Meyer's actions of creating and dissolving a non-profit corporation with the Missouri Secretary of State are not use of a trademark that constitutes trademark infringement. *Modular Cinemas of Amer., Inc. v. Mini Cinemas Corp.*, 348 F.Supp 578, 582 (S.D.NY. 1972). Therefore, Meyer's creation of such corporation does not constitute willful trademark infringement. Thus, SLU is not entitled to an award of attorney's fees under § 1117(a) since this is not an exceptional case. *Porous*, 110 F.3d at 1341.

To the extent that SLU makes a claim for an award of attorney's fees under § 1117(b) and (c), Meyer has shown that § 1117(b) and (c) are inapplicable to the present case since Meyer did not intentionally use a counterfeit of a registered mark as defined in § 1116(d) as required by those sections nor has SLU ever claimed §1117(b) or (c) as a basis for relief. § II.D, *supra*. Further, § 1117(c) is silent as to an award of attorney's fees or costs. 15 U.S.C. § 1117(c). *See also, K and N Engineering, Inc. v. Bulat*, 510 F.3d 1079, 1082 (9th Cir. 2007) (Section 1117(c) makes no provision for attorney's fees; nor does § 1117(b) authorize such fees for a plaintiff seeking statutory damages under § 1117(c)). Consequently, Meyer is entitled to summary judgment precluding an award of attorney's fees under both §1117(b) and §1117(c).

### IV. SLU HAS CITED TO NO CASE LAW THAT HOLDS THAT IT IS ENTITLED TO MONETARY DAMAGES FOR MISUSE OF A BENEVOLENT SOCIETY'S NAME

SLU devotes nearly three pages of its Opposition to analyzing a private cause of action under Mo. Rev. Stat. § 417.150, *et seq.*, (Count VII of d/e 1) which prohibits misuse of a benevolent society's name. (*See generally* d/e 64 pp.11-14). In its analysis, SLU refers to "injunctive relief", "enjoin" or "declaratory judgment" no less than *eleven* times. (*Id.*). SLU misses the point. Meyer seeks a ruling from this Court that SLU is not entitled to a recovery of <u>monetary</u> damages under the statute. (d/e 64 p. 11; d/e 57 pp. 1,3)(emph. added). SLU's cases plainly fail to show the availability of a monetary remedy under § 417.150, *et seq.* (*See* d/e 64 pp.11-13). The availability of injunctive or declaratory relief has no bearing on the availability of monetary damages and SLU's entire argument should be dismissed.

Accordingly, Meyer is entitled to exactly the ruling he requested, specifically, summary judgment in his favor that SLU is not entitled to a recovery of <u>monetary</u> damages under the statute. (d/e 57 pp. 1, 3). SLU has failed to come forward with any evidence sufficient to create

a material issue of fact that it has suffered monetary damages under Count VII, and Meyer is entitled to judgment as a matter of law since SLU has failed to cite any law showing that monetary damages are available under § 417.150. *Adbar Company, L.C. v. PCAA Missouri, LLC*, 2008 WL 68858 (E.D. Mo. 2008) (*citing* Fed.R.Civ.P. 56(c); *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). Consequently, Meyer's Motion for summary judgment with respect to Count VII should be granted.

## V. CONCLUSION

For at least the foregoing reasons, Meyer's Motion For Summary Judgment As To No Monetary Damages Due In Favor Of Plaintiff (d/e 57) should be granted in its entirety. However, should the Court decide that Meyer is not entitled to summary judgment with respect to a particular form of monetary damage, the Court is respectfully requested to enter summary judgment on the remaining forms of monetary damages on which summary judgment is available to Meyer.

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/ Brian J. Gill*
Nelson D. Nolte, #53,470
Scott A. Smith, #55,870
Brian J. Gill, #57,324
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: ssmith@patpro.com
E-mail: bgill@patpro.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
ATTORNEYS FOR PLAINTIFF

*s/ Brian J. Gill*