IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY,<br>a Missouri benevolent corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVIS MEYER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:07CV1733 CEJ<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR CONTINUANCE OF TRIAL DATE**

This Court entered its Case Management Order ("CMO") on February 7, 2008. Since that time, the parties have known that this case is to proceed to trial on January 20, 2009. Now, only weeks before pre-trial filings are due, Defendant's Motion seeks to delay a resolution of this case and asks the Court to continue the trial setting for three months, through April 2009. Plaintiff Saint Louis University ("SLU") requests that the Court deny Defendant's Motion and maintain the current trial setting because: (1) SLU requires relief from Avis Meyer's improper use of its intellectual property without further delay; and (2) Defendant simply has not shown good cause, let alone the "exceptional circumstances" referenced in the Court's CMO for modification of the schedule.

Defendant's Motion indicates that a three month continuance is necessary because one of Defendant's attorneys has been included on the "may call" witness list for a patent infringement case pending in the Central District of Illinois. It is difficult to understand why the mere *potential* of *one* of Meyer's three attorneys to be called as a witness in another case should completely uproot the schedule for this case's relatively short and straight forward bench trial.

Saint Louis University v. Meyer          Doc. 76

1502673.03

Dockets.Justia.com

Because this case will not be tried to a jury, it seems the more prudent course, to the extent it is convenient for the Court, would be to proceed with the current trial setting and recess briefly if and when Mr. Nolte is called (presuming the attorneys in the Illinois case would be unable or unwilling to accommodate this Court's prior trial setting and call Mr. Nolte accordingly).

To the extent Defendant's Motion implies that his counsel of record might be needed to assist in the Illinois case, it is notable that not one of Defendant's three attorneys have entered their appearance as counsel of record in the Illinois case. Additionally, the Illinois trial setting was put in place on March 25, 2008, *after* the CMO was issued in this case. At no time during the nine months that the conflict has been known to Defendant's counsel have they sought to address the issue with SLU or this Court.[1]

Plaintiff was forced to file this lawsuit because of Meyer's conduct and has complied with this Court's prior direction to prepare for trial in anticipation of the January 20, 2009 setting. Plaintiff therefore respectfully requests that the Court deny Defendant's Motion for Continuance of Trial Date and grant such other and further relief as the Court deems just and proper under the circumstances.

---

[1] To the extent the Court is inclined to continue the January 20, 2009 setting, Plaintiff requests the opportunity to identify potential pre-existing conflicts with any dates the Court has available to avoid the need for a second continuance.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By: ___/s/ Bridget Hoy___
      Frank B. Janoski, #3480
      Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-7837
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I further certify that on the 3rd day of December, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.


        ___/s/ Bridget Hoy___
        Bridget Hoy
        LEWIS, RICE & FINGERSH, L.C.
        500 N. Broadway, Suite 2000
        St. Louis, MO 63102
        Telephone: (314) 444-7600
        Facsimile: (314) 612-7837
        E-mail: bhoy@lewisrice.com