# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) | |
| a Missouri benevolent corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:07CV1733 CEJ |
| AVIS MEYER, ) | |
| ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF MOTION (d/e 75) FOR CONTINUANCE OF TRIAL DATE

COMES NOW Defendant Avis Meyer (hereinafter "Meyer"), by and through his counsel, and submits his reply in support of his motion (d/e 75) for a continuance of the trial date for three months. In support of this Motion, the Defendant states as follows:

In its response (d/e 76) to Meyer's motion, Saint Louis University (hereinafter "SLU") argues that SLU needs immediate relief from Meyer's infringement although it is undisputed that Meyer has never started a rival newspaper using SLU's trademarks and has provided SLU with assurances that he has no intention to do so. SLU also argues that Meyer has not shown good cause or exceptional circumstances such that his motion should be granted because one attorney appearing in this case is listed on both parties' witness list in Illinois litigation and because other attorneys listed on the case do not have appearances in the Illinois litigation.

SLU's argument that it requires relief without delay is contradicted by SLU's numerous requests for extension of time and numerous reschedulings of Dr. Meyer's deposition in this case.[1] Contrary to SLU's assertions, SLU is prejudiced in no way by a three month continuance of the trial date. SLU does not identify in its response anything that Meyer is doing that is

---

[1] While Meyer joined in many of SLU's motions for extension of time, all except one motion for extension of time were requested by SLU of Meyer.

causing a continuing injury to SLU. Therefore, SLU is not prejudiced in any way by a short continuance of the trial date. In fact, SLU's statement that "SLU requires relief from Avis Meyer's improper use of its intellectual property without further delay" belies the fact that the only actions to date that SLU has accused Meyer of taking is registering and subsequently dissolving a nonprofit corporation listing two of SLU's alleged marks, acts which are not ongoing. Therefore, SLU's assertion that Meyer is currently engaged in trademark infringement is contrary to its own accusations.

Next, SLU argues that because an attorney with an appearance in this case is on the "may call" list for testimony in another case does not amount to exceptional circumstances. On the contrary, an attorney to be called as a *witness* in a case *is* an exceptional circumstance. The witness lists in the Illinois litigation were only recently exchanged. Moreover, Attorney Nolte has been integrally involved in the progression of the present case and is integral and necessary for the defense of this action. While SLU may characterize this case as simple, it is of eminent importance to Dr. Meyer to present his case with his chosen trial team present and comprising attorneys most knowledgeable of this case. Moreover, each member of the present Meyer trial team has provided substantial support for the Illinois litigation (ranging from legal research to brief writing to taking and defending depositions) and will be expected to continue to assist with the Illinois litigation.

Having established that SLU will not be prejudiced by a short delay in trial, Meyer respectfully requests this Court's indulgence for the short continuance. SLU's assertion that this Court should merely provide a brief recess should Mr. Nolte be called to testify would be a waste of this Court's time. Meyer respectfully submits that a last minute change in, and juggling of,

this Court's schedule rather than merely scheduling the trial at a time when both parties and their attorneys can be present would be a more efficient use of the Court's time.

Meyer has not been dilatory in this case and has sought only a single extension of time to file reply briefs in support of motions for summary judgment. SLU has repeatedly requested extensions of time, none of which Meyer has opposed. Counsel in the Illinois litigation did seek a continuance of the trial date in that litigation, which was denied. Meyer is not asking for a long continuance, but merely a short three-month continuance that will prejudice SLU in no way and allow Meyer the availability of trial counsel who are most familiar with this case and will provide him the best opportunity to defend against SLU's claims.

WHEREFORE, Defendant moves this Honorable Court to grant its Motion to amend the scheduling order to continue the trial date to April of 2009, and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/Nelson D. Nolte*
Nelson Nolte, #111,801
Brian J. Gill, #2,694,853
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: bgill@patpro.com
E-mail: nnolte@patpro.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I further certify that on the 4th day of December, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

                                Frank B. Janoski, #3480
                                Bridget Hoy, #109375
                                Lewis, Rice & Fingersh, L.C.
                                500 North Broadway, Suite 2000
                                St. Louis, Missouri 63102
                                T (314) 444-7600
                                F (314) 241-6056
                                ATTORNEYS FOR PLAINTIFF

*s/Nelson D. Nolte*