IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, <br> a Missouri benevolent corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVIS MEYER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:07CV1733 CEJ <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S SUR-REPLY
REGARDING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

Defendant Avis Meyer's Motions for Summary Judgment focus on two specific issues: (1) whether there was a "use" by Defendant Meyer to support Plaintiff Saint Louis University's ("SLU") claims in Counts I – VI of the Complaint, and (2) whether SLU had identified any avenue for recovery of monetary damages in this case. As explained in Plaintiff's Responses in Opposition to the Motions, the answer to both is "yes." Now, in his Replies to those Motions, Meyer has raised totally new issues that are procedurally, factually or legally flawed, or are simply not before the Court at this time based upon Meyer's own initial papers. In Reply, Meyer attempts to raise for the first time discovery issues that he made a strategic decision not to pursue earlier. He also takes issue with the notice pleading standard adopted by the Rules of this Court. Meyer additionally, for the very first time, addresses the sufficiency and extent of SLU's trademark rights. To clarify the record, SLU submits this short Sur-Reply, by leave of Court, regarding these new issues.[1]

---

[1] SLU additionally disputes many other matters argued in Meyer's Replies. SLU does not re-address those issues herein but rather relies upon its previously submitted Responses in Opposition.

1498487.03

I. **DEFENDANT'S ARGUMENTS REGARDING THE SUFFICIENCY OF SLU'S DISCLOSURE OF WITNESSES ARE MERITLESS AND PROCEDURALLY FLAWED.**

SLU properly submitted three affidavits in opposition to Meyer's Motions for Summary Judgment. Defendant insinuates throughout his Replies that SLU somehow did not comply with its obligations to disclose these witnesses during the discovery period. Meyer's main complaint in this regard comes on Page 5 of his Reply in Support of his Motion regarding monetary damages [dkt #72] where Meyer wrongly argues that he did not have the "opportunity" to depose Provost Joe Weixlmann and that SLU should therefore be barred from relying on the Provost's testimony. The assertion is absurd.

Provost Weixlmann was discussed by name during Meyer's own deposition several months ago, on June 4, 2008. See, e.g., Ex. 5 to Plaintiff's Opposition [dkt #64-5], at p. 78-79. Furthermore, both Meyer and SLU produced numerous documents illustrating Provost Weixlmann's involvement and knowledge regarding the facts and legal issues of this case. Meyer's production alone contains at least thirty references to Provost Weixlmann. See, e.g., Composite Exhibit, attached hereto as Exhibit 1. Provost Weixlmann's involvement was never a secret in this litigation and the formal supplement of SLU's *initial disclosures* that Meyer demands was simply not required – and makes no sense – under these circumstances. See Fed. R. Civ. P. 26(e)(1)(A) (providing for supplemental initial disclosures to the extent a witness was not otherwise disclosed in writing).

To the extent Meyer makes a similar argument with regard to Louis Galli, it is equally not well-taken. Mr. Galli was disclosed by name in SLU's written interrogatory responses as the person at SLU who first learned of Meyer's unlawful registration using SLU's intellectual

property. There was no requirement or need to additionally supplement SLU's initial disclosures. Meyer's arguments regarding failure to disclose witnesses should be disregarded.

Moreover, Meyer completely ignores that SLU has communicated an open invitation to depose any of its witnesses at any time without consideration of the close of discovery. This was communicated to counsel for Meyer verbally and in e-mail correspondence, but Meyer never attempted to schedule any depositions. See, e.g., Email from F. Janoski to B. Gill, dated September 8, 2008, attached hereto as Exhibit 2. SLU's witnesses have been and continue to be available for deposition. Pointing the finger at SLU to compensate for Meyer's own litigation strategies (choosing not to take any depositions), and in an attempt to overcome valid evidence in response to his request for summary judgment, is improper. Provost Weixlmann's Affidavit, and the Affidavits of SLU's other witnesses, are appropriately before the Court in opposition to Meyer's summary judgment motions.

## II. PLAINTIFF'S RIGHT TO ELECT STATUTORY DAMAGES WAS SUFFICIENTLY ENCOMPASSED WITHIN THE PLEADINGS.

In its prayer for relief, SLU's Complaint expressly seeks all damages available under 15 U.S.C. § 1117. Section 1117 encompasses, among other things, actual damages, enhanced damages, attorneys' fees in exceptional cases, and statutory damages when there is a finding of use of a "spurious imitation" of a registered mark. On page 10 of Meyer's Reply in Support of his Motion regarding monetary damages [dkt #72], Meyer acts surprised that Plaintiff SLU might exercise its options under § 1117(b) and (c) to request enhanced or statutory damages.

First, a claim for "counterfeiting", which allows the statutory damages election, was sufficiently pled. Counterfeiting is a specific, egregious type of trademark infringement and is derived from violations of § 1114 or § 1125(a). In its Complaint, Plaintiff expressly alleged trademark infringement through violations of both § 1114 and § 1125(a). The damages available

for counterfeiting are set forth in § 1117, which was expressly identified in Plaintiff's prayer for relief. Notice of the claim, which triggers Plaintiff's option to elect statutory damages prior to entry of a judgment, was sufficiently given in the pleadings before the Court.

Second, Meyer's attempts to now, in reply, argue the *merits* of a counterfeiting claim are inappropriate based upon his original filings. Meyer's motions relate to "use" and to the availability of monetary damages. Whether the goods and services identified in SLU's trademark registration encompass the goods and services at issue in this case, and whether the marks are sufficiently indistinguishable, are issues simply not before the Court based upon Meyer's own initial filings.[2] Consideration of these extraneous arguments is not justified.

