IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) <br> a Missouri benevolent corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AVIS MEYER, ) <br> ) <br> Defendant. ) | Case No. 4:07-cv-01733 |

**PRE-TRIAL BRIEF AS TO COUNT VII OF THE COMPLAINT IN RESPONSE TO THE COURT'S CASE MANAGEMENT ORDER (d/e 12)**

**I.    INTRODUCTION**

On October 11, 2007, Plaintiff Saint Louis University (hereafter "Plaintiff" or "SLU") filed its Complaint (d/e 1) in the U.S. District Court for the Eastern District of Missouri against Defendant Avis Meyer ("Defendant" or "Avis" or "Dr. Meyer") seeking: under Count I trademark infringement under 15 U.S.C. § 1114 of the registered mark SAINT LOUIS UNIVERSITY; under Counts II and III trademark infringement and false designation of origin under 15 U.S.C. § 1125(a) and Missouri common law of the unregistered terms "The University News" and "A Student Voice Serving Saint. Louis University Since 1921"; under Count IV unfair competition based upon unspecified marks under 15 U.S.C. § 1125(a); under Count V unfair competition based upon the terms "The University News" and "A Student Voice Serving St. Louis University Since 1921" under Missouri Common Law; under Count VI dilution of the terms "Saint Louis University," "The University News," and the caption "A Student Voice Serving Saint Louis University Since 1921" under Missouri Revised Statute § 417.061, *et seq.*,

1

and, under Count VII misuse of a benevolent society's name under Missouri Revised Statute § 417.150, *et seq.*.

This Court has recently granted summary judgment in favor of Dr. Meyer as to Counts I-VI (d/e 56). Accordingly, Count VII remains pending. The only act which Dr. Meyer undertook with respect to the name in question is that he filed incorporation and dissolution paperwork for a non-profit corporation in the name of "The University News, A Student Voice Serving Saint Louis University Since 1921."

It is indisputable that Dr. Meyer dissolved the nonprofit corporation only months later and before this suit and never established a newspaper or even took any concrete steps toward the establishment of a newspaper. Plaintiff cannot show assumption, adoption or use of the at-issue name by Dr. Meyer. Further, Plaintiff cannot show assumption, adoption or use of a name so nearly resembling the name of such incorporated organization as to be a colorable imitation thereof. Additionally, Plaintiff cannot show Dr. Meyer assumed, adopted or used any name with an intent to deceive. Plaintiff has only unfounded conclusory contentions unsupported by facts. Dr. Meyer will present at trial that Plaintiff has not proven its case of misuse of a benevolent society's name.

## II. <u>BACKGROUND</u>

Avis Meyer is a tenured professor who is presently employed by Plaintiff and has been for over thirty years. (Dep. of Avis Meyer, p. 33, ll. 1-25 , attached hereto as <u>Exhibit 1</u> and referred to hereinafter as "Exh. 1"). Since at least 1976, Avis has been an adviser for *The University News*, a campus student newspaper. (Exh. 1, p. 42, ll. 1-2)").

As advisor of *The University News*, Avis would work nights eight to ten hours on the weekly publication, mainly as a copy editor. (Exh. 1 p. 42, ll. 8-14). As advisor, Avis "hardly

ever" attended *The University News* staff meetings, but rather strived to grant the students freedom and independence to operate the newspaper. (Exh. 1 p. 61, ll. 24-25; p. 62, ll. 1-15). On occasion, Avis would write obituaries for *The University News* but did not write editorials for *The University News*. (Exh. 1 p. 45, l. 24; p. 46; l. 5). Instead, Avis reviewed editorials for grammar and punctuation as opposed to content. (Exh. 1 p. 46, ll. 4-7). For his service to *The University News*, Avis was paid by Plaintiff a yearly stipend of $1,500. (Exh. 1 p. 45, l. 15).

