IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, Plaintiff, v. AVIS MEYER, Defendant. | ) ) ) ) ) ) ) ) ) ) ) Case No. 4:07CV1733 CEJ |

**PLAINTIFF SAINT LOUIS UNIVERSITY'S
MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE**

**I.    INTRODUCTION**

It is anticipated based upon Defendant Avis Meyer's pretrial filings to date that he will attempt to introduce evidence or submit attorney argument regarding irrelevant topics, or topics for which any relevance is far outweighed by the danger of unfair prejudice or the potential for delay and waste of the Court's time. Plaintiff Saint Louis University requests that the evidence be excluded as explained in more detail below.

**II.   PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, AND 403, DEFENDANT MEYER SHOULD BE PRECLUDED FROM INTRODUCING CERTAIN EVIDENCE OR PRESENTING ATTORNEY ARGUMENT RELATED TO CERTAIN TOPICS.**

Federal Rules of Evidence 401 and 402, read together, provide that evidence not "having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is not admissible because it is not "relevant." Additionally, pursuant to Rule 403 "evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice." Relevant

Saint Louis University v. Meyer    Doc. 94

1509408.03

Dockets.Justia.com

evidence may also be excluded if admission would cause "undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The trial of this case involves a single claim for violation of Missouri Revised Statute § 417.150. Based upon Meyer's pretrial filings, it appears that one of Meyer's tactics at trial will be to divert attention from the issues at hand (his adoption or assumption of Plaintiff's benevolent society name and his calculated efforts to deceive as to Saint Louis University) to issues that are either not relevant to the determination to be made by the Court, or have such minimal relevance that their probative value is far outweighed by prejudice to Plaintiff and the considerations of undue delay and waste of the Court's time. Several of these topics, which the parties would benefit from a pre-trial ruling, include: (A) Defendant's motive in registering the non-profit corporation; (B) Plaintiff's administrative decisions regarding an official advisor to *The University News* students; (C) the amount of the stipend paid to the Editor-in-Chief of *The University News*; (D) steps Meyer took to establish an independent newspaper; and (E) Plaintiff's reasons for pursuing this litigation. Proper exclusion of each of these topics is discussed below.

### A. Motive

It is anticipated that Defendant will attempt to submit evidence and attorney argument regarding his claimed motivation for registering the non-profit corporation. Motive is not an element of, or defense to, a violation of § 417.150. Any such evidence or argument submitted for purposes of Meyer's defense to the claim against him should therefore be excluded under Rule 402.

Specifically, Meyer states in his Trial Brief at p. 3 that he registered the non-profit corporation to "save the name" of Saint Louis University's student paper for students to use

should they decide to start their own independent paper. Although the credibility of his after-the-fact, self-serving assertions that he was only trying to help the students is sorely in question based upon numerous inaccuracies in his testimony,[1] whatever his motive, it is not a fact of consequence regarding a violation of § 417.150. Such evidence should be excluded from trial.

It is important to note, however that his assertions regarding his motive are distinct from the issue of Meyer's selection of a name so close to the name of Saint Louis University's campus paper that it would be recognized in the community as the same paper Saint Louis University had published for several decades. That distinct fact, and evidence establishing that fact, are relevant to whether Meyer acted in a way "calculated to deceive" with regard to Saint Louis University. That similar but distinct evidence should not be excluded.

