IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) | |
| a Missouri benevolent corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:07-cv-01733 |
| v. ) | |
| ) | |
| AVIS MEYER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
WITNESSES UNTIMELY DISCLOSED BY PLAINTIFF**

COMES NOW, Defendant Avis Meyer ("Defendant" or "Dr. Meyer") and moves the Court, *in limine*, for an order excluding, pursuant to Federal Rule of Civil Procedure 37, from trial all witnesses untimely disclosed to Defendant. This Court's Case Management Order of February 7, 2008, [d/e 12] set the discovery cutoff deadline of August 18, 2008. Yet, in violation of this Order, Plaintiff has undertaken the following:

1. On December 31, 2008, over four (4) months after the close of discovery, Plaintiff for the first time disclosed individuals who Plaintiff has now included in their trial witness list (See Plaintiff's December 31, 2008 Trial Witness List (d/e 83) and Plaintiff's February 20, 2008 Rule 26 disclosure, attached hereto as Exhibit 1 and incorporated by reference herein).

These untimely disclosed witnesses include each of the following:

1. Joseph Weixlmann – Plaintiff has never disclosed Provost Weixlmann as a potential witness with knowledge pertinent to this case in any Rule 26(a) disclosure. (Exh. 1).

1

Plaintiff has not filed a supplemental Rule 26(a) disclosure. Additionally, Plaintiff has never disclosed Mr. Weixlmann in Plaintiff's Response To Defendant's Interrogatories. (Plaintiff's Response To Defendant's Interrogatories, attached hereto as Exhibit 2 and incorporated by reference herein).

2. Kent Porterfield – Plaintiff has never disclosed Mr. Porterfield as a potential witness with knowledge pertinent to this case in a Rule 26(a) disclosure. (See Exh. 1). Plaintiff has not filed a supplemental Rule 26(a) disclosure. Additionally, Plaintiff has never disclosed Mr. Porterfield in Plaintiff's Response To Defendant's Interrogatories. (See Exh. 2).

Both of these witnesses have been untimely disclosed, and are now disclosed just weeks before trial. Because neither of these witnesses was properly and timely identified as having knowledge relevant to this case during the discovery process, they should be barred from testifying.

Under Rule 26, pursuant to this Court's Case Management Order, and in response to Dr. Meyer's discovery requests, Plaintiff was obligated to provide these names during the discovery process. Instead, the Plaintiff has chosen to disclose these witnesses on Dr. Meyer well outside the discovery process and in violation of this Court's Case Management Order. Hence, allowing either of these witnesses to testify at trial would unfairly prejudice Dr. Meyer and reward Plaintiff for ignoring the Court's Case Management Order. Accordingly, these witnesses should be excluded from trial.

Defendant's Memorandum in Support of Defendant's Motion in Limine to Exclude Witnesses Untimely Disclosed by Plaintiff is submitted herewith.

A proposed Order granting this motion in limine is attached hereto.

*******************

Respectfully submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/Brian J. Gill*
Nelson Nolte, #111,801
Brian J. Gill, #2,694,853
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: bgill@patpro.com
E-mail: nnolte@patpro.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I further certify that on the 12th day of January, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
ATTORNEYS FOR PLAINTIFF

*s/Brian J. Gill*