IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) <br> a Missouri benevolent corporation, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 4:07-cv-01733 <br> v. ) <br> ) <br> AVIS MEYER, ) <br> ) <br> Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
IT'S MOTION IN LIMINE TO EXCLUDE
WITNESSES UNTIMELY DISCLOSED BY PLAINTIFF (d/e 96)**

## I.    INTRODUCTION

This case was filed on October 11, 2007. On February 7, 2008, this Court entered its Case Management Order (d/e 12). Pursuant to that Order, discovery closed on August 18, 2008, more than four (4) months ago. (d/e 12). Yet, despite these clear deadlines, Plaintiff acts in total disregard of the Court's Order. Plaintiff's exploit is the inclusion of two individuals in Plaintiff's Witness List (d/e 83) that were disclosed for the first time long after the close of discovery.

On February 20, 2008, Plaintiff served its Rule 26(a) disclosures (d/e 96, Exh. 1) on Defendant. None of the two witnesses untimely named on Plaintiffs' Witness List (d/e 83), were identified in Plaintiffs' original disclosures (d/e 96, Exh. 1). Plaintiff has not served supplemental Rule 26 disclosures.

Further, over six months ago, on June 19, 2008, Defendant served his First Interrogatories on Plaintiff. The Plaintiff responded to those Interrogatories on August 18, 2008.

1

(d/e 96, Exh. 2). None of the untimely named witnesses in Plaintiff's witness list were identified in any of Plaintiff's discovery responses.

In attempting to disclose these witnesses only weeks before trial, Plaintiff has violated Rule 26, this Court's Case Management Order, and has failed to timely and properly respond to Dr. Meyer's discovery requests, all of which required that Plaintiff provide these names during the discovery process.

Plaintiff's tardy and improper disclosure is inexcusable. Defendant should not suffer from Plaintiff's dilatory actions. Accordingly, all of Plaintiff's tardily identified and disclosed witnesses should be barred from trial.

## II. THE LAW FORBIDS SUCH TARDY DISCLOSURES

### A. The Court Should Bar All Plaintiff's Newly Disclosed Witnesses From Trial Pursuant To Rule 37(c) Fed. R. Civ. P.

The untimely disclosed witnesses, Provost Joseph Weixlman and Mr. Kent Porterfield, should be excluded from trial under Rule 37(c), because: (i) the eleventh-hour naming of these witnesses constitutes a violation of the Rule 26(a) initial disclosure process; (ii) the disclosures constitute grossly tardy discovery responses that prejudicially violate this Court's Case Management Order; and (iii) the disclosures further violate this Court's Case Management Order because they would prejudicially require reopening the discovery process for depositions.

1. <u>The Eighth Circuit encourages proper application of Rule 37(c) Fed. R. Civ. P. to preclude a party from presenting information at trial when the information was not timely disclosed in discovery.</u>

Pursuant to Rule 37(c), "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e), *is not*, unless such failure is harmless, *permitted* to use [any such information] at trial..." Rule 37(c)(1) Fed. R. Civ. P.(emphasis added). This Rule directs that

where a party inexcusably fails to timely disclose information requested through discovery, that party cannot later use that information as evidence at trial.

Significantly, the Eighth Circuit has promoted the appropriate use of Rule 37(c) to prevent prejudicial abuse of the discovery process. In *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, for example, the Eighth Circuit expressly stated that, "[t]he power of the trial Court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders *is essential*' to judicial management of the case." 47 F.3d 277, 284 (8th Cir. 1995)(citations omitted)(emphasis added)(upholding the exclusion of expert witness evidence that failed to comply with the trial Court's scheduling order). Of course, "[o]nce discovery has closed, it is within the district Court's discretion whether or not to allow it to be reopened." *Philip v. Ford Motor Co.*, 328 F.3d 1020 (8th Cir. 2003)(citations omitted).

Hence, this Court has discretionary power under Rule 37(c), and encouragement from the Eighth Circuit, to exclude evidence not disclosed in compliance with its Case Management Order.

2. Plaintiffs' Eleventh-Hour Naming Of These Witnesses Constitutes A Grossly Tardy Rule 26(a) Initial Disclosure That Triggers Rule 37.

