## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, )<br>a Missouri benevolent corporation, )<br>)<br>Plaintiff, )<br>) Case No. 4:07-cv-01733<br>v. )<br>)<br>AVIS MEYER, )<br>)<br>Defendant. ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT
### OF DEFENDANT'S MOTION *IN LIMINE (d/e 98)*

### I.     INTRODUCTION

It is anticipated based on Plaintiff's pretrial filings to date that it will attempt to introduce evidence or submit attorney argument regarding hearsay statements, irrelevant topics, or topics for which any relevance is far outweighed by the danger of unfair prejudice or the potential for delay and waste of the Court's time. Defendant request that the evidence be excluded as explained in more detail below.

### II.    PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, 403 and 802 PLAINTIFF SHOULD BE PRECLUDUED FROM INTRODUCING CERTAIN EVIDENCE OR PRESENTING ATTORNEY ARGUMENT RELATED TO CERTAIN TOPICS

Federal Rules of Evidence 401 and 402, read together, provide that evidence not "having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is not admissible because it is not "relevant." Additionally, pursuant to Federal Rule of Evidence 403, "evidence may be excluded if the probative value is substantially outweighed by the danger of unfair

prejudice." Relevant evidence may also be excluded if admission would cause "undue delay, waste of time, or needless presentation of cumulative evidence."

The trial of this case involves a single claim for violation of Missouri Revised Statute § 417.150, which prohibits misuse of a benevolent society's name. Based upon Plaintiff's pretrial filings, it appears that one of Plaintiff's tactics at trial will be to divert attention from the issue at hand (that Plaintiff does not have evidence that Dr. Meyer violated Missouri Revised Statute § 417.150) to issues that are either not relevant to the determination to be made by the Court, or have such minimal relevance that their probative value is far outweighed by prejudice to Dr. Meyer and the considerations of undue delay and waste of the Court's time. Several of these topics, upon which the parties would benefit from a pre-trial ruling, include: "facebook" and/or "blog postings"; alleged destruction of evidence and providing "assurances".

A.  "Facebook" and/or "Blog Postings"

It is anticipated that Plaintiff will attempt to submit evidence and attorney argument regarding "facebook" and/or "blog postings". Any such evidence or argument submitted should be excluded under Rule 802.

At least Plaintiff's Trial Exhibits 23, 24 and 25, and any evidence or argument related to the topics of those documents constitute hearsay statements which are not subject to any hearsay exception. See d/e 92-3 and Trial Exhibits, 23, 24 and 25, respectively. In particular, Exhibit 23 is a "facebook" posting purportedly by a Lisa Watson of a timeline of the present litigation. Exhibits 24 and 25 are blog posting purportedly from Diana Benati's blog site. (See Exhibits 24 and 25). Ms. Benanti is a former SLU student and former editor of SLU's student newspaper, *The University News*. Dr. Meyer has testified that he has not seen Ms. Benanti's website and that he doesn't "do blogs" and doesn't "know how to get on them". (Meyer depo p. 183, lines 1-8).

(See Exhibit 1 attached hereto and incorporated by reference herein,). Ms. Benanti is not listed as a trial witness for either party.

To the extent that evidence regarding "facebook" and/or "blog postings" could be considered as not hearsay statements or as an exception to hearsay statements , then these postings are irrelevant to the issue to be tried; and, moreover should be excluded under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice. These postings contain negative statements made by people other than Dr. Meyer regarding Father Biondi, chancellor of St. Louis University. Admission of such evidence would additionally cause delay and a waste of time because Dr. Meyer would be required to present evidence that he did not make these negative statements regarding Father Biondi. The evidence and any related argument should be excluded from trial.

B.     Alleged Destruction of Evidence

It is anticipated that Plaintiff will attempt to submit evidence and attorney argument regarding deletion of emails or correspondence or spoliation activities by Defendant. Any such evidence or argument submitted for purposes of Plaintiff's *prima facie* case should be excluded under Rule 403.

The parties have briefed and argued SLU's motion for sanctions regarding the alleged destruction of evidence. In this Court's recent order (d/e 79, p. 12), the Court noted that with respect to the deleted emails, "information communicated in emails made its way to websites, published articles, and blog postings, which have been provided to the Court. Review of these sources establishes that the public debate has focused on the larger dispute having to do with control of the "University News." Nothing has appeared in these sources that indicate that defendant communicated the accused marks to the public in a manner likely to cause confusion."

Admission would additionally cause delay and a waste of time contrary to the provisions of Rule 403 because the parties would be required to re-argue this issue that the Court has already decided. Evidence and any related argument regarding deletion of Dr. Meyer's personal email should be excluded from trial.

  C. <u>Assurances</u>

It is anticipated that Plaintiff will attempt to submit evidence and attorney argument regarding an alleged lack of assurance by Dr. Meyer to the Plaintiff. Any such evidence or argument submitted for purposes of Plaintiff's *prima facie* case should be excluded under Rule 403.

Throughout this proceeding, Plaintiff has alleged that Defendant has not assured Plaintiff that he has not used the phrase "The University News, A Student Voice Serving Saint Louis University Since 1921" in any manner other than the registration of the non-profit organization. In his Answer, Defendant denied having the intent to publish a newspaper using the name "University News, A Student Voice Serving Saint Louis University Since 1921." (d/e 7, ¶16). Additionally, Defendant denied publishing or likely to soon publish a newspaper under a name which incorporates the name of Plaintiff's benevolent society, St. Louis University. (d/e 7, ¶29). Defendant denied having previously, or intending to, falsely advertise a newspaper published, authorized or sponsored by or affiliated with Plaintiff. (d/e 7, ¶¶62 and 74). Furthermore, Dr. Meyer denied using or intending to use Plaintiff's trademarks in connection with the distribution or advertising of a weekly newspaper. (d/e 7, ¶ 86). Defendant then confirmed his non-use of Plaintiff's marks in his admissions. (Admissions ¶8 attached hereto as <u>Exhibit 2</u> and incorporated by reference herein). During his deposition, Dr. Meyer submitted that he has not used the phrase "The University News, A Student Voice Serving Saint Louis University Since

4

1921" in any manner other than the registration of the non-profit organization. (d/e 56-2, Exh., p. 197, ll. 14-20). In his supplemental answer to Plaintiff's Interrogatory No. 6, Dr. Meyer also made this statement. (d/e 56-3, Exh. 4 p. 6).

Admission would additionally cause delay and a waste of time contrary to the provisions of Rule 403 because the Dr. Meyer has provided the requested assurance to Plaintiff. The evidence and any related argument should be excluded from trial.

### III. CONCLUSION

The Court should therefore grant Defendant's *Motion in Limine* and bar Plaintiff from presenting evidence as discussed above and as set forth in the accompanying proposed Order.

*******************

Respectfully submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/Brian J. Gill*
Nelson Nolte, #111,801
Brian J. Gill, #2,694,853
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: bgill@patpro.com
E-mail: nnolte@patpro.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

  I further certify that on the 12th day of January, 2009 the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

            Frank B. Janoski, #3480
            Bridget Hoy, #109375
            Lewis, Rice & Fingersh, L.C.
            500 North Broadway, Suite 2000
            St. Louis, Missouri 63102
            T (314) 444-7600
            F (314) 241-6056
            ATTORNEYS FOR PLAINTIFF

*s/Brian J. Gill*