**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:07-cv-01733 ) ) |
| AVIS MEYER, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* (d/e 93)**

### I. INTRODUCTION

Defendant Dr. Meyer ("Defendant" or "Dr. Meyer") opposes Plaintiff's Motion *In Limine* (d/e 93) for several reasons. Plaintiff's Motion *In Limine* seeks to exclude the following categories of evidence pursuant to Federal Rules of Evidence 401, 402 or 403:

1. Testimony, argument or evidence of Dr. Meyer's claimed motivation for registering the non-profit corporation.

2. Testimony, argument or evidence of Saint Louis University's administrative decision to appoint an official advisor for the student editorial staff of Saint Louis University's *The University News* and Saint Louis University's request thereafter that Avis Meyer not interfere in the newsroom to allow the official advisor the opportunity to establish a rapport with and gain respect from the students.

3. Testimony, argument or evidence related to the amount of any stipend paid by Saint Louis University to the Editor-in Chief of The University News;

4. Testimony, argument or evidence that Meyer never 'established a newspaper or even took any concrete steps toward the establishment of a paper.'

5. Testimony, argument or evidence that Saint Louis University's reason for filing or proceeding with this lawsuit had anything to do with Avis Meyer's perceived longstanding vendetta and the President of Saint Louis University, Father Lawrence Biondi.

Testimony, argument or evidence of Dr. Meyer's motivation for filing the corporation paperwork and that of Dr. Meyer never establishing a newspaper or even took concrete steps toward establishing a paper are relevant to his lack of a "calculation to deceive", an element of Missouri Revised Statute §417.50.  Testimony, argument or evidence of Plaintiff removing Dr. Meyer from the newsroom is relevant in that this banishment eliminates any reasonable apprehension that harmful conduct may reoccur in light of Plaintiff seeking injunctive relief.  For these and other reasons set out below, the Court should deny Plaintiff's Motion *In Limine*.

**II.     THE FIVE CATEGORIES OF EVIDENCE OR ARGUMENT SOUGHT TO BE EXCLUDED ARE RELEVANT TO THIS CASE**

The proper legal framework for analyzing Plaintiff's motion to exclude evidence is Federal Rule of Evidence 402, which states in relevant part: "All relevant evidence is admissible."  *Tinius v. Carroll County Sheriff Dept.*, 2004 WL 3103962 (N.D. Iowa 2004).  Federal Rule of Evidence 403 allows relevant evidence to be excluded only when the probative value of the evidence is ***substantially*** outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.  *United States v. Schumacher*, 238 F.3d 978, 980 (8th Cir. 2001).  Therefore, relevant evidence is presumed admissible unless Plaintiff shows one of the factors of Federal Rule 403 ***substantially*** outweighs the probative value of the evidence.

In an intellectual property case, Courts have noted that, as "a general rule, the balance under 403, should be struck in favor of admission."  *Transclean Corp. v. Bridgewood Servs.*, 101 F.Supp.2d 788 (D.Minn. 2000)(citing *Block v. R.H. Macy & Co.*, 712 F.2d 1241, 1244 (8th Cir. 1983)).

In order to prevail on its Motion *In Limine* to exclude evidence, Plaintiff bears the burden of demonstrating that the challenged evidence is not admissible. As discussed, below, Plaintiff has not met this burden in its Motion *In Limine*.

A. <u>Evidence Regarding Dr. Meter's Motive In Registering the Non-Profit Corporation and Non-Establishment of a Newspaper</u>

The sole remaining count in this case is governed by Missouri Revised Statute §417.150.[1] §417.150 prohibits adoption, assumption or use of a benevolent society's name, a colorable imitation thereof or a name calculated to deceive.

