IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY,<br>a Missouri benevolent corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVIS MEYER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:07CV1733 CEJ<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES**

**I.   INTRODUCTION**

Defendant Avis Meyer's ("Defendant" or "Meyer") Motion in Limine to Exclude Witnesses [dkt # 96] is not well taken because, among other things, Defendant's claimed lack of knowledge of the substance of anticipated testimony by Joseph Weixlmann and Kent Porterfield is a situation of Defendant's own making, not any technical failure of Saint Louis University to make a formal, written Rule 26 disclosure of the witnesses.  Indeed, Plaintiff Saint Louis University ("SLU" or "Plaintiff") timely, and in accordance with the Rules, disclosed Joseph Weixlmann and Kent Porterfield during the discovery phase of this case, and by all accounts well prior to the filing of its witness list for purposes of trial.  That fact is highlighted by Defendant's own Memorandum in Support of his Motion, which references the disclosure of these individuals during depositions, in documents produced, and by way of their affidavits (which were submitted during the summary judgment briefing months ago).  Because Defendant has been keenly aware of these witnesses and their relevant knowledge over the course of this litigation, these witnesses cannot reasonably be considered "eleventh-hour" surprises as Defendant claims.  Defendant

Saint Louis University v. Meyer

1512801.06

Dockets.Justia.com

simply chose not to depose them — or anybody for that matter — to learn the details of their knowledge. Moreover, any prejudice claimed by Defendant Meyer — to the extent SLU's inclusion of these witnesses on its witness list could be deemed a "surprise" — is completely negated by the longstanding offer by SLU to make these persons (or any other witness) available for deposition. The Motion in Limine to exclude Weixlmann and Porterfield from testifying at trial should be denied.

## II. PLAINTIFF PROPERLY AND TIMELY DISCLOSED BOTH JOSEPH WEIXLMANN AND KENT PORTERFIELD AS PERSONS WITH RELEVANT KNOWLEDGE REGARDING THIS CASE.

Defendant's argument that Plaintiff's inclusion of Joseph Weixlmann and Kent Porterfield on Plaintiff's Witness List [dkt # 83] is an "eleventh-hour" surprise is absurd. See Defendant's Memorandum in Support [dkt # 97, pp. 3 – 7]. As Defendant recognizes in his Memorandum in Support, a party is not required to formally supplement its Rule 26 disclosures "if the additional or corrective information has . . . otherwise been made known to the other parties during the discovery process or in writing." [dkt # 97, quoting Fed. R. Civ. P. 26(e)(1)(A)]. As described in detail below, both Joseph Weixlmann and Kent Porterfield were expressly disclosed as persons with relevant knowledge "during the discovery process or in writing." Plaintiff met its Rule 26 obligations, and Defendant's Motion should be denied.

### A. Provost Joseph Weixlmann Was Timely And Properly Disclosed.

There is no surprise in this case by the listing of Joseph Weixlmann on Plaintiff's trial witness list. Joseph Weixlmann was named by Defendant in his own deposition in June of 2008. Defendant's deposition, which was undeniably part of "the discovery process" for purposes of Rule 26(e)(1)(A), highlighted Joseph Weixlmann's involvement and knowledge regarding the facts and legal issues of this case. See Meyer Dep., attached hereto as Exhibit 1, at p. 78,

2

lines 1 – 13. Meyer acknowledged through his testimony that Joseph Weixlmann was a "big shot" at Saint Louis University (namely, part of the Administration) who was involved in monitoring the use of Plaintiff's name.

Despite his attempts to the contrary, Defendant cannot hide the importance of this portion of his deposition testimony. Meyer testifies he posed to Joseph Weixlmann a hypothetical bearing uncanny resemblance to the facts of this litigation. Ex. 1, Meyer Dep. at p. 78, lines 1 – 13. Through this testimony, Meyer admits he sought Joseph Weixlmann's opinion with regard to a hypothetical adoption and use of Plaintiff's name. It is incredible more than **seven months** after referring to Joseph Weixlmann as "one of the big shots at [SLU]" whose opinion regarding adoption of Plaintiff's name Meyer sought, Defendant can now claim "surprise" that Plaintiff should seek to call Joseph Weixlmann as a witness at the trial of this matter.

