IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVIS MEYER, <br><br> Defendant. | Case No. 4:07CV1733 CEJ |

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE

I.  INTRODUCTION

Defendant Avis Meyer's ("Defendant" or "Meyer") Motion in Limine [dkt # 98] is without merit on all points. Through his Motion, Defendant seeks to exclude three of Plaintiff's trial exhibits based upon a premature and meritless claim of hearsay. He also seeks to exclude reference to his destruction of evidence arguing it is an irrelevant topic based upon this Court's Summary Judgment Order, even though that Order did not address the Count VII that remains pending for trial. Moreover, the Motion for Sanctions remains pending. Defendant additionally seeks to have this Court ignore the established fact that Meyer has never corrected the inaccurate public record he created under the assumption of Plaintiff's name, and has refused to promise not to act on his threat (contained within a media article) that he will continue to try, for three years if necessary, to convert Saint Louis University's *The University News* to an independent newspaper (presumably using Plaintiff's name to gain credibility and recognition) no matter what action Plaintiff attempts to take to stop him. All of these topics are relevant and there are

no relevant considerations of prejudice or delay. As explained more below, Defendant's Motion in Limine should be denied.

## II. MEYER'S MOTION IN LIMINE SHOULD BE DENIED.

### A. Meyer's Motion in Limine regarding Exhibits 23, 24, and 25 is misplaced and without merit.

Defendant's argument on pages 2–3 of his Memorandum in Support of his Motion in Limine that Plaintiff's Trial Exhibits 23, 24, and 25 are inadmissible hearsay is misplaced and premature. In attempting to support his request to exclude the Trial Exhibits, Meyer makes abstract arguments about the presumed use of the documents, not knowing the purpose for which the Trial Exhibits might be offered for admission. These three Exhibits are "may use" exhibits that will not be hearsay if not offered for the truth of the matters asserted. The decision of whether to admit these Exhibits is most appropriately made at trial, if and when they are offered for a particular purpose. The Motion in Limine to exclude Exhibits 23, 24, and 25 based upon hearsay should be denied as premature and inappropriate under the circumstances.

Moreover, the probative value of Plaintiff's Trial Exhibits 23, 24, and 25 is not outweighed by any unfair prejudice or the possibility of undue delay. First, Meyer's only claim of prejudice is that the Exhibits represent negative comments not directly attributable to him. Meyer should not be allowed to act as if he is clean of any such negative comments when he himself told a reporter that Saint Louis University's President has the "class of a toilet seat," with the conscious awareness that the characterization would be put front and center in the article. *See* Ex. 1, *St. Louis Magazine* article; Ex. 2, Meyer Dep. at 102-03. Moreover, Exhibit 23 is directly attributable to Meyer because it contains a summary of the timeline of events that Meyer admitted in his deposition he originally drafted and sent to a former student. Ex. 2, Meyer Dep. at 187–188. Exhibits 24 and 25 have great probative value because they are documents drafted

by one of the purported organizing agents/officers of the offending non-profit corporation (Diana Benanti) and show her bias, which will undoubtedly be important to the extent Defendant should rely on her deposition testimony.[1] These documents are relevant and no claimed prejudice or waste of time outweighs their probative value. As stated above, exclusion of these Exhibits prior to the trial proceedings is not warranted.

### B. The Court should not exclude evidence or argument regarding Meyer's destruction of evidence.

This is a bench tried case. The Court is obviously already aware of Meyer's discovery abuses. It has already granted Plaintiff's Motion to Compel due to Meyer's false interrogatory answers and invited an itemization of fees in that regard [*see* dkt # 48]. It also took under advisement Plaintiff's Motion for Sanctions for spoliation and destruction of evidence, in which Plaintiff seeks the full range of sanctions, including striking of Defendant's answer, an adverse inference, and imposition of the prejudiced party's attorney's fees on the offending party. Because the Motion for Sanctions remains pending and because equitable relief and attorneys' fees are sought, the parameters of his conduct and the appropriate sanction for it may very well become relevant at trial.

The Court stated in its Summary Judgment Order that it "does not condone the flouting of rules of procedure and court orders and will *separately* address the sanctions motion." (*See* Court Order of Dec. 24, 2008 [dkt # 79, p. 12] (emphasis added). Meyer ignores that statement and rather attempts to convert the Court's comment in its Order that the documents that *were* available to Plaintiff (the ones that Meyer did not destroy or were publicly available) did not demonstrate any likelihood of confusion into a ruling that the destruction is not relevant to Plaintiff's Count VII. This, of course, stretches the Order beyond its four corners. Because there

---

[1] Although Ms. Benanti is not listed as a witness who will testify live at the bench trial, portions of her deposition have been designated by both parties to be read into the record.

is nothing in the Court's Summary Judgment Order that negates the relevance of Meyer's litigation conduct with regard to the remaining claim, and because the topic may indeed be relevant, the Court should deny Defendant's Motion in Limine.

### C. Defendant's failure to provide assurances is relevant and would not waste time or cause delay and, therefore, should not be excluded.

To this date, Defendant has yet to provide all of the assurances which Plaintiff requires, and is entitled to, under Mo. Rev. Stat. § 417.150, regarding Defendant's past and threatened future misuse of Plaintiff's name. Despite Plaintiff's many requests, Defendant has never promised not to use Plaintiff's name in the future, neither has Defendant given credible assurances that he did not misuse Plaintiff's name in the past. Through his pleadings and discovery responses, Defendant has made blanket statements that he did not misuse Plaintiff's name other than in the incorporation and dissolution of his non-profit corporation, but he has never corrected the inaccurate record with the Missouri Secretary of State and has never promised not to misuse Plaintiff's name again. To the contrary, he threatened in media coverage to work until *The University News* is "truly independent" whether it took a year, or "three." *See, e.g.*, Ex. 1, *St. Louis Magazine* Article (MEYA-0109). Thus, the veracity of his denials of any past use and the absence of any promise to misuse the name again,[2] is most certainly relevant to the Court's decision to grant the requested injunctive relief. Introduction of such highly relevant evidence and argument would not waste time or cause undue delay and, therefore, should be admitted and Defendant's Motion in Limine should be denied.

---

[2] Defendant's deposition testimony was that he had prepared a letter of assurance and sent it to Plaintiff's counsel, Frank Janoski. (See Ex. 2, Meyer Dep. at pp. 84–85, 94–95). However, this letter has never been produced. It apparently was intentionally destroyed, if in fact it ever existed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Saint Louis University requests that the Court deny Defendant's Motion in Limine and grant such other and further relief to Plaintiff as the Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     Frank B. Janoski
       Frank B. Janoski, #3480
       Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I further certify that on the 23rd day of January, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    Frank B. Janoski
Frank B. Janoski
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com