IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY,<br>a Missouri benevolent corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AVIS MEYER,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 4:07-cv-01733<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE (d/e 102) AND COMBINED MOTION TO ACCEPT DEFENDANT'S PRETRIAL OBJECTIONS OUT OF TIME

COMES NOW Defendant Dr. Meyer ("Defendant" or "Dr. Meyer"), by and through his undersigned counsel, and for his Response to Plaintiff's Motion To Strike Defendant's Pre-Trial Filings (d/e 102) and for his Combined Motion To Accept Defendant's Pretrial Objections Out of Time, states as follows:

1. This Court's Case Management Order ("CMO")(d/e 12), entered February 7, 2008, provides that all motions *in limine* must be filed with the Court "at least ten (10) days before trial." The CMO also provides that any objections to exhibits, deposition designations, or discovery designations are waived if not set forth in writing "at least ten (10) days before trial." (*See* d/e 12). The CMO further provides that this matter is set for trial on January 20, 2009. The Court's January 14, 2009 Order (d/e 103) reset the trial date for this matter to March 2, 2009.

2. On January 12, 2009, Defendant filed his:

　　a. Motion *in Limine* to Exclude Witnesses (d/e 96) with Memorandum in Support (d/e 97);
　　b. Motion *in Limine* (d/e 98) with Memorandum in Support (d/e 99);
　　c. Objections to Plaintiff's Exhibit List (d/e 100); and

d. Objections and Counter Designations to Plaintiff's Discovery Designations (d/e 101).

3. Defendant's counsel contacted counsel for Plaintiff on Jan. 23, 2009, and counsel for Plaintiff was unable to consent to the relief requested herein at that time.

**I. DEFENDANT'S PRE-TRIAL FILINGS WERE TIMELY PURSUANT TO FED. R. CIV. P. 6.**

For "computing any time period specified in these rules or in any local rule, court order, or statute," Federal Rule of Civil Procedure 6(a) instructs to "[i]nclude the last day of the period unless it is a Saturday, Sunday, legal holiday…. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible." *See* Rule 6(a).

In the present case, the excluded day of the act that began the time period was January 20, 2009, the trial date. (d/e 12). Calculated from the trial date of January 20, 2009, the last day of the ten (10) day period fell on January 10, 2009, a Saturday. Since the last day of the period fell on a Saturday, an excluded day, then the period ran until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible, *see* Fed. R. Civ. P. 6(a)(3), or Monday, January 12, 2009. Accordingly, Defendant filed his Pre-Trial filings on January 12. (d/e 97- d/e 101). Accordingly, Defendant submits that his objections were timely filed on January 12, 2009.

**II. IF THE COURT DETERMINES THAT THE PRETRIAL OBJECTIONS WERE UNTIMELY, MEYER HEREBY MOVES THE COURT TO ACCEPT MEYER'S OBJECTIONS FILED ON JANUARY 12, 2009.**

Should the Court disagree that the strictures of Rule 6 do not apply to the Court's deadline for pretrial objections, Meyer hereby respectfully moves the Court to accept the pretrial objections previously filed on January 12, 2009. The standard for accepting a late-filed paper is

excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect comprises both a demonstration of good faith by the moving party and a reasonable basis for noncompliance. *Bleiner v. Welborn*, 15 F.3d 652, 654 (7th Cir. 1994).

Meyer submits that if the Court disagrees with his interpretation of Rule 6, specifically, that a deadline falling on a weekend is extended to the next weekday, Meyer submits that his interpretation of the rule is not unreasonable. Rule 6's language is not limited to deadlines calculated after a date certain, but also appears to apply to deadlines calculated before a date certain, as this Court's "10 days before trial" deadline. Therefore, Meyer submits that he has set forth a good faith and reasonable basis for his interpretation of the deadline at issue.

Excusable neglect also requires no prejudice to the nonmoving party. *Id.* Meyer submits there are multiple bases for no prejudice to Plaintiff. The motions were filed only one business day after "10 days before trial" or January 10, 2009. Therefore, Plaintiff was still left with sufficient time to answer the objections. Moreover, the trial date has been moved to March 2, 2009. As a result, Plaintiff is, in fact, in possession of Meyer's pretrial objections more than 10 days before the actual trial date.

## III. CONCLUSION

For at least the reasons set out above, the Court should deny Plaintiff's Motion to Strike or in the alternative grant Defendant's present Motion To Accept Defendant's Pre-Trial Filings Out of Time and grant other such relief as this Court may deem just and proper.

*******************

>Respectfully submitted,
>
>POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/Nelson D. Nolte*
Nelson Nolte, #111,801
Brian J. Gill, #2,694,853
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: bgill@patpro.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I further certify that on the 23rd day of January, 2009 the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

>Frank B. Janoski, #3480
>Bridget Hoy, #109375
>Lewis, Rice & Fingersh, L.C.
>500 North Broadway, Suite 2000
>St. Louis, Missouri 63102
>T (314) 444-7600
>F (314) 241-6056
>ATTORNEYS FOR PLAINTIFF

*s/Nelson D. Nolte*