IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:07CV1733 CEJ |
| AVIS MEYER, | ) ) ) | |
| Defendant. | ) ) | |

### **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE**

In his Opposition to Plaintiff's Motion in Limine [dkt #98], Defendant Avis Meyer has opposed only three of the categories of evidence that Plaintiff seeks to exclude from trial, but his arguments in opposition even with regard to those categories are without merit.[1]

### **Introduction**

At trial, this Court must decide whether Defendant, through the incorporation and dissolution of his non-profit corporation, assumed, adopted, or misused Plaintiff's benevolent society name, or acted in a way that was calculated to deceive any person with regard to Saint Louis University in violation of Missouri Revised Statute § 417.150. Evidence of (1) Defendant's alleged innocent motive, (2) Defendant's claimed failure to actually publish a hard copy newspaper using Plaintiff's name, and (3) Plaintiff's administrative decisions regarding the advisor to *The University News* are all irrelevant to the claim against Meyer and to his defense and should be excluded from trial.

---

[1] Meyer does not offer any argument supporting admission of the other categories of evidence which Plaintiff seeks to exclude, namely, evidence and argument relating to any stipend paid to the Editor-in-Chief of *The University News* and Plaintiff's reasons for pursuing this litigation. See Defendant's Opposition [dkt #104]. Accordingly, Plaintiff concludes Defendant does not object to the exclusion of such evidence and argument. Therefore, Plaintiff does not restate in this Reply its arguments for excluding these two categories of evidence and argument.

1509397.03

Saint Louis University v. Meyer

Dockets.Justia.com

Furthermore, to the extent the Court might determine such evidence to be minimally relevant, it should be excluded under Federal Rule of Evidence 403. Contrary to Defendant's implication in his Opposition, courts in the Eighth Circuit do not apply a special version of Federal Rule of Evidence 403 to intellectual property cases.[2] Under the applicable standards of Rule 403, because any probative value is substantially outweighed by the danger of unfair prejudice, undue delay, and waste of time, the topics discussed below, to the extent deemed relevant, should be excluded from trial.

## Motive

First, Defendant has only further illustrated by way of his Opposition that his strategy at trial will be to state over and over again that he believed his motive in adopting, assuming and misusing Plaintiff's benevolent name was innocent (in his words – to "save the name" for the students) and he therefore should not be found to have violated § 417.150. Meyer has set forth no authority whatsoever indicating that motive is an element or defense to a violation of § 417.150. It is not. Rather, § 417.150 requires a showing of adoption, assumption, or use of a plaintiff's name, or some other action by a defendant which is "calculated to deceive" with regard to the plaintiff. Mo. Rev. Stat. § 417.150.1. Defendant's claimed *innocent* intent to help the students in their apparent quest for independence from the University has no bearing on whether he violated the statute.[3] As such, the irrelevant evidence should be excluded.

---

[2] In his Opposition Brief, Meyer states, "In an intellectual property case, Courts have noted that, as 'a general rule, the balance under 403, should be struck in favor of admission.'" *See* Defendant's Opposition [dkt #104] (quoting *Transclean Corp. v. Bridgewood Servs.*, 101 F. Supp. 2d 788 (D. Minn. 2000). The *Transclean* court did not announce a different Rule 403 analysis for intellectual property cases. Rather, the court simply restated the plain meaning of the text of the Rule, that is, that relevant evidence may be properly "excluded if its probative value is substantially outweighed" by certain dangers.

[3] Of course, to the extent the Court entertains Plaintiff's request for attorneys' fees, Plaintiff will present evidence that Meyer's motive was indeed not so "innocent."

