```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

SAINT LOUIS UNIVERSITY,        )
                               )
           Plaintiff,          )
                               )
      vs.                      )     No. 4:07-CV-1733 (CEJ)
                               )
AVIS MEYER,                    )
                               )
           Defendant.          )

## MEMORANDUM AND ORDER

This matter is before the Court for an award of attorney's fees incurred by plaintiff in connection with its successful motion to compel full and complete responses to interrogatories. Plaintiff has submitted the affidavit of attorney Frank B. Janoski and an itemized statement in support of its requested attorney's fees.

The Federal Rules of Civil Procedure provide that, if a court grants a motion to compel:

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the Court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without the court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A).

An award of fees in this matter is not barred by the enumerated exceptions: (1) counsel conducted in-person and telephonic conferences in an attempt to resolve the discovery dispute before the motion was filed; (2) defendant's failure to provide complete and adequate responses to the interrogatories in the first instance was not justified; and (3) no other circumstances make an award of fees unjust.

To determine the amount of a reasonable attorney fee, the Court employs the "lodestar" method. See H.J., Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991). In determining a "reasonable" fee award, the Court begins by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Once the Court has determined the lodestar amount, several other factors may be considered to determine whether the fee should be adjusted upward or downward.[1] Id. at 434.

---

[1] Other factors the court may consider are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) (limited by Blanchard v. Bergeron, 489 U.S. 87 (1989)); see also Arbor Hills Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 552 F.3d 182, 186-90 (2nd Cir. 2008) (discussing interplay of lodestar approach and Johnson factors).

The party seeking litigation fees bears the burden to provide "evidence of the hours worked and the rate claimed." Northeast Iowa Citizens for Clean Water v. Agriprocessors, Inc., 489 F.Supp.2d 881, 900 (N.D. Iowa 2007). A reasonable hourly rate is calculated based on the attorney's regular hourly rates as well as the prevailing market rates in the community. Blum v. Stenson, 465 U.S. 886, 896 (1984); H.J., Inc., 925 F.2d at 260. In determining a reasonable hourly rate, the Court may consider the skill of representation, difficulty of work performed, counsel's experience, and counsel's reputation. Hensley, 461 U.S. at 433.

Plaintiff seeks $357.00 per hour for the services of attorney Frank B. Janoski and $259.25 per hour for the services of attorney Bridget L. Hoy. Mr. Janoski attests that these rates are lower than the firm's standard hourly rates and are reasonable. Missing from the current record is evidence of the prevailing rates in the community for attorneys of the experience and reputation of Mr. Janoski and Ms. Hoy. See Balaban v. Lincoln County Ambulance District, No. 4:06CV1268 CDP, order at 3-4 (E.D. Mo. Apr. 9, 2008) (plaintiff supported requested rates with affidavits and cases discussing billing rates). Based upon its independent knowledge of the prevailing rates, the Court concludes that the requested rates are reasonable.

Where the documentation of hours expended is inadequate, the district court may reduce the award accordingly. Hensley, 461 U.S. at 433. The award also may be reduced to exclude excessive, redundant, or unnecessary hours. Id. "Incomplete or imprecise

billing records preclude any meaningful review by the district court of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." H.J., Inc., 925 F.2d at 260.

The billing records in this matter are sufficiently detailed to allow the Court to complete a meaningful review. Based on that review, the Court finds that it is reasonable to award fees in the amount of $1,856.40 for 5.2 hours of Mr. Janoski's time and $2,074.00 for 8.0 hours of Ms. Hoy's time for a total of $3,930.40.[2]

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall pay to plaintiff $3,930.40 for attorney's fees incurred in connection with plaintiff's motion to compel full and complete responses to interrogatories.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2009.

---

[2] The Court disallows the following entries as duplicative or excessive: 1 hour for Ms. Hoy's attendance at the hearing on August 20, 2008; and 1 hour each for Mr. Janoski and Ms. Hoy on August 26, 2008 to finalize the itemization of fees.