```
 1              IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION
 2

 3

 4   SAINT LOUIS UNIVERSITY, A          )
     MISSOURI BENEVOLENT CORPORATION,   )
 5                                      )
                    PLAINTIFF,          )
 6                                      )
                                        )
 7             vs.                      ) Case No. 4:07-CV-1733-CEJ
                                        )
 8   AVIS MEYER,                        )
                                        )
 9                  DEFENDANT.          )
                                        )
10   -----------------------------------

11

12

13              BEFORE THE HONORABLE CAROL E. JACKSON
                     UNITED STATES DISTRICT JUDGE
14                          MOTION HEARING
                           JUNE 11, 2008
15

16

17

18

19

20

21
     COURT REPORTER:       GARY BOND, RMR, RPR
22                         THOMAS F. EAGLETON COURTHOUSE
                           111 S. TENTH STREET, THIRD FLOOR
23                         ST. LOUIS, MISSOURI 63102
                           314.244.7980
24

25
```

```
 1                          APPEARANCES
 2
 3
 4    FOR THE PLAINTIFF:
 5                    LEWIS, RICE & FINGERSH
                      BY:   FRANK JANOSKI, ESQ.
 6                          BRIDGET HOY, ESQ.
                      500 N. BROADWAY, SUITE 2000
 7                    ST. LOUIS, MISSOURI  63102-2147
                      314.444.7600
 8                    FJANOSKI@LEWISRICE.COM
 9
10    FOR THE DEFENDANT:
11                    POLSTER, LIEDER, WOODRUFF & LUCCHESI,
                      L.C.
12                    BY:   BRIAN GILL, ESQ.
                            SCOTT SMITH, ESQ.
13                    12412 POWERSCOURT DRIVE
                      SUITE 200
14                    ST. LOUIS, MISSOURI  63131
                      314.238.2400
15
16
17
18
19
20
21
22
23
24
25
```

|   |   |
|---|---|
| 1 | **ST. LOUIS, MISSOURI;** JUNE 11, 2008 |
| 2 | 1:30 p.m |
| 3 | **THE COURT:** Good afternoon. |
| 4 | **MR. GILL:** Good afternoon, Your Honor. |
| 5 | **THE COURT:** Who is here for the plaintiff, Mr. |
| 6 | Janoski? |
| 7 | **MR. JANOSKI:** Frank Janoski and Miss Hoy. |
| 8 | **THE COURT:** I know you. And for the defendant? |
| 9 | **MR. GILL:** Brian Gill and Scott Smith. |
| 10 | **THE COURT:** You know, this is the first time that |
| 11 | I've ever had to have this kind of a conference with lawyers |
| 12 | regarding the appointment of a neutral or the selection of a |
| 13 | neutral for ADR. I think I understand where you all are with |
| 14 | this. |
| 15 | You've got three people you've been talking about as |
| 16 | possible neutrals, but you can't seem to reach an agreement; |
| 17 | and I've just never heard of anything like this. This |
| 18 | doesn't bode well for your mediation, if you can't even agree |
| 19 | on who's going to do the mediating; but I am hopeful you all |
| 20 | can get past this and maybe I can help you get past it. |
| 21 | This is really the defendant's motion. So I am |
| 22 | going to hear from defense counsel about why you think the |
| 23 | Court ought to pick somebody. |
| 24 | **MR. GILL:** It is the defendant's contention that |
| 25 | this is a trademark dispute, and the mediator that we had |

1   proposed is a trademark attorney who used to work as an
2   in-house counsel and has a practice speciality in trademark
3   law.
4           And, you know, our second issue just basically comes
5   down to cost.  The defendant does not object to, you know,
6   plaintiff's proposal mediators with respect to
7   qualifications.  It just really comes down to an issue of
8   cost.
9           THE COURT:  Okay.  Well, have you read our Local
10  Rule regarding ADR and what it says with respect to a party
11  who is unable to pay the cost of mediation?
12          MR. GILL:  Yes, Your Honor.  The defendant can pay
13  for mediation.  We're just trying to make it less expensive
14  for the defendant.
15          THE COURT:  Well --
16          MR. JANOSKI:  Well, I had a different impression.
17  My impression was that the defendant was not able to pay.
18  The defendant mentioned something in its motion about the
19  defendant -- let's see -- that, "For the defendant, cost is
20  an issue in the selection of a mediator; and that the
21  plaintiff has much greater financial resources than the
22  defendant," which I certainly don't doubt.
23          So my impression was that the defendant had some
24  financial constraints that would prevent him from paying the
25  fee -- the billing rate -- of the mediator that the plaintiff

1 had suggested.

2 MR. GILL: The intent of the motion was just to
3 again stress, you know, that it is a cost issue for the
4 defendant; but the defendant can pay for mediation.

5 THE COURT: Okay. All right. Anything else?

6 MR. GILL: No, ma'am

7 THE COURT: All right. Mr. Janoski or Miss Hoy, do
8 you want to say anything about this?

9 MR. JANOSKI: Your Honor, I think you pretty much
10 summed it up when you came out of your chambers. I'm
11 embarrassed to be here today. I mean in 26 years, I've never
12 had a more, I guess, ridiculous issue to be before the Court.
13 I think we tried to, but I guess I am not surprised, because
14 I think that the defendant has been difficult in this case.

15 We've learned that they've engaged in spoliation.
16 We have had situations in his deposition where the lack of
17 veracity was unbelievable. In this case, I believe we are
18 going to need an meditator. Annette Heller is a wonderful
19 attorney. She is a trademark attorney. But for the
20 mediation of this case, I think that we're going to need
21 someone who has experience in mediation and substantial
22 experience.

