**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, Plaintiff, | ) | |
| v. | ) | Case No. 4:07CV01733 CEJ |
| AVIS MEYER, Defendant. | ) | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO RULE 59(E) OR IN THE ALTERNATIVE A REQUEST FOR ADDITIONAL CLARIFICATION AND MEMORANDUM IN SUPPORT**

On December 24, 2008, the Court granted Defendant's Motion for Summary Judgment on Counts I through VI [dkt # 55] based largely on its determination that there was insufficient evidence in the record showing Defendant's "use in commerce" of Plaintiff's marks. As the Court is well aware, and as the Court acknowledged in its summary judgment Order, Defendant has admitted to the intentional destruction of practically all evidence throughout the course of this litigation. Id. at 11. In July, 2008, Plaintiff filed its Motion for Sanctions [dkt # 36] requesting, among other things, an adverse inference that the destroyed information would have been harmful to Defendant regarding Defendant's improper use of Plaintiff's intellectual property rights and other wrongful conduct, and damage to SLU related thereto. Id. at 4–5.

During the pre-trial hearing, the Court indicated it would grant Plaintiff's Motion for Sanctions and award "at the very least" Plaintiff's attorney's fees related to bringing its Motion. Pre-trial Hearing of March 2, 2009, Transcript [dkt # 122] at 11:12–16. In that same hearing, the Court emphasized, "[t]he extent to which the [Plaintiff] has been prejudiced is very difficult to

Saint Louis University v. Meyer
Dockets.Justia.com

determine, in part, because [the evidence] is gone." Pre-trial Hearing [dkt # 122] at 11:2–4. The Court further acknowledged, "the extent to which destruction of these documents has materially affected the Plaintiff's ability to prove its claim really cannot be determined." Pre-trial Hearing [dkt # 122] at 11:7–9; see also Motion Hearing of Aug. 20, 2008, Transcript [dkt #123] at 25:22-26:5 ("All we have is apparently Dr. Meyer's recollection of what was in [the destroyed communications]. . . . You can't reproduce this information . . . . I just don't understand why this happened. . . . This is very troubling to me now."). Even Defendant's own counsel admitted, "only [Dr. Meyer] can testify as to what [was in the destroyed communications]." Motion Hearing [dkt #123] at 26:23–24. Since it is impossible to determine what the actual substance was of all the evidence Defendant destroyed, it is absolutely impossible to say Plaintiff was not prejudiced.[1]

The Court acknowledged Plaintiff's Motion for Sanctions and request for an adverse inference in its Summary Judgment Order [dkt # 79]. After stating that it will consider the Motion for Sanctions separately, the Court went on to state, "information communicated in e-mails made its way to websites, published articles, and blog postings" and that "[n]othing has appeared in these sources that indicates that defendant communicated the accused marks to the public in a manner likely to cause confusion." Order dated Dec. 24, 2008 [dkt # 79] at 12.[2] What is not reflected in the Court's Order is the undeniable fact that because of Defendant's

[1] In light of the foregoing, and for the other reasons stated therein, Plaintiff submits this same day its related Motion for Entry of Sanctions. In that Motion, Plaintiff details the egregiousness of Defendant's willful misconduct and the harm and prejudice suffered by Plaintiff as a direct result. Plaintiff also sets forth other grounds justifying further sanctions against Defendant, in addition to an award of Plaintiff's attorneys' fees. To avoid unnecessary repetition, Plaintiff does not restate all of those grounds here but incorporates by reference its Motion for Entry of Sanctions. All of the facts and reasoning presented in that Motion, however, have equal application to this instant Motion to Alter or Amend.

[2] Plaintiff submits that due to the nearly identical nature of the marks and the goods/services, that confusion is presumed. See, e.g., Daddy's Junky Music v. Big Daddy's Family Music, 109 F.3d 275, 286–87 (6th Cir. 1997) (summary judgment for defendant precluded because genuine issue of fact existed as to likelihood of confusion where the defendant copied plaintiff's mark intentionally); Emerson Elec. Co. v. Emerson Quiet Kool Corp., 577 F. Supp. 668, 678 (E.D. Mo. 1983) (enjoining defendant).

spoliation, we have no way of knowing the full substance of the evidence he destroyed. The possibility that *some* of the information contained in the destroyed evidence eventually came to light through other channels does nothing to prove that the destroyed evidence did not also contain other relevant information showing Defendant's misuse of SLU's intellectual property. Moreover, the registration and manner of dissolution qualifies as an actionable use.

Dr. Meyer, through his intentional misconduct, has severely prejudiced Plaintiff and unfairly tainted the evidentiary pool. Only an adverse inference sanction can fully redress his misconduct and deter similar future misconduct. If the Court grants the requested adverse inference, summary judgment in Defendant's favor on Counts I-VI would no longer be appropriate.

Plaintiff respectfully submits that the Court reverse its summary judgment ruling of December 24, 2008, and grant leave for fuller briefing of the issues. In the alternative, Plaintiff respectfully requests this Court clarify its Order of December 24, 2008, with regard to Plaintiff's request for an adverse inference sanction.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:   /s/ Frank B. Janoski
      Frank B. Janoski, #3480
      Bridget Hoy, #109375
      David A. Weder, #5212905
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone:   (314) 444-7600
Fax:           (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com
Email: dweder@lewisrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I further certify that on the 17th day of March, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

/s/ Frank B. Janoski

Frank B. Janoski, #3480
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Facsimile: (314) 612-1307
E-mail: fjanoski@lewisrice.com