IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) <br> a Missouri benevolent corporation, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 4:07-cv-01733 <br> v. ) <br> ) <br> AVIS MEYER, ) <br> ) <br> Defendant. ) <br> ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AN
AWARD OF ATTORNEY'S FEES UNDER THE LANHAM ACT**

I.  Introduction

Defendant, Avis Meyer ("Meyer") requests the Court award him reasonable attorney's fees under Fed. R. Civ. P. 54 and under 15 U.S.C. § 1117 as this case is "exceptional" within the meaning of that statute thereby justifying an award of attorney fees. In the Eighth Circuit, a case is exceptional under 15 U.S.C. § 1117 when the Plaintiff's case is, among other things, groundless or unreasonable. *Scott Fetzer Co. v. Stan Williamson*, 101 F.3d 549, 555 (8th Cir. 1996).

Meyer prevailed on summary judgment with respect to St. Louis University's (hereinafter "SLU") Lanham Act claims because the Court held that SLU's case was completely devoid of any evidence that Meyer had used SLU's alleged trademarks in commerce. *See* Order (d/e 79). 15 U.S.C. §§ 1114 and 1125(a) both explicitly require a use in commerce by the infringer of the accused mark or a confusingly similar one. As a result, there is no basis for any argument by SLU that Meyer created a likelihood of confusion with SLU's mark. SLU was fully aware, and

never even alleged, that Meyer did not start a competing newspaper at all, much less using any of SLU's marks. As such, SLU cannot argue it had a reasonable basis for filing trademark infringement and unfair competition claims against Meyer.

SLU's Counts I, II and IV were based upon infringement of and unfair competition with registered and unregistered trademarks under 15 U.S.C. § 1114 and §1125(a) for which attorney's fees under 15 U.S.C. § 1117 may be granted. SLU's Counts II, V and VI were brought for trademark infringement and dilution under Missouri state law. Missouri looks to federal law as authority in shaping its state common law trademark infringement and unfair competition jurisprudence. *Adbar Company L.C. v. PCAA Missouri, LLC*, 2008 WL 68858 (E.D. Mo. 2008)(Exhibit A). Because all state law issues in this case turned entirely on questions identical to federal law, no additional time was spent on state law issues and the time spent on state and federal issues was coextensive. Therefore, Meyer moves the Court for the grant of attorney fees under 15 U.S.C. § 1117.

II.  Discussion of Applicable Law

   A.  The Standard for Attorney Fees Under Federal Rule of Civil Procedure 54 and Under the Lanham Act

Federal Rule of Civil Procedure 54 states that a motion for attorney's fees must specify the "judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it."

The Lanham Act provides that this Court "in exceptional cases may award reasonable attorney's fees to the prevailing party." 15 U.S.C. § 1117(a). "When the plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant." *Scott Fetzer Co. at* 555. Bad faith is not a prerequisite to an award of fees under the Lanham Act. *Hartman v. Hallmark Cards, Inc.*, 833

F.2d 117, 123 (8th Cir. 1997). Moreover, the Senate Report on the bill adding the attorney fee provision to the Lanham Act indicates defendants will be allowed to recover fees in exceptional cases in order to "provide protection against unfounded suits brought * * * for harassment and the like." *Id.* at 123 (*citing* S. Rep. No. 93-1400, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News 7132, 7136).

A case is not exceptional if there is some evidence in the record to support the Plaintiff's claims. *Scott Fetzer Co.*, 101 F.3d at 555. However, in the instant case, there was **no evidence** to support the Plaintiff's claims of a commercial use of SLU's alleged marks by Meyer under the recognized law of trademark infringement and unfair competition. *See* Opinion (d/e 79).

B.  <u>Plaintiff's Claims of Trademark Infringement Were Groundless and Unreasonable Making This An Exceptional Case Under The Lanham Act and Justifying An Award of Reasonable Attorney's Fees to Dr. Meyer</u>

Plaintiff's Count I alleged trademark infringement under 15 U.S.C. § 1114 of the registered mark SAINT LOUIS UNIVERSITY, Registration Number 1,729,449. (d/e 1, ¶24). The goods and services for which this mark is registered are:

> "*clothing; namely T-shirts, sweat shirts, sweat pants, sweat tops, gym shirts, casual shorts, socks, sweaters, headwear and jackets*"; "*educational services; namely, providing courses of instruction at the college level, and instruction in athletic clinics for the sports of basketball, soccer, baseball, field hockey, tennis, swimming, volleyball, golf, and softball; entertainment services; namely, conducting intercollegiate games and tournaments in the sport of basketball, soccer, baseball, field hockey, tennis, swimming, volleyball, golf and softball.*"

Plaintiff's Count II alleged unfair competition under 15 U.S.C. § 1125(a) of the unregistered trademarks "The University News" and related caption "A Student Voice Serving Saint Louis University Since 1921." Plaintiff's Count IV alleged unfair competition under 15 U.S.C § 1125(a) based upon unspecified marks.

