### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 4:07-cv-01733 |
| v. | )<br>) |
| AVIS MEYER, | )<br>) |
| Defendant. | )<br>) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO RULE 59 OR IN THE ALTERNATIVE A REQUEST FOR ADDITIONAL CLARIFICATION (d/e 125)

**I.   INTRODUCTION**

Plaintiff's Motion To Alter Or Amend The Final Judgment Pursuant To Rule Of Civil Procedure 59(e) (d/e 125 - "Plaintiff's Motion") is procedurally and substantively defective and should be denied. Plaintiff's Motion lacks citation to any case law regarding the standard for Rule 59(e) motions and lacks any analysis under the proper standard to demonstrate that Plaintiff is entitled to any of the relief it seeks. Plaintiff's Motion is merely a motion for reconsideration, which is not authorized under Rule 59(e). *Dale and Selby Superette & Deli vs. U.S.*, 838 F.Supp. 1346, 1348 (D.Minn 1993).

Rule 59(e) motions are improper where the party previously asserted or had the opportunity to assert the argument asserted in the Rule 59(e) motion. *Id.* There is nothing new in Plaintiff's Motion, and Plaintiff impermissibly mischaracterizes this Court's prior rulings and rehashes its failed arguments to try to convince the Court that it somehow failed to listen to the Plaintiff's previous briefs. This alone is sufficient to reject Plaintiff's Motion. Moreover,

Plaintiff fails to establish that there was any *bona fide* manifest error that would warrant the Court's reconsideration. Contrary to Plaintiff's strained assertions, the Court properly considered and correctly decided each of the issues challenged by Plaintiff.

In particular, Plaintiff argues that this Court acknowledged in its summary judgment Order that "Defendant has admitted to the intentional destruction of practically all evidence throughout the course of this litigation and that the registration and manner of dissolution qualifies as an actionable use." (d/e 125, pp. 1, 3). Plaintiff's first allegation is a complete mischaracterization of this Court's summary judgment Order and its second allegation is a completely conclusory statement lacking any citation to supporting law and providing no explanation or analysis supporting a finding of manifest error by the Court.

What Plaintiff fails to accept is that the Court properly considered the Plaintiff's "evidence" under the proper summary judgment standards, and correctly found that Plaintiff's "evidence", ***even when viewed in the light most favorable to Plaintiff***, was insufficient to survive summary judgment.

II. **A RULE 59(e) MOTION IS ONLY APPROPRIATE WHEN THE COURT HAS COMMITTED A "MANIFEST ERROR OF LAW OR FACT" OR FOR THE PRESENTATION OF NEWLY DISCOVERED EVIDENCE.**

Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006)(*citing Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998)). Such motions cannot be used to introduce new evidence that could have been presented earlier, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* A manifest error is "[a]n error that is ***plain and indisputable***, and that amounts to a ***complete disregard*** of the ***controlling***

*law or the credible evidence* in the record." *Black's Law Dictionary* 563 (7th ed. 1999)(emphasis added). A motion to amend should not be employed to relitigate old issues or to secure a rehearing on the merits. *Dale and Selby Superette & Deli*, 838 F.Supp. at 1348 (*citing Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir. 1986)).

**III. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF FAILS TO ALLEGE ANY MANIFEST ERROR OF LAW IN THIS COURT'S PRIOR RULINGS AND ALLEGES NO NEWLY DISCOVERED EVIDENCE.**

Plaintiff's Motion lacks any citation to any case law regarding Rule 59(e) motions. (*See generally* d/e 125). Also, completely absent from Plaintiff's Motion is any new factual evidence that would require this Court to alter or amend its prior rulings. (*Id.*). In fact, "error" or "manifest error" appear nowhere in Plaintiff's Motion. (*Id.*). Rather than even attempt to make an allegation of manifest error, Plaintiff once again trots out its now tired argument that Meyer destroyed <u>all</u> evidence of any actionable commercial use he may have made of Plaintiff's mark, and Plaintiff should therefore be relieved of its burden of production on this element through an adverse inference. (d/e 125, pp. 1-2)(emph. added). As discussed below, Plaintiff cannot point to any such manifest error of law. Consequently, Plaintiff's Motion should be denied in its entirety.

