# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri corporation, </br></br>Plaintiff, </br></br>v. </br></br>AVIS MEYER, </br></br>Defendant. | ) ) ) ) ) ) Case No. 4:07-cv-01733 ) ) ) ) ) ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
## FOR ENTRY OF SANCTIONS (d/e 126)

**I.     INTRODUCTION**

Previously, St. Louis University ("SLU") moved this Court for sanctions against Avis Meyer for spoliation of evidence as a result of Dr. Meyer's continuation of his pre-litigation practice of deleting personal emails from his computer. (*See,* Motion d/e 36). This Court held a hearing on August 20, 2008 and at that hearing the Court held that Dr. Meyer's continuation of his pre-litigation practices with respect to personal emails constituted spoliation of evidence, but withheld judgment as to the sanction it would enter against him. (d/e 48)("mtn for sanction re: spoliation of evidence taken under submission"). Subsequent to that hearing, this Court entered summary judgment against SLU on its trademark infringement, unfair competition and state trademark dilution claims (Counts I-IV). (d/e 79, p. 12). In its Opinion, the Court held that the "With respect to the summary judgment motion, however, information communicated in emails made its way to websites, published articles, and blog postings, which have been provided to the Court." (*Id.*). The Court further held that "Nothing has appeared in these sources that indicates

that defendant communicated the accused marks to the public in a manner likely to cause confusion." (*Id.*). Based upon these findings, SLU suffered no prejudice.

SLU's motion (d/e 126) asks this Court to enter as a sanction an award of attorney's fees in excess of $10,000.00 against Dr. Meyer, a penalty of $30,503.22 against Dr. Meyer, a penalty of $30,503.22 against counsel for Defendant, and to enter finding that Dr. Meyer willfully destroyed evidence that would have been adverse to him and his defenses.

For the reasons set forth below, the amount of SLU's requested attorney's fee is excessive and should be reduced by this Court. SLU requests over 35 hours of attorney time for the preparation of an uncomplicated discovery motion amounting to over $10,000.00 in fees.

As for SLU's request that a finding be entered that Dr. Meyer willfully destroyed evidence adverse to himself, the Court has already addressed this request in its Opinion on summary judgment, finding no intent on Meyer's part that would justify an adverse inference sanction. (d/e 79, pp 11-12). As such, this request can best be described as a motion for reconsideration in support of which SLU provides no new argument. This Court has expressly indicated that there was no intent on Dr. Meyer's part to thwart the plaintiff's case. (Pre-Trial Mot. Proc. Transcr. 12:1-4 (March 2, 2009) (Exhibit 1). The Court has also held that Plaintiff was not prejudiced by the deletion of any personal emails. (d/e 79, p. 12). Therefore, any such finding would be contrary to the Court's previous rulings and is not justified as a sanction.

As to SLU's request for a further monetary penalty against Dr. Meyer, Dr. Meyer submits that any such penalty would be unwarranted in view of the fact that his conduct was not intentional and resulted in no prejudice to Plaintiff. Moreover, the penalty requested by SLU represents nearly half of Dr. Meyer's annual salary and, when added to the $10,000.00 in attorney's fee amount requested by SLU, is over half of Dr. Meyer's annual salary. Such a

penalty is an enormous amount of money to penalize Dr. Meyer and is not necessary to "compensate" SLU, particularly when the Court has held that SLU suffered no legal prejudice.

Finally, any sanction against Dr. Meyer's counsel is also unwarranted. There has never been a finding that Dr. Meyer's attorneys assisted in Dr. Meyer's deletion of emails or that the deletion of emails was performed with their knowledge. In fact, SLU's motion for sanctions based upon spoliation did not even seek a sanction against Dr. Meyer's counsel and such argument should be deemed waived. (*See, generally,* d/e 36). Without any such finding, a monetary penalty against Dr. Meyer's counsel is completely unwarranted.

