IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, a Missouri benevolent corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 4:07CV01733 CEJ |
| v. | ) ) | |
| AVIS MEYER, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO RULE 59(e) OR IN THE ALTERNATIVE A REQUEST FOR ADDITIONAL CLARIFICATION**

Defendant Avis Meyer's Opposition to Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) or in the Alternative a Request for Additional Clarification completely misses the point. Throughout his response, Defendant Meyer skirts the fact that this Court has yet to enter sanctions against Defendant Avis Meyer for his spoliation of evidence and has never definitively ruled upon Plaintiff's request for an adverse inference. Indeed, among the sanctions that would be entirely appropriate based upon Defendant Meyer's admitted destruction of evidence is an inference that the emails, documents, and other communications destroyed by Defendant Meyer (and not otherwise finding their way to a permanent, public record that was found by Plaintiff during the course of the litigation) contained information that would have evidenced additional improper uses of Plaintiff's name and marks in support of Plaintiff's Counts I - VI.[1] Because the Court entered summary judgment on Plaintiff's Counts I – VI based upon what the Court viewed as a lack of evidence of "use in commerce" without definitively

---

[1] The justification for entry of an adverse inference is fully explained in Plaintiff's Motion for Entry of Sanctions [dkt # 126] and Plaintiff's Reply in Support thereof, filed contemporaneously herewith, both of which are incorporated herein by reference.

1529820 06

Saint Louis University v. Meyer

Dockets.Justia.com

ruling on Plaintiff's Motion for Sanctions, a manifest injustice would occur if the requested adverse inference is appropriately entered without correction of the Court's previous summary judgment Order.[2] Thus, as set forth in Plaintiff's opening Motion and in its contemporaneously filed Motion for Entry of Sanctions and Reply in support thereof, an adverse inference is warranted because Defendant made a wholesale destruction of evidence to the prejudice of Plaintiff and to the extent the Court now grants the adverse inference, the previously entered summary judgment on Counts I – VI would be in error. Thus, Rule 59(e) is properly invoked, and Plaintiff respectfully requests that its Motion be granted by the Court.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ Frank B. Janoski
Frank B. Janoski, #3480
Bridget Hoy, #109375
David A. Weder, #5212905
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 444-7600
Fax: (314) 612-1307
Email: fjanoski@lewisrice.com
Email: bhoy@lewisrice.com
Email: dweder@lewisrice.com

ATTORNEYS FOR PLAINTIFF

---

[2] Plaintiff submits that until the Motion for Sanctions is formally ruled upon, Plaintiff cannot appeal the entry of summary judgment in Defendant's favor on Counts I – VI because the requested adverse inference directly affects that ruling.

## CERTIFICATE OF SERVICE

      I further certify that on the 8th day of April, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

                                                /s/ Frank B. Janoski
                                                Frank B. Janoski, #3480
                                                LEWIS, RICE & FINGERSH, L.C.
                                                500 North Broadway, Suite 2000
                                                St. Louis, MO 63102
                                                Telephone:  (314) 444-7600
                                                Facsimile:   (314) 612-1307
                                                Email: fjanoski@lewisrice.com