IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, <br> a Missouri benevolent corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVIS MEYER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 4:07-cv-01733 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE LANHAM ACT**

**I.    Introduction**

Defendant, Avis Meyer ("Defendant" or "Meyer") requests the Court to award him reasonable attorney's fees under Fed. R. Civ. P. 54 and under 15 U.S.C. § 1117 as this case is "exceptional" within the meaning of that statute thereby justifying an award of attorney fees. In the Eighth Circuit, a case is exceptional under 15 U.S.C. § 1117 when a plaintiff's case is, among other things, groundless or unreasonable. *Scott Fetzer Co. v. Stan Williamson*, 101 F.3d 549, 555 (8th Cir. 1996).

Plaintiff, Saint Louis University ("Plaintiff" or "SLU") did not properly perform legal research or conduct a factual investigation to uncover evidence to establish a solid basis for its claims under the Lanham Act. Despite this Court's well-reasoned summary judgment Opinion (d/e 79), in its Opposition (d/e 132), SLU again rehashes its previously rejected arguments against summary judgment by arguing the question "whether SLU's allegations constitute

commercial use by Meyer; and therefore, trademark infringement or unfair competition by Meyer".

The correct question, however, is "what was SLU's evidence of commercial use by Meyer as supported by SLU's legal research and factual investigation". The answer is that SLU never had an objective basis for filing its trademark infringement and unfair competition claims and never had evidence or a good faith belief that a use in commerce by Meyer of its mark had ever occurred.

Because SLU never had evidence of any use by Meyer of the mark (or good faith belief that such use occurred), SLU's claims of trademark infringement and unfair competition are groundless and unreasonable such that an award of attorney's fees is warranted under *Scott Fetzer Co., supra.*

II.  **Plaintiff's Claims of Trademark Infringement and Unfair Competition Were Groundless and Unreasonable Making This An Exceptional Case Under The Lanham Act and Justifying An Award of Reasonable Attorney's Fees to Dr. Meyer**

   A.  <u>Plaintiff's Pre-Filing Investigation Did Not Provide Evidence of Any Use in Commerce of SLU's Marks by Dr. Meyer</u>

In justifying its claims, SLU argues as evidence that Meyer provided an "indication" that he "intended" to use Plaintiff's name by referring to a magazine article attached to its Complaint. (d/e 132, p.2). A simple reading of this article shows that the article is completely silent and devoid of any naming of a possible newspaper. Even Fr. Biondi of SLU recognizes that Meyer is free to start a newspaper. *(See* <u>Exhibit 1</u> attached hereto, Fr. Biondi's Web Email). Further, SLU provided no citation to supporting law that "use in commerce" includes a possible intention in the future.

SLU then argues as evidence a document bearing SLU letterhead which was also attached to its Complaint. (d/e 132, pp. 2, 6.). In particular and in contrast to the Court's

2

Opinion (d/e 79, p.8), SLU repeatedly argues for legal import that a document bearing SLU's letterhead has been placed in the "permanent, official" records of the Missouri Secretary of State. (d/e 132, pp. 2, 6). Despite this repeated assertion, SLU has never provided evidence that the at-issue SLU letterhead has been placed in the "permanent, official" records of the Missouri Secretary of State. In fact, a download of the Missouri Secretary of State's website clearly shows that the letterhead is not available. (*See* Exhibit 2 attached hereto, Missouri Secretary of State's website). SLU never provided evidence of what is the "permanent, official" record of the Missouri Secretary of State to constitute commercial use of a mark.

By making a single, pre-filing phone call to the Missouri Secretary of State's office, SLU would have determined that the Missouri Secretary of State's office does not make correspondence such as Meyer's cover letter publicly available for reasons such as confidentiality of credit card information.[1] SLU failed to make such a simple, pre-filing phone call.

SLU also argues that Meyer's registration and subsequent dissolution of a non-profit corporation qualifies as an actionable use of SLU's marks. (d/e 132, p. 4). SLU again cites no legal authority in support of this allegation; but instead, again improperly rehashes its arguments against summary judgment, calling into question this Court's summary judgment Opinion (*See generally* d/e 132).[2]

Plaintiff's Complaint alleged trademark infringement under 15 U.S.C. § 1114 of the registered mark SAINT LOUIS UNIVERSITY, Registration Number 1,729,449. (d/e 1, ¶24).

---

[1] Per SLU's request, Meyer dissolved the non-profit corporation months before this lawsuit was filed.
[2] In its Opposition (d/e 132, p. 2 and p. 5), SLU also tries to rehash its previously rejected interpretations of *Cushman v. Mutton Hollow Land Dev.*, 782 S.W.2d 150 (Mo .Ct. App. 1990) and *Committee v. Yost*, 92 F.3d 814 (9th Cir. 1996).

