IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, ) <br> a Missouri benevolent corporation, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 4:07-cv-01733 <br> v. ) <br> ) <br> AVIS MEYER, ) <br> ) <br> Defendant. ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SURREPLY (d/e 136) TO DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY'S FEES

### I.   Introduction

COMES NOW Defendant, Avis Meyer ("Defendant" or "Meyer"), by and through his undersigned counsel, and responds to Saint Louis University's ("Plaintiff" or "SLU") Motion to File a Surreply (d/e 136) To Defendant's Motion For Attorney Fees.

In its Motion and Proposed Surreply, Plaintiff contends that Meyer raised new issues in his Reply (d/e 136, p. 1) and contends that Meyer's argument for attorney fees is disingenuous. To clarify the record, Meyer submits this brief Opposition, by leave of Court, addressing Plaintiff's incorrect assertions. Further, in its Surreply, SLU again tries to divert this Court's attention past the use requirement of 15 U.S.C. § 1114 to the likelihood of confusion requirement. (d/e 136, p.2). As this Court properly recognized in its Opinion granting Meyer summary judgment on Counts I-VI, SLU must prove that Meyer used SLU's mark in commerce, on goods and services in a manner likely to lead as to the source of such goods and services. (d/e 79, p. 8). This Court properly found that no such use ever occurred. (*Id.*)

## II. Plaintiff's Sur-Reply Misstates the Record Regarding the Scope of Goods and Services of SLU's Asserted Federal Trademark Registration

A. <u>The Scope of Goods and Services Recited in Plaintiff's Federal Registration, No. 1,729,449, Were Properly Raised in Meyer's Memorandum (d/e 132)</u>

In its Surreply, Plaintiff contends that Meyer attempted to raise for the first time the scope of goods and services listed on Plaintiff's federal registration of its mark Saint Louis University, Registration No. 1,729,449. (d/e 136-2, pp. 1 and 2). This is an incorrect assertion by SLU. In its Opposition to Meyer's Motion for Attorney Fees, SLU again argued that there was enough evidence for a finding that Meyer violated Counts I-VI. (d/e 132, pp. 3 and 4). Accordingly, for the Count I issue raised by SLU, in his Reply (d/e 135), Meyer noted that even a cursory examination of the law demonstrates that the assertion of this registered mark and its associated goods and services utterly lacked merit on its face. Further, in his summary judgment pleadings, Meyer has previously argued the inapplicability of the scope of the goods and services under Count I. (d/e 71, p. 4 and d/e 72, p. 11). Thus, SLU's contention that Meyer has raised the scope of the goods and services "for the first time" is disingenuous.

B. <u>The Scope of Services Listed on Plaintiff's Federal Registration, No. 1,729,449, Does Not Include the Student Newspaper</u>

SLU then posits that its registration enumerates "educational services" which "includes the student newspaper." (d/e 136-2, p. 2) SLU concludes without legal support that "its federal registration is not limited to the goods and services in its registration". (d/e 136-2, p. 2). In noting its "educational services", SLU, however, <u>omits</u> the enumerated description of the educational services, namely, *"providing courses of instruction at the college level, and instruction in athletic clinics for the sports of basketball, soccer, baseball, field hockey, tennis, swimming, volleyball, golf, and softball."*

2

The Trademark Manual of Examining Procedure specifically addresses identification of services as:

> "The major requirements for an acceptable identification of services are: (1) <u>the identification must be definite</u>; (2) it must use the common name or terminology for the services, so as to be readily understandable; (3) it must accurately describe the services; and (4) <u>it must specify the services, and not merely collateral or related activities associated with rendering the services</u>. Section 1402.11 of the Trademark Manual Of Examining Procedure, 5th Edition, 2007 (emphasis added).

During this litigation, SLU has provided no evidence that the student newspaper constituted "providing courses of instruction at the college level", the enumerated educational service of its asserted federal registration under Count I.

### III. Meyer Properly Argued the Standard for Attorney Fees Under Federal Rule of Civil Procedure 54 and Under the Lanham Act

In its Surreply, SLU asserts that Meyer's request for attorney fees is disingenuous by relying on an anonymous blog posting about a fundraiser. (d/e 136-2, p. 3). This blog posting is hearsay and SLU makes no argument that any hearsay exception applies such that this posting is admissible evidence. The contents of this posting should be completely disregarded. SLU provides no support in its attack of Meyer's motion for attorney fees. On the contrary, Meyer's memorandum in support of his motion for attorney's fees properly laid out Meyer's justification for attorney fees. (d/e 129). For the sake of brevity, Meyer incorporates his previous pleadings relating to an award of attorney fees.

### IV. CONCLUSION

For at least the reasons stated above and the reasons set forth in Meyer's prior briefing, Defendant requests that this Court deny SLU's Motion for Leave to file a Surreply (d/e 136), and for such other and further relief as the Court deems just under the circumstances.

Respectfully Submitted,

POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: *s/ Brian J. Gill*
Nelson D. Nolte, #111,801
Brian J. Gill, #2,694,853
Scott A. Smith, #502,926
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131-3615
(314) 238-2400
(314) 238-2401 (fax)
E-mail: nnolte@patpro.com
E-mail: bgill@patpro.com
E-mail: smith@patpro.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Frank B. Janoski, #3480
Bridget Hoy, #109375
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
T (314) 444-7600
F (314) 241-6056
E-Mail:
ATTORNEYS FOR PLAINTIFF

*s/Brian J. Gill*