UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT LOUIS UNIVERSITY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:07-CV-1733 (CEJ) |
| AVIS MEYER, | ) ) ) |
| Defendant. | ) ) |

### ORDER

This matter is before the Court on plaintiff's motion to alter or amend judgment and on defendant's motion for attorney's fees pursuant to the Lanham Act, 15 U.S.C. § 1117. The issues are fully briefed.

Plaintiff Saint Louis University filed suit against defendant Avis Meyer after he obtained articles of incorporation for a non-profit entity named, "The University News, a Student Voice Serving Saint Louis University Since 1921." Plaintiff alleged that defendant's actions infringed its intellectual property[1] and filed suit asserting federal and state claims for trademark infringement and unfair competition. Plaintiff also asserted a claim for misuse of a benevolent society's name in violation of Mo. Rev. Stat. §§ 417.150 *et seq.* The Court granted summary judgment in favor of defendant on the trademark and competition claims, and the parties settled the remaining claim. Judgment was entered on March 3, 2009.

### Plaintiff's Motion to Alter or Amend

---

[1] Plaintiff claimed protection for its registered mark, "SAINT LOUIS UNIVERSITY," and its unregistered marks, "The University News," and the caption, "A Student Voice Serving Saint Louis University Since 1921."

The gravamen of plaintiff's action was that defendant's corporation imperiled the integrity of plaintiff's protected marks. The undisputed evidence at the summary judgment stage established that defendant formed the corporation, that he used the plaintiff's letterhead in communicating with the Missouri Secretary of State's office, and that the public record reflects the formation and dissolution of defendant's corporation. The Court concluded that the evidence did not establish that defendant used the infringing marks in commerce and granted summary judgment to defendant on plaintiff's trademark infringement and unfair competition claims.

Plaintiff now seeks to set aside summary judgment based on defendant's acknowledgment that he failed to preserve e-mails containing information regarding this litigation. Plaintiff renews its earlier motion for sanctions, seeking an "adverse inference" that the destroyed e-mails contained evidence unfavorable to defendant, including plans to print an independent publication named "The University News" and engage in fund-raising. For the reasons discussed in the order granting summary judgment, such evidence would not be sufficient to establish use in commerce and plaintiff's motion to alter or amend judgment will be denied.

### Defendant's Motion for Attorneys' Fees

The Lanham Act provides that the district court may award reasonable attorney fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117. An exceptional case is one in which a plaintiff brought an action that "was groundless, unreasonable, vexatious, or was pursued in bad faith." Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 123 (8th Cir. 1987) (quoting Hodge Chile Co. v. KNA Food Distrib., Inc., 575 F. Supp. 210, 214 (E.D. Mo. 1983)). Although bad faith is not a prerequisite to a Lanham Act fee award, id., the mere fact that plaintiff did not prevail is not a sufficient basis

for finding that this is an exceptional case. See, e.g., Scott Fetzer Co. v. Williamson, 101 F.3d 549 (8th Cir. 1996) (affirming denial of fees to prevailing defendant).

Defendant contends that plaintiff's claims were groundless and unreasonable because there was no evidence that he used the accused marks in commerce. However, once defendant obtained articles of incorporation for an entity with a name substantially identical to that of plaintiff's campus paper, plaintiff became obligated to take action to protect its reputation and goodwill. Under this circumstance, the Court cannot say that plaintiff's claims were groundless or unreasonable and defendant's motion for attorneys' fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment [Doc. #125] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for attorneys' fees under the Lanham Act [Doc. #128] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2009.