UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:07-CV-1733 (CEJ) |
| | ) | |
| AVIS MEYER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on plaintiff's motion for sanctions. Defendant has filed a response in opposition to the motion, and the issues are fully briefed.

Defendant Avis Meyer acknowledged at his deposition that he failed to preserve e-mails after litigation commenced. Plaintiff filed a motion for sanctions for spoliation of evidence and, following a hearing, the Court stated that it would award to plaintiff the attorneys' fees incurred in bringing the motion. Plaintiff now seeks $10,167.74 as attorneys' fees. Plaintiff seeks additional penalties of not less than $30,503.22 against defendant, not less than $30,503.22 against defendant's counsel, and a finding that defendant willfully destroyed evidence that would have been adverse to him.

Defendant does not contest plaintiff's entitlement to an award of attorney's fees, but he asserts that the amount plaintiff seeks is excessive. The itemized summary of fees submitted by plaintiff indicates that counsel expended more than 36 hours on researching, briefing, and arguing the initial sanctions motion, and briefing post-motion supplemental memoranda. The Court will disallow some items as excessive or redundant; hours expended on the supplemental briefing are disallowed as unnecessary. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court finds that it is reasonable to award fees in the amount of $2,427.60 for 6.8 hours expended

by attorney Frank B. Janoski and in the amount of $4,329.48 for 16.7 hours expended by attorney Bridget L. Hoy,[1] for a total of $6,757.08.

With respect to the additional sanctions plaintiff seeks, the Court has previously found that there was no evidence that defendant acted with the intention to thwart the plaintiff's case. This finding precludes the imposition of additional sanctions. Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1035 (8th Cir. 2007) (spoliation-of-evidence sanction requires "finding of intentional destruction indicating a desire to suppress the truth.")

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for entry of sanctions [Doc. #126] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that defendant shall pay to plaintiff $6,757.08 for attorney's fees incurred in connection with plaintiff's motion for sanctions for spoliation of evidence.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2009.

---

[1]The Court has previously determined that the requested hourly rates for Mr. Janoski and Ms. Hoy are reasonable.