# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

SAINT LOUIS UNIVERSITY,                )
a Missouri benevolent corporation,     )
                                       )
        Plaintiff,                     )
                                       )   Case No. 4:07CV1733 CEJ
    v.                                 )
                                       )
AVIS MEYER,                            )
                                       )
        Defendant.                     )

## PLAINTIFF'S SUR-REPLY
## REGARDING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Defendant Avis Meyer's Motion for Attorney's Fees focuses on one specific issue, that is, whether Plaintiff had sufficient evidence of Defendant's use of Plaintiff's intellectual property to justify filing Counts I through VI of Plaintiff's Complaint. As explained in Plaintiff's Response in Opposition, as a matter of fact and law, Plaintiff properly filed its Lanham Act claims. Now, in his Reply, rather than just addressing Plaintiff's arguments Meyer raises for the first time new issues that are procedurally, factually or legally flawed, or are simply not before the Court at this time based upon Meyer's own initial papers. To clarify the record, SLU submits this short Sur-Reply, by leave of Court, addressing these new issues.[1]

In Reply, Meyer attempts to raise for the first time the scope of goods and services listed on Plaintiff's federal registration of its mark SAINT LOUIS UNIVERSITY, Registration No. 1,729,449. Meyer is wrong in his assertion at pages 3-4 of his Reply regarding the parameters of a trademark infringement under 15 U.S.C. § 1114. A § 1114 claim is not limited to the exact

---

[1] SLU additionally disputes many other matters argued in Meyer's Reply. SLU does not re-address those issues herein but rather relies upon its previously submitted Response in Opposition.

1533118.05

types of goods listed in a registration, and even if it was, Plaintiff's registration is much broader than "socks." Namely, § 1114 affords a federal registrant a cause of action against:

(1) Any person who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on <u>or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive</u>;

15 U.S.C. § 1114(1)(a) (emphasis added). Thus, a proper application of the law instructs that Defendant's liability under § 1114 extends to any use by him of Plaintiff's mark which is "likely to cause confusion, or to cause mistake, or to deceive" as to Plaintiff and is not limited to only uses made in connection with the exact goods and services enumerated in Plaintiff's registration. Regardless, Plaintiff's registration specifically enumerates, among many other goods and services, "educational services," which includes, as part of the overall student experience, the student newspaper. Meyer's selective quotation from Plaintiff's registration, inferring that SLU had no legitimate claim under § 1114 because "Meyer's corporation paperwork did not list 'socks, sweat tops, casual shorts, etc.,'" is disingenuous and misapplies the law. <u>See</u> Defendant's Reply [dkt # 135], p. 4. As the foregoing discussion makes clear, Plaintiff's rights under its federal registration are not limited to the goods and services listed in its registration, and regardless, Plaintiff's registration <u>does</u> cover student newspapers. Therefore, this argument should be ignored.

In his Reply, Meyer also raises for the first time regarding his claimed entitlement to attorneys' fees the issue of whether or not his misuse of SLU's letterhead is presently displayed on the Secretary of State website. This issue is inapposite to a determination of whether Plaintiff had a reasonable basis for filing its claims. To do so, this Court must look at what Plaintiff knew when it submitted its claims. At the time the Complaint was filed and to this day, Plaintiff had a

reasonable basis for believing the Defendant had violated its rights through his use of Saint Louis University letterhead. After several cease and desist letters, Meyer provided to Plaintiff's counsel a copy of the letter, which was on SLU's letterhead but had Meyer's signature on behalf of his wrongfully created non-profit corporation, purportedly as a copy of what he had submitted to the Secretary of State. Indeed, Meyer submits no affidavit stating that is not the case. Meyer merely attaches what purports to be a printout from the Secretary of State's website without informing the Court of the actual use and submission of SLU's letterhead, the Court should ignore Defendant's irrelevant and unsupported argument regarding the availability of the letter on the website.[2]

Finally, Defendant argues this Court should award him approximately $94,000 in attorneys' fees in order to compensate him, personally. Memorandum in Support [dkt # 129], p. 8. There exists serious doubt as to whether the large award requested is meant to compensate Defendant or his counsel, however. Publicly available information indicates that Meyer's counsel provided their services to Defendant at "a highly discounted rate." See Blog Posting dated April 3, 2009, attached hereto as Exhibit 1. Furthermore, it appears that at least one fundraiser has been planned to raise the money needed to pay Defendant's legal bills related to this suit, and that his pleas for assistance in the form of an award of fees is disingenuous. Id. For at least these reasons, it is doubtful that the amount of fees requested is appropriate or that the motivation for the request is proper, and this factor should weigh against the requested award.

In sum, in his Reply, Defendant diverts greatly from the relevant issues pertaining to his claim for attorneys' fees by raising new, irrelevant arguments and matters beyond the record. The bottom line is that Plaintiff had a reasonable basis for filing its Complaint based on the

---

[2] Plaintiff submits that the effect of this letter is analogous to the use found in Committee v. Yost, and thus Plaintiff had a reasonable basis to believe, as Plaintiff still does, that a viable cause of action existed. See 92 F.3d 814, 817, 823 (9th Cir. 1996).

information known at the time of filing.  Consequently, this is not an "exceptional case" under 15 U.S.C. § 1117(a) and, thus, Defendant is not entitled to an award of his attorneys' fees.  For the aforementioned reasons and the reasons set forth in Plaintiff Saint Louis University's prior briefing, Plaintiff requests that the Court deny Defendant's Motion for Attorney's Fees.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:   /s/ Frank B. Janoski
     Frank B. Janoski, #3480
     Bridget Hoy, #109375
     David A. Weder, #5212905
500 North Broadway, Suite 2000
St. Louis, MO 63102
Telephone:    (314) 444-7600
Fax:           (314) 612-7837
Email:  fjanoski@lewisrice.com
Email:  bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I further certify that on the 22nd day of April, 2009, the foregoing was filed with the Clerk of Court to be served via the Court's ECF system upon all counsel of record.

    /s/ Frank B. Janoski
Frank B. Janoski
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO  63102
Telephone:    (314) 444-7600
Facsimile:    (314) 612-7837
E-mail:  bhoy@lewisrice.com