### III. PLAINTIFF'S OTHER DAMAGES THEORIES WERE SUFFICIENTLY DISCLOSED.

Meyer makes several attempts in his Replies to argue that SLU's disclosure of its other damages theories was inadequate. These arguments are without merit and appear to be designed to deflect attention from Defendant's own spoliation of evidence that is at issue in the Motion for Sanctions currently pending before the Court. If Defendant wanted to properly raise any of these issues with the Court, he could have filed and pursued a motion to compel. He did not do so.

SLU's Complaint seeks all monetary remedies authorized by § 1117 and applicable law, including any profits of the defendant. SLU further identified broad categories of damages in its Initial Disclosures and stated that investigation was ongoing. SLU then further stated in its

---

[2] Meyer's Replies go beyond the originally identified issues in many respects. On page 4 of his Reply regarding Counts I – VI [dkt #71], he lists the goods identified in SLU's registration of the SAINT LOUIS UNIVERSITY mark and argues there is no evidence in the record that he used the mark on any of those particular goods or services. To the contrary, the goods and services listed are very broad (including "educational" and "entertainment" services) and in any event, "it is elementary" that a registrant has rights with respect to goods on which the registrant has used the marks and that the classifications listed in the registration are merely for "the convenience" of the PTO to "facilitate searching for registered marks." See, e.g., Jean Patou, Inc. v. Theon, Inc., 9 F.3d 971, 975 (Fed. Cir. 1993). Additionally, on page 13 of the same brief, Meyer goes outside the summary judgment issues by, for the first time, arguing there is no evidence of the distinctiveness of SLU's marks. Aside from that argument being completely wrong, Meyer did not raise SLU's trademark rights as a basis for summary judgment in his initial filings. As to any of the extraneous arguments, SLU is happy to supplement the briefing if the Court requests.

4

Answer to Interrogatory No. 7 that damages include potential loss of value of its intellectual property, its reputation, and its ability to obtain and retain students and faculty. As to the loss of donations category identified in the Initial Disclosures, SLU identified persons who may have ceased contributing by way of the IPetition entries and must await the close of the donation year to identify those damages with any further specificity. SLU has also submitted affidavits of witnesses with knowledge regarding all categories of damages (for example, Provost Weixlmann) who are available for deposition as explained above. The complaints by Meyer in Reply that he does not have sufficient information regarding SLU's damages requests, when he did not act on the information made available to him thus far, are disingenuous.

Moreover, in attempting to argue that Plaintiff has not sufficiently disclosed evidence in support of its damages theory, Meyer spends several pages addressing the "actual confusion" issue. As already explained in Plaintiff's Oppositions briefs, "actual confusion" is not the standard necessary for an injunction or for any form of monetary relief other than actual damages suffered by Plaintiff. As discussed above, Plaintiff has disclosed its actual damages theories and has set forth sufficient evidence to create a dispute of fact with regard to "actual confusion" in support of its recovery of those "actual damages." As SLU pointed out in its prior Opposition [dkt # 64, at page 8], actual confusion is presumed in this case because Meyer intentionally copied (or at the least there is a genuine dispute of material fact whether Meyer intentionally copied) SLU's marks. Even if it were not presumed, Meyer's long discussion on pages 4 – 8 of his Reply [dkt #72] does nothing to change the fact that there are genuine disputes of material fact regarding actual confusion based upon the record before the Court. Indeed, even a third party has recognized that "[a] reasonable person reading a name that includes the full name of the university (which IS trademarked) could reasonable [sic] confuse an off campus newspaper

5

being affiliated with the university." <u>See, e.g.</u>, Facebook Post # 14, Nov. 30, 2007, attached hereto as Exhibit 3.

Plaintiff has sufficiently disclosed its damages theories and has many potential avenues for recovery of monetary relief, in addition to the injunction it seeks to protect its trademark rights going forward. Meyer chose not to pursue the information that was disclosed, and cannot now complain for the first time in his Replies to the summary judgment briefing. His additional argument that the identified damages flow from the lawsuit and not his unlawful conduct is simply illogical because the lawsuit was a necessity to protect SLU's intellectual property in light of Meyer's infringement of SLU's trademarks and his refusal to provide the assurances SLU requested and needed. All of these red-herring arguments should be disregarded, and Meyer's requests for summary judgment should be denied.

## IV. CONCLUSION

Meyer diverts greatly from the summary judgment issues in his replies. He attempts to divert attention from his unlawful acts by wrongly arguing that SLU did not meet its discovery obligations or sufficiently give notice of its claims. The bottom line is that Meyer acted unlawfully when he used – in many ways – SLU's intellectual property. Meyer's claimed motive of helping the students (discussed at length in Meyer's briefs regarding "use" of the marks) is irrelevant. Meyer used SLU's intellectual property with knowledge of its rights to stick it to the University. His flippant attitude after SLU learned of his conduct and throughout this litigation shows his willfulness. For the aforementioned reasons and the reasons set forth in Plaintiff Saint Louis University's prior briefing, Plaintiff requests that the Court deny Defendant's Motions for Summary Judgment.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:   /s/ Bridget Hoy
      Frank B. Janoski, #3480
      Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-7837
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I further certify that on the 14th day of November, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    /s/ Bridget Hoy
Bridget Hoy
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-7837
E-mail: bhoy@lewisrice.com