In the Spring of 2007, Plaintiff was in the process of revising the charter for *The University News*. (Exh. 1 p. 76, l. 16; p. 108, l. 22). The student staff of *The University News* was concerned that the new charter would end the independence of the newspaper based on the language of the new charter. (Exh. 1 p. 76, ll. 17-18). While reviewing a draft charter proposed by Plaintiff, the student staff of *The University News* considered moving the student newspaper off-campus. (Exh. 1 p. 108, ll. 1-6; p. 148, ll. 12-25; p. 149, ll. 1-4). Since the student staff had considered moving the student newspaper off-campus, Avis filed with the Missouri Secretary of State on March 16, 2007 articles of incorporation for a non-profit organization titled: "The University News, A Student Voice Serving Saint Louis University Since 1921." (Exh. 1 p. 86, ll. 10-19). In particular, Avis filed this paperwork to "save the name" for the students in case the student staff decided not to accept a revised charter and also decided to move the newspaper off-campus. (Exh. 1 p. 76, ll. 2-3, ll. 12-14; p. 87, ll. 3-5; p. 128, ll. 21-25-p. 129, l. 1). Avis thought that the name of the newspaper belonged to the students since it had been a student newspaper for 81 years. (Exh. 1 p. 76, ll. 24-p. 77, l.2).

Prior to this filing, Avis had never registered an entity with the Secretary of State. (Exh. 1 p. 83, ll. 24-25; p. 84, ll. 1-2). A clerk at the Secretary of State's office assisted Avis in filling out the incorporation paperwork. (Exh. 1 p. 88, ll. 15-18). This clerk also conducted an online

3

archive name search for the name "The University News" and for the name "The University News, A Student Voice Serving Saint Louis University Since 1921." (Exh. 1 p. 88, ll. 18-25; p. 89, ll. 1-3).

In April of 2007, there was a meeting between the student staff and the Plaintiff regarding a revised charter. (Exh. 1 p. 162, ll. 22-23; p. 163, ll. 1-2). The Plaintiff's Board of Trustees at this time had not decided on a final version of the revised charter. (Exh. 1 p. 132, ll. 4-7). Further, about this time, the semester ended, and Avis took a two-month trip abroad during the summer recess. (Exh. 1 p. 71, ll. 13-15). While Avis was out of the country, Plaintiff sent, on June 22, 2007, a letter to Dr. Meyer regarding the filed incorporation paperwork. (Exh. 1 p. 70, ll. 6-7). Avis's daughter signed for receipt of the letter. (Exh. 1 p. 71, ll. 13-14). Avis curtailed his trip abroad and returned home in early August of 2007 to attend to a brother who suffered a heart attack and to attend to a sick father. (Exh. 1 p. 146 ll. 22-25; p. 147, ll. 1-7).

On August 16, 2007, Plaintiff sent another letter to Avis Meyer regarding the incorporation papers. (Exh. 1 p. 71, l. 25; p. 72, ll. 16-17). Around this time, the editor of *The University News* told Avis that the student staff had decided to accept the revised charter. (Exh. 1, p. 131, ll. 1-2). On or about August 21, 2007, Avis filed with the Missouri Secretary of State papers dissolving the non-profit corporation and forwarded the dissolution paperwork to SLU via its counsel. (Exh. 1 p. 72, l. 17; 169, ll. 15-18). Avis Meyer did not seek legal assistance or business assistance in filing the dissolution papers; but instead, spoke via telephone with a clerk with the Secretary of State's office regarding the requirements for dissolution papers. (Exh. 1 p. 83, ll. 7-20).