**B.     Advisor**

It is also anticipated based upon Defendant's pretrial filings that Defendant will attempt to submit evidence related to Saint Louis University's internal, administrative decisions regarding appointment of an official advisor for the student editorial staff of Saint Louis University's *The University News*. Indeed, Meyer's Exhibits A, C, and D are internal Saint Louis University emails discussing that administration decision and whether it was proper to continue to list Meyer's name on *The University News*' masthead after he ceased being the official advisor. Meyer's Exhibit E is an email from Saint Louis University to him, well after

---

[1] For instance, he states in his Trial Brief at p. 3 that he "thought that the name of the newspaper belonged to the students since it had been a student newspaper for 81 years." In his deposition, however, he admitted that he knew the paper was published by Saint Louis University and that the name had value to Saint Louis University. Other documents indicate that it was known from the beginning that if they went off-campus to publish a paper independently, they may not be allowed to use the name. Based upon this and other evidence too lengthy to detail herein, it is not credible for Meyer to now claim in his Trial Brief that he thought the name "belonged" to the students and all he was doing was "reserving" it for their use if they wanted it. Plus, his logic is flawed because if he thought the name truly "belonged" to the students, there would be no reason to "save" it for them. He knew all along that it belonged to the University and he hoped that by registering it he would get one up on Saint Louis University in his long tug of war with the Administration.

this lawsuit was underway, requesting that Meyer not be present in *The University News* newsroom during press nights so that the students would not receive conflicting advise from both Meyer and the official advisor, which would interfere with the official advisor's relationship with the students and effectiveness in his official role.

Meyer's Exhibits A, C, D and E, and any evidence or argument related to the topics of those documents, are irrelevant to the issues to be tried because Saint Louis University's administrative decision regarding appointment of an official advisor has no bearing on the alleged violation of § 417.150. Specifically, administrative/personnel issues regarding appointment of an advisor to the students do not tend to prove or disprove whether Meyer's actions constituted an assumption or adoption of Saint Louis University's benevolent society name. Moreover, while the simple fact that Meyer was an advisor to *The University News* for several decades is relevant to show that Meyer's selection of a name as close as he could recall to the name and tagline of Saint Louis University's campus paper was "calculated to deceive" with regard to Saint Louis University, Saint Louis University's decision to appoint a different advisor and its request that Meyer not interfere with that official advisor's duties thereafter are not relevant.

To the extent evidence regarding Plaintiff's decision to appoint an official advisor is deemed minimally relevant with regard to the § 417.150 violation, it should be excluded under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice. Admission of such evidence would additionally cause delay and a waste of time because Saint Louis University would be required to present a litany of evidence related to its policies and procedures with regard to its faculty and student organizations, all of which is

tangential at best to the issues to be tried. The evidence and any related argument should be excluded from trial.

C. **Stipend**

Evidence related to the amount of any stipend paid by Saint Louis University to the Editor-in-Chief of *The University News* is irrelevant. It is anticipated that Meyer will try to introduce evidence at trial indicating that some time prior to his registration of his non-profit corporation, Saint Louis University made an administrative decision to change the distribution of funds for purposes of student group stipends and in effect reduced the amount of money the Editor-in-Chief of *The University News* received from the University. While the existence of the stipend and Meyer's knowledge of it might be relevant to show Meyer's knowledge that *The University News* was published and owned by Saint Louis University (in rebuttal to Meyer's disingenuous claim that he thought the students owned the paper and he therefore did not think he was violating any rights of Saint Louis University in registering the non-profit corporation), the amount of the stipend and any controversy with the students related to that amount are not relevant to these proceedings. Admission would additionally cause delay and a waste of time contrary to the provisions of Rule 403 because Saint Louis University would be required to present evidence related to its policies and procedures with regard to funding of its student organizations, which would be a distraction to the issues to be tried. Such evidence should be excluded.

D. **Establishment of an independent newspaper**

Meyer has asserted in his Trial Brief at p. 2 that he "never established a newspaper or even took any concrete steps toward the establishment of a newspaper." It is anticipated that he will try to present evidence or attorney argument to that effect at trial. Such testimony or

argument is irrelevant to the remaining Count VII. Meyer's registration of the non-profit corporation and his use of Saint Louis University's letterhead, contact information and fax line in dissolving it are the acts that constitute unlawful assumption and adoption of Plaintiff's benevolent society name, without regard to whether Meyer ever actually established a newspaper. Additionally, Meyer's selection of a name that incorporates almost verbatim the name and tagline of the paper Plaintiff has published for decades, and his dissolution of the entity in a manner that left a public record indicating that Saint Louis University was involved, are the acts that were calculated to deceive as to Plaintiff. Whether or not he established a newspaper cannot negate these actions. Additionally, this Court has already acknowledged that public use on a good or service is not required for a violation of § 417.150. *See* Order, dated December 24, 2008, at p. 9. For these reasons, such testimony or argument would be simply irrelevant and should be excluded from trial pursuant to Rule 402.