Pursuant to Rule 26(a), Plaintiff was obligated to disclose to Defendant "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Rule 26(a)(1)(A) Fed. R. Civ. P. This disclosure requirement certainly includes witnesses Plaintiff may call at trial. Rule 26 is further clear that, "[a] party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing." Rule 26(e)(1) Fed. R. Civ. P. This certainly obligates Plaintiff to promptly and timely amend its Rule 26(a) initial disclosures to identify witnesses Plaintiff plans to call at trial, and not to wait to the eve of trial to spring a new witness on Defendant.

However, on February 20, 2008, Plaintiff served its Rule 26(a) initial disclosures on Dr. Meyer. (d/e/ 96, Exh. 1). None of the two untimely named witnesses on Plaintiff's Witness List (d/e 83), were identified in Plaintiff's original disclosures. Plaintiff has not supplemented its original disclosures. Plaintiff should have been identified as these persons having knowledge under Rule 26(a)(1)(A) prior to or during discovery to allow Defendant the opportunity to investigate the extent of their knowledge and possibly conduct depositions. Plaintiff has failed to do so, in direct violation of Rule 26(a)(1) and Rule 26(e), all to the unfair prejudice of Defendant. Accordingly, this Court should exclude the two newly disclosed witnesses under Rule 37.

> 3. <u>Plaintiffs' Eleventh-Hour Naming Of New Witnesses, Timed To Preclude Dr. Meyer From Being Able To Reopen Discovery To Depose The Witnesses, Constitutes A Grossly Tardy Response To Dr. Meyer's Interrogatories That Triggers Rule 37.</u>

Trial in this case is set to begin January 20, 2008, just over a week from now. Pursuant to this Court's Case Management Order, discovery closed on <u>August 18, 2008</u>, over four (4) months ago. Pursuant to this Court's Case Management Order, six months ago, on June 19, 2008, Defendant served his First Interrogatories on Plaintiff. (<u>Exhibit 1</u>, Defendant's First Set of Interrogatories to Plaintiff, attached hereto and referenced hereinafter as "Exh. 1"). Those Interrogatories sought, among other information, the identities of all persons who provided information used in answering the Interrogatories. The Interrogatories also sought all persons with knowledge of the at-issue corporation paperwork. Plaintiff served its responses to that

discovery on Dr. Meyer August 18, 2008. (d/e 96, Exh. 2). Of course, pursuant to Rule 26(e), Plaintiff was under the ongoing duty to timely and seasonably supplement their responses to Dr. Meyer's Interrogatories if its answers were incomplete or incorrect for any reason. Rule 26(e) Fed. R. Civ. P.

However, only two weeks ago, and less than four weeks before trial, Plaintiffs served its trial witness list on Defendant that for the first time discloses two (2) new witnesses that Plaintiff asserts they will call and may call at trial. Plaintiff never supplemented their discovery answers to include any of these individuals. Moreover, given that trial is just over a week away, Defendant cannot reasonably now reopen discovery to depose these witnesses and properly and fully investigate their testimony and any information their depositions may reveal.

Defendant repeatedly requested the identities of all individuals having knowledge of discoverable information relating to aspects of this case. Since the two untimely disclosed witnesses are included in Plaintiff's Trial Witness List (d/e 83), it can only be assumed that Plaintiff believes these individuals have knowledge relevant to their claims and defenses. Yet, despite Defendant's clear and long-standing requests for this information, Plaintiff did not identify the two untimely disclosed witnesses.

Dr. Meyer will be unfairly prejudiced if these untimely disclosed witnesses are allowed to testify. As circumstances stand, because discovery is long closed, Defendant will now have no opportunity to adequately explore the bases of testimony and cannot appropriately prepare for trial if Plaintiff is allowed to slip these witnesses in at the eleventh hour.

The springing of new witnesses at trial constitutes the very type of prejudicial surprise that Rule 37 sanctions are designed to eliminate. Accordingly, this Court should exercise its authority under Rule 37 and exclude Plaintiffs' two newly named witnesses from trial.

### B. Plaintiff Has Incorrectly Asserted Its Burden Under Federal Rule 26(a)(1)

Plaintiff offers little or no explanation for their grossly tardy disclosures. Plaintiff has previously asserted that Provost Weixlmann was identified "in Dr. Meyer's deposition and produced documents." (*See* Plaintiff's Sur Reply Regarding Defendant's Motions For Summary Judgment d/e 74). Plaintiff, however, incorrectly states its burden under the Federal Rules. To the extent that Provost Weixlmann may have been listed in some of the pages of documents produced by the parties in this case, such references fail to meet Plaintiff 's burden under Rule 26(a)(1) to disclose persons having information that Plaintiff may use to support their claims or defenses, and identifying the subjects of the information. Plaintiff has failed to do so.