Dr. Meyer's motive for filing the corporation paperwork and his non-establishment of a newspaper are relevant and admissible as probative evidence of whether Dr. Meyer adopted, assumed or used a benevolent society's name. Dr. Meyer's purpose for the corporation paperwork of reserving the name for the student newspaper should the newspaper move off campus, the students' acceptance of a new charter for the on-campus newspaper, and Dr. Meyer's non-establishment of a newspaper are probative evidence of Dr. Meyer's lack of adoption, assumption or use of a benevolent society's name. Additionally, Dr. Meyer's motive for filing the corporation paperwork and his non-establishment of a newspaper are relevant and admissible as probative evidence as to the issue of his lack of calculation to deceive any person. A calculation to deceive another person requires an act with motivation or intent for deception. Federal Rule of Evidence 404(b) states that evidence of acts may be admissible to prove motive or intent.

---

[1] Missouri Revised Statute § 417.150. ¶1. states: "No person, society, association or corporation shall assume, adopt or use the name of a military, ex-military, patriotic, benevolent, humane, fraternal or charitable organization incorporated or organized under the laws of this or any other state or of the United States, or a name so nearly resembling the name of such incorporated organization as to be a colorable imitation thereof, or calculated to deceive any person with respect to such corporation."

3

Plaintiff's assertion under Rule 403 is simply insufficient for Plaintiff to carry its burden of demonstrating that any purported prejudice to Plaintiff substantially outweighs the probative value of the evidence Plaintiff seeks to exclude. Simply put, Dr. Meyer's motivation for registration and de-registration of his non-profit corporation and his non-establishment of a newspaper are relevant and admissible to show he did not calculate to deceive as prohibited by Missouri Revised Statute § 417.150.

    B.    <u>Evidence Regarding Dr. Meyer's Exclusion From Participation With SLU's Student Newspaper</u>

Plaintiff argues that Dr. Meyer's exclusion from participation with SLU's *The University News and* banishment from production nights of *The University News* is not relevant and to the extent that is deemed relevant, then the evidence should be excluded under Rule 403 because the probative value is substantially outweighed by the danger of unfair prejudice.

In this case Plaintiff is seeking injunctive relief. (d/e 1, p. 14). Under equitable principles, a movant seeking permanent injunctive relief must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, an equitable remedy is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

A court should deny injunctive relief if the movant demonstrates only a mere possibility of injury or harm. *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1194 (8th Cir. 1992). Indeed, the movant "must show that… the threatened injury is real, not imagined." *Felter v. Cape Girardeau Sch. Dist.*, 810 F.Supp. 1062, 1070 (E.D. Mo. 1993). Additionally, injunctive relief is not warranted since the conduct sought to be enjoined has been discontinued even prior to the filing of the lawsuit, there is no threat or reasonable apprehension that harmful conduct may

4

reoccur. *Walker v. Bowersox*, 526 F.3d 1186 (8th Cir. 2008)(movant's request for injunctive relief ruled moot as movant was no longer incarcerated at location)(citing *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)("a claim for injunctive relief for improved conditions is moot if movant is no longer subject to previous conditions")).

The banishment is relevant and admissible as probative evidence of the fact that there is no threat of any alleged harm reoccurring. Dr. Meyer's purpose for filing the non-profit corporation paperwork was to reserve the name for the student newspaper should the newspaper move off campus. The students accepted a charter and SLU has removed Dr. Meyer from any association with the newspaper staff. This banishment is relevant to show that SLU's threatened injury is not real, but imagined, and that Dr. Meyer's removal from the newsroom eliminates any reasonable apprehension that any alleged harmful conduct may reoccur.

### III. CONCLUSION

For at least the reasons set out above, the Court should deny Plaintiff's Motion *In Limine*.

*******************

Respectfully submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/Brian J. Gill*
Nelson Nolte, #111,801
Brian J. Gill, #2,694,853
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: bgill@patpro.com
E-mail: nnolte@patpro.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I further certify that on the 16th day of January, 2009 the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

              Frank B. Janoski, #3480
              Bridget Hoy, #109375
              Lewis, Rice & Fingersh, L.C.
              500 North Broadway, Suite 2000
              St. Louis, Missouri 63102
              T (314) 444-7600
              F (314) 241-6056
              ATTORNEYS FOR PLAINTIFF

*s/Brian J. Gill*