Furthermore, Joseph Weixlmann was also disclosed as an individual connected to the circumstances underlying this case during the deposition of Diana Benanti on June 12, 2008. See Benanti Dep., attached hereto as Exhibit 2, at pp. 108 – 113. In her testimony, Ms. Benanti discussed a June 9, 2008 blog posting she had written in response to a mass email distributed by SLU to its campus community and in which this litigation was discussed at length. See id. Benanti explained a reference in her blog to Father Biondi's "minions" was intended to include Joseph Weixlmann (and Kent Porterfield). See id.

In addition to the deposition testimony, Joseph Weixlmann was further identified "during the discovery process" and "in writing" as an individual with knowledge of the facts and legal issues of this case by means of the documents produced by the parties. During the discovery process, the parties collectively produced documents covering slightly more than five hundred Bates-labeled pages. See Affidavit of B. Hoy attached hereto as Exhibit 3, at ¶ 3. Joseph

3

Weixlmann and his connection to the general subject matter of this litigation are identified throughout the parties' document production. In fact, the documents in which Joseph Weixlmann's value as a potential witness is revealed comprise some two hundred pages. Id. at ¶ 4. One of these documents, which Defendant himself produced, even lists Joseph Weixlmann's name and phone number, provides a link to the SLU Administration Webpage, and suggests students should contact Joseph Weixlmann (and Kent Porterfield) with regard to matters concerning this lawsuit. Id.

Moreover, Defendant's own Trial Exhibits A and D, both of which are internal SLU emails produced by Plaintiff "during the discovery process" and "in writing," bear Joseph Weixlmann's name and email address either as an author or recipient of the message. See Defendant's Trial Exhibits A, C, and D, attached hereto as Exhibit 4. Both emails discuss Plaintiff's interest in the proper use and display of its name. Defendant's listing of emails that were sent to or from Joseph Weixlmann on ***Defendant's own Trial Exhibit List*** is completely and irreconcilably at odds with his contemporaneous Motion to exclude any testimony from Joseph Weixlmann.

Finally and importantly, Plaintiff further disclosed Joseph Weixlmann "in writing" months ago as an individual with knowledge of the subject matter of this lawsuit when Plaintiff submitted Joseph Weixlmann's Affidavit as an attachment to Plaintiff's Response to Defendant's Motion for Summary Judgment [dkt # 66-12]. Through this Affidavit, Defendant was put on notice that Joseph Weixlmann has knowledge of the circumstances underlying this case and might be relied upon by Plaintiff at trial.

For all of the foregoing reasons, Defendant cannot credibly claim Joseph Weixlmann is a "surprise" witness sprung upon Defendant on the eve of trial. Defendant was aware of Joseph

4

Weixlmann's connection to this case over half a year ago when discovery was still in full swing. Defendant acknowledges as much in his own Memorandum in Support of his Motion in Limine [dkt # 97, p. 6 – 7]. Defendant could have, but chose not to, avail himself of Plaintiff's open invitation to depose any potential witnesses. Therefore, Defendant's motion to exclude Joseph Weixlmann from testifying at trial should be denied.