2

### Establishment of an Independent Newspaper

Second, Meyer has wholly failed to explain how the fact that he claims that he did not use Saint Louis University's name to publish an actual, hard copy newspaper is relevant to proving or defending against his violation of § 417.150. Meyer assumed, adopted and misused Plaintiff's benevolent society name in several respects (which are explained in some detail in Plaintiff's Trial Brief and will be further delineated at trial) without regard to whether or not he established a fully operating newspaper publication. The truth is, he was caught and allegedly stopped before he could get that far, but the inaccurate public record he created and his threat to continue to work to gain independence for the students remain. These wrongs can only be remedied through the requested declaration and injunction (both prohibitory and mandatory). Thus, even if Meyer could prove he took no further action beyond registering and dissolving his non-profit corporation, that could not change the significance of the acts which Meyer admits he did, namely, adopting, assuming and misusing a name that incorporates Saint Louis University's benevolent society name and that was near identical to Plaintiff's own student paper and would be recognized as being affiliated with Saint Louis University. The evidence should be excluded from trial.

### Advisor

Finally, Meyer's argument that he should be able to present evidence of Saint Louis University's administrative request that he not appear in the newsroom for *The University News* is a complete miscomprehension of the wrong under § 417.150 and the relief sought. Namely, Meyer misperceives a connection between Plaintiff's administrative decisions regarding oversight of *The University News* and the issues *sub judice*. By some contorted chain of reasoning, Meyer seeks to show that Plaintiff's appointment of an official advisor to *The*

3

*University News* students and Plaintiff's request that Meyer not interfere with the paper during production nights somehow proves that Meyer poses no threat of harm to Plaintiff. In support of this proposition, Meyer cites a pair of prisoner civil rights cases which state a prisoner-plaintiff's claim for an injunction relating to the conditions of his confinement is moot, and therefore denied should be denied, when the plaintiff is no longer subject to the complained-of conditions. *See Walker v. Bowersox*, 526 F.3d 1186, 1189 (8th Cir. 2008); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). The cases are inapposite and the analogy inapt.

Plaintiff does not ask this Court to enjoin Meyer from being physically present in *The University News* newsroom or otherwise interfering with Plaintiff's administration of his campus paper. Rather, Plaintiff seeks an injunction preventing Meyer from engaging in further unlawful use of Plaintiff's name and ordering Meyer to correct the deceptive public record which he created. The threat of harm to Plaintiff under this cause of action does not come from Meyer's physical presence in the newsroom, the students' acceptance of a new charter, the appointment of an official advisor, or the cessation of Meyer's official involvement with the paper.[4] Rather, the threat of harm to Plaintiff emanates from Meyer's past unlawful use of Plaintiff's name, Meyer's ability, likelihood, and threat to again misuse Plaintiff's name, his refusal to promise not to act on that ability, the destruction of records demonstrating the extent of his wrongful acts, and the inaccurate public record he has created. Without the requested injunction, Plaintiff is essentially without a remedy for Meyer's wrong, without a means to clear the record with regard to its name, and powerless to stop Meyer from further misuse of Plaintiff's protected name. For these reasons, Plaintiff's claim for injunctive relief is not moot nor is the threat of harm merely

---

[4] Indeed, the fact that Meyer is no longer allowed to be involved in *The University News* seems to provide him new motivation to "take the newspaper off campus" after his many year of involvement.

imaginary. Therefore, any evidence or argument relating to Plaintiff's administrative decisions regarding *The University News* are irrelevant and should be excluded.

## Conclusion

For the reasons stated in Plaintiff's Motion in Limine [dkt #93] and further explained herein, pursuant to Federal Rules of Evidence 401, 402, and 403 and other applicable authority, Plaintiff requests that the Court preclude Defendant Avis Meyer, his counsel, and witnesses from making any reference in opening statement or otherwise, or from testifying, attempting to introduce evidence, or eliciting any testimony related to the topics set forth herein.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: \_\_\_\_\_/s/ Frank B. Janoski_____
     Frank B. Janoski, #3480
     Bridget Hoy, #109375
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I further certify that on the 29th day of January, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

/s/ Frank B. Janoski
Frank B. Janoski
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
E-mail: fjanoski@lewisrice.com