23 If this is going to be awhile, I mean if we're going
24 to go through the motions, we're going to do it through ADR,
25 which I know that the Court would not suggest in any way. I

1  guess it doesn't matter. But I guess from my client's
2  standpoint, it does matter; and they want someone who is
3  experienced and has an understanding that it may be a
4  difficult process to go through. And they would like it to
5  be fruitful. They don't want to be going to court either.
6  　　　　　So we kind of understood like the Court did that the
7  defendant couldn't afford mediation. As a matter of fact,
8  Miss Hoy, you know, talked to Mr. Wiesenthal after they said
9  that Dick Sher was too expensive to try to work him down on
10 his fee. And we even discussed some of the things which he
11 said would put one side at a disadvantage; and he didn't
12 suggest that one pay more than the other on this.
13 　　　　　I had suggested to counsel that maybe they talk to
14 him to see what he could do in the way of accommodation, and
15 they refused to do that. So, at this point, I am embarrassed
16 that we're here. I am embarrassed that the motion was filed.
17 I don't know what else to say. We would like the mediation
18 to be fruitful, but we think because of the circumstances and
19 the personalties that we're going to need someone who has a
20 great deal of experience to try and make this work.
21 　　　　　THE COURT: All right. Well, there were some
22 attachments to the defendant's motion. There was one of the
23 attachments I believe which came from Miss Heller's, I guess,
24 web site; and I know of Miss Heller from her work as a
25 trademark attorney. This has been her life's work as a

lawyer.  So there is no question that she's knowledgable in that area.

I also know Mr. Sher.  I don't believe he has practiced in the trademark area, at least not as extensively as Miss Heller has, but in terms of his experience in mediation that's reflected in the attachment which I guess is his profile from his firm's web site.  He has even written on or has been involved in seminars involving mediation in the intellectual property area.  And, finally, there is a profile of Mr. Wiesenthal, who also has extensive mediation experience including mediation in the trademark area.

So I'll tell you what I'm going to do:  I'm going to grant the defendant's motion for a court-designated neutral, and the Court will designate Mr. Sher as the neutral for the mediation of this action.  The defendant says he doesn't object to Mr. Sher's qualifications.  It is not that he can't afford him  He just wants to do it a little more cheaply; and I am sure you can probably find any number of mediators on the Court's list who charge less per hour.

But there is no reason to go back to that list, because I have in front of me information about three people, one of whom is an expert in the trademark area but whose mediation experience is unknown; and that's Miss Heller.  And then I've got two more who are well-versed in mediation, including some cases involving intellectual property and

1  specifically trademark.
2  So be careful what you ask for next time.  And, Mr.
3  Janoski, I understand your embarrassment; but I think that
4  the defendant should also be embarrassed for filing such a
5  motion.  You've wasted your client's time.  You've wasted
6  probably some of your client's money; and this is just
7  putting you that much farther behind in your compliance with
8  the Case Management Order.  You could have had this done over
9  a month ago.  So my advice to defense counsel is you really
10 need to think these things through before you file them --
11         MR. GILL:  Okay.
12         THE COURT:  -- and make a better effort to work
13 things out with opposing counsel.  All right?
14         MR. JANOSKI:  Your Honor, could I?  I think that our
15 ADR is supposed to expire July 1.  Could we have another 30
16 days, rather than coming back to the Court with a motion?
17         THE COURT:  Yes.  I'll extend the ADR completion
18 period 'til August 1st, which will give you all plenty of
19 time to get it done.
20         MR. JANOSKI:  And --
21         THE COURT:  And I hope Mr. Sher is available.
22         MR. JANOSKI:  Right.  And I'll check with him as to
23 his availability and get the dates on this.  I have another
24 question, since I've raised this issue.  And I know it is not
25 before Court at this time but a clarification on the Court's

1 rules.
2          I know with regard to motions that the Court has
3 stated that a discovery motion must be filed within 15 days
4 of an impasse among the parties.  We do have an issue with
5 regard to spoliation in this case from a deposition last
6 week.  I do not have the deposition transcript.  Would then
7 the 15 days go from the date that I would have a transcript
8 that I could cite to the Court?  Or I don't know how --
9          THE COURT:  You need the transcript to support your
10 motion?
11         MR. JANOSKI:  Yes, there is direct testimony on it.
12         THE COURT:  All right.  Well, if that's the case,
13 then I will allow you to file that motion beyond the 15 days,
14 if the transcript is necessary to support it.
15         MR. JANOSKI:  I think it would be helpful to the
16 Court.
17         THE COURT:  All right.
18         MR. JANOSKI:  Thank you, Your Honor.
19         THE COURT:  You're welcome.  We're in recess.
20
21         (Proceedings concluded at 1:44 p.m)
22
23                    *   *   *
24
25

**UNITED STATES OF AMERICA** )
) ss:
**EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION** )

## C E R T I F I C A T E

I, Gary Bond, Certified Shorthand Reporter in and for the United States District Court for the Eastern District of Missouri, do hereby certify that I was present at and reported in machine shorthand the proceedings had the 11th day of June, 2008, in the above mentioned court; and that the foregoing transcript is a true, correct, and complete transcript of my stenographic notes.

I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys in this action, nor financially interested in the action.

I further certify that this transcript contains pages 1 through 9 and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

IN WITNESS WHEREOF, I have hereunto set my hand at St. Louis, Missouri, this 4th day March, 2009.

/s/ Gary Bond
Gary Bond, RPR, RMR
Certified Shorthand Reporter