Meyer detailed in his motion for summary judgment (d/e 58) his bases for his lack of liability on SLU's trademark infringement, unfair competition and dilution claims. For purposes

3

of brevity, Meyer will not recount his bases for his granted summary judgment motion here and instead incorporates his arguments from his motion for summary judgment (d/e 58) herein by reference. However, as detailed therein, SLU presented no evidence that Meyer *ever* used *any mark* in commerce such that a likelihood of confusion could have ever existed with SLU's alleged trademarks. Simply put, the law of trademark infringement and unfair competition under 15 U.S.C. § 1114 and § 1125(a) explicitly require that there have had been some use of the mark in commerce in order for there to have been an infringement.

In support of its case, SLU only argued five alleged facts that could never have constituted a commercial use and, therefore, trademark infringement or unfair competition. *See* SLU Opposition to Summary Judgment (d/e 66) and SLU Answers to Interrogatory No. 6 (Exh. 3 to d/e 58). Those alleged facts were that:

> (1) "defendant used the infringing marks when he registered a nonprofit corporation;
>
> (2) defendant 'shared his proposals' to start an independent newspaper using the new name;
>
> (3) he looked into leasing new space for the newspaper;
>
> (4) he used the university's letterhead to correspond with the office of the Secretary of State on behalf of his incorporated entity; and
>
> (5) he "placed in the permanent, official records of the Missouri Secretary of State filings that give the false indication that [plaintiff] was affiliated with the non-profit entity and approved of its creation and dissolution."

See Order (d/e 79, pp.6-7) and SLU's Responses to Interrogatories (d/e 58, Exh. 3, pp. 7-8.).

This Court quickly disposed of those arguments in its opinion as either not evidence of a commercial use, totally unsupported by any evidence or not legally relevant. Specifically the Court held:

4

- "The record contains no evidence that defendant 'shared his proposals' to start an independent newspaper using the incorporated name or that he attempted to lease space for such an enterprise." (d/e 79, p. 7).

- "In the instant case, there is no evidence that defendant used the accused marks in public." (d/e 79, p. 8).

- "Defendant's actions amount to no more than 'internal utilization.'" (d/e 79, p. 8).

- "… the Court fails to see the legal import of the defendant's later use of the letterhead to cancel the articles of incorporation." (d/e 79, p. 9).

- "Neither the defendant nor the corporation he formed produced any newspaper, publication or other goods, nor did they provide any services. **In the absence of goods or services produced by defendant, there can be no public confusion.**" (d/e 79, pp. 10-11) (emphasis added).

- "Nothing has appeared in these sources that indicate that defendant communicated the accused marks to the public in a manner likely to cause confusion." (d/e 79, pp. 12).

SLU never had an objective basis for filing its trademark infringement and unfair competition claims and never had evidence or a good faith belief that a use in commerce by Meyer of any mark had ever occurred. Because SLU never had evidence of any use by Meyer of the mark (or good faith belief that such use occurred), SLU's claims of trademark infringement and unfair competition are groundless and unreasonable such that an award of attorney's fees is warranted under *Scott Fetzer Co., supra.*

In other cases, courts have also held that where the record was devoid of any evidence of a commercial use of a mark an award of attorney's fees was justified. In *S Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 628 (7th Cir. 2001), the plaintiff had no objective basis for filing claims of trademark infringement due to absolutely no evidence of even a single sale of an infringing good or service bearing an accused trademark. In that case, the Seventh Circuit affirmed a determination of an exceptional case and an award of attorney fees. *Id.* Moreover, *S Industries* was determined under a stricter Seventh Circuit standard for a determination of an

exceptional case and award of attorney fees than the Eighth Circuit's rule in *Scott Fetzer Co.*[1]
Regardless, the Seventh Circuit held that the advancement of "indefensible" claims supported the Court's award of attorney fees.

In the case before this Court, Plaintiff's trademark infringement claim crossed the border of legal frivolousness. Plaintiff identified the five *supra* activities as alleged use in commerce by Dr. Meyer. A cursory examination of these identified activities and the asserted registered goods and services patently shows that SLU's trademark infringement and unfair competition claims utterly lacked merit on their face. Accordingly, in the Court's Order (d/e 79), this Court likewise found those allegations to be without merit.