**A. Plaintiff's Challenge To The Court's Summary Judgment Of Non-Infringement Is An Improper Rehash of Previous Arguments While The Court's Opinion Was Proper And <u>Not</u> Based On Manifest Error.**

Plaintiff begins its attack on this Court's prior rulings by stating "… and as the Court acknowledged in its summary judgment Order, Defendant has admitted the intentional destruction of practically all evidence throughout the course of this litigation." (d/e 125, p. 1). Plaintiff's allegation blatantly misconstrues this Court's summary judgment Opinion and the

3

record. The only destruction of evidence acknowledged by the Court was that Meyer continued his routine practice of deleting personal e-mails. (d/e 79, p. 11; *see also generally* d/e 79).

Additionally, the Court found no malevolent intent by Meyer with regard to deleted e-mails, other than it was "his practice" before this litigation. (d/e 79, p. 11). The Court's statements are a far cry from an acknowledgement by the Court that Meyer destroyed practically all evidence. Rather, the Court indicated that the content of Meyer's e-mails were available to the Court through other sources and that <u>nothing</u> in those sources indicate Meyer communicated SLU's marks to the public in an actionable manner. (d/e 79, p. 12)(emph. added). Simply put, an actionable communication of Plaintiff's alleged marks for a newspaper by Meyer cannot be a secret use existing solely in Meyer's personal emails. Plaintiff's mischaracterization of this Court's prior Opinion is nothing more than an improper rehash of its arguments against summary judgment that were properly rejected by this Court.

Plaintiff next claims that if the Court grants Plaintiff's request for an adverse inference sanction, summary judgment in Meyer's favor on Counts I-VI would no longer be appropriate. (d/e 125, p. 3). Once again, Plaintiff fails to make any allegation of manifest error by the Court and merely rehashes its spoliation argument that this Court has twice rejected. (d/e 125, pp. 2-3); (*See also* d/e 79, pp. 11-12; Pre-Trial Mot. Proc. Transcr. 10:3-12:4 (March 2, 2009)(<u>Exhibit 1</u>)); *Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir.2004)(noting under *Stevenson* "a finding of intent is required to impose the sanction of an adverse inference instruction.").

Plaintiff finally makes the bare allegation that Meyer's registration of a non-profit corporation and subsequent dissolution qualifies as an actionable use[1]. (d/e 125, p. 3). Plaintiff's cites no legal authority in support of its allegation that calls this Court's well-reasoned

---

[1] Plaintiff's sole support for this argument comprises a single sentence lacking citation to any legal authority. (d/e 125, p. 3).

4

summary judgment Opinion into question. (*See generally* d/e 125). Therefore, Plaintiff's allegation regarding the registration and dissolution merely expresses disagreement with the Court's Opinion and thus provides no proper grounds for a motion under Rule 59(e). (*Id.*)

None of Plaintiff's allegations of error in this Court's prior rulings rises to the level of a manifest error requiring this Court to alter or amend its prior proper summary judgment Opinion under Rule 59(e). Thus, Plaintiff's Motion should be denied.

### B. Plaintiff's Alternative Request For Clarification Is Improper Under Rule 59(e).

A Rule 59(e) motion should not be used to relitigate old issues or to secure a rehearing on the merits. *Dale*, 838 F.Supp. at 1348. Plaintiff's Motion requesting that this Court clarify its Order of December 24, 2008 with regard to an adverse inference sanction is exactly such a motion. (*See* d/e 125, p. 3). In its summary judgment Opinion, this Court explicitly considered the effect of Meyer's deleted e-mails and Plaintiff's request for sanctions and properly found that no adverse inference was warranted <u>and</u> that <u>nothing</u> in Meyer's private communications constituted actionable trademark use. (d/e 79, pp. 11-12)(emph. added). Further, in ruling on Plaintiff's motion for sanctions for spoliation prior to the start of trial, the Court indicated that any sanctions that the Court may impose would have no effect on the Court's prior summary judgment ruling. (<u>Exh. 1</u>, 11:5-7)("since this motion [for sanctions] was filed, a good portion of the plaintiff's case has been dismissed. So we're now down to one claim.").