## II. LAW

### A. Law Of Sanctions For Spoliation under Rule 37

This Court may impose a sanction for spoliation under Rule 37 or under its inherent power to do so. *Stevenson v. Union Pac. R.R. Co.,* 354 F.3d 739, 750 (8th Cir. 2004). Before imposing a sanction, courts look to five general factors to determine if sanctions are warranted: 1) whether a party was prejudiced, 2) whether the prejudice can be cured, 3) the practical importance of the evidence, 4) whether the party responsible for the destruction acted in bad faith, and 5) the potential for abuse. *See Driggin v. American Sec. Alarm Co.*, 141 F.Supp.2d 113, 120 (D. Me. 2000).

If the Court determines that a sanction is warranted, courts will craft a sanction to place the parties in the same situation that they had been in had there been no evidence destroyed. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2nd Cir. 1999). The Eighth Circuit has made clear that to impose a punitive sanction a court must find: 1) intentional destruction with fraudulent intent and a desire to suppress the truth; and 2) prejudice to the opposing party. *See Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006).

B.  Law Of Sanctions Under 28 U.S.C. § 1927

28 U.S.C. § 1927 may be used to provide a sanction when one is warranted in situations where no rule of Civil Procedure clearly applies. *In re Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986).  **To impose sanctions under § 1927, the court must explicitly find bad faith or intentional conduct on the part of the sanctioned party.** *Pederson v. Louisiana State Univ.*, 912 F.Supp. 892, 936 (M.D. La. 1996) *vacated-in-part on other grounds* 213 F.3d 858 (5th Cir. 2000).  If a discovery sanction provides an adequate sanction, § 1927 should not be used to award excess costs. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (1980).

III.  ARGUMENT

A.  This Court Should Not Impose A Monetary Sanction Upon Dr. Meyer

While this Court may impose a sanction for spoliation under Rule 37 or under its inherent power to impose a sanction for spoliation, the Court should first determine whether a sanction is a warranted or the extent to which a party should be sanctioned.  As discussed above, the factors generally applied by courts are: 1) whether a party was prejudiced, 2) whether the prejudice can be cured, 3) the practical importance of the evidence, 4) whether the party responsible for the destruction acted in bad faith, and 5) the potential for abuse. *Driggin*, 141 F.Supp.2d at 120.

As to these factors, it should be noted that under no view of the facts do any of these factors weigh in favor of a sanction.  SLU was not prejudiced— its case as to Count I-VI was doomed because Dr. Meyer never used SLU's mark in commerce.  (*See, generally,* d/e 79). Nothing in Dr. Meyer's personal email was ever going to change that.  There is no "practical importance of the evidence" because it has never been established that Dr. Meyer's emails to friends, colleagues and acquaintances contained any evidence relevant to commercial use of a

trademark for a good or service sold by Dr. Meyer.[1]  This Court has already held that Dr. Meyer did not act intentionally or in bad faith when he failed to discontinue his practice of deleting personal emails.  (*See* Exh. 1, 12:1-4).

There is no potential for abuse in the future because the issues surrounding about Dr. Meyer's email practices have been, in view of the fatally defective Counts I-VI of SLU's Complaint, the primary and perhaps sole basis for SLU to punish Dr. Meyer for thinking about assisting the SLU students to take their newspaper off campus.  There can be no doubt that in the rare event that Dr. Meyer is called to litigate in the future, and particularly with SLU, he will never delete another email again.

> **B.  This Court Should Not Impose the Full Amount of Attorney's Fees Requested By SLU Because The Amount Is Unreasonable And Represents Wasteful Effort**

In the event that the Court decides that a monetary sanction is warranted, Dr. Meyer submits that this Court should not award the full amount of attorney's fees requested by SLU because: 1) the amount of $10,167.74 represents an unreasonable amount for an uncomplicated discovery motion, 2) much of SLU's motion is directed to the sanction of an adverse inference which the Court refused, 3) about five hours of time is directed to a supplemental memorandum filed by SLU without leave of Court which cited irrelevant authority, and 4) Plaintiff's counsel has not submitted actual bills submitted to SLU and has appeared to paraphrase or rewrite descriptions of time rather than provide actual billing entries.