The goods and services for which this mark is registered are:

*"clothing; namely T-shirts, sweat shirts, sweat pants, sweat tops, gym shirts, casual shorts, socks, sweaters, headwear and jackets"; "educational services; namely, providing courses of instruction at the college level, and instruction in athletic clinics for the sports of basketball, soccer, baseball, field hockey, tennis, swimming, volleyball, golf, and softball; entertainment services; namely, conducting intercollegiate games and tournaments in the sport of basketball, soccer, baseball, field hockey, tennis, swimming, volleyball, golf and softball."*

Even a cursory examination of the law demonstrates that the assertion of this registered mark and its associated goods and services utterly lack merit on its face. *S Industries, Inc. v. Diamond Multimedia Systems, Inc.*, 991 F.Supp. 1012 (N.D.Il 1998) (Plaintiff's "claim of actual infringement of its registered marks, Count I, crosses the border of legal frivolousness, as its § 1114 claim utterly lacks merit on its face. The claims made by plaintiff are unsupportable and even a cursory examination of the law demonstrates that fact.").

15 U.S.C. § 1114(1) recites:

"(1) Any person who shall, without the consent of the registrant

(a) <u>use in commerce</u> any reproduction, counterfeit, copy, or colorable imitation <u>of a registered mark</u> in connection with the sale, offering for sale, distribution, or advertising of any <u>goods or services</u> on or in connection with which such use is likely to cause confusion…"

The goods and services for which SLU's mark is registered patently do not include goods or services for a newspaper. Also, Meyer's corporation paperwork did not list "socks, sweat tops, casual shorts etc."

B. <u>Plaintiff's Discovery Did Not Provide Evidence of Any Use in Commerce of SLU's Marks by Dr. Meyer</u>

SLU only alleged five acts by Meyer with no supporting legal authority or evidence that such acts could have constituted an actionable commercial use of SLU's marks by Meyer; and therefore, trademark infringement or unfair competition. *See* SLU Opposition to Summary

4

Judgment (d/e 66) and SLU Answers to Interrogatory No. 6 (Exh. 3 to d/e 58). These specifically enumerated allegations by SLU were completely conclusory statements lacking any citation to supporting law and providing no evidence that such incorrect allegations of commercial use of SLU' marks by Meyer existed.

This Court correctly disposed of those allegations in its Opinion (d/e 79) as either not evidence of a commercial use, totally unsupported by any evidence or not legally relevant. Specifically, the Court held:

- "The record contains no evidence that defendant 'shared his proposals' to start an independent newspaper using the incorporated name or that he attempted to lease space for such an enterprise." (d/e 79, p. 7).

- "In the instant case, there is no evidence that defendant used the accused marks in public." (d/e 79, p. 8).

- "Defendant's actions amount to no more than 'internal utilization.'" (d/e 79, p. 8).

- "… the Court fails to see the legal import of the defendant's later use of the letterhead to cancel the articles of incorporation." (d/e 79, p. 9).

- "Neither the defendant nor the corporation he formed produced any newspaper, publication or other goods, nor did they provide any services. **In the absence of goods or services produced by defendant, there can be no public confusion.**" (d/e 79, pp. 10-11) (emphasis added).

- "Nothing has appeared in these sources that indicate that defendant communicated the accused marks to the public in a manner likely to cause confusion." (d/e 79, pp. 12).

C. <u>Plaintiff's Reliance on Its Spoliation Argument is Moot Regarding Any Evidence of Commercial Use of SLU's Marks by Dr. Meyer</u>

In its Opposition (d/e 132), SLU again attempts to blame its lack of evidence of use in commerce on Meyer's deletion of some personal emails. (*See* d/e 132, pp. 9-10). The Court has already considered sanctions for spoliation. SLU's present Opposition (d/e 132) merely expresses disagreement with the Court's Opinion of summary judgment (d/e 79) where the Court

indicated that Meyer's personal emails have made it to websites, that the emails centered on the larger subject of the SLU newspaper's rechartering and that there is no evidence that the emails contains commercial uses of SLU's marks with respect to a newspaper. SLU continues to trot out this argument to overcome its lack of evidence of a commercial use by. Meyer, and this Court has wisely decided against SLU's arguments. However, since SLU has never had a single shred of evidence of a commercial use by Meyer, it again resorts to this failed argument.