**III.     DISCUSSION OF APPLICABLE LEGAL AND FACTUAL ISSUES**

   A.   Mo. Rev. Stat.  417.150 Requires That SLU Show That Dr. Meyer Has "Assumed", "Adopted" Or "Used" The Name Of A Benevolent Society Or A Name So Nearly Resembling The Name Of Such Incorporated Organization As To Be A Colorable Imitation Thereof, Or Calculated To Deceive Any Person With Respect To Such Corporation

For Count VII of the Complaint (d/e 1), the Missouri Misuse of Names Statute, Mo. Rev. Stat. § 417.150. 1., provides:

> "No person, society, association or corporation shall assume, adopt or use <u>the name</u> of a … benevolent … organization incorporated or organized under the laws of this or any other state or of the United States, or a name so nearly resembling the name of such incorporated organization as to be a colorable imitation thereof, or calculated to deceive any person with respect to such corporation."

Despite the caption of this case, Plaintiff is a Missouri benevolent corporation existing under the name "St. Louis University." (See Uncontested Statement of Facts, ¶1.) Dr. Meyer filed incorporation paperwork under the name "<u>The University News, a Student Voice Serving Saint Louis University Since 1921</u>." SLU has provided no evidence that it has incorporated or organized a benevolent society under the names "The University News, A Student Voice of Saint Louis University Since 1921" or "The University News, A Student Voice Serving Saint Louis University Since 1921" under the laws of Missouri or any other state or of the United States.

An interpretation of the plain meaning of the statute shows that Dr. Meyer did not assume, adopt or use <u>the name</u> "<u>St. Louis University</u>" as chartered by SLU. *In Re Draisey*, No. 08-6016 (8th Cir. 10/16/08)(citing *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 520 U.S. 1, 6 (2000)("When the statute's language is plain, the sole function of the court … is to enforce it according to its terms.")).

A "colorable imitation" of a term requires more than a mere likelihood of confusion. Colorable imitation, in trademark parlance, has been defined by the U.S. Supreme Court as that

degree of resemblance which "requires careful inspection to distinguish the spurious trademark from the genuine." *McLean v. Fleming*, 96 U.S. 245, 24 L. Ed. 828 (1878); *see also McCarthy on Trademarks,* §23.76. A colorable imitation has also been defined as meaning "a copy that gives the same impression as the original." *Montblanc-Simplo v. Aurora Due S.r.L.*, 363 F. Supp. 2d 467 n.4 (E.D. N.Y. 2005). Missouri Courts have held that where a "person ***using that care, caution and observation*** which the public uses and may be expected to use, ***would mistake one for the other***, then the new name is to be regarded as an imitation of the former." *Missouri Federation of The Blind v. National Federation of The Blind, Inc.*, 505 S.W.2d 1, 5-6 (Mo. Ct. App. 1973)(emphasis supplied).

"<u>The University News, a Student Voice Serving Saint Louis University Since 1921</u>" is not a colorable imitation of "St. Louis University" and, in fact, the terms are readily distinguishable.

The Court's recent Order (d/e 79, p. 8) states that there is no evidence that Dr. Meyer used the accused marks in public. Accordingly, Dr. Meyer did not assume, adopt or use a name so nearly resembling the name of such incorporated organization ("St. Louis University") in a way calculated <u>to deceive any person</u> with respect to such corporation. SLU has no evidence that Dr. Meyer assumed, adopted, or used a name that was calculated to deceive any person. Dr. Meyer thought he was reserving the name for the students since he thought the name belonged to the students as the newspaper had been a student newspaper for 80 years. (Exh. 1 p. 76, l. 24 - p. 77, l. 2).

Simply put, Plaintiff cannot meet its burden to come forward with evidence that Dr. Meyer has violated Missouri Revised Statute § 417.150.

6

> B. Injunctive Relief Is Not Warranted Since SLU Has Not Suffered An Irreparable Injury and Since The Conduct Sought To Be Enjoined Has Been Discontinued With No Threat That It Will Be Repeated

The remedy sought by SLU under the Missouri benevolent society statute is injunctive relief. (d/e 1, p. 14). Under equitable principles, a movant seeking permanent injunctive relief must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, an equitable remedy is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

The imposition of a permanent injunction is within the Court's discretion. *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). A court is not obligated to grant injective relief in every instance in which a movant sets forth a violation of law. *Weinberger v Romero-Barcelo*, 456 U.S 305, 311-312 (1982). A court should deny injunctive relief if the movant demonstrates only a mere possibility of injury or harm. *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1194 (8th Cir. 1992). Indeed, the movant "must show that… the threatened injury is real, not imagined." *Felter v. Cape Girardeau Sch. Dist.*, 810 F.Supp. 1062, 1070 (E.D. Mo. 1993).