Moreover, to the extent Meyer is allowed to present such evidence or make such an argument, Saint Louis University will be forced to rebut the testimony, causing significant delay and waste of time in light of the minimal, if any, relevance to the issues to be tried. For instance, Meyer himself concedes that he took *some* steps toward establishing a paper by qualifying his statement as to "concrete" steps. *See* Defendant's Trial Brief at p. 2. If Meyer asserts at trial, as he did in his Trial Brief, that he did not take any "concrete" steps, Saint Louis University will be forced to present evidence regarding the "steps" he did take so the Court can make the determination of whether they were legally relevant or not and whether Meyer's destruction of evidence prevented further identification of the steps he did take. For example, Meyer made a public statement in an article that "there is a plan, vaguely in the works . . . I'm part of it" to start an independent paper using the non-profit corporation. That "plan" included discussions he had

with "people with really important jobs and they have really good income" who are "going to help us set this up." Meyer was referring, at least, to Tom Downey, Head of Boeing International Public Relations in Paris, France, with whom he discussed his registration and deregistration of the entity and the practicalities of starting an independent paper. He also had discussions with other persons outside his non-profit corporation regarding the practicality of funding and operating an independent newspaper, including discussions with the entire student board for *The University News* at the time, the Dean of Arts and Science at Ohio State, the State's Attorney for the State of Ohio, and a retired *Philadelphia Inquirer* reporter. Of course, Meyer has denied that any further action was taken, but at the same time destroyed any emails that would have proven otherwise. In any event, the delay and waste of time caused by presentation of this evidence in rebuttal to an irrelevant, or minimally relevant at best, assertion by Meyer regarding whether he took any real steps toward starting an independent paper, warrants exclusion pursuant to Rule 403.

E.   **Filing of Lawsuit**

It is anticipated that Meyer will try to submit testimony, argument or evidence insinuating (based only upon his own assumptions and perceptions) that Saint Louis University's reason for filing or proceeding with this lawsuit was based upon Meyer's perceived long-standing vendetta with the President of Saint Louis University, Father Lawrence Biondi. Such testimony or argument is irrelevant to whether Meyer's actions violated Saint Louis University's exclusive right to its benevolent society name. Allowing any testimony or argument related to Meyer's perceived feud with Father Biondi would be unproductive and not relevant to the issues to be decided by the Court. Such evidence should therefore be excluded under Rule 402.

Furthermore, such speculation by Meyer should be excluded pursuant to Rule 403 because it is patently false and would be based upon Meyer's self-serving assumptions, making any probative value far outweighed by prejudice to Saint Louis University.

III. CONCLUSION

Therefore, under Federal Rules of Evidence 401, 402 and 403, or other applicable law, the Court should preclude Defendant Avis Meyer, his counsel, and witnesses from making any reference in opening statement or otherwise, or from testifying, attempting to introduce evidence or eliciting any testimony related to the topics set forth herein.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: \_\_\_\_/s/ Frank B. Janoski\_\_\_\_
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

    I further certify that on the 9th day of January, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

                                                 /s/ Frank B. Janoski
                                        Frank B. Janoski
                                        LEWIS, RICE & FINGERSH, L.C.
                                        500 N. Broadway, Suite 2000
                                        St. Louis, MO 63102
                                        Telephone: (314) 444-7600
                                        Facsimile: (314) 612-1307
                                        E-mail: fjanoski@lewisrice.com