In particular, Plaintiff proffers that Provost Weixlmann was named in Defendant's deposition. (d/e 74 referring to Plaintiff's Opposition (d/e 64-5) at p. 78-79.) Below is the single deposition reference to Provost Weixlmann's name:

"A. I asked one of the big shots at St. Louis U. A question one day and he didn't have an answer. I said "if Humphries puts a big sign in their window that says -- it's a bar near St. Louis U, it's very popular -- "serving St. Louis University students for more than 20 years", would that be violating intellectual property?

Q. Uh-huh.
A. Would it?
Q. Which big shot did you ask?
A. Joe Wexman.
Q. Okay. And what was his answer?
A. He just laughed."

Next, Plaintiff argued that the produced documents illustrated "Provost Weixlmann's involvement and knowledge regarding the facts and legal issues of this case." (d/e 74, p. 2). Plaintiff relied upon an exhibit of produced documents. (d/e 74, p. 2 referring to d/e 74-3). This exhibit, however, does not at all illustrate Provost's Weixlmann's involvement and knowledge regarding <u>the facts and legal issues of this case</u>. Of the fourteen pages comprising this exhibit,

6

about 8 or 9 pages relate to Provost Weixlmann banning Defendant from the student newsroom on production nights. (d/e 74-3). Then, about 2 pages of the exhibit relate to SLU not inviting Dr. Meyer to attend an award ceremony, wherein the award given (or person honored) was in <u>Dr. Meyer's name</u>. (d/e 74-3). The balance of the exhibit relates to Dr. Meyer seeking a clarification to one of Fr. Biondi's monthly messages, wherein Provost Weixlmann's name is not even mentioned. (d/e 74-3).

Plaintiff then argued that Provost Weixlmann's involvement <u>was never a secret</u> in this litigation and to supplement SLU's initial disclosures <u>makes no sense</u>. (d/e 74, p. 2). If Provost Weixlmann's involvement was not a secret then Plaintiff following its burden under the Federal Rules should have listed Provost Weixlmann in its initial disclosures.

Plaintiff continues its argument that Provost Weixlmann was available for deposition referring to a September 8, 2008 email from Plaintiff's counsel to Defendant's counsel. (d/e 74-5). In this email, Plaintiff's counsel incredibly questions why Defendant would need Plaintiff's production to prepare for his dispositive motions. (d/e 74-5). Plaintiff's production, received by Defendant on September 10, 2008, did not illustrate Provost Weixlmann's involvement and knowledge regarding the <u>facts and legal issues of this case</u>; and, consequently Defendant did not take Provost Weixlmann's deposition. Surely, Plaintiff is not now contending, despite its representations otherwise throughout this proceeding, that the production night activities of the student newspaper relate to the facts and legal issues of this case and in particular a violation of Mo. Rev. Stat. 417.150.

## II. <u>CONCLUSION</u>

Plaintiff has flaunted the Court's Case Management Order. The Court should not tolerate such belated disclosure of new witnesses. The Court should therefore grant Defendant's Motion

7

*in Limine* To Exclude Witnesses Untimely Disclosed by Plaintiff (d/e 96) and bar Plaintiff from calling at trial any of the two untimely disclosed witnesses.

*******************

> Respectfully submitted,
>
> POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.
>
> By: *s/Brian J. Gill*
> Nelson Nolte, #111,801
> Brian J. Gill, #2,694,853
> 12412 Powerscourt Drive, Suite 200
> St. Louis, Missouri 63131-3615
> (314) 238-2400
> (314) 238-2401 (fax)
> E-mail: bgill@patpro.com
> E-mail: nnolte@patpro.com
> ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I further certify that on the 12th day of January, 2009 the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

> Frank B. Janoski, #3480
> Bridget Hoy, #109375
> Lewis, Rice & Fingersh, L.C.
> 500 North Broadway, Suite 2000
> St. Louis, Missouri 63102
> T (314) 444-7600
> F (314) 241-6056
> ATTORNEYS FOR PLAINTIFF

*s/Brian J. Gill*