B.  Vice President Porterfield Was Timely And Properly Disclosed.

Likewise, Kent Porterfield was timely disclosed through deposition testimony, documents produced by the parties, and through submission of Kent Porterfield's Affidavit in this case months ago. Kent Porterfield, like Joseph Weixlmann, was disclosed as an individual connected to the circumstances underlying this case during the deposition of Diana Benanti on June 12, 2008. See Ex. 2, Benanti Dep. at pp. 108 – 113. Furthermore, as with Weixlmann, references to Kent Porterfield appear in documents which take up roughly 200 of the approximately 500 pages of documents produced by the parties in this case. Ex. 3, Affidavit of B. Hoy, at ¶ 5. Again, one of these documents produced by Defendant, in addition to highlighting Kent Porterfield's connection to *The University News* matters, gives his SLU office telephone number and a link to the SLU Administration Webpage. Id. Another document produced by Defendant, an article from *The University News*, cites Kent Porterfield as a source of information regarding the background of the instant litigation. Id. Furthermore, an August 2007 *St. Louis Magazine* article produced by Defendant (in triplicate) names, in connection with Defendant and *The University News*, three members of SLU Administration by name, two of whom are Kent Porterfield and Joseph Weixlmann. Id. As further, but by no means exhaustive, illustration of the extent to which Kent Porterfield's knowledge of facts and issues of this litigation were disclosed "in writing" and "during the discovery process," Plaintiff produced

5

sixteen pages of internal SLU email conversations between and among Kent Porterfield and other SLU administrators regarding Defendant and this lawsuit. Id.

Additionally, Defendant lists emails on ***Defendant's own Trial Exhibit List*** for which Kent Porterfield is either an author or a recipient. See Ex. 4, Defendant's Trial Exhibits A, C, and D. These exhibits constitute over a third of the total number of pages upon which Defendant intends to rely at trial. See Defendant's Exhibit List [dkt # 86].

Even further, Plaintiff disclosed Kent Porterfield "in writing" as an individual with knowledge of the subject matter of this lawsuit when Plaintiff filed Kent Porterfield's Affidavit as an attachment to Plaintiff's Response to Defendant's Motion for Summary Judgment [dkt # 66-13, filed October 21, 2008]. By this Affidavit, Defendant was put on notice that Kent Porterfield has knowledge of the circumstances underlying this case and might be relied upon by Plaintiff at trial. Kent Porterfield, like Joseph Weixlmann, was disclosed during the discovery process and in writing, as is required by Rule 26(e), and no further formal disclosure was required. He is not a "surprise" witness and his testimony should not be excluded at trial.

### C. Any "Surprise" Or "Prejudice" Is Negated By The Past And Present Availability Of These Witnesses For Deposition.

The gist of Defendant's Motion (that he will be prejudiced at trial because he does not know the substance of the testimony that will be offered by Joseph Weixlmann or Kent Porterfield) is negated by the documents and the opportunities Defendant has had — and still has — to depose these witnesses.

As explained above, both Provost Weixlmann's and Vice President Porterfield's names were found plentifully throughout the documents produced by the parties. Defendant chose not to depose these individuals during the discovery process nonetheless. Any prejudice by his failure to learn the full extent of knowledge of these witnesses was created by Defendant's

6

apparent strategy decision to not take any depositions in this case, not by any failure of Plaintiff to make a formal Rule 26 disclosure.

Defendant chose not to depose any person during this litigation, let alone depose Joseph Weixlmann or Kent Porterfield after their Affidavits were submitted during the summary judgment briefing, even though Plaintiff made it clear in its summary judgment papers that the witnesses would be made available even at that late date. Again, if Defendant now feels he is without information necessary for trial with regard to these witnesses, it is a situation of Defendant's own making. Plaintiff should not be penalized for Defendant's apparent strategic decision. Furthermore, the trial of this case has been continued to March 2, 2009. Any prejudice claimed by Defendant can easily be remedied, if he so chooses, in the upcoming six weeks.

## III. CONCLUSION

Both Provost Joseph Weixlmann and Vice President Kent Porterfield were disclosed in writing and during the discovery process, satisfying Plaintiff's obligations under Rule 26. There is no surprise or prejudice by the listing of these witnesses on Plaintiff's Witness List for trial. Defendant's Motion in Limine to Exclude Witnesses [dkt # 96] should be denied.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: \_\_\_\_\_/s/ Frank B. Janoski_____
    Frank B. Janoski, #3480
    Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I further certify that on the 23rd day of January, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

                                                   /s/ Frank B. Janoski
Frank B. Janoski
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
Email: fjanoski@lewisrice.com