In another district court case, the court awarded reasonable attorney's fees to a defendant sued for trademark infringement and unfair competition. *Viola Sportswear, Inc. v. Claude Clement Mimun*, 574 F.Supp. 619, 621 (E.D.N.Y. 1983). In that case, the complaint charged the defendants with a trademark conspiracy base on a sale of a single pair of jeans worth $10. *Id*. at 620. At the close of discovery, the *Viola* court noted that "it was clear beyond cavil, if it had not been before, that the plaintiff's claim was without any basis in fact." *Id*. In analyzing an exceptional case, the *Viola* court stated "[O]ne can only speculate about the motives which prompted this suit and in doing so none that are laudable come readily to mind." *Id*. at 621. With respect to the complaint, that court ruled that the charge alleging that the defendants were engaged in a trademark conspiracy based on the discovery "without more, can hardly be said to

---

[1] The more restrictive Seventh Circuit standard for finding an exceptional case is: "Where the defendant is the prevailing party, the standard is not whether the claimant filed suit in good faith but rather whether plaintiff's action was oppressive. A suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit." See *S Industries* at 627 (internal citations omitted), A discussed above, the Eighth Circuit requires only proof of plaintiff's case being groundless, unreasonable, vexatious, or pursued in bad faith. *Scott Fetzer Co.* at 555.

6

be well grounded in fact and can appropriately be characterized as a charge that is frivolous and in support of which a good faith argument on the merits could not be made." *Id*.

In the case before this Court, it was and is clear beyond cavil that Plaintiff's claims were without any basis in fact. SLU's complaint charged that the at-issue corporation paperwork and a magazine article constituted statutory trademark infringement, common law trademark infringement, unfair competition and dilution of the at-issue marks. (d/e 1, ¶¶ 17-20). Defendant's interrogatories to Plaintiff, however, asked for facts that support Plaintiff's allegations. Plaintiff's answers to interrogatories provided nothing more than the generalized allegations argued in response to Meyer's motion for summary judgment, did not constitute facts and did not have support in the record. In addition to interrogatories, Defendant submitted production requests that were likewise directed to the production of evidence that Plaintiff believes support its allegations. Yet, Plaintiff produced no documents that show any evidence of Avis Meyer using SLU's marks.

In Eighth Circuit cases denying attorney's fees to prevailing defendants, district courts invariably find that a question was close or that <u>some evidence</u> in the record supports the Plaintiff's claims. Here, however, SLU's Lanham Act claims failed because, as the Court noted, <u>no evidence</u> that Meyer ever used SLU's marks in commerce, a required element of each of SLU's Counts I-VI. (d/e 79, p. 7).

Far from merely one weak element, SLU's case consisted of <u>no evidence</u> that Meyer made <u>any</u> use of SLU's marks in commerce as required by 15 U.S.C. §1114 and § 1125(a). As in *Viola*, SLU's case of trademark infringement "can appropriately be characterized as a charge that is frivolous and in support of which a good faith argument on the merits could not be made."

*Viola*, 574 F.Supp. at 620. This is an exceptional case and this Court is respectfully requested to award Meyer his attorney fees.

  C. Meyer Was Forced to Expend Enormous Amounts of Money To Defend SLU's Frivolous Trademark Infringement Claims

In accordance with Rule 54, Meyer submits that a reasonable attorney's fee for defense of the federal trademark infringement claims is $94,540. Meyer further requests his attorney's fees for the filing of this motion and reply brief, which is not included in the above figure and is not yet determinable. Should the Court grant the present motion, upon an order of the Court, Meyer will provide detailed billing records and justification for said amount and requests that the Court order such detailed justification to be filed under seal.

## III. CONCLUSION

SLU's baseless trademark infringement claims have represented a waste of this Court's time and the personal resources of Avis Meyer. All indications point to SLU's using the federal courts to punish its tenured professor, Dr. Meyer, using its vast resources to drain those of Dr. Meyer. SLU was fully aware no newspaper had been started, fully aware that Dr. Meyer had not started a newspaper and fully aware that he had dissolved the nonprofit corporation of which SLU had initially complained. SLU brought this baseless suit to reprimand Dr. Meyer and make him an example rather than based upon any good faith belief that its claims had merit. By this motion, Dr. Meyer merely requests that he be made whole as a result of SLU's baseless litigation.

For at least the reasons stated above, Meyer respectfully requests that this Honorable Court grant Meyer's Motion For An Award Of Attorney's Fees Under The Lanham Act, and grant Meyer all such other and further relief as the Court deems just under the circumstances.

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.


By: *s/ Nelson D. Nolte*
    Brian J. Gill, #2,694,853
    Nelson D. Nolte, #111,801
    Scott A. Smith, #502,926
    12412 Powerscourt Drive, Suite 200
    St. Louis, Missouri 63131-3615
    (314) 238-2400
    (314) 238-2401 (fax)
    E-mail: bgill@patpro.com
    E-mail: nnolte@patpro.com
    E-mail: ssmith@patpro.com

    ATTORNEYS FOR DEFENDANT


## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2009 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail: fjanoski@lewisrice.com
bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

*s/ Nelson D. Nolte*