Moreover, Plaintiff is not entitled to the adverse inference it seeks. "A finding of intent is required to impose the sanction of an adverse inference instruction." *Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir.2004). This Court has already found that Meyer had no intent to

thwart Plaintiff's case through his continuation of his routine practice of deleting of personal emails[2]. (Exh. 1, 12:1-4).

Plaintiff's request for clarification is an impermissible attempt to relitigate its request for an adverse inference sanction, especially in light of this Court's proper summary judgment Opinion addressing Plaintiff's request for such a sanction and the Court's indication at the pre-trial hearing that any additional sanctions for spoliation the Court may make would have no effect on its prior rulings. (*See* d/e 79, pp. 11-12; Exh. 1, 10:3-12:4). Plaintiff's request for clarification of this Court's Order of December 24, 2008 is unnecessary, improper under Rule 59(e), and should be denied.

IV. **PLAINTIFF'S CITED CASE LAW REGARDING IDENTICAL MARKS MISSES THE POINT BECAUSE MEYER'S LACK OF USE IN COMMERCE OF PLAINTIFF'S MARKS PRECLUDES A FINDING OF LIKELIHOOD OF CONFUSION.**

Plaintiff's only citation of <u>any</u> case law that it alleges was improperly applied by this Court is relegated to a footnote in Plaintiff's Motion. (*See* d/e 125, p. 2, n.2). Plaintiff fails to make an explicit allegation that this Court made a manifest error of law in applying the cited cases. Instead, Plaintiff implies that due to the nearly identical nature of the alleged marks and their goods or services, that confusion should be presumed. However, Plaintiff fails to recognize or inform this Court that the "touchstone" of liability for trademark infringement is "whether the defendant's <u>use</u> of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir. 1997)(emph. added).

---

[2] "And while I don't believe there was any intent on your part to thwart the plaintiff's case – at least I don't have any evidence of that, this was reckless and perhaps thoughtless behavior on your part." (Exh. 1 12:1-4).

6

In disposing of Plaintiff's argument that Plaintiff was entitled to an adverse inference requiring summary judgment in its favor, this Court stated that that the substance in Meyer's deleted personal e-mails had appeared in various public sources and "[n]othing has appeared in these sources that indicates that the defendant communicated the accused marks to the public in a manner likely to cause confusion." (d/e 79, p. 12). Thus, the Court's ruling was based on Meyer's <u>lack of actionable use</u>, rendering Plaintiff's contention that the Court should have found a presumption of confusion superfluous. (*Id.*). Moreover, in its Memorandum and Order on summary judgment, the Court expressly considered – and rejected - Plaintiff's request for an adverse inference relative to Meyer's personal emails. (*Id.*). Plaintiff's motion should be denied because the Court's summary judgment Opinion was proper and Plaintiff's cited cases indicate no error in the Court's ruling, much less the manifest error sufficient to justify altering the judgment based on Rule 59(e).

## V. CONCLUSION

For at least the reasons stated above, Meyer respectfully requests that this Honorable Court deny all aspects of Plaintiff's Rule 59(e) Motion, and grant Meyer any relief as the Court deems just under the circumstances.

*****************

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/ Nelson D. Nolte*
    Brian J. Gill, #2,694,853
    Nelson D. Nolte, #111,801
    Scott A. Smith, #502,926
    12412 Powerscourt Drive, Suite 200
    St. Louis, Missouri 63131-3615
    (314) 238-2400
    (314) 238-2401 (fax)
    E-mail: bgill@patpro.com
    E-mail: nnolte@patpro.com
    E-mail: ssmith@patpro.com
    ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2009 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail: fjanoski@lewisrice.com
bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

*s/ Nelson D. Nolte*