> **i. SLU's Requested Fee Is Unreasonable For An Uncomplicated Motion**

As a first point, the time represented by Plaintiff's requested attorney's fees corresponds to over 35 hours of attorney time.  (d/e 126, Exh. 1).  Despite the fact that SLU attempts to cast

---

[1] SLU tacitly admits that the emails would have had no effect on its case because SLU never sought any discovery of the contents of those emails from people whom Dr. Meyer exchanged email correspondence, despite the identifies of those people being within SLU's possession.

5

Meyer's conduct with over-the-top hyperbole by describing it as the "most egregious and blatant case of spoliation imaginable," such is not the case. (*See* d/e 126, p. 3). It is not disputed that Dr. Meyer continued his practice of deleting personal emails and that he should not have done this. However, this is not such a bizarre and unusual set of circumstances that nearly a week's worth of time needed to be devoted to a single motion. If SLU's counsel actually spent nearly a week's worth of time on preparing a single discovery motion, this represents an unreasonable amount of time. Dr. Meyer submits that such a non-complex motion should take an relatively experienced associate attorney no more than 1 day (eight hours) to prepare and with no more 1.5 hours of review time for a supervising attorney. Mr. Janoski and Ms. Hoy additionally spent 3.3 hours on a reply brief and 3.4 hours for preparation and attendance at the motion hearing, which Dr. Meyer does not challenge. Therefore, Dr. Meyer submits that the reasonable number of hours for SLU's motion is 12.2 hours by Ms. Hoy and 4.0 hours by Mr. Janoski for a total cost of $4590.85.

### ii. SLU's Requested Fee Is Primarily Based Upon An Unsuccessful Remedy

Moreover, the number hours determined above should be reduced by half based upon the fact that SLU's motion sought an adverse inference and attorney's fees. (*See, generally,* d/e 36). This Court has already held that an adverse inference is unwarranted. (*See* d/e 79, pp. 11-12; Exh. 1 10:3-12:4). This Court should recognize that time was spent to prepare and research the adverse inference relief denied by this Court. Because SLU's motion was not successful in obtaining the primary relief it requested, Dr. Meyer should not be required to pay for the SLU's attempt to obtain remedies that were found unwarranted by the law and facts and for which SLU's motion did not prevail. Therefore, Dr. Meyer submits that a more appropriate accounting

of attorney's fees for SLU's motion is $2295.43 (which represents one-half of the $4590.85 calculated above).

### iii. SLU Includes Time For A Supplemental Memo After The Hearing On Its Motion That Cites Irrelevant Case Law That Predated Its Original Motion and Could Have Been Included In Its Initial Brief

Moreover, seven of the final eight entries on SLU's summary of time expended (*See* d/e 126, Exh. 2) by SLU's attorney's represent preparation of a supplemental brief (d/e 51) that was both unnecessary and a misconstruction of case law. In that brief, SLU analyzed the case of *Conner v. Sun Trust Bank*, 546 F. Supp. 2d 1360 (N.D. Ga. 2008), and represented to this Court that in *Connor* an adverse inference was entered by the Court based upon a party's deletion of a single email. (*See, generally,* d/e 51). The case was not new and predated SLU's original motion. The brief contained material misstatements of fact, including a statement that Dr. Meyer "wiped his hard drive clean" which was unsupported by the record and directly rebutted by an Affidavit of Dr. Meyer. (d/e 52-2 Exh. B). Moreover, the *Connor* case involved the discovery of an actual email that was not produced in discovery and was directly relevant because it recited the reasons for the plaintiff's termination from her job and the claim at issue was interference with the plaintiff's rights under the Family and Medical Leave Act. *Conner v. Sun Trust* Bank, 546 F.Supp.2d 1360, 1376 (N.D.Ga. 2008). The Court held that the deletion of this email, known to be relevant, and a copy of which was provided to the Court from another source raised a presumption that other relevant emails were not produced were relevant and entered an adverse inference. *Id.* at 1377.