This Court has previously noted (d/e 79, pp. 8-9), "internal utilization of a trademark in a way that does not communicate it to the public is analogous to an individual's private thoughts about a trademark. Such conduct simply does not violate the Lanham Act, which is concerned with the use of trademarks in connection with the sale of goods or services in a manner likely to lead to consumer confusion as to the source of such goods or services." *1-800 Contacts, Inc. v. WhenU.Com, Inc*., 414 F.3d 400, 409 (2nd Cir. 2005); see also *Meta- Films Assoc. Inc. v. MCA, Inc.*, 568 F. Supp. 1346 (D. Cal. 1984)(defendants' internal use of plaintiffs' title is not infringement); *Louis Altman, 4 Callmann on Unfair Competition, Trademarks and Monopolies* § 22:25 n.1 (4th ed. 2004) ("A fortiori, a defendant who does not sell, but merely uses internally within his own company, the trademarked product of another, is not a trademark infringer or unfair competitor by virtue of such use."); J. *Thomas McCarthy, 4 McCarthy on Trademarks and Unfair Competition* § 23.5 (4th ed. 1996) ("In-house, private use where the trademark is not seen publicly is not sufficient to constitute infringement.")." [3]

---

[3] See also *Hysitron Inc. v. MTS Systems Corp.*, 2008 WL 3161969 (D.Minn. 2008)("[A] company's internal utilization of a trademark in a way that does not communicate it to the public is analogous to an individual's private thoughts about a trademark."); *Cherie Amie, Inc. v. Windstar Apparel, Corp.,* 2002 WL 460065 (S.D.N.Y 2002)(internal use [shipments] do not constitute use in commerce)(citing *Planetary Motion Inc. v. Techsplosion, Inc.*, 261 F.3d 1188 (11th Cir. 2001); *Blue Bell, Inc. v. Farah Mfg. Co.*, 508 F.2d 1260 (5th Cir. 1975).

No amount of discussion of Meyer's deletion of emails by SLU is going to excuse the fact that SLU never had a reasonable basis to sue Meyer for trademark infringement. The inescapable fact is that when SLU filed this lawsuit it had no evidence of a commercial use by Meyer such that Meyer could be liable for trademark infringement. There can be no arguing that Meyer deleted emails, and this Court has admonished him for doing so. The Court has indicated that sanctions against Meyer will be entered but that SLU suffered no harm because the emails did not contains evidence of a commercial use and the basic substance of the emails was published on websites and centered on the newspaper rechartering issue.

However, despite this Court's findings, SLU continually points to the deletion of emails to justify its completely baseless trademark infringement case. SLU attempts to use Meyer's mistake to justify its own bad behavior and to deflect argument regarding its baseless case. SLU brought these claims despite Meyer having dissolved his corporation before the filing of this suit and all indications being that the SLU student newspaper, which accepted SLU's new charter, was not going off campus. To allow SLU to use Meyer's mistaken deletion of emails to escape the consequences of having filed a baseless lawsuit filed without any evidence of commercial use only encourages SLU to use the courts to file future baseless lawsuits to accomplish its goal of punishing those with whom it has disagreements, whether those lawsuit have reasonable legal support or not.

D. Plaintiff's Reliance on Case Law Is Misplaced

SLU's reliance on the *Hartman v. Hallmark Card, Inc.* decision is misplaced. 833 F.2d 117, 123 (8th Cir. 1987) (d/e 132, p. 7). In *Hartman*, the Eight Circuit stated, "the existence of one weak element in a potential theory of recovery did not convince the district court [plaintiff's]

case as a whole was flawed to the degree she should bear the cost of her opponent's attorney fees." *Hartman*, 833 F.2d at 123-24.

Far from merely one weak element, SLU's case, as the Court noted, consisted of <u>no evidence</u> that Meyer made <u>any</u> use of SLU's marks in commerce as required by 15 U.S.C. §1114 and § 1125(a). (d/e 79, p. 7). As in *Viola Sportswear, Inc. v. Mimun*, SLU's case of trademark infringement "can appropriately be characterized as a charge that is frivolous and in support of which a good faith argument on the merits could not be made." *Viola*, 574 F.Supp. 619, 620 (E.D.N.Y. 1983). Or, as in *S Industries, Inc. v. Diamond Multimedia Systems, Inc.,* SLU's claim of "actual infringement of its registered mark … crosses the border of legal frivolousness." *S Industries*, 991 F.Supp. 1012 (N.D.IL 1998). SLU attempts to distinguish its conduct from the litigation conduct of the *Viola* and *S Industries*' plaintiffs. (d/e 132, pp. 8, 9). However, just as in those cases, SLU has failed to present *any* evidence of a commercial use nor any reasonable pre-filing belief that a commercial use by Meyer had taken place.

### III. CONCLUSION

Simply put, the law of trademark infringement and unfair competition under 15 U.S.C. § 1114 and § 1125(a) explicitly require that there have had been some use of the mark in commerce in order for there to have been an infringement. For at least the reasons stated above, Meyer respectfully requests that this Honorable Court grant Meyer's Motion For An Award Of Attorney's Fees Under The Lanham Act, and grant Meyer all such other and further relief as the Court deems just under the circumstances.

                                                 Respectfully Submitted,

                                                 POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/ Nelson D. Nolte*
Nelson D. Nolte, #111,801
Brian J. Gill, #2,694,853
Scott A. Smith, #502,926
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: bgill@patpro.com
E-mail: smith@patpro.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2009 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail:

ATTORNEYS FOR PLAINTIFF

*s/ Nelson D. Nolte*