Meyer's Interrogatory No. 10 asked for all facts that SLU contends support its allegation that the alleged wrongdoings by Dr. Meyer resulted in SLU suffering and continuing to suffer irreparable harm. In response, SLU answered "SLU states that Meyer's actions <u>may leave</u> SLU <u>open</u> to attacks on its intellectual property that SLU <u>may</u> <u>not</u> be able <u>to fully</u> defend…" See <u>Exhibit 2</u> attached hereto, SLU's response to Meyer's Interrogatories, attached hereto and incorporated by reference herein.(emphasis added).

SLU's evidence admits it has <u>not suffered</u> an irreparable injury, but only that it "may." SLU has not shown and cannot show any real injury.

The purpose of an injunction is to prevent future wrongs. *Gratz v. Bolinger*, 539 U.S. 244 (2003). Even if this Court finds Dr. Meyer violated the Missouri misuse statute, which he contends he has not, injunctive relief is not warranted since the conduct sought to be enjoined has been discontinued even prior to the filing of the lawsuit and has no threat of recurring. *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)(for injunctive relief, cessation of underlying conduct moots case)(see also *Walker v. Bowersox*, 526 F.3d 1186 (8th Cir. 2008))(movant's request for injunctive relief ruled moot as movant was no longer incarcerated at location)(citing *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)("a claim for injunctive relief for improved conditions is moot if movant is no longer subject to previous conditions")).

In *Missouri Fed. of the Blind*, 505 S.W.2d at 7, the court stated that equity "equity rests upon the unfairness of a subsequent use which misappropriates a name already identified by the public *with the activities of another*…"(emphasis added). The Court's recent Order (d/e 79, p. 8) recognizes that there were no "activities of another".

Dr. Meyer dissolved the non-profit corporation months before this lawsuit was filed. Further, Dr. Meyer has repeatedly provided assertions throughout this proceeding that he has not used the phrase "The University News, A Student Voice Serving Saint Louis University Since 1921" in any manner other than the registration and dissolution of the non-profit organization. Dr. Meyer acknowledges that even if the underlying conduct has ceased, a reviewing court can inquire whether there is reasonable apprehension that the harmful conduct may recur. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). However, Dr. Meyer's purpose for

the corporation paperwork of reserving the name for the student newspaper should it move off campus and the students' acceptance of a new charter eliminates any reasonable apprehension that harmful conduct may recur.

## IV.     **CONCLUSION**

SLU has no evidence which can meet its burden of proving the elements of Count VII. Moreover, SLU cannot show any threatened or continuing harm such that an injunction should issue. Dr. Meyer does not anticipate any substantive or procedural problems as requested in the Court's Case Management Order (d/e 12).

*******************

Respectfully submitted,

POLSTER, LIEDER, WOODRUFF &
LUCCHESI, L.C.

By:  *s/Nelson D. Nolte*
Nelson Nolte, #111,801
Brian J. Gill, #2,694,853
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail:  bgill@patpro.com
E-mail:  nnolte@patpro.com
ATTORNEYS FOR DEFENDANT

# **CERTIFICATE OF SERVICE**

  I further certify that on the 31st day of December, 2008, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

          Frank B. Janoski, #3480
          Bridget Hoy, #109375
          Lewis, Rice & Fingersh, L.C.
          500 North Broadway, Suite 2000
          St. Louis, Missouri 63102
          T (314) 444-7600
          F (314) 241-6056
          ATTORNEYS FOR PLAINTIFF

*s/Nelson D. Nolte*