Despite SLU's supplemental brief, the *Connor* case is irrelevant to the present action. SLU has never discovered any email that contains a commercial use by Dr. Meyer of SLU's marks on any goods or services, nor would it because a personal email could not contain a

commercial, trademark use of SLU's marks on a newspaper. Any commercial or trademark use of SLU's marks by Dr. Meyer is an inherently public act. As a result, the *Connor* case is inapposite, and the supplemental brief was a waste of time and resources. Dr. Meyer should not be forced to bear the burden of SLU's over-exuberance or bad judgment. Moreover, this supplemental brief was provided to support the adverse inference this Court has never awarded.

### iv. SLU Has Not Submitted Actual Bills

Instead of submitting actual bills to this Court that were tendered to SLU, SLU's counsel attaches a summary of time entries and billing descriptions. (d/e 36, Exh. 2). This is exemplified by time entries for both counsel F. Janoski and B. Hoy that are part of the same line item. For example, the first line item of Mr. Janoski's summary table attached to his affidavit includes time for both Mr. Janoski and Ms. Hoy with precisely the same description. It is very unlikely that Mr. Janoski and Ms. Hoy think so similarly that their actual time entries were precisely the same. This leads one to the conclusion that not only is Mr. Janoski's table a summary, but the descriptions of the time entries are also summaries of the actual time entry descriptions. Without impugning the integrity of Mr. Janoski, he is an advocate. Therefore, his summaries of time billed are almost certainly presented in a light most favorable to SLU, thus denying Dr. Meyer an opportunity to view the actual time entries that were actually billed to SLU and an opportunity to challenge the actual time entries and his summary. Therefore, Dr. Meyer submits that without actual billing records, this Court, if it awards a monetary sanction, should substitute its own judgment for the reasonableness of time expended and not rely entirely on SLU's submitted summary based on undisclosed billing records.

> v. **SLU Requests Fees For Preparing a Routine Affidavit Performed By a Senior Partner That Should Be Performed By a Paralegal or Beginning Associate.**

The final entry on SLU's time summary (d/e 126-2) is for the preparation of an affidavit regarding an itemization of SLU's fees. In all fairness, this is a job for a paralegal or even a beginning associate. Yet, the task was performed by Mr. Janoski, though it is simplistic and far below his level of experience and billing rate. As such, the costs associated with this time entry should likewise not be borne by Dr. Meyer because it is wasteful.

> C. **SLU'S MOTION FOR A FINDING OF WILLFULNESS IS REALLY A MOTION FOR RECONSIDERATION OF AN ADVERSE INFERENCE BASED UPON THE SAME ARGUMENT PREVIOUSLY PRESENTED**

In its request for sanctions, SLU requests a finding that Dr. Meyer willfully deleted personal emails to thwart SLU. As discussed above, this argument is a *non sequitur*. A commercial use of SLU's trademarks on goods and services (such as for a newspaper), by definition, could not be contained only in Dr. Meyer's personal email. The Court found as much in its Opinion on summary judgment. (d/e 79, pp. 11-12) ("With respect to the summary judgment motion, however, information communicated in emails made its way to websites, published articles, and blog postings, which have been provided to the Court….Nothing has appeared in these sources that indicates that defendant communicated the accused marks to the public in a manner likely to cause confusion."). Moreover, the Court has also found that Dr. Meyer did not act intentionally. (*See* Exh. 1, 12:1-4).

Therefore, the Court has already decided this issue on two separate occasions and found SLU's request for an adverse inference unwarranted.

### D. SLU'S REQUEST FOR AN ADDITIONAL PENALTY AGAINST DR. MEYER IS UNWARRANTED

SLU further asks this Court to assess an additional penalty in its favor in an amount triple its claimed attorney's fees, in effect asking for a total of quadruple its attorney's fees. Dr. Meyer submits that such a drastic amount would be overly punitive. Courts normally fashion a penalty, if one is warranted, that places the parties in the positions they would otherwise be had the spoliation not occurred. As discussed above, nothing in Dr. Meyer's personal email would have proven the element of a commercial use of SLU's trademarks on goods or services. SLU's counts for trademark infringement, unfair competition and state trademark dilution were bound to fail and nothing in Dr. Meyer's personal email could have changed that. The parties' positions have not changed as a result of the deletion of personal emails. Therefore, no sanction, must less punitive sanction, is warranted.

As discussed above, this Court found no intentional behavior on the part of Dr. Meyer. (*See* Exh. 1, 12:1-4). Awarding such a harsh punitive amount based upon negligent conduct that did not result in prejudice to any party would be unfair. It should further be noted that SLU became aware of the deletion of email from Dr. Meyer's own deposition. If Dr. Meyer had contrived a nefarious plot to violate the rules and delete his personal emails to intentionally thwart SLU's case, he hardly would have admitted to it in his deposition.

Finally, before awarding a punitive award, a court should take into account the relative financial status of the parties. The requested sanction by SLU would amount to more than half of Dr. Meyer's annual income. In contrast, SLU is a university that, without counting its vast operating budget, has an endowment of about $685 million.

Therefore, this Court should decline to award any enhanced monetary penalty against Dr. Meyer.

### E. SLU'S REQUEST FOR AN ADDITIONAL PENALTY AGAINST DR. MEYER'S COUNSEL WAS NOT REQUESTED IN ITS ORIGINAL MOTION AND THERE HAS BEEN NO FINDING OF COMPLICITY BY DR. MEYER'S ATTORNEYS

When SLU filed its motion (d/e 36) for sanctions against Dr. Meyer back in the summer of 2008, it did not identify Dr. Meyer's counsel as the object of any sanction. Dr. Meyer submits that because this argument was not made in SLU's original motion, the argument is waived in SLU's supplemental brief on sanctions.

Moreover, as a result of SLU's not having brought forth any request for relief against Dr. Meyer's counsel, to this point, Dr. Meyer's counsel has not submitted evidence to vindicate its own interests. Now, SLU seeks to add Dr. Meyer's counsel to fray after the fact of its motion. Because SLU's motion for spoliation (d/e 36) did not seek a remedy against Dr. Meyer's counsel, SLU should be precluded from seeking a sanction against Meyer's counsel. (d/e 12, I.(3)(f))(" motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than fifteen (15) days following the event …that is the subject of the motion.").

Moreover, there has never been a finding by the Court that Dr. Meyer's counsel was aware of or complicit in the deletion of emails nor has there been any indication that Dr. Meyer's counsel did not make Dr. Meyer aware of his duties.

Because the Court has never been asked to address the applicability of sanctions against Dr. Meyer's counsel and because such arguments may implicate the attorney-client privilege and a direct conflict between attorney and client, Meyer's counsel hereby request notice and the opportunity to respond should the court entertain SLU's late-offered argument of sanctions against Dr. Meyer's counsel.

## IV. CONCLUSION

For at least the reasons stated above, Meyer respectfully requests that this Honorable Court deny an award of fees to St. Louis University. Should the Court grant fees, for the reasons set forth above, Dr. Meyer requests that the Court grant a attorney's fee award in the amount of $2360.24 (or such other reduced amount as the Court sees fit) is sufficient and fair to place the parties in the same position had there been no deletion of email. Moreover, Dr. Meyer requests that the Court deny any sum the represents a penalty against Dr. Meyer or Dr. Meyer's counsel, and deny SLU's request for an adverse inference based on a finding of intentional destruction of email. Dr. Meyer further requests that the Court grant Meyer all such other and further relief as the Court deems just under the circumstances.

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/ Nelson D. Nolte*
Brian J. Gill, #2,694,853
Nelson D. Nolte, #111,801
Scott A. Smith, #502,926
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: bgill@patpro.com
E-mail: nnolte@patpro.com
E-mail: ssmith@patpro.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2009 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail: fjanoski@lewisrice.com
bhoy@lewisrice.com
ATTORNEYS FOR PLAINTIFF

*s/